USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2|11|2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARC H. FISHMAN, Individually and on behalf of
other similarly situated,

Plaintiff,

-against-

CITY OF NEW ROCHELLE; NEW ROCHELLE
POLICE DEPARTMENT; LANE SCHLESINGER;
JOSEPH F. SCHALLER; W. JOSEPH;
WESTCHESTER COUNTY,

Defendants.

---

19-CV-265 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiff,[1] appearing *pro se*, brings this action under Title II of the Americans with
Disabilities Act, 42 U.S.C. §§ 12132 *et seq.*, the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.*, 42
U.S.C. § 1983, and state law. Plaintiff alleges that Defendants detained him in violation of his
rights and discriminated against him because of his disabilities. Plaintiff paid the filing fee to
bring this action.

### STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the
filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants
Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17

---

[1] This action will proceed with *pro se* Plaintiff Marc Fishman as the sole plaintiff. The
statute governing appearances in federal court, 28 U.S.C. § 1654, allows two types of
representation: "that by an attorney admitted to the practice of law by a governmental regulatory
body, and that by a person representing himself." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d
Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)).
Plaintiff purports to bring this action "on behalf of others similarly situated." (Compl. at 1.) As a
non-lawyer, Plaintiff cannot do so.

(2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.    City of New Rochelle Police Department

Under New York law, city agencies or departments do not have the capacity to be sued in their own names. *See* Fed. R. Civ. P. 17(b); *Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."). Plaintiff's claims against the Police Department of the City of New Rochelle must be brought against the City of New Rochelle, which Plaintiff has named as a defendant. The Court therefore dismisses Plaintiff's claims against the City of New Rochelle Police Department.

### B.    Issue Summons

The Clerk of Court is directed to issue a summons as to Defendants City of New Rochelle; Westchester County; Police Officer Lane Schlesinger, Shield No. 1058; Police

2

Detective W. Joseph, Shield No. 18; and Police Commissioner Joseph F. Schaller. Plaintiff is directed to serve the summons and complaint on Defendants within 90 days of the issuance of the summons. If within those 90 days, Plaintiff has not either served Defendants or requested an extension of time to do so, the Court may dismiss the claims against Defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package. The Court dismisses Plaintiff's claims against the City of New Rochelle Police Department because it lacks capacity to be sued.

The Clerk of Court is directed to issue a summons as to Defendants City of New Rochelle; Westchester County; Police Officer Lane Schlesinger, Shield No. 1058; Police Detective W. Joseph, Shield No. 18; and Police Commissioner Joseph F. Schaller.

SO ORDERED.

Dated:    February 11, 2019
          White Plains, New York

                                          NELSON S. ROMÁN
                                          United States District Judge