

Lalit K. Loomba, Esq.<br>
Direct dial: (914) 872-7118<br>
lalit.loomba@wilsonelser.com

March 21, 2019

**By Fax: 914-390-4179**

Hon. Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

Re: Marc H. Fishman, Individually, and on behalf of all others similarly situated v. City of New Rochelle, New Rochelle Police Department, Lane Schlesinger individually and in his administrative and official capacity as a police officer #1058 employed by the City of New Rochelle, Joseph F. Schaller individually and in his administrative and official capacity as a police commissioner/officer employed by the City of New Rochelle, and W. Joseph individually and in his official and administrative capacity as a police officer/detective #18 employed by the City of New Rochelle, and Westchester County, Docket No. 19-CV-265 (NSR)
Our File No. 07367.00109

Dear Judge Román:

We represent the City of New Rochelle, Police Officer Lane Schlesinger, Commissioner Joseph F. Schaller, and Sergeant Myron Joseph (s/h/a "W. Joseph") (collectively, the "City Defendants") in the referenced action. We are writing pursuant to Section 3(a)(ii) of your Honor's Individual Practice Rules to request a premotion conference on the City Defendants' proposed motion to dismiss plaintiff's complaint. Pursuant to your rules, we understand that this request stays the City Defendants' deadline to respond to the complaint.

Background

This is a disability discrimination and civil rights case based on plaintiff's arrest by the New Rochelle Police Department ("NRPD") on December 15, 2018. The following summary of facts is based on the allegations in plaintiff's complaint as well as on police records and court orders referenced therein.

On June 27, 2017, Yonkers Family Court Judge Michelle I. Schauer issued an Order of Protection under which plaintiff Marc H. Fishman ("plaintiff" or "Mr. Fishman") was ordered to stay away from the person, home, place of business and school of his ex-wife, Jennifer Solomon, as well as their four children; and not to harass, menace, or have any communication with them. The only exception was that plaintiff was allowed supervised visitation with his children, a process that was, per the order, mediated and supervised by a social worker, Ms. Ann Elliot. The Order of Protection expired on June 27, 2019, and was thus in effect on the date of plaintiff's arrest.

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Kentucky • Las Vegas • London • Los Angeles • Miami
Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Virginia • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris

**wilsonelser.com**

7517811v.1

Hon. Nelson S. Román
March 21, 2019
Page 2

On December 14, 2018, Ms. Solomon spoke on the phone with Ms. Elliot and canceled a child visit scheduled for the following day, because on the immediately preceding visit Ms. Solomon claimed that Mr. Fishman had acted abusively. Nevertheless, and much to Ms. Solomon's displeasure, on December 15, 2018, Ms. Elliot appeared at Ms. Solomon's home, stating that Mr. Fishman wanted to meet with the children. As Ms. Solomon and Ms. Elliot were talking, Ms. Solomon saw Mr. Fishman being driven by the home at a very slow speed. She then observed him get out of the car and attempt to contact her son, Jonah Fishman, who was playing in the neighbor's yard. Ms. Solomon called for Jonah to come into the house which he did. She then called the police.

Police Officer Lane Schlesinger spoke with Ms. Solomon at her home. She showed him copies of the Order of Protection as well as a detailed custody and visitation agreement, and recounted her encounter with Ms. Elliot and Mr. Fishman from earlier that day. While interviewing Ms. Solomon, Officer Schlesinger was informed that Mr. Fishman was at New Rochelle police headquarters to make a report. Officer Schlesinger returned to headquarters where he encountered Mr. Fishman, Ms. Elliot, and a second woman, Ms. Bolivar, who had been driving the car. Officer Schlesinger interviewed Ms. Elliot who confirmed the information that Ms. Solomon had provided earlier. Ms. Elliot further reported to Officer Schlesinger that she had told Mr. Fishman that he was violating the Order of Protection by attempting to contact Jonah. She also showed Officer Schlesinger a screen shot of a text message between Mr. Fishman and another of his children.

Based on the Order of Protection and the information obtained from Ms. Solomon and Ms. Elliot, it was determined that there was probable cause to arrest Mr. Fishman for criminal contempt, 2d degree, N.Y. Penal Law §215.50(3). Mr. Fishman was read his Miranda rights and then booked on that charge. He posted bail and was released.

Plaintiff's complaint contains seven claims for relief: (i) a violation of Title II of the ADA; (¶¶32-44); (ii) a violation of Section 504 of the Rehabilitation Act of 1973 (¶¶45-52); (iii) a Section 1983 claim alleging, in effect, that plaintiff was arrested in retaliation for exercising his First Amendment right to free speech (¶¶53-59); (iv) a Section 1983 claim alleging false arrest (¶¶60-66); (v) a common-law claim for negligence (¶¶67-68); (vi) a common-law claim for false arrest (¶¶69-70); and (vii) a common-law claim for malicious prosecution (¶¶71-72). Plaintiff seeks a declaratory judgment, injunctive relief and damages.

Summary of Argument

1. The individual City defendants reserve their right to challenge sufficiency of service of process.

2. This Court properly may consider the Order of Protection, police reports and related documents because they are referenced in and/or integral to the complaint, and/or are subject to judicial notice.

3. The complaint should be dismissed as against Commissioner Schaller and Sgt. Joseph because it fails to allege their personal participation or involvement.

4. There is no individual liability under the ADA or the Rehabilitation Act. With respect to the City, the complaint fails to allege with sufficient particularity that plaintiff is a qualified person with a disability or that a City policy-maker discriminated against him because of any alleged disability. In addition, the complaint fails to allege that the City receives federal funding, which is a pre-requisite to liability under the Rehabilitation Act.

7517811v.1

Hon. Nelson S. Román
March 21, 2019
Page 3

5. The complaint fails to allege that plaintiff was arrested because he was exercising his right to free speech, as opposed to because he had violated the terms of a court-issued Order of Protection.

6. The Section 1983 claim for false arrest fails because, based on the information available at the time of plaintiff's arrest, there was probable cause, as well as arguable probable cause, to believe that plaintiff had violated the Order of Protection. The common-law claim for false arrest would fail on these same grounds.

7. Based on publicly-available information, it is evident that plaintiff has a court date in Westchester County Court, Criminal Term, on April 25, 2019, in connection with the charges asserted in his December 15, 2018 arrest. See https://iappps.courts.state.ny.us/webcrim. Accordingly, contrary to the allegation in plaintiff's complaint, the underlying criminal charge against him has not been terminated in his favor. But even if the underlying criminal charges were to be dismissed, or plaintiff otherwise found not guilty, the common-law claim for malicious prosecution would nevertheless fail because there was probable cause to believe that plaintiff had violated the terms of the Order of Protection, and because the complaint fails to allege that any of the individual defendants initiated a prosecution against plaintiff.

8. The common-law claims for negligence, false arrest and malicious prosecution are barred because plaintiff failed to serve a notice of claim within 90 days of his arrest, as required by Section 50-e of the New York General Municipal Law.

\* \* \*

While the foregoing represents the main grounds for the City Defendants' motion, the City Defendants respectfully reserve the right to raise additional arguments.

Accordingly, the City Defendants request that the Court schedule a pre-motion conference at its convenience to discuss the proposed motion to dismiss.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Lalit K. Loomba

Cc (by first class mail):

MARC H. FISHMAN, *Pro Se*
3200 Netherland Avenue, Apt. G
Bronx, NY 10463
(914) 837-3209
e-mail: rentdriver@gmail.com

7517811v.1