

George Latimer
County Executive

Office of the County Attorney

John M. Nonna
County Attorney

March 6, 2020

Hon. Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

## Re: Marc H. Fishman v. City of New Rochelle, Westchester County, et. al., 19-cv-265 (NSR)

Dear Judge Román:

I represent Defendant Westchester County in the above-referenced matter, and on behalf of the County, for the second time,[1] I am requesting a pre-motion conference. Plaintiff's request to file a Motion for Summary Judgement as per his letter dated March 3, 2020, (ECF #18), should be denied for the reasons detailed below, notwithstanding the fact that responsive papers have not been submitted by defendants, no discovery has occurred, and plaintiff's request is premature at this time. Defendant County intends to submit a Motion to Dismiss the Complaint, pursuant to FRCP Rule 12 (b) (6), in that the Complaint fails to state a claim upon which relief can be granted as against the County. The allegations in the complaint, among others, are that there was a false arrest, improper subsequent detention of the plaintiff, an unreasonable search and seizure, and a violation of plaintiff's free speech rights in connection with his December 15, 2018 arrest by the New Rochelle Police Department. Plaintiff also alleges that there were violations of Section 504 of the 1973 Rehabilitation Act, of Title Two of the American with Disabilities Act of 1990, and also asserts a malicious prosecution claim against Defendants. Inasmuch as no County Police Officers participated in plaintiff's arrest, his claims regarding this arrest therefore do not support a claim as against the County. Plaintiff's alleged improper subsequent detention and unreasonable search and seizure claims also do not state a claim upon which relief can be granted as against the County. Most significantly, plaintiff's claim regarding a subsequent malicious prosecution necessarily fails as well, as upon information and belief, there has been no termination of any criminal action as against him in his favor, a necessary element for a claim of malicious prosecution claim to be actionable. The criminal action resulting from plaintiff's December 2018 arrest in which he was charged with criminal contempt in the second degree has been resolved in that plaintiff was found guilty of criminal contempt in the second degree and sentencing has been

---

[1] By letter dated March 20, 2019, Defendant County previously requested a pre-motion conference and as per the Court's Individual Rules of Practice, 1 (A,) (D,) and 3 (A) ii faxed to the Court its letter on at least two occasions, but received no response.

Michaelian Office Building, Room 600
148 Martine Avenue
White Plains, New York 10601    Telephone (914)995-2660    Website westchestergov.com

scheduled for May 6, 2020. Plaintiff's malicious prosecution claim is therefore not actionable. Additionally, plaintiff also failed to name the District Attorney to this action, a necessary party, as it was the District Attorney's office that commenced the criminal action resulting from plaintiff's December 2018 arrest, such action subject to prosecutorial immunity in any event.

Lastly, Defendant County contends that there was no violation of Section 504 of the 1973 Rehabilitation Act and there was no violation of Title Two of the American with Disabilities Act of 1990 as applied against Defendant County under the circumstances of this case, as there were no County police officers involved in plaintiff's arrest, detention and subsequent charging of the crime for which he was arrested, and plaintiff's allegations regarding these statutes all concern the initial arrest, detention, and questioning, which were not conducted by County Officers. Plaintiff specifically notes in his complaint that it was Officers employed by the New Rochelle Police Department, and not the County Police, and these are two separate police departments as maintained by the relative municipalities involved. (See paragraph 8 of the complaint, page 5) Plaintiff also failed to serve a notice of claim for his negligence cause of action, (paragraph 67 of the complaint,) as required by the General Municipal Law, Section 50-e. Accordingly, Defendant County requests that a pre-motion conference be scheduled by the Court, or in the alternative, a Motion schedule established by the Court for purposes of submitting the dismissal motion. Defendant reserves the right to add additional arguments not specifically mentioned herein. Thank you for your time and consideration in this matter, and should you need to contact the undersigned for any reason, I can be reached at (914) 995-2684.

Respectfully Submitted,

Taryn A. Chapman-Langrin
Associate County Attorney

Cc: Marc. H. Fishman, pro se
    Lalit K. Loomba Esq., via ECF