## MEMORANDUM ENDORSEMENT

<u>Fishman v. City of New Rochelle, et al.</u>, 19 cv 265 (NSR)

The Court has reviewed the attached pre-motion letters of: (a) Defendants City of New Rochelle, W. Joseph, Joseph F. Schaller, and Lane Schlesinger (the "City Defendants"), dated March 21, 2019 (ECF No. 15), seeking leave to file a motion to dismiss; (b) Plaintiff, dated March 2, 2020 (ECF No. 18), seeking leave to file a motion for summary judgment; and (c) Defendant Westchester County, dated March 6, 2020 (ECF No. 20), seeking leave to file a motion to dismiss. The Court has also reviewed the City Defendants' response letter, dated March 6, 2020 (ECF No. 19).

The Court waives the pre-motion conference requirement and grants Defendants leave to file their separate respective motions to dismiss with the following briefing schedule: Defendants' moving papers shall be served **not filed** July 17, 2020; Plaintiff's opposition papers shall be served **not filed** September 1, 2020; and Defendants' reply papers shall be served September 16, 2020.

**Defendants' counsel are directed to file all motion documents, including Plaintiff's opposition, on the reply date, September 16, 2020.** The parties shall provide 2 copies of their respective motion documents to Chambers on the dates the documents are served upon their adversary. Defendants' counsel are directed to mail a copy of this endorsement to pro se Plaintiff and file proof of service on the docket.

Plaintiff's request to file a motion for summary judgment is denied without prejudice as premature. Defendants are moving to dismiss in lieu of filing answers and discovery has not taken place.

The Clerk of the Court is respectfully requested to terminate the motions (ECF Nos. 15 & 20).

Dated: May 29, 2020
      White Plains, NY

SO ORDERED.

Nelson S. Román, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/2020



Lalit K. Loomba, Esq.
Direct dial: (914) 872-7118
lalit.loomba@wilsonelser.com

March 21, 2019

**By Fax: 914-390-4179**

Hon. Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

Re:  Marc H. Fishman, Individually, and on behalf of all others similarly situated v. City of New Rochelle, New Rochelle Police Department, Lane Schlesinger individually and in his administrative and official capacity as a police officer #1058 employed by the City of New Rochelle, Joseph F. Schaller individually and in his administrative and official capacity as a police commissioner/officer employed by the City of New Rochelle, and W. Joseph individually and in his official and administrative capacity as a police officer/detective #18 employed by the City of New Rochelle, and Westchester County, Docket No. 19-CV-265 (NSR)
Our File No. 07367.00109

Dear Judge Román:

We represent the City of New Rochelle, Police Officer Lane Schlesinger, Commissioner Joseph F. Schaller, and Sergeant Myron Joseph (s/h/a "W. Joseph") (collectively, the "City Defendants") in the referenced action. We are writing pursuant to Section 3(a)(ii) of your Honor's Individual Practice Rules to request a premotion conference on the City Defendants' proposed motion to dismiss plaintiff's complaint. Pursuant to your rules, we understand that this request stays the City Defendants' deadline to respond to the complaint.

Background

This is a disability discrimination and civil rights case based on plaintiff's arrest by the New Rochelle Police Department ("NRPD") on December 15, 2018. The following summary of facts is based on the allegations in plaintiff's complaint as well as on police records and court orders referenced therein.

On June 27, 2017, Yonkers Family Court Judge Michelle I. Schauer issued an Order of Protection under which plaintiff Marc H. Fishman ("plaintiff" or "Mr. Fishman") was ordered to stay away from the person, home, place of business and school of his ex-wife, Jennifer Solomon, as well as their four children; and not to harass, menace, or have any communication with them. The only exception was that plaintiff was allowed supervised visitation with his children, a process that was, per the order, mediated and supervised by a social worker, Ms. Ann Elliot. The Order of Protection expired on June 27, 2019, and was thus in effect on the date of plaintiff's arrest.

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Kentucky • Las Vegas • London • Los Angeles • Miami
Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Virginia • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris

**wilsonelser.com**

7517811v.1

Hon. Nelson S. Román
March 21, 2019
Page 2

On December 14, 2018, Ms. Solomon spoke on the phone with Ms. Elliot and canceled a child visit scheduled for the following day, because on the immediately preceding visit Ms. Solomon claimed that Mr. Fishman had acted abusively. Nevertheless, and much to Ms. Solomon's displeasure, on December 15, 2018, Ms. Elliot appeared at Ms. Solomon's home, stating that Mr. Fishman wanted to meet with the children. As Ms. Solomon and Ms. Elliot were talking, Ms. Solomon saw Mr. Fishman being driven by the home at a very slow speed. She then observed him get out of the car and attempt to contact her son, Jonah Fishman, who was playing in the neighbor's yard. Ms. Solomon called for Jonah to come into the house which he did. She then called the police.

Police Officer Lane Schlesinger spoke with Ms. Solomon at her home. She showed him copies of the Order of Protection as well as a detailed custody and visitation agreement, and recounted her encounter with Ms. Elliot and Mr. Fishman from earlier that day. While interviewing Ms. Solomon, Officer Schlesinger was informed that Mr. Fishman was at New Rochelle police headquarters to make a report. Officer Schlesinger returned to headquarters where he encountered Mr. Fishman, Ms. Elliot, and a second woman, Ms. Bolivar, who had been driving the car. Officer Schlesinger interviewed Ms. Elliot who confirmed the information that Ms. Solomon had provided earlier. Ms. Elliot further reported to Officer Schlesinger that she had told Mr. Fishman that he was violating the Order of Protection by attempting to contact Jonah. She also showed Officer Schlesinger a screen shot of a text message between Mr. Fishman and another of his children.

Based on the Order of Protection and the information obtained from Ms. Solomon and Ms. Elliot, it was determined that there was probable cause to arrest Mr. Fishman for criminal contempt, 2d degree, N.Y. Penal Law §215.50(3). Mr. Fishman was read his Miranda rights and then booked on that charge. He posted bail and was released.

Plaintiff's complaint contains seven claims for relief: (i) a violation of Title II of the ADA; (¶¶32-44); (ii) a violation of Section 504 of the Rehabilitation Act of 1973 (¶¶45-52); (iii) a Section 1983 claim alleging, in effect, that plaintiff was arrested in retaliation for exercising his First Amendment right to free speech (¶¶53-59); (iv) a Section 1983 claim alleging false arrest (¶¶60-66); (v) a common-law claim for negligence (¶¶67-68); (vi) a common-law claim for false arrest (¶¶69-70); and (vii) a common-law claim for malicious prosecution (¶¶71-72). Plaintiff seeks a declaratory judgment, injunctive relief and damages.

Summary of Argument

1.  The individual City defendants reserve their right to challenge sufficiency of service of process.

2.  This Court properly may consider the Order of Protection, police reports and related documents because they are referenced in and/or integral to the complaint, and/or are subject to judicial notice.

3.  The complaint should be dismissed as against Commissioner Schaller and Sgt. Joseph because it fails to allege their personal participation or involvement.

4.  There is no individual liability under the ADA or the Rehabilitation Act. With respect to the City, the complaint fails to allege with sufficient particularity that plaintiff is a qualified person with a disability or that a City policy-maker discriminated against him because of any alleged disability. In addition, the complaint fails to allege that the City receives federal funding, which is a pre-requisite to liability under the Rehabilitation Act.

7517811v.1

Hon. Nelson S. Román
March 21, 2019
Page 3

5. The complaint fails to allege that plaintiff was arrested because he was exercising his right to free speech, as opposed to because he had violated the terms of a court-issued Order of Protection.

6. The Section 1983 claim for false arrest fails because, based on the information available at the time of plaintiff's arrest, there was probable cause, as well as arguable probable cause, to believe that plaintiff had violated the Order of Protection. The common-law claim for false arrest would fail on these same grounds.

7. Based on publicly-available information, it is evident that plaintiff has a court date in Westchester County Court, Criminal Term, on April 25, 2019, in connection with the charges asserted in his December 15, 2018 arrest. *See* https://iappps.courts.state.ny.us/webcrim. Accordingly, contrary to the allegation in plaintiff's complaint, the underlying criminal charge against him has not been terminated in his favor. But even if the underlying criminal charges were to be dismissed, or plaintiff otherwise found not guilty, the common-law claim for malicious prosecution would nevertheless fail because there was probable cause to believe that plaintiff had violated the terms of the Order of Protection, and because the complaint fails to allege that any of the individual defendants initiated a prosecution against plaintiff.

8. The common-law claims for negligence, false arrest and malicious prosecution are barred because plaintiff failed to serve a notice of claim within 90 days of his arrest, as required by Section 50-e of the New York General Municipal Law.

\* \* \*

While the foregoing represents the main grounds for the City Defendants' motion, the City Defendants respectfully reserve the right to raise additional arguments.

Accordingly, the City Defendants request that the Court schedule a pre-motion conference at its convenience to discuss the proposed motion to dismiss.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Lalit K. Loomba

Cc (by first class mail):

MARC H. FISHMAN, *Pro Se*
3200 Netherland Avenue, Apt. G
Bronx, NY 10463
(914) 837-3209
e-mail: rentdriver@gmail.com

7517811v.1

Marc Fishman
3200 Netherland Avenue
Apartment G
Bronx, NY 10463
(914) 837 – 3209
Facsimile (347) 843 - 6894



Via Hand Delivery and Facsimile

March 3, 2020

Honorable Judge Nelson Roman
United States District Judge
United States District Court
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

Re: 19-cv-00265-NSR Civil Rights Case Fishman vs. New Rochelle &
    Westchester County request for permission to file summary judgement
      Based on recent ny state appeals decision

Dear Honorable Judge Roman:

Pursuant to your part rules and conversation with your staff, am writing to request permission to file motion for summary judgement in the above case against all defendants.

The New York State appellate division second department last Wednesday ruled that the order of protection that I was falsely arrested for allegedly violating by going to the children's house WITH THE COURT ORDERED SUPERVISOR ON 12/15/18 FOR SUPERVISED VISITATION was subject to A CARVE OUT provision for state court ordered visitation. Am attaching the order 2018-08743 decided 2/26/2020

under 2020 NY SLIP Op 01352, that states, "Further, the court issued an order of protection directing, inter alia, the father to stay away from the children, their home and their schools, EXCEPT for certain supervised visitation."

The police ignored my speech, traumatic brain injury, post concussion syndrome, hearing impairment, tinnitus and memory impairment during their questioning and denied me the opportunity to show them my visitation orders specified in the orders of protection that had a carve out for visitation and instead rushed to arrest me without my aide or a speech interpreter present to help me communicate. I attach the orders of protection dated August 29, 2017 and September 1, 2017 from the lower state court specifying to stay away from my children, "Except as provided by court order of custody and visitation." I also attach the testimony of the court ordered visitation provider Ann Elliot last month specifying that 12/15/18 was a prepaid, prescheduled and prearranged court ordered visit.

The police refused entry to the questioning room of my communications and American with disability act aide, Isabel Bolivar who also corroborated that 12/15/18 was a court ordered visit at trial. The police instead directed my aide, Isabel Bolivar to drive the supervisor Ms. Elliot home to Manhattan instead of helping me communicate in complete, intentional, direct and blatant violation of the American with disabilities Act. I communicated to the police that I was disabled and had brain injury and needed my communications aide/note taker to assist me. I tried to show the police my brain injury and implant card for my neurostimulator but the police refused to view it or allow me to take it out from my wallet. The police knew I was very disabled because in their arrest report, officer Schlesinger stated he released me with $300 bail due to my "poor health."

Both Isabel Bolivar and Ann Elliot testified at trial that 12/15/18 was a court ordered supervised, prepaid, prearranged and prescheduled visit.

The alleged order of protection that the police stated I violated from June 27, 2017 was never served on me and the police knew this during the arrest/questioning. The police knew the order of protection was not served on me because I was already in county jail before court clerk Ed Edmeade allegedly prepared it. Please see the attached testimony of Judge Schauer's clerk, Ed Edmeade from 1/27/2020. When asked if I was served the order of protection by him in court, Ed Edmeade said "no." because I was already in jail. The police had the records of me being in jail on 6/27/17 and instead arrested me knowing that I had not received this alleged order of protection when I was in jail.

The county is liable for discrimination as Ed Edmeade works for the county and the district attorney, Anthony Scarpino maliciously prosecuted me knowing my orders of protection that I did receive had a carve out for supervised visitation on the arrest date in question.

Judge Zuckerman stated I could not be convicted of violating an order of protection when I did not set foot on my ex-wife's property(see transcript of Judge Zuckerman 1/27/20.) None of the order of protections had any distance to stay away from my ex-wifes house on them.

The ADA requires state officers including the police to provide meaningful communication including auxiliary aides to those with hearing and cognitive disabilities like me. The New Rochelle police purposely rushed an arrest, without reading Miranda and sent my disability aide and social worker home without assisting me.

Under Foley, 359 F. 3d at 928 I have shown I have been discriminated against by establishing, 1. I was a protected person under title two of the ADA, that 2. I was subject to discrimination by the state/city entity and 3. the discrimination was by reason of disability.

In case law Radaszewski v. Maram, 383 F. 3d 599,

607(7th circuit 2004) a plaintiff seeking to establish a section 504 violation must show that the state entity like the county or police took accepted Federal and or State Funds federal entities. The discriminated party must also show as I have that the discrimination was result of disability.

As the police allow aides for other people with disabilities in other cases to be questioned and assist their clients, the police discriminated against me by denying Isabel Bolivar access to me in the police questioning room to show and explain the orders she held for me during our visits.

As police officer Schlesinger and his supervising lieutenant/chief of police denied access to my aide to be questioned or assist me with disability communication in questioning on 12/15/18, but allowed other parties during arrest to have their counsel of ada aide present, the state willfully discriminated against me for my disabilities.

Said discrimination was solely result of disability see Washington v. Indiana High school Athletic Association Inc,., 181 F 3d 840, 845 (7th circuit 1999). By administrating police officer Schlesinger, and police chief ignoring the law on ADA reasonable accommodations for the disabled, Administrator Schlesinger/police chief willfully interfered with my civil rights and rights to court ordered visitation allowed in the orders of protection per the New York State appellate division.

Administrators Police Officer Schlesinger, his police chief and his lieutenant violated attorney general regulation ADA enforcement regulation 28 CFR 35.160. All these administrators acted with deliberate intent to deny me the accommodations of auxiliary aides and services for meaningful access to the police station, police questioning and meaningful communications. By ignoring my aide or need for a note taker/interpreter during the questioning/arrest these administrators acted with deliberate indifference by willfully denying the accommodations

that could have easily been granted. This constitutes disability discrimination in Duvall, 260 F. 3d at 1138-39; and Barber, 562 F. 3d at 1229.

Under attorney general regulation 28 CFR 35.160, " A State entity (including the police, county and city) shall take appropriate steps to ensure that communications with applicants, members of the public with disabilities are AS EFFECTIVE AS COMMUNICATIONS WITH OTHERS." Under 28 CFR 35.160 it states, " A state entity shall furnish appropriate auxiliary aids (including real-time computer-aided transcription services, a note taker, or aid/interpreter during questioning/arrest.) For those like me with traumatic brain injury, these services where necessary to afford individuals with disabilities, including applicants, participants, and members of the public an equal opportunity to participate in and enjoy the benefits of a service, program, or activity of a state entity.

Numerous Studies show that closed captioned and use of interpreters/aides helps those with learning disabilities like traumatic brain injury and post concussion syndrome. CART Real time transcripts and Closed captioning/note taker/interpreter or aide, help the disabled like me and assist to provide meaningful communication in the police questioning room. The Supreme Court mandated "Meaningful access and Communication" for the disabled in the decision in Tennessee versus Lane 504 US 509 in 2004.

No where in the opposing state attorneys papers does it dispute that I have a hearing disability called tinnitus , a brain injury called traumatic brain injury and post concussion syndrome and occipital neuralgia. My neurostimulator stimulation cord implant runs within inches of the ear and sometimes effects my hearing. The ringing in my ear from tinnitus affects my hearing and communication. Administrative Police officer and his supervisors could have granted this request for aide to be in questioning as my aide was already present and offered to attend the questioning with me.

The police officer acted with deliberate indifference and denied the aide access and sent her elsewhere instead of allowing her to help me with meaningful communications. The police simply chose not to accommodate me and to willfully discriminate against me.

This Federal Court needs to please support ADA/Rehabilitation Act and force the state court to comply with accommodations for disabilities including hearing and cognitive impairments like I have. Without Federal enforcement and protection of ADA, New York police administrators will continue to violate the law with multiple disabled people like others and me.

As the Federal Court is aware I have numerous qualified ADA disabilities including Tinnitus, Traumatic Brain Injury, Occipital Neuralgia, TMJ, Peripheral Neuropathy, Sever Obstructive Sleep apnea, Cubital Tunnel Syndrome and Post Concussion Syndrome. These "qualified disabilities" effect the major bodily functions of but not limited to hearing, learning, sleeping, remembering, eating, breathing, use of arm, organizing and writing. The police and county/city need to accommodate, and not discriminate.

New York police chiefs and state district attorneys and county administrators are regularly discriminating and Federal enforcement is the only effective means to make meaningful change.

I pray the court will allow me to file for summary judgment.
Thank you for your assistance.

Very Truly Yours,

Marc Fishman
Qualified Ada Disabled Litigant, Pro se
Enclosures



**George Latimer**
**County Executive**

**Office of the County Attorney**

**John M. Nonna**
**County Attorney**

March 6, 2020

Hon. Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

Re: <u>Marc H. Fishman v. City of New Rochelle, Westchester County, et. al., 19-cv-265 (NSR)</u>

Dear Judge Román:

I represent Defendant Westchester County in the above-referenced matter, and on behalf of the County, for the second time,[1] I am requesting a pre-motion conference. Plaintiff's request to file a Motion for Summary Judgement as per his letter dated March 3, 2020, (ECF #18), should be denied for the reasons detailed below, notwithstanding the fact that responsive papers have not been submitted by defendants, no discovery has occurred, and plaintiff's request is premature at this time. Defendant County intends to submit a Motion to Dismiss the Complaint, pursuant to FRCP Rule 12 (b) (6), in that the Complaint fails to state a claim upon which relief can be granted as against the County. The allegations in the complaint, among others, are that there was a false arrest, improper subsequent detention of the plaintiff, an unreasonable search and seizure, and a violation of plaintiff's free speech rights in connection with his December 15, 2018 arrest by the New Rochelle Police Department. Plaintiff also alleges that there were violations of Section 504 of the 1973 Rehabilitation Act, of Title Two of the American with Disabilities Act of 1990, and also asserts a malicious prosecution claim against Defendants. Inasmuch as no County Police Officers participated in plaintiff's arrest, his claims regarding this arrest therefore do not support a claim as against the County. Plaintiff's alleged improper subsequent detention and unreasonable search and seizure claims also do not state a claim upon which relief can be granted as against the County. Most significantly, plaintiff's claim regarding a subsequent malicious prosecution necessarily fails as well, as upon information and belief, there has been no termination of any criminal action as against him in his favor, a necessary element for a claim of malicious prosecution claim to be actionable. The criminal action resulting from plaintiff's December 2018 arrest in which he was charged with criminal contempt in the second degree has been resolved in that plaintiff was found guilty of criminal contempt in the second degree and sentencing has been

---

[1] By letter dated March 20, 2019, Defendant County previously requested a pre-motion conference and as per the Court's Individual Rules of Practice, 1 (A,) (D,) and 3 (A) ii faxed to the Court its letter on at least two occasions, but received no response.

Michaelian Office Building, Room 600
148 Martine Avenue
White Plains, New York 10601    Telephone: (914)995-2660    Website: westchestergov.com

scheduled for May 6, 2020. Plaintiff's malicious prosecution claim is therefore not actionable. Additionally, plaintiff also failed to name the District Attorney to this action, a necessary party, as it was the District Attorney's office that commenced the criminal action resulting from plaintiff's December 2018 arrest, such action subject to prosecutorial immunity in any event.

Lastly, Defendant County contends that there was no violation of Section 504 of the 1973 Rehabilitation Act and there was no violation of Title Two of the American with Disabilities Act of 1990 as applied against Defendant County under the circumstances of this case, as there were no County police officers involved in plaintiff's arrest, detention and subsequent charging of the crime for which he was arrested, and plaintiff's allegations regarding these statutes all concern the initial arrest, detention, and questioning, which were not conducted by County Officers. Plaintiff specifically notes in his complaint that it was Officers employed by the New Rochelle Police Department, and not the County Police, and these are two separate police departments as maintained by the relative municipalities involved. (See paragraph 8 of the complaint, page 5) Plaintiff also failed to serve a notice of claim for his negligence cause of action, (paragraph 67 of the complaint,) as required by the General Municipal Law, Section 50-e. Accordingly, Defendant County requests that a pre-motion conference be scheduled by the Court, or in the alternative, a Motion schedule established by the Court for purposes of submitting the dismissal motion. Defendant reserves the right to add additional arguments not specifically mentioned herein. Thank you for your time and consideration in this matter, and should you need to contact the undersigned for any reason, I can be reached at (914) 995-2684.

Respectfully Submitted,

Taryn A. Chapman-Langrin
Associate County Attorney

Cc: Marc. H. Fishman, pro se
 Lalit K. Loomba Esq., via ECF