

Lalit K. Loomba, Esq.
Direct dial: (914) 872-7118
lalit.loomba@wilsonelser.com

September 1, 2020

**By First Class Mail**

Hon. Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

**Re**:   Marc H. Fishman, Individually, and on behalf of all others similarly situated v. City of New Rochelle, New Rochelle Police Department, Lane Schlesinger individually and in his administrative and official capacity as a police officer #1058 employed by the City of New Rochelle, Joseph F. Schaller individually and in his administrative and official capacity as a police commissioner/officer employed by the City of New Rochelle, and W. Joseph individually and in his official and administrative capacity as a police officer/detective #18 employed by the City of New Rochelle, and Westchester County, Docket No. 19-CV-265 (NSR)
Our File No. 07367.00109

Dear Judge Román:

We represent the City of New Rochelle, Police Officer Lane Schlesinger, Commissioner Joseph F. Schaller, and Sergeant Myron Joseph (s/h/a "W. Joseph") (collectively, the "City Defendants") in the referenced action. We are writing in response to the flurry of emails sent on August 31, 2020, by plaintiff *pro se* Marc Fishman, and to oppose Mr. Fishman's request for a 60-day extension to respond to the City Defendants' motion to dismiss.

Mr. Fishman seeks this lengthy extension because he claims to have had cancer surgery last week and is "bedridden and bleeding." In his email sent August 31, 2020, at 2:32 p.m., he also claims to have a follow-up surgery scheduled for September 24, 2020, and a third surgery scheduled for the first week of October.

While we certainly have sympathy for Mr. Fishman's medical condition, we believe it would be appropriate for him to substantiate his request for an extension with a doctor's note. This is because, based on the balance of his email, it appears that Mr. Fishman is in reality seeking a stay of this proceeding pending the resolution of his state-court criminal proceeding. In particular, Mr. Fishman states that he is in process of challenging his state-court conviction, and that he believes that challenge needs to be resolved before his federal court action can proceed. Indeed, on the basis of Mr. Fishman's email if those challenges were somehow not resolved by November 1, 2020 (*i.e.,* 60-days after his current deadline), we might expect yet another request by Mr. Fishman to delay this Court's consideration of this action.

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Kentucky • Las Vegas • London • Los Angeles • Miami
Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Virginia • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris

wilsonelser.com

8416355v.1

Hon. Nelson S. Román
September 1, 2020
Page 2

Mr. Fishman, of course, chose to commence this action in federal court. He filed a complaint on January 8, 2019, during the pendency of the underlying criminal charges, and more than a year before his conviction, by jury verdict, on January 28, 2020. (DE 2) On March 21, 2019, the City Defendants filed a pre-motion letter seeking a conference on a motion to dismiss plaintiff's complaint. (DE 15) On March 4, 2020, after he was convicted, Mr. Fishman filed a letter seeking permission to file a "motion for summary judgment." (DE 18) Counsel for the City Defendants, and counsel for the County of Westchester, also a defendant herein, responded on March 6, 2020. (DE 18-20) Finally, on May 29, 2020, the Court set a briefing schedule: motions to be served (but not filed) on July 17, 2020, opposition to be served (but not filed) on September 1, 2020, and replies due September 16, 2020. (DE 21).

Mr. Fishman is asserting, *inter alia,* a Section 1983 claim for false arrest and a state-law claim for malicious prosecution. Plaintiff's conviction on criminal charges is fatal to those claims. However, as detailed in the City Defendants' motion to dismiss, even without reference to Mr. Fishman's conviction, there was ample probable cause, or at the least arguable probable cause, ascertainable from the facts alleged in the complaint, and in the documents referenced and integral to the complaint, to support the argument that those claims fail and must be dismissed. Moreover, Mr. Fishman's state-law claims are procedurally barred because he never served the City with a notice of claim as required by Section 50-e of the General Municipal Law. Accordingly, resolution of Mr. Fishman's challenges to his state-court conviction is not required for this Court to consider and rule upon the City Defendants' motion.

In his August 31, 2020 email, Mr. Fishman references a computer printout detailing the various orders of protection that are at issue. He claims that there was a "Caveat Text" on one of the orders stating: "CAVEAT NOTE, PARTY NOT SERVED WITH ORDER OF PROTECTION." The printout in question, which details each order of protection issued against Mr. Fishman, is attached to the City Defendants' motion as Exhibit B. In fact, one of those orders, issued June 13, 2018 and expiring June 13, 2019, contains the following Caveat Text: "**DEFENDANT ADVISED IN COURT OF ISSUANCE AND CONTENTS OF ORDER – ORDER IS ENFORCEABLE** ***NOTE: THIS ORDER HAS NOT BEEN SERVED***"

Hence, contrary to Mr. Fishman's suggestion, the order of protection on its face states that he was advised of its issuance and contents in Court, and that the order is "Enforceable." But even if the additional note regarding lack of service were to put into question the enforceability of that particular order, which it does not, Mr. Fishman is ignoring the additional orders of protection which were issued and served; which were in effect on the date of his arrest; and upon which the police had probable cause to arrest Mr. Fishman.

In short, the City Defendants do not believe there is any basis to grant Mr. Fishman an extension based on the status of the underlying state-law proceedings. And in the absence of any substantiation of Mr. Fishman's medical condition, we respectfully submit that the request for a 60-day extension of the time to respond to the City Defendants' motion to dismiss should be denied.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Lalit K. Loomba

Lalit K. Loomba

8416355v.1

Hon. Nelson S. Román
September 1, 2020
Page 3


Cc (via email)

MARC H. FISHMAN, *Pro Se* (via Fist Class Mail)
3200 Netherland Avenue, Apt. G
Bronx, NY 10463
(914) 837-3209
e-mail: rentdriver@gmail.com

Cc (via ECF)

Westchester County Attorney's Office
148 Martine Avenue, 6th Floor
White Plains, NY  10048
(914) 995-2684
Attn:  Taryn Chapman-Langryn, Esq.

8416355v.1