UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARC H. FISHMAN, INDIVIDUALLY, and on
behalf of all others similarly situated,

                         Plaintiff,

    -against-

City of New Rochelle, New Rochelle Police
Department, Lane Schlesinger individually and in his
administrative and official capacity as a police officer
#1058 employed by the City of New Rochelle,
Joseph F. Schaller individually and in his administrative
and official capacity as a police commissioner/officer
of the City of New Rochelle, and W. Joseph individually
and in his official and administrative capacity as a police
officer/detective #18 employed by the City of New
Rochelle, and Westchester County,

                         Defendants.
------------------------------------------------------------------X

**19CV265 (NSR)**

# REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

JOHN M. NONNA
Westchester County Attorney
Attorney for the County Defendant
600 Michaelian Office Building
148 Martine Avenue
White Plains, New York 10601

TARYN A. CHAPMAN-LANGRIN (TC-1221)
Associate County Attorney
(914) 995-2684

## TABLE OF AUTHORITIES

**CASES**

Corsini v. Brodsky
    731 Fed. Appx.15 at *18. (2d Cir. April 13, 2018)...........................................2

Cox v. Warwick Valley Cent. School Dist.
    654 F.3d 267, 272 (2d Cir. 2011)..............................................................3

Fincher v. the County of Westchester
    979 F. Supp. 989, 1002 (S.D.N.Y. 1997)......................................................3

Levantino v. N.Y. State Police
    56 F. Supp. 3d 191, 207 (E.D.N.Y. 2014).....................................................2

Manganiello v. City of New York
    612 F.3d 149, 161 (2d Cir. 2010).............................................................2

Matthews v. City of New York
    779 F.3d 167, 172 (2d Cir. 2015).............................................................3

Moffitt v. Town of Brookfield
    950 F.2d 880, 885 (2d Cir. 1991).............................................................2

Powell v. National Bd. Of Medical Examiners
    364 F.3d 79, 85 (2d Cir. 2004)............................................................... 3

Stampf v. Long Island R.R. Co.
    761 F.3d 192, 198 (2d Cir. 2014)............................................................2

Wright v. Smith
    21 F.3d 496, 501 (2d Cir. 1994)..............................................................2

Defendant County of Westchester, by its statutory Attorney, John M. Nonna, by Taryn A. Chapman-Langrin, Associate County Attorney of Counsel, hereby submits its Reply Memorandum of Law in further Support of its Motion to Dismiss the Complaint in the above-referenced matter. In a series of e-mails, some submitted to Defendants prior to the opposition due date of September 1, 2020 as per Court Order, and some e-mails submitted thereafter by plaintiff, Defendant contends that such emails do not establish any cognizable legal basis upon which to hold the County liable for the events flowing from his December 15, 2018 arrest by the City of New Rochelle Police Officers.[1] The County hereby incorporates all of its arguments contained in its main motion. In his opposition e-mails, plaintiff makes no legal arguments whatsoever connecting the County to the subject arrest, and appears to confuse his underlying criminal action with the instant civil action in terms of the adjudication of both. Plaintiff provides no evidence that the County, through its police officers, were present on the scene of the arrest, effectuated the arrest, and/or participated in his subsequent questioning and booking.

The police reports submitted by Co-defendant City of New Rochelle and its police officers in their Motion papers, all indicate that the subject arrest was effectuated by City Police Officers, and not County Police Officers. (See Exhibits C, D, E, and F of Co-Defendant City of New Rochelle's Motion papers; see also Exhibit B, annexed hereto, Weiss affidavit, attesting to the fact that there was no participation of County Police Officers in the subject arrest). The County has no legal relationship to the City of New Rochelle, and consequently any actions performed by its employees does not render the County liable for same. It is undisputed that there was no personal

---

[1] It appears that these same e-mails were also sent to Your Honor, as indicated by the address of the mails. Only relevant e-mails will be included as part of plaintiff's opposition to Defendant's Motion.

1

involvement by any County employees/police officers. Personal involvement by defendants in alleged constitutional deprivations is a prerequisite to an award of damages under Section 1983, and it is also a prerequisite to liability for State law claims as well. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994), quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991) and Levantino v. N.Y. State Police, 56 F. Supp. 3d 191, 207 (E.D.N.Y. 2014) Accordingly, since there was no participation or personal involvement by ay County employees/police officers regarding the subject arrest of the plaintiff, the complaint must be dismissed as against the County, for failure to state a claim upon which relief can be granted. Defendant Police Officers Lane Schlesinger and Sgt. Myron Joseph, officers that allegedly effectuated the subject arrest, are not police officers employed by the County. They are City of New Rochelle Police Officers. (See Exhibit B, annexed hereto, Weiss affidavit.)

Not only has plaintiff failed to establish a lack of personal involvement by any County employees in his subject arrest, plaintiff also fails to establish any liability on the part of the County regarding a constitutional violation that he allegedly sustained. In his opposition e-mails, plaintiff makes much of the circumstance that he has not yet been sentenced pursuant to his conviction on the subject charges on January 20, 2020. His sentencing is pending scheduling, and his statements that his conviction will be set aside is pure conjecture and speculation. The fact that he was convicted is fatal to his false arrest claim under both Federal and State law. Corsini v. Brodsky, 731 Fed. Appx.15 at *18. (2d Cir. April 13, 2018) Consequently, Defendants Motions are not premature. Plaintiff's common law claim of malicious prosecution also fails in light of his conviction. Manganiello v. City of New York, 612 F.3d 149, 161 (2d Cir. 2010) (citations omitted); see also Stampf v. Long Island R.R. Co, 761 F.3d 192, 198 (2d Cir. 2014) Additionally, plaintiff also failed to serve upon the County a notice of claim pursuant to these State Causes of

2

action, and therefore those claims must be dismissed. Fincher v. the County of Westchester, 979 F. Supp. 989, 1002 (S.D.N.Y. 1997) So even if the County was in some way involved in plaintiff's arrest, which it was not, these claims would necessarily fail in either event, requiring dismissal of the complaint. Defendant notes that the District Attorney is not a named defendant in this action, and would be the only party possibly subject in any event to any malicious prosecution claim under the circumstances of this case.

Moreover, Defendant notes that plaintiff failed to properly allege a Monell claim as against the County. Such claim would fail in any event, as none of the County's employees were personally involved in his arrest, and there are no allegations of a custom, policy or practice of the County giving rise to a constitutional violation as against the plaintiff. As to his cause of action regarding the Rehabilitation Act, such claim necessarily fails as against the County as plaintiff fails to allege that the County receives federal funds. Powell v. National Bd. Of Medical Examiners, 364 F.3d 79, 85 (2d Cir. 2004) quoting 42 U.S.C. Section 12131(2). The fact that no County employees participated/effectuated the arrest of the plaintiff, absolutely establishes that they could not have then violated plaintiff's rights regarding the Rehabilitation Act. Additionally, there are absolutely no allegations at all regarding the County in plaintiff's complaint. Lastly, plaintiff's claim that there was a violation of his first amendment rights of free speech also fails as the complaint does not define with specificity what speech is at issue, and is substantially overbroad and vague on its face. "A plaintiff asserting a First Amendment retaliation claim must establish that "(1) his speech or conduct was protected by the First Amendment; (2) the Defendant took an adverse action against him; and (3) there was a causal connection between this adverse action and the protected speech." Matthews v. City of New York, 779 F.3d 167, 172 (2d Cir. 2015), quoting Cox v. Warwick Valley Cent. School Dist., 654 F.3d 267, 272 (2d Cir. 2011).

3

Inasmuch as the County and its employees did not participate in the subject arrest, there was no adverse action taken by the County and therefore this claim necessarily fails.

WHEREFORE, the County respectfully request that the instant action be dismissed as against it, and for such other and further relief that the Court deems just and proper.

Dated: White Plains, New York
September 16, 2020

                              Respectfully Submitted,

                              JOHN M. NONNA
Westchester County Attorney
Attorney for WESTCHESTER COUNTY

By: Taryn A. Chapman-Langrin (TAC 1221)
Associate County Attorney, of Counsel
600 Michaelian Office Building
148 Martine Avenue
White Plains, New York 10601
(914) 995-2684; (914) 995-3132 (fax)
tal5@westchestergov.com

TO    Marc Fishman, pro se
        3200 Netherland Ave., Apt. G
        Bronx, N.Y.  10463

        Lalit K. Loomba Esq.
        Wilson Elser Moskowitz Edelman & Dicker LLP
        1133 Westchester Avenue,
        White Plains, New York 10604

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARC H. FISHMAN,

                         Plaintiff,

       - against -

CITY OF NEW ROCHELLE, COUNTY OF
WESTCHESTER, ET.AL,

                        Defendants.
-----------------------------------------------------------------X

**AFFIDAVIT**

19-CV-265 (NSR)

JEFFREY WEISS, being duly sworn, deposes and says:

1. I am employed by the County of Westchester as a Lieutenant (hereinafter referred to as the "County") in the capacity of Commanding Officer, Special Investigations Unit, Department of Public Safety, ("DPS") and I have my offices at 1 Saw Mill River Parkway, Hawthorne, New York.

2. As Commanding Officer of the Special Investigation Unit (SIU), I am responsible for overseeing Police Officer investigations.

3. The lawsuit in the above-referenced matter refers to an incident which allegedly occurred on December 15, 2018, wherein plaintiff Marc Fishman was arrested by New Rochelle Police Officers. Upon information and belief, the Police Officers allegedly involved in the arrest, booking and detention of the plaintiff were City of New Rochelle Police Officers Lane Schlesinger and Sgt. Myron W. Joseph.

4. I have reviewed the official records within the Department of Public Safety, and based on said review, Police Officers Schesinger and Joseph are not employed by the County's Department of Public Safety as County Police Officers.

5. The City of New Rochelle Police department and the County of Westchester's Department of Public Safety are two separate police departments and as such, the County is not responsible for any actions committed by members of the City of New Rochelle police department.

Dated: White Plains, New York
September 5, 2020

Sworn to before me this
15th day of September 2020

NOTARY PUBLIC

JEFFREY WEISS

Taryn A. Langrin
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02LA6398487
Qualified in Westchester County
Commission Expires September 30, 2023

## AFFIDAVIT OF SERVICE BY REGULAR MAIL

STATE OF NEW YORK        )
                                              ss.:
COUNTY OF WESTCHESTER )

ELLEN A. TROTTA being duly sworn, deposes and says:

I am not a party to this action; I am over 18 years of age; I am employed in White Plains, New York.

On September 16, 2020, I served one copy of the within *REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS* (Re: Fishman v. City of New Rochelle, et al. – 19CIV265 (NSR)) on the following:

Marc Fishman
3200 Netherland Ave., Apt. G
Bronx, NY 10463

Lalit K. Loomba, Esq.
Wilson Elser Moskowitz Edelman & Dicker, LLP
1133 Westchester Avenue
White Plains, NY 10604

being the address designated for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, regular mail in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
ELLEN A. TROTTA

Sworn to before me this 16th day of September 2020.

_____
NOTARY PUBLIC

NAILE HOXHAJ
Notary Public, State of New York
No. 01HO6131068
Qualified in Putnam County
Commission Expires July 25, 2021