

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------

# 19cv265

MARC H. FISHMAN, INDIVIDUALLY, and on behalf of all others similarly situated

        Plaintiff,

                               CASE NO.

    v.

City of New Rochelle, New Rochelle Police Department, Lane Schlesinger individually and in his administrative and official capacity as a police officer #1058 employed by the City of New Rochelle, Joseph F. Schaller individually and in his administrative and official capacity as a police commissioner/officer employed of the City of New Rochelle, and W. Joseph individually and in his official and administrative capacity as a police officer/detective #18 employed by the City of New Rochelle, and Westchester County

        Defendants

## JURY DEMAND

------------------------------------------------------------------------

## COMPLAINT

------------------------------------------------------------------------

    Plaintiff, MARC FISHMAN, Plaintiff *pro se* herein, and those others similarly situated, brings this Complaint against the City of New Rochelle, New Rochelle Police Department, Police Officer Lane Schlesinger #1058,

Police Commissioner Joseph F. Schaller, and Police Officer Detective W. Joseph #18 and Westchester County.

## INTRODUCTION, AND PARTIES

This is an action brought by Plaintiff, Marc Fishman and others similarly situated, seeking declaratory and injunctive relief, and attorney's fees, and litigation expenses and other equitable relief as well as compensatory and punitive damages to remedy the unlawful discrimination the Plaintiff and other similarly situated have suffered on account of their disabilities in violation of title II of the American with Disabilities Act, 42 U.S.C. 12132, et seq. ("ADA"), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C $701, et seq. ("Rehabilitation Act.")   The Plaintiffs also seek damages and other relief for violations of Plaintiffs constitutional rights protected under the First, Fourth, and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. $1983.

1.    The   Plaintiff, Marc Fishman in this matter is   "Qualified Disabled " under the ADA and ADAAA.   The plaintiff(s) and those similarly situated are disabled as defined under State and Federal Law.   The police regarded plaintiff as disabled. I identified myself as cognitively and speech, sleep and physically disabled to the police officers who detained me.

2

I showed the police the scars from my neurostimulator implants for Occipital neuralgia and sleep apnea in my chests and said I need my aide for effective communication for my qualified ADA disabilities. I offered to show the police my Brian Injury Identification card which lists my disabilities and Medtronic Neurostimulator Implant and Inspire Medical Identification cards which list my doctors names and contact information but the police said that was unnecessary and requested I do not show them the cards at the beginning of questioning. The police refused to allow my disability aide who assists me with speech communication, cognitive, memory, Occipital Neuralgia and TMJ pain and other impairments to accompany plaintiff during questioning even though the aide asked to accompany plaintiff. The police refused to allow plaintiff's disability aide into the questioning room after the aide attempted to follow plaintiff and the social worker supervisor of visitation into the police questioning room. The police refused to provide "meaningful communication" required under the ADA to plaintiff and sent the communication aide/note taker away from the police station to drive the visitation supervisor home instead of allowing the disability aide to assist plaintiff or be questioned by the police with plaintiff. The Police caused and directed and instructed the disability aide to leave the police station instead of accommodating plaintiff's disabilities. The police took bail money from

the aide before arresting plaintiff, reading plaintiff his rights under Miranda or taking plaintiff's complaint against his ex-wife for violating the visitation order.

2.      Defendant  New Rochelle is a city/municipality in Westchester County, New York State.

3.      Defendant New Rochelle Police department is a government agency division of the city of New Rochelle located within New Rochelle, New York.

4.      Westchester County is a government entity in New York State that includes the City of New Rochelle and who employs attorneys who maliciously prosecuted plaintiff.

5.      Defendant Police Officer Schlesinger #1058 is/was a police officer employed by the city of New Rochelle and or New Rochelle Police Department on December 15, 2018.

6.      Defendant Police Commissioner Joseph F. Schaller is/was police officer/commissioner employed by the City of New Rochelle and or New Rochelle Police Department on December 15, 2018.

7.      Defendant Police Detective W. Joseph #18  is/was a police officer/detective employed by the City of New Rochelle and or New Rochelle Police Department on December 15, 2018.

4

8.      The police arrested falsely arrested plaintiff in violation of an order of protection and court order allowing for supervised visitation with plaintiff's four children before reading plaintiff his Miranda rights. The police retaliated against plaintiff by denying Mr. Fishman's four children court ordered visitation with his four children and removing Mr. Fishman's disability Aide from the Police Station.   The police retaliated against plaintiff by refusing to facilitate court ordered visitation. The police refused to enforce the court   visitation order in retaliation against plaintiff's disabilities or call the ex-wife Jennifer Solomon to effectuate or assist with court ordered and pre-confirmed visitation. The police retaliated against Mr. Fishman' disabled son, Jonah Fishman who has Langerhan Hystiocytosis x, by denying the child in an act of associational disability discrimination court ordered visitation with dad, by detaining and arresting his father.  The start and pickup for visitation was moved from the Bronx to Westchester to "reasonable accommodate" Mr. Fishman's disabled son Jonah Fishman with unique disabilities.  It is illegal under ADA to retaliate for assisting a disabled person.  The police were well aware that plaintiff has supervised visitation with a court order probation supervisor Saturdays from 10am to 5pm.   The police were aware that plaintiff was attempting to communicate to the police and that plaintiff has a    cognitive communications

5

speech/memory/sleep/moving   disability impairment and needed his disability aide present or a cognitive interpreter or specialist present for "effective and meaningful communication." The police retaliated against plaintiff trying to report a violation for court order by his ex-wife, by detaining plaintiff in a cell for over an hour without reading plaintiff his Miranda rights/rights to remain silent  or providing plaintiff with his aide to assist him for his ada disabilities or communication/speech impairments. The police continued to question plaintiff before reading plaintiff his Miranda rights or rights  to remain silent. or the subsequent arrest to provide meaningful communication and arrested him and was arrested by City of New Rochelle ("City") police officers. The police removed the aide from the police station before reading Miranda rights, and failed to bring an interpreter or another aide to help plaintiff understand rights or facilitating "meaningful communication" required under title two of the ADA with his cognitive disabilities.

9.     The plaintiff has Severe Obstructive Sleep Apnea, Traumatic Brian Injury, Post Concussion Syndrome, Occipital Neuralgia, Tinnitus, Peripheral Neuropathy, Post Concussion Syndrome, Speech impairment, Cubital Tunnel Syndrome, Disabilities from Hernia Surgery and TMJ caused by two car accidents in 2013 and related prescription drug interactions.

Other disabled parties and participants in police questioning, police detaining and police arrest with qualified ADA disabilities are also discriminated for their disabilities by the police. All defendants have discriminated against me and other similarly situated in Violation of Title Two of the ADA and Section 504 of the 1973 rehabilitation Act by failing to reasonable accommodate my "Qualified ADA Disabilities" in court and court proceedings/programs. All defendants have discriminated against me and other similarly situated by retaliating against others and me with deliberate intent and indifference for my "Qualified ADA Disabilities. " All Defendants discriminated multiple times with instances of intentional disability discrimination including denial of reasonable accommodations including but not limited to denial of a note taker during questioning, and denial of access to my disability communications aide, denial of a cognitive or speech interpreter/specialist to be present and denial of large print writing on papers supplied by police on exiting station. Because my disabilities and others with similar disabilities are "invisible disabilities" in that I or other disabled individuals do not carry a cane or have a wheelchair, the defendants willfully discriminates compared to other disabled who are immobile/wheelchair bound and receive immediate disability accommodations from the Police. All defendants have caused me to suffer

from anxiety, and PTSD as a result of the false arrest. As a result of defendants' actions including disability discrimination, failure to accommodate disabilities and retaliation, all defendants have limited my time with my four children and other disabled parents and similarly situated with access to their children. All Defendants have interfered with my civil rights as a father. All defendants here have violated Title Two of the American with Disabilities Act of 1990, as amended("ADA"), 42 U.S.C. $$ 12131-12134, and its implementing regulation, 28 C.F.R. Part 35; and Section 504 of the Rehabilitation Act, 29 U.S.C $ 794.

10. The United States has an interest herein.

11. This matter raises an issue of general public importance.

12. Plaintiff(s) does not appeal a state court decision.

## JURISDICTION AND VENUE

13. This court has jurisdiction of this action under 28 U.S.C. $1331 and $1343 and 42 U.S.C. $$ 12133 and 12188. The court may grant declaratory and other relief pursuant to 28 U.S.C $$ 2201 and 2202. The court may grant attorney's fee pursuant to 42 U.S.C $ 12205. The court has jurisdiction over the claims under U.S.C 1983 pursuant to 28 U.S.C $$1331 and 1343 and common law pursuant to 28 U.S.C. $1367. The court has

jurisdiction over claims under the Rehabilitation Act pursuant to 29 U.S.C $794a.

14.     The acts and omissions of defendants giving rise to this action occurred in southern New York. Plaintiff(s) have been situated and aggrieved in Southern New York during the events giving rise to this action, including present unmitigated harm occurring in the district, making venue proper in this judicial district pursuant to 28 U.S.C. $ 1391.

15.     Enforcement by the United States Attorney General is invoked pursuant to 42 U.S.C. $$ 12133 and 12188.

## FACTS

16.     Marc Fishman is a qualified individual with a disability within the meaning of 42 U.S.C. $$ 12102 and 12131(2).

17.     Others with disabilities in court are disabled under the meaning of 42 U.S.C $$ 12102 and 12131(2).

18.     Mr. Fishman' son Jonah Fishman is qualified Ada disabled with learning disabilities, cognitive impairments, speech impairments , physical development delay and Langerhan cell Hystiocytosis x.

19.     Jonah fishman is regarded by New Rochelle as disabled under the Ada and idea act with a current IEP by New Rochelle Schools.

9

20.     Defendants have failed to Reasonably Accommodate my "Qualified ADA Disabilities" of Severe Obstructive Sleep Apnea, Traumatic Brian Injury, Occipital Neuralgia, and TMJ, Post Concussion Syndrome, Peripheral Neuropathy, Tinnitus, Speech Impairment, Disabilities from Hernia Surgery, and Cubital Tunnel Syndrome by removing my disability aide from questioning and the arrest process, failing to grant auxiliary aides during the government questioning or arrest, failing to red Miranda rights before questioning and removing my aide from the government police facility instead of allowing the aide to provide effective or meaningful communications."

21.     Defendants have retaliated against plaintiff by denying plaintiff to reasonable accommodate Jonah Fishman for his unique disabilities and effectuate a New Rochelle/Westchester pickup to Jonah's Saturday sports class.

22.     Under ADA and ADAAA, police activity including questioning and or arrests are covered government activities, programs and or services that must comply with title two of the ADA and federal/state anti-discrimination laws.

23.     The police failed to enforce the terms of the June 2018 order of protection which had a carve out to allow for supervised visitation with the

supervisor in retaliation against plaintiff and plaintiff's disabilities accommodation requests.

24. The police failed to charge plaintiff's ex-wife with custodial interference with a legally mandated court order or contempt of court for failure to observe a visitation order as retaliation for plaintiff's disabilities and disability accommodation requests.

25. The police failed to provide a police report detailing charges plaintiff reported against his ex-wife as retaliation for plaintiff's disabilities and disability accommodation requests.

26. The police in retaliation for plaintiff's exercising his constitutional, state and federal rights to visitation with his children denied detained, kept and arrested plaintiff to prevent plaintiff's court ordered time with his children.

27. (The ADAAA) Amended ADA act was a clear mandate that the definition of being disabled will be interpreted "broadly."

28. With Severe Obstructive Sleep apnea alone and its side effects, am Qualified Disabled under the terms of the ADA.

29. Defendants' regarded me as having qualified ada disabilities.

30. Add the additional disabilities I have and the three implants and I "am clearly disabled under the definition of the ADA" as stated by Federal

Judge Karas at his June 2018 hearing in Federal District Court in the southern district in White Plains under docket 18-CV-00282-KMK.

31.    All of my disabilities affect major bodily functions including eating, sleeping, hearing, thinking, remembering, walking, balance, pain tolerance and memory.

## CLAIMS FOR RELIEF

THE PLAINTIFF INCORPORATES IN THE CAUSES OF ACTION BELOW THE ALLEGATIONS CONTAINED IN PARAGRAPHS ONE TO 31 one ABOVE.

## CAUSE OF ACTION

### Violations of Title Two of the ADA

32.    At all times relevant to this action, Title Two of the ADA, 42 U.S.C $$ 12131 et seq., was in full force and effect and applied to defendants conduct

33.    At all times relevant to this action, the U.S. Department of Justice regulations implementing Title Two of the ADA, 28 C.F.R. Part 35, were in full force and effect and applied to the Defendants conduct.

34. At all times relevant to this action, the Plaintiff has been substantially limited in the major life activity of eating, hearing, speaking, sleeping, thinking, memory and communicating , and is considered an individual with a disability as defined under the ADA, 42 U.S.C $12102(2).

35. Defendant City is a public entity  as defined under title Two of the ADA, $@ U.S.C. $12131(1).

36. Title two of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from the participation in or be denied the benefits of the services, programs, or activities of a public entity or be subjected to discrimination by any such entity." 42 U.S.C. $ 12132.

37. Federal Regulations implementing Title Two of the ADA state that a public entity may not "(i) deny a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit, or service; (ii) afford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others; or (iii) provide a qualified  individual with a disability with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same befit or to reach the

same level of achievement as that provided to others." 28 C.F>R> $35.130(b)(1).

38.     Federal Regulations implementing Title two of the ADA state that a public entity "shall take appropriate steps to ensure that communication with applicants, participants, members of the public, and companions with disabilities are as effective as communications with others." 28 C.F.R. $ 35.160(a)(1).

39.     Federal Regulations implementing Title Two of the ADA state that a public entity "shall furnish auxiliary aides and services where necessary to afford individuals with disabilities...an equal opportunity to participate in and enjoy the benefits of, a service, program or activity of a public entity" and "in order to be effective, auxiliary aids and services must be provided on accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." 28 C.F.R $35.160(b)(1) and (b)(2).

40.     The Defendants discriminated against the Plaintiff on the basis of his disability by excluding him from participation in and denying him the benefits of public services and by subjecting him to discrimination in violation of the ADA.

41.    The defendant further discriminated   against the plaintiff by failing to ensure  effective communication by providing a qualified in person interpreter   who   understands   cognitive/speech   impairments   or   other appropriate    auxiliary    communications    aids    and    services    including disallowing plaintiffs aide from attending questioning or arrest process or other interaction with the police.

42.    The "defendant city and police discriminated against plaintiff by failing to train its employees to accommodate disabled individuals and failing to modify discriminatory practices and procedures as required by the ADA.

43.    The Plaintiff is therefore entitled to damages as described below.

44.    Under   USDOJ implementing regulation id $ 12134; 28 C.F.RE pt 35 and 28 C.F.R $ 35.130(b)(1)(iii) the USDOJ ADA regulation prohibits a public entity from providing services to individuals with disabilities that are "not as effective in affording an equal opportunity to obtain the same result…as that provided to others."   Consistent with the statute, the regulation both prohibits outright discrimination and requires a public entity to "make reasonable modifications in policies, practices, or procedures when…necessary to avoid discrimination on the basis of

disability, unless the public entity can demonstrate that making modifications would fundamentally alter the nature of the service, program, or activity." This is specified in 28 C.F.R $ 35.130(b) (7). This regulation is entitled to "controlling weight" so long as it is not "arbitrary, capricious or manifestly contrary to the statute," as specified in Chevron USA , Inc. v. Natural Res. Def. Council, Inc 467 U.S. 837, 844(1984.) Defendants' discrimination this way violates the ADA.

## SECOND CAUSE Of ACTION

### Violation of section 504 of the Rehabilitation Act of 1973

45.    At all times relevant to this action, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C $794 was in full force and effect and applied to defendants Conduct.

46.    At all times relevant to this action, the Plaintiff has had substantial impairment to the Major Life Activities of hearing, thinking, sleeping, eating, moving, writing and communicating within the meaning of 45 C.F.R. $84.3 (j), and accordingly, he is an individual with a disability as defined under 29 U.S.C. $708 (20) (B).

47.    Plaintiff(s) reiterate that defendants have violated the rehabilitation act in items $\underline{1}$ to $\underline{44}$ listed above in this complaint.

48.     Pursuant to Section 504 of the Rehabilitation Act, "no otherwise qualified individual with a disability …shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving financial assistance…." 29 U.S.C. $794.

49.     The Defendants discriminated against plaintiff on the basis of his disability by denying him meaningful to the services, programs and benefits the Defendant City offers to other individuals, and by refusing to provide auxiliary aids and services necessary to ensure effective communication in violation of Section 504 of the Rehabilitation Act.

50.     Defendants further discriminated against the plaintiff (s) by failing to ensure effective communications by providing in-person cognitive interpreters, note takers, large print papers or direction forms, written copy of Miranda in large print, access to plaintiff's aid during questioning and or arrest or other appropriate auxiliary communication aids and or services.

51.     Defendant City discriminated against the Plaintiff by failing to train its officers to accommodate disabled individuals and failing to modify discriminatory practices and procedures, as required by the rehabilitation Act.

52.     The Plaintiff is therefore entitled to damages as described

below.

### THIRD CAUSE OF ACTION

### 42 U.S.C $1983(FREEDOM OF SPEECH)

53.     At all times relevant to this action, 42 U.S.C. $1983 was in full

force and effect and applied to Defendants' Conduct.

54.     42 U.S.C . $1983 provides: "Every person who , under the color

of any statute, ordinance, regulation, custom or usage of any State or

Territory or the District of Columbia, subjects, or causes to be subjected, any

citizen of the United States or other person within the jurisdiction thereof to

the deprivation of any rights, privileges, or immunities secured by the

Constitution and laws, shall be liable to the party injured in an action of law,

suit in equity, or other appropriate proceeding for redress…,"

55.     The Plaintiff is a citizen of the United States and the identified

Defendants to this claim are persons for purposes of 42 U.S.C. $1983.

56.     The Defendants acted under color of statute, ordinance,

regulation, policy, custom, and/or usage of law.

57.     The Defendants arrested, detained and charged the Plaintiff

with a crime, under the City/County Ordinance, for engaging in lawfully

protected speech in derogation of Plaintiff's constitutional right of freedom

of speech under the First, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. $1983.

58. The City Ordinance is substantially overbroad and vague and thus invalid on its face in violation of the First Amendment.

59. The Plaintiff is therefore entitled to damages as described below.

FOURTH CAUSE OF ACTION

UNLAWFUL ARREST 42 U.S.C. $1983

60. At all times relevant to this action, 42 U.S.C. $1983 was in full force and effect and applied to defendants' conduct.

61. 42 U.S.C. $1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…."

62. The plaintiff is a citizen of the United States and the identified Defendants to this claim are persons for purposes of 42 U.S.C. $1983.

63.     The Defendants' acted under color of statute, ordinance, regulation, policy, custom, and or usage of law.

64.     The Defendants' subjected the Plaintiff(s) to unreasonable seizure and deprived the Plaintiff of his liberty and property without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. $1983.

65.     Defendant City acted with deliberate indifference in violating the constitutional and statutory rights of the Plaintiff in violation of 42 U.S.C. $1983.

66.     The Plaintiff is therefore entitled to damages as described below.

FIFTH CAUSE OF ACTION

NEGLIGENCE

67.     Defendants, by their individual and concerted acts and or omissions, including but not limited to those described herein, failed or refused to exercise reasonable care to avoid inflicting reasonably foreseeable harm to Plaintiff(s).

68.     The Plaintiff is therefore entitled to damages as described below.

SIXTH CAUSE OF ACTION

## FALSE ARREST

69.   Defendants by their individual and concerted acts and/or omissions including but not limited to, those described herein, did unlawfully and without cause detain and falsely arrest the plaintiff(s) in violation of state law, causing the Plaintiff(s) to suffer damages as aforesaid.

70.   The Plaintiff(s) are therefore entitled to damages as described below.

## SEVENTH CAUSE OF ACTION

## MALICIOUS PROSECUTION.

71.   Defendants, by their individual and concerted acts and/or omissions including, but not limited to, those described herein, maliciously instituted a criminal action against the Plaintiff without probable cause that terminated in the Plaintiff's favor, causing the Plaintiff to sustain , damages as aforesaid.

72.   The Plaintiff is therefore entitled to damages as described below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Marc Fishman and others similarly situated prays that this court grant the following relief against defendants:

A. A Declaratory Judgment that the Defendants, in the manner described herein, unlawfully discriminated against the Plaintiff in violation of title two of the ADA, Section 504 of the Rehabilitation Act.

B. A Declaratory Judgment that the Defendants, in the manner described above, violated the First and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C $1983. By violating Plaintiffs fundamental right of Speech.

C. A Declaratory Judgment that the Defendants, in the matter described herein, violated the Fourth and Fourteenth Amendments to the United States Constitution by subjecting plaintiff to unreasonable search and seizure.

D. Enjoining and permanently restraining the Defendants from implementing or enforcing any policy, procedure, or practice that denies the hard of hearing, cognitively impaired, memory impaired, sleep deprived or moving deprived defendants

meaningful access to and full and equal enjoyment of defendant city's facilities, services, or program.

E. Entering an Order directing and mandating Defendant City:

F.   to Develop, implement, promulgate, and comply with a policy prohibiting future discrimination against the Plaintiff and other cognitive, and or hard of hearing individuals relative to effective communications and or means of communications;

G. to Develop, implement, promulgate, and comply with a policy requiring that, in the event a hard of hearing, cognitively impaired, sleep deprived, memory impaired, or moving impaired individual requests an onsite interpreter or their aide present for effective communications, one will be provided as soon as practicable on all public services offered by defendant city, including but not limited to, services offered by the City Police Department and City Municipal Court.

H. To Develop, implement, promulgate,  and comply with a policy that Defendant City will notify, individuals who are hard of hearing, cognitively impaired, sleep deprived, memory impaired, or moving impaired individuals of their rights to effective communication and or effective means of communication.  Such

notification includes use of CART real time transcription, posting explicit and clearly worded written notices that defendant city will provide ASL interpreters, videophones, real time transcription and other communication services to ensure effective communication with individuals who are hard of hearing, cognitively impaired, sleep deprived, memory impaired, or moving impaired individuals.

I. To Develop, implement, promulgate, and comply with a policy to ensure the hard of hearing individuals , cognitively impaired, sleep deprived, memory impaired, or moving impaired individuals are able to communicate through the most appropriate method under the circumstances, recognizing that VRI is not appropriate in all circumstances;

J. To create and maintain a list of ASL and or cognitive/speech aides/ interpreters and ore note takers and ensure availability of such interpreters/note takers at any time day or night; and

K. To train all its employees , staff, and other agents on a regular basis about the rights of individuals who are hard of hearing individuals ,cognitively impaired, sleep deprived, memory impaired, or moving impaired individuals of hearings under the

American with Disabilities Act, and Section 504 of the Rehabilitation act.

L. To issue an order preventing further retaliation against Mr. Fishman's son Jonah Fishman.

M. To allow reasonable accommodations and modifications of rules and regulations for plaintiff to assist his disabled son required under the ADA.

N. To prohibit defendants from discriminating against associates of plaintiff who assist plaintiff or plaintiff's son Jonah fishman with reasonable accommodations.

O. An Award Compensatory Damages from Defendants

P. An Award of reasonable attorney's fees, costs of litigation to plaintiff(s) attorneys and statutory interest

Q. An Award of Punitive Damages;

R. such other and further relief as the Court deems just and proper.


## JURY DEMAND

Plaintiff)s) hereby demand a trial by jury of all issues triable.

Dated: Submitted:   New York, New York
                    January 5, 2019


                    _____

                    MARC FISHMAN
                    Plaintiff *pro se*
                    3200 Netherland Ave Apt G
                    Bronx, NY 10463
                    914-837-3209