UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARC H. FISHMAN,

                              Plaintiff,                       **19 CIV 265 (NSR)**

      -against-

CITY OF NEW ROCHELLE, WESTCHESTER
COUNTY et al.

                             Defendants.
-------------------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS


                                       JOHN M. NONNA
                                       Westchester County Attorney
                                       Attorney for the County Defendant
                                       600 Michaelian Office Building
                                       148 Martine Avenue
                                       White Plains, New York 10601

TARYN A. CHAPMAN-LANGRIN (TC-1221)
Associate County Attorney
(914) 995-2684

## TABLE OF CONTENTS

TABLE OF AUTHORITIES...............................................................i-ii

PRELIMINARY STATEMENT.....................................................1

FACTS ALLEGED IN THE COMPLAINT................................1

**LEGAL STANDARDS**

Dismissal Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.........3

**LEGAL ARGUMENTS**

1. IN HIS COMPLAINT, PLAINTIFF HAS FAILED TO SHOW
   THAT THERE WAS ANY PERSONAL INVOLVEMENT BY
   ANY COUNTY OFFICERS OR EMPLOYEES..................................4

2. THERE ARE NO ALLEGATIONS IN THE COMPLAINT THAT
   THE COUNTY HAD A POLICY, CUSTOM, OR PRACTICE
   RESULTING IN A CONSTITUTIONAL VIOLATION AS
   AGAINST THE PLAINTIFF..............................................................5

3. PLAINTIFF FAILED TO ADEQUATELY PLEAD A FALSE
   ARREST CLAIM AS AGAINST DEFENDANT COUNTY....................6

4. PLAINTIFF'S NEGLIGENCE, FALSE ARREST
   AND MALICIOUS PROSECUTION CAUSES OF ACTION
   (STATE CLAIMS) NECESSARILY FAIL AS PLAINTIFF
   FAILED TO SERVE A NOTICE OF CLAIM UPON
   THE COUNTY AS REQUIRED BY LAW...........................................7

5. THERE ARE NO ALLEGATIONS IN THE COMPLAINT
   THAT THE COUNTY VIOLATED PLAINTIFF'S RIGHTS
   UNDER THE ADA AND THE REHABILITATION ACT.......................9

CONCLUSION.....................................................................................11

# TABLE OF AUTHORITIES

## CASES

Ashcroft v. Iqbal
  556 U.S. 662, 678, 129 S..Ct. 1937, 173 L.Ed. 2d 868 (2009)).............................................................2,3

Baez v. Hennessy
  53 F.2d 73, 77 (2d Cir. 1988) The.............................................................................................................9

Bd. Of County Comm'rs v. Brown
  20 U.S. 397, 405 (1997)...............................................................................................................................6

Betts v. Shearman
  51 F.3d 78, 82-83 (2d Cir. 2014). ..............................................................................................................7

Chabot v. County of Rockland
  019 WL 3338319, at *9 (S.D.N.Y. July 25, 2019.)................................................................................8

Chavis v. Chappius
  618 F.3d 162, 170 (2d Cir. 2010)...............................................................................................................3

City of St. Louis v. Praprotnik
  485 U.S. 112, 122 (1988)............................................................................................................................6

Colon v. Coughlin
  58 F.3d 865, 873 (2d Cir. 1995);...............................................................................................................4

Dorman v. Higgins
  821 F.2d 133, 136 (2d Cir. 1987)..............................................................................................................9

Grullon v. City of New Haven
  720 F.3d 133, 138 (2d Cir. 2013)..............................................................................................................4

Horvath v. Daniel
  423 F. Supp.2d 421, 423 (S.D.N.Y. 2006)................................................................................................8

Johnson v. City of New York
  69 F. Supp. 2d 444, 448 (S.D.N.Y. 2009).................................................................................................3

McCarthy v. Dun & Bradstreet Corp.
  482 F.3d 184, 191 (2d Cir. 2007)...............................................................................................................3

*Monell v. New York City Department of Social Services*
    436 U.S. 658, 690-91 (1978).....................................................................................................6

*Roe v. City of Waterbury*
    542 F.3d 31, 36 (2d Cir. 2008)................................................................................................5,6

*Russell v. Westchester Comty. Coll.*
    2017 WL 4326545, at *5 (S.D.N.Y. Sept. 27, 2017).............................................................8

*Savino v. City of New York*
    331 F.3d 63, 75 (2d Cir. 2003).................................................................................................6

*Scott v. Fischer*
    616 F.3d 100, 110 (2d Cir 2010)..............................................................................................4

*Tracey v. City of Geneva*
    17-cv-6567 (MAT), 2018 U.S. Dist. LEXIS 49977...............................................................5

*Wallace v. New York*
    40 F. Supp. 3d 278, 294–95 (E.D.N.Y. 2014).........................................................................4

*Weyant v. Okst*
    101 F.3d 845, 852 (2nd Cir. 1996) ...........................................................................................7

*Wilson v. Merrill Lynch & Co., Inc.*
    671 F.3d 120, 128 (2nd Cir. 2011) ...........................................................................................7

*Zellner v. Sumerlin*
    494 F.3d 344, 368 (2nd Cir. 2004). ..........................................................................................7

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted on behalf of Defendant County of Westchester, in support of its Motion to Dismiss the Complaint pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure, for an Order dismissing the Complaint on the grounds that the County, nor any of its police officers were involved in the arrest, search or detention of the plaintiff and therefore, (1) plaintiff failed to show that there was any personal involvement by any County police officers/employees; (2) there are no allegations in the complaint that the County had a policy, custom or practice resulting in a constitutional violation as against the plaintiff; (3) plaintiff failed to allege a plausible false arrest claim as against defendant; (4) plaintiff's State negligence, false arrest and malicious prosecution claims were not included and served as per a notice of claim as the general municipal law requires; (5) plaintiff failed to properly allege and establish that Defendant County committed violations of the ADA and the Rehabilitation Act as against him; and (6) failed to properly sustain causes of action for an unreasonable seizure and detention pursuant to the Fourth and Fourteenth Amendments; and that the County violated his freedom of speech. As part of the instant action, plaintiff contends, among other things, that as a result of the subject occurrence, in addition to his disability, he was caused to suffer PTSD, disability discrimination, and limitation of time with his four children, while requesting compensatory and punitive damages, declaratory judgement, injunctive relief and an Order mandating that the City of New Rochelle develop, implement and promulgate certain policies regarding the administration of certain accommodations for persons with disabilities.

## FACTS ALLEGED IN THE COMPLAINT[1]

Plaintiff Marc Fishman contends that he is "Qualified Disabled" under the ADA and the ADAAA. (See Exhibit A, annexed to the Chapman-Langrin Declaration, page 2, paragraph 1.) He claims that the police regard him as being disabled. On December 15, 2018, plaintiff identified himself as being cognitively and speech, sleep and physically disabled to the police officers that detained him. (See Exhibit A, annexed to the Chapman-Langrin Declaration, page 2, paragraph 1.) According to the plaintiff, the police refused to allow his disability aide to accompany him during questioning even though the aide asked to accompany plaintiff. (Chapman-Langrin Declaration, page 3, paragraph 7)  The police refused to provide meaningful communication required under the ADA to plaintiff and sent the communication aide/note taker away from the police station instead of allowing the disability aide to assist plaintiff or be questioned by the police with plaintiff. (Chapman-Langrin Declaration, paragraph 1, page 3) The police caused and directed and instructed the disability aide to leave the police station instead of accommodating plaintiff's disabilities. (Exhibit A, annexed to the Chapman-Langrin Declaration, paragraph 1, page 3)  The police took bail money away from the aide before arresting plaintiff, reading plaintiff his rights under Miranda, or taking plaintiff's complaint against his ex-wife for violating the visitation order. (Chapman-Langrin Declaration, Exhibit A, page 4, paragraph 1.) The police continued to question plaintiff and the plaintiff was arrested by City of New Rochelle Police Officers. (Exhibit A, Chapman-Langrin Declaration, page 6, paragraph 8).

---

[1] The facts alleged in the Complaint are accepted as true, only for the purposes of the instant motion. See, Wilson v. Merrill Lynch & Co., Inc., 671 F. 3d 120, 128 (2d Cir 2011), citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009).

## LEGAL STANDARDS

Dismissal Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

In deciding a Rule 12(b)(6) motion, courts must accept as true all factual statements alleged in the complaint and draw reasonable inferences in favor of the non-moving party. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). However, "legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009)).

While *pro se* complaints should be construed liberally, "[e]ven in a *pro se* case . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and courts may not "invent factual allegations [plaintiff] has not pled." S*ee*, Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (*internal quotation marks omitted*). Even a *pro se* plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." See, Johnson v. City of New York, 669 F. Supp. 2d 444, 448 (S.D.N.Y. 2009) (*citation and internal quotations omitted).* Additionally, as here, the liberal treatment afforded to *pro s*e litigants does not exempt a *pro se* party from compliance *with* relevant rules of procedural and substantive law.

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown [] that the pleader is entitled to relief." *Ashcroft,* *supra* at 679 *(citations and quotation marks omitted).* A *pro se* complaint must still satisfy this plausibility standard, and thus only survives a motion to dismiss if it makes factual allegations that "allow the Court, based on its judicial experience and common sense . . . to make a reasonable

3

inference that the defendant is liable for the misconduct alleged." Wallace v. New York, 40 F. Supp. 3d 278, 294–95 (E.D.N.Y. 2014) (*citing Iqbal, supra* at 678–79). . "Even from pro se inmates, bald assertions and conclusions of law are not adequate. "

## LEGAL ARGUMENTS

### 1. In his complaint, plaintiff has failed to show that there was any personal involvement by any County Police Officers or employees.

"It is well settled that, in order to establish a defendant's individual liability in a suit brought under Section 1983, a plaintiff must show… the defendant's personal involvement in the alleged constitutional deprivation." Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995); Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013) (citations omitted). The case law clearly establishes that that plaintiff must plead or show certain factors to establish the personal involvement of a defendant. These include that the defendant participated directly in the alleged constitutional violation, or that the defendant created a policy or custom under which unconstitutional practices occurred. Lack of alleged personal involvement or knowledge bars any claim that…defendants can be held liable." Scott v. Fischer, 616 F.3d 100, 110 (2d Cir 2010) affirming dismissal of Section 1983 action).

Plaintiff sues three individual Defendants: police officer Lane Schlesinger as a police officer employed by the City of New Rochelle, Joseph Schaller as a police officer employed by the City of New Rochelle, and W. Joseph as a police officer/detective employed by the City of New Rochelle. This is in the caption of the complaint, Exhibit A annexed to the Chapman-Langrin Declaration, and also detailed on page 4 of the complaint, #'s 5, 6 and 7. Plaintiff specifically identifies these individuals as being employed by the City of New Rochelle Police department on the date of the incident, December 15, 2018. Inasmuch as these individuals

were employed by the City of New Rochelle, and not the County of Westchester, the County

is not liable for any of their actions regarding the plaintiff on December 15, 2018. The City of

New Rochelle and the County of Westchester maintain their own separate police departments,

and the County of Westchester has no legal responsibility regarding the City of New Rochelle's

police department, police officers and/or their actions. Accordingly, the County is not liable to

the plaintiff for his arrest, detention search and seizure on December 15, 2018, since no County

Officers effected his arrest and were not even on the scene of the occurrence. It appears that

Westchester County is named solely because of the fact that the City of New Rochelle is

physically located in the County. (Exhibit A, Chapman-Langrin Declaration, page 4, paragraph

4.) It is hardly sufficient to allege that the County should be responsible for employees

employed by another entity. Plaintiff cannot cure his defective claim against the County as he

has no facts to support any claim by simply grouping the County with the other defendants.

Tracey v. City of Geneva, 17-cv-6567 (MAT), 2018 U.S. Dist. LEXIS 49977 at *39-10

(W.D.N.Y. March 26, 2018 ("A complaint that lumps all the defendants together....and

provides no factual basis to distinguish their conduct fails to satisfy Rule 8").

## 2. There are no allegations in the complaint that the County had a policy, custom, or practice resulting in a constitutional violation as against the plaintiff.

Additionally, in the complaint, there are no allegations that the County had a policy, custom

or practice under which constitutional violations occurred. The complaint therefore fails to state

a claim upon which relief can be granted as per F.R.C.P. 12(b) (6) requiring dismissal of the

complaint as against Defendant County. It is well established that "to prevail on a claim against a

municipality under Section 1983 based on acts of a public official, a plaintiff is required to

prove...that an official policy of the municipality caused the constitutional injury." Roe v. City of

Waterbury, 542 F.3d 31, 36 (2d Cir. 2008), citing Monell v. New York City Department of Social

Services, 436 U.S. 658, 690-91 (1978); see also City of St. Louis v. Praprotnik, 485 U.S. 112, 122

(1988) ("governments should be held responsible when, and only when, their official policies

cause their employees to violate another person's constitutional rights.") "A municipality may not

be found liable simply because one of its employees committed a tort." Roe, 542 F.3d at 36, citing

Bd. Of County Comm'rs v. Brown, 520 U.S. 397, 405 (1997) Aside from the fact that there were

no County police officers involved in the circumstances of plaintiff's arrest, there are no

allegations whatsoever that the County had a policy, custom or practice that caused a constitutional

violation to the plaintiff, thereby requiring a dismissal of the complaint for failure to state a cause

of action pursuant to F.R.C.P. 12(b) (6).

### 3.  Plaintiff failed to adequately plead a false arrest claim as against Defendant County.

In his complaint, plaintiff alleges that he was unlawfully arrested in violation of 42 U.S.C.

Section 1983. (Exhibit A, annexed to the Chapman-Langrin Declaration, fourth cause of action,

page 19.) As noted above, there were no County Police Officers involved in the arrest of the

plaintiff on December 15, 2018.  None of the individually named officers in the complaint are

officers employed by the County.  The County is not in possession of any information as to the

basis for plaintiff's arrest, (i.e. probable cause). Since there were no County officers involved in

the arrest of the plaintiff, the County could not in any event be held liable for any actions taken by

the New Rochelle Police as part of plaintiff's arrest.  "To adequately plead a false arrest claim

under Section 1983, (as well as under New York State Law), a plaintiff must show that (1) the

defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3)

the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise

privileged." Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003). "The existence of

probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether the action is brought under New York law or Section 1983." Weyant v. Okst, 101 F.3d 845, 852 (2nd Cir. 1996) Probable cause to arrest exists "when the Officers have knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." Zellner v. Summerlin, 494 F.3d 344, 368 (2nd Cir. 2007). Where there are no material facts in dispute, the existence of probable cause may be determined as a matter of law." Betts v. Shearman, 751 F.3d 78, 82-83 (2d Cir. 2014). No County Officers participated in the arrest or confinement of the plaintiff as he alleges, and therefore, the Complaint must be dismissed as against the County. There was no intentional confinement of the plaintiff by any County Officers, and none of the named officers in the complaint are police officers employed by the County. Plaintiff unequivocally states he was arrested by City of New Rochelle Police Officers, (see Exhibit A, Chapman-Langrin Declaration, page 6, paragraph 8), and the County has no legal responsibility for them and their actions.

4.  **Plaintiff's negligence, false arrest and malicious prosecution causes of action (State claims) necessarily fail as against Defendant County because plaintiff failed to serve a notice of claim upon the County as required by law.**

In his complaint, plaintiff alleges State negligence, false arrest, and malicious prosecution claims as against Defendants. (Exhibit A, annexed to the Chapman-Langrin Declaration, pages 20, 21, fifth, sixth and seventh causes of action.) Apart from the obvious that the County or its police were not involved in plaintiff's arrest, subsequent detention, alleged unreasonable search of the plaintiff and the subsequent prosecution of the plaintiff, these causes of action necessarily fail in any event because plaintiff did not serve a notice of claim upon the County as required by law. "State claims brought under state law in Federal Court are subject to state procedural rules."

7

Russell v. Westchester Comty. Coll., 2017 WL 4326545, at *5 (S.D.N.Y. Sept. 27, 2017). New York County Law Section 52, which applies in this case, provides in pertinent part: "any claim or notice of claim against a county....for damages arising at law or in equity, alleged to have been caused or sustained in whole or in part or because of any misfeasance, omission of duty, negligence or wrongful act on the part of the county, its officers, agents, servants or employees, must be made and served in compliance with section fifty-e of the general municipal law. Every action upon such claim shall be commenced pursuant to the provisions of section fifty-I of the general municipal law." Section 52 thus explicitly incorporates the notice of claim requirements contained in the General Municipal Law Sections 50-e and 50-i.

Section 50-e requires that a notice of claim be filed within ninety days of the incident giving rise to the claim. (See N.Y. Gen. Mun. Section 50-e.) Pursuant to Section 50-i, a plaintiff must plead in the complaint that: (1) the notice of claim was served; (2) at least thirty days has elapsed since the Notice of Claim was filed and before the complaint was filed; and (3) in that time the defendant has neglected to or refused to adjust or to satisfy the claim." Horvath v. Daniel, 423 F. Supp.2d 421, 423 (S.D.N.Y. 2006) Plaintiff bears the burden of demonstrating compliance with the notice of claim requirement. Id. Failure to comply with County Law Section 52 requires dismissal of state law claims. Chabot v. County of Rockland, 2019 WL 3338319, at *9 (S.D.N.Y. July 25, 2019.) Here, plaintiff did not serve a notice of claim upon the County regarding these causes of action and plaintiff does not allege in his complaint that he filed a notice of claim regarding these causes of action. Accordingly, plaintiff has failed to state a cause of action upon which relief can be granted regarding these claims, and they must therefore be dismissed.

Defendant County notes additionally however, that the malicious prosecution claim fails in any event, as there was no termination in plaintiff's favor as the elements of that claim require.

8

Though paragraph 71 of the complaint alleges that there was a termination in his favor, upon information and belief, there was not, as plaintiff was convicted/found guilty of criminal contempt in the second degree on January 28, 2020, regarding the subject arrest, and his sentencing is pending, due to the current pandemic and the scheduling of the criminal Court. Defendant County further notes that the District Attorney was not named in his complaint, yet he references the County in the complaint as being a government entity in New York State who employs attorneys who maliciously prosecuted plaintiff. (Exhibit A, page 4, paragraph 4, annexed to the Chapman-Langrin Declaration.) It is well settled that when prosecuting a criminal matter, a District Attorney in New York State, acting in a quasi-judicial capacity, represents the State of New York, not the municipality within his/her jurisdiction. Baez v. Hennessy, 853 F.2d 73, 77 (2d Cir. 1988) The County therefore could not be held liable for any actions of the District Attorney in prosecuting plaintiff for the charges in connection with the subject arrest. Moreover, the actions of a District Attorney are also subject to absolute immunity, so long as the official's actions were within the scope of the immunity. Dorman v. Higgins, 821 F.2d 133, 136 (2d Cir. 1987). Therefore, any attempt by the plaintiff to amend the complaint and add the District Attorney would be futile. Accordingly, these State causes of action should be dismissed as against the County.

**5. There are no allegations in the complaint that the County violated plaintiff's rights under the ADA and the Rehabilitation Act.**

A plain reading of the American with Disabilities Act, 42 U.S.C. 12132 et. seq, ("ADA") provides that "subject to the provisions of its subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." This is referenced in plaintiff's first cause of action in the complaint. (Exhibit A, annexed hereto, Chapman-Langrin Declaration, pages 12-16, paragraphs 32-44). Plaintiff

9

references the only the City in paragraph 35 of the complaint, that the defendant city and the police discriminated against him by failing to train its employees to accommodate disabled individuals (paragraph 42 of the complaint) by failing to provide an interpreter and disallowing his aide from attending questioning or arrest process or other interaction with the police. (Exhibit A, annexed hereto, Chapman-Langrin Declaration, page 15, paragraph 41 of the complaint.) There is no mention of the County whatsoever. As discussed in detail above, since there were no County police officers that participated in the arrest, detention and questioning of the plaintiff, nor any allegations that there was a policy, custom or practice of the County that caused a constitutional violation as against him, the County did not violate plaintiff's rights under the ADA. There are no facts whatsoever that any County employee effectuated the arrest, detention or search of the plaintiff or was at the scene of his arrest on December 15, 2018. Plaintiff specifically detailed in his complaint that the named police officers Schlesinger, Schaller and Joseph were police officers employed by the City of New Rochelle (Exhibit A, annexed to the Chapman-Langrin Declaration, page 4, paragraphs' 5, 6, 7) and that he was arrested by City of New Rochelle police officers. (Exhibit A, annexed to the Chapman-Langrin Declaration, page 6, paragraph 8) This cause of action therefore, fails as against Defendant County and fails to state a cause of action pursuant to F.R.C.P. 12(b) (6) requiring dismissal of the complaint as against Defendant County.

In his complaint, there is also a cause of action for a violation of Section 504 of the Rehabilitation Act of 1973. (Exhibit A, annexed to the Chapman-Langrin Declaration, pages 16-18, paragraphs 45-52) In its broadest sense, this section forbids organizations and employers from excluding or denying individuals with disabilities an equal opportunity to receive program benefits and services. It defines the rights of individuals with disabilities to participate in, and have access to, program benefits and services. In paragraphs 49, 51 of the complaint, plaintiff specifically

references the City of New Rochelle. In doing so, plaintiff, among other things, alleges that he was discriminated against Defendant City by its failure to provide auxiliary aids interpreters, note takers and access to his aid during questioning and the arrest. There is no mention of the County whatsoever in terms of a violation of this law. Inasmuch as there were no County police officers that effected the arrest of the plaintiff, or conducted subsequent questioning of him, the County cannot be held liable for any constitutional violations as against the plaintiff regarding this statute. The complaint must therefore be dismissed for failing to state a cause of action as against Defendant County. There is no plausible claim that Defendant County or any of its employees discriminated against plaintiff in violation of Title Two of the ADA and Section 504 of the 1973 Rehabilitation Act by failing to reasonably accommodate his "qualified ADA Disabilities" in court proceedings/programs. (Exhibit A, annexed to the Chapman-Langrin Declaration, page 7, paragraph 9) Similarly, plaintiff's third cause of action, freedom of speech, necessarily fails also, as there was no involvement in the arrest, detention, and charging of a crime as against plaintiff by the County or its employees and plaintiff further fails to detail exactly how his speech was compromised. (Exhibit A, annexed hereto, paragraphs 53-59)

## CONCLUSION

Based upon the foregoing, the County Defendant respectfully requests that the instant motion be granted in its entirety, that the Complaint be dismissed with prejudice pursuant to Rule 12(b) of the FRCP and for and for such other and further relief as to this Court may deem just and proper.

11

Dated: White Plains, New York
       July 17, 2020

                                   Respectfully Submitted,

                                   JOHN M. NONNA
                                   Westchester County Attorney
                                   Attorney for WESTCHESTER COUNTY

                                   By: Taryn A. Chapman-Langrin (TAC 122 )
                                   Associate County Attorney, of Counsel
                                   600 Michaelian Office Building
                                   148 Martine Avenue
                                   White Plains, New York 10601
                                   (914) 995-2684; (914) 995-3132 (fax)
                                   tal5@westchestergov.com

TO    Marc Fishman, pro se
      3200 Netherland Ave., Apt. G
      Bronx, N.Y. 10463

      Lalit K. Loomba Esq.
      Wilson Elser Moskowitz Edelman & Dicker LLP
      1133 Westchester Avenue,
      White Plains, New York 10604