arrest based upon a knowing violation of the order, if that document had been provided.

6. That I have reviewed all of the documents provided by the prosecution at the time of trial, and this document was not provided.

7. That this case has been pending for 20 months, and the document was only discovered in early August, 2020.

8. That attached as exhibit A is a copy of the document and an enlargement of the language which advises that it was not served on the defendant.

9. That the defendant is asking this Court to set aside the verdict and dismiss the case based upon the Brady violation of the prosecution not providing the document prior to trial.

　　　　WHEREFORE it is respectfully requested that the Court grant the Motion.

Dated: August 13, 2020

JOSEPH GOUBEAUD, JR.
Attorney for Defendant
22 W. First Street Ste 502
Mount Vernon, N.Y. 10550
914-664-4829

COUNTY COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

PEOPLE OF THE STATE OF NEW YORK

Against

MARC FISHMAN

Defendant

Ind #6293M-2018
AFFIRMATION IN SUPPORT OF MOTION

State of New York
County of Westchester

JOSEPH GOUBEAUD, an attorney duly admitted to the practice of law in the State of New York, affirms the following under the penalties of perjury and says:

1. I am the attorney for the defendant in the above matter and submit this affirmation in support of a motion to set aside the jury verdict in this case based upon the failure of the prosecution to turn over a document that was generated by the New Rochelle Police on the date of the defendant's arrest, which would have been effective in the cross examination of the police witness produced at trial.

2. The defendant has been found guilty by a jury of violating a prior order of protection in favor of Jennifer Solomon.

3. That the jury heard testimony that the defendant knowingly violated an order of protection issued by the Family Court.

4. That the new evidence received by the defendant in connection with his pro se proceeding in Federal Court against the New Rochelle Police, which revealed that on the date of his arrest, the New Rochelle Police were advised that he was not served with the order he was charged with violating.

5. That the officer who testified could have been questioned about that document and the reason for proceeding with an

Archived: Friday, September 11, 2020 4:31:46 PM
From: Loomba, Lalit K.
Sent: Fri, 11 Sep 2020 14:48:30
To: Natoli, Michelle
Subject: FW: Request fire extension of time for sixty days from 9/1 to 11/1 to reply to defendants motion to dismiss 19-cv00265-nsr
Sensitivity: Normal
Attachments:
NewDocument.pdf

---

Lalit K. Loomba
Of Counsel
Wilson Elser Moskowitz Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, NY 10604
914.872.7118 (Direct)
914.500.3902 (Cell)
914.323.7000 (Main)
914.323.7001 (Fax)
lalit.loomba@wilsonelser.com

**From:** marc fishman [mailto:█████████]
**Sent:** Monday, August 31, 2020 2:32 PM
**To:** romannysdchambers@nysd.uscourts.gov; tal5@westchestergov.com; fed.ecf@westchestergov.com
**Cc:** Loomba, Lalit K. <Lalit.Loomba@wilsonelser.com>; JOELAW40@aol.com
**Subject:** Request fir extension of time for sixty days from 9/1 to 11/1 to reply to defendants motion to dismiss 19-cv00265-nsr

[EXTERNALE MAIL]

DearH onorableJ udgeR oman:

Amw ritings eekingy oure onsentt o as ixtyda ye xtensionon m yr eplydu et o defendantsm otiont o dismiss. Ih ad cancers urgeryl astw eek and ambe driddena nd bleeding. Havea followu p surgeryon 9/ 24/2020 forf urthere ancerr emovala nd cubitalt unnels yndromes urgerys cheduled thef irstw eek ofO ctoberh hatw illpr eventm efromw ritingor t yping.

Myor iginalr eplyda tew asdu et omorrow9/ 1/2020, buta mu nablet o preparea nd do noth avet hedoc umentsn eeded byt hes tatec ourtt o completem ya pplication. Thes tatec ourtw as supposed to rulcon m ya ttomeys 440 motiont o dismiss( seea ttached laste xhibit)by l astw eek, bute ourti sn ows tatingt heyn eed timet o replya nd havea djourned myh earinga nd proposed sentencinga gainfor t hee ightt ime.

Mys entencingw asor iginallys upposed to bet hee nd ofA prilbu tw asa djourned afterm ya ttorneyi nt hel owere ourte riminale asem otiont o dismissw asf iled aftera ppeallatedi visionde cisiont hat allm yor dersofp rotectionw ere s ubjectt o supervised visitation(Seea ttached 2/26/2029 decision.). Thede cisionsa sr endered postt rial...so mya ttorneye ould notu set o questione opsorw itnesses. Thet estimonyf rome opsa nd courte lerk wast hatt herew asn o carveou ti nt hev isitationor der. Thism otionh ass tilln otbe ende cided. Thes tatec ourta djourned myc aset o May, thent o June, thent o July, thent o lastw eek thent o 9/24 and nowt o 9/30(tentatively.)

Thereh avebe ent hreem otionst o dismissf iled int hes tatec aseby m yA tty. Alla reu nanswered. Thereh asbe enn o statec ourth earings, so I do noth avet hec ertificateof di spositiont o sitei nm y replypa pers.

Amt old therei sa " pe ndinge onviction"bu tw ithoutc ertificateof di sposition, opposinge ounselspa persa repr ematuret o considera na pplicationt o dismissi nf ederalc ourt. Ik n owl am considered pendinge onviction..because..mya pplicationst o sbal oansdu et o covid werede nied..becausel h avea " pe ndinge onviction." Ifl w asa ctuallyc onvicted ofa m isdeamenor...Ic ould havea pplied and receiveds bag rantsa nd loans.

Iti sn otm yf aultt hes tatec aseh asbe ena djourned sevent imes. Thet rialw ass upposed to havee nded 1/28/2020. Sentencingdoe sn ott ake 9 months. Ac ertificateof di spositiondoe sn ott ake ninem onthst o get.

Then iJ uly..opposinge ounselM rl olitat oompr ovided discoveryi nt hisf ederale aset hatw asn otpr ovided int hes tatec ase. Mrl oombag avem et hec omputerpr intoutt hepol icch ad during questioningof m e inpol ices tationbe forea rrests tating ina Ile apitallt etters, CAVEATN OTE, PARTYN OTS ERVEDW ITHO RDEROF P ROTECTIONw ithe ights tarsh ighlighted (last pageof a ttached motionin a ppellatec ourte xhibitA ttached.). Thisdi scoveryw asn otpr ovided byda or pol iceii ns tatec ase. Ifi tw as, thisc asew ould havebe endi smissedins tatec ourt. So the 440 motioni spe ndinga nd daS carpino hasbe enr equested to withdrawc harges. Lowere ourte lerk alreadyt estified thatl w asin westchesterc ountyj ailw hent heor derofp rotectionw as allegedlys ervedi nc ourt. Nowda /policedi scoverys howsl w asn ots ervedat an yt ime. Ih ad parotid masss urgerybe foret he 6 /27/17 and could noth earw elli nc ourt..whenj udgeS chauer supposedlym entioned anor derofp rotection. Ic ertainlyd id noth earit a nd evena sked judgef ora n otetakera nd largeri ntor dert hatda yt o tryt o understand herpr oceedings.

Nowa lmostn inem onthspos tt rial.....incominga m imir ocahe ampaignh ass tated shew illdr op charges. MimiR ocah...ifs hew insg enerale lectiona flerw inningpr imaryt akesof ficel / 2/2020,

Havea sked statea ppellatedi visionf ori nterrogatorype rmissiont o appeal. Appellatedi visions tatesI c annota ppealc riminalc asew ithe ertificateof di sposition. Countyc lerksof ficei s closed to getc ertificateof di spositione venif theypr intedo nceor i ft herew ason et o print. Thec ountyc lerk statest heyh aven o convictionr ecord.

Onew ayor a nothern yc asew illbc di smissed byJ anuary...citherby m imir ocahi ncominga . thea ppellatedi visionv oidingt heor derofp rotectionI n everr eceived(seea ttached motionf iled last week, if judgez uckermandi smissesc aseor i fda dr opsc harges.

Ams o frustrated Ic ould nota ppealin statec or filefor s tay, thatl e ngaged nyh umanr ightsc ommissiont o representm ea gainstt hee ourtov erdi sabilityd iscriminationa nd retaliation. Nyh uman rightsl aunched ac asea nd summoned thes tatec ourtt o appeara ta h earing8/ 25 to go over..whym ca sa di sabled man..havea c asea djourned sevent imesw ithoutr ightt o appeal...whilea llot her

nondisabled cases from January were disposed of or sentenced. The state skipped the hearing and said it could not make the 9/2 or 9/4 adjournment dates. Now the hearing is set for 9/9..marked final for court to address why my motions to dismiss go ignored for six months and I cannot appeal it like nondisabled. O top of all of this illegal discrimination. judge zuckerman has a bail restriction on me being able to visit my kids. Currently there are no visits allowed due to the discrimination by judge zuckerman. I was not tried or convicted of violating any kids order..so there should be zero bail restriction on contacting kids like nondisabled dads have.

Needless to say...I also need the sixty days because it ny human rights does not sue the NYS court system in state court, I will need to ask your honor to add them to a defendant here in federal court. The Seven adjournments go way past any normal covid delay. This was a January trial. Ninety percent of misdeamenor trials were concluded and sentenced or disposed of in state court that began trial in January. There is zero reason other than retaliation for suing judge Schauer and court administration in my case going on with judge Karas and moved to federal second circuit appeals in 18-cv-00282k k..now 20-1300....that this misdeamenor case should not have been concluded in February pre-covid pandemic.

Have requested that opposing counsel consent to adjoun my reply time to motion to dismiss in this case to 11/1 from 9/1 and adjourn opposing counsel sur reply to 11/16 from 9/17. Counselour for westchester county consented. Lolita loomba will only consent to a two week adjournment. My state case will not be resolved by 9/16 and my disabilities prevent me from preparing response at this time post surgery and bedridden.

Seeking your honor to order the sixty day extension and delay issuing any decision on dismissing this case until mimi rocah take office in January.

Please get back to me. Hope your family is safe and healthy during pandemic.

Thank you
Marc Fishman, pro Se plaintiff, qualified disabled under the ada

Westchester county law Dept Tara esq
Lolita loomba, Atty for new richelle and police

-------------------------------------------------------------X
Supreme Court State of New York
Appellate Division Second Department
-------------------------------------------------------------

MARC FISHMAN,

    Petitioner,

        -against-

JENNIFER SOLOMON,

    Respondent
-------------------------------------------------------------X

Appellate ID
2020-05245,
2020-05247

Fam. Ct.: Unassigned
Fu 131794

**ORDER TO**
**SHOW CAUSE**

UPON reading and filing the accompanying Affidavit of Marc Fishman, Respondent, and all exhibits attached thereto, and the pleadings and prior proceedings in this matter, and due deliberation having been had and sufficient cause appearing,

NOW, on motion of Respondent MARC FISHMAN, it is

**ORDERED** that Petitioner JENNIFER SOLOMON, by counsel, [and Judy Woods AFC] show cause at Family court, 45 monroe place brooklyn, New York, on _____, at 10:30 in the morning, or as soon thereafter as parties/counsel may be called, why an order should not be entered:

1

1. To declare the order of protection dated 6/27/17 which was not served on mr fishman is invalid and void it EFFECTIVE 6/28/17 RETROACTIVELY.

2. To remove Family court Judge capeci for disability discrimination for failure to grant real time transcription cart in court and virtual court hearings, that were granted in support proceedings of family court by other judges to accommodate mr fishman's numerous hearing, visual, movement, memory and other impairments of major bodily functions. that was approved by the ada liaison and court administration that judge capeci denied.

3. To appoint an new unbiased family court judge to replace capeci in this proceeding to have hearings on parent alienation by Jennifer Solomon and restoring unsupervised access for mr fishman and his four children.

4. To vacate the family court order of protection in favor of Jennifer Solomon for parent alienation and false arrest.

5. To restore all of Mr. fishman's petitions that were filed and dismissed by Judge capeci due to the false arrest and malicious prosecution/withholding of exonerating Brady evidence by police and da. Now sufficient show cause being shown,

2

**ORDERED** that pending the resolution of the instant motion, Mr. Fishman can have unsupervised telephone/text/facetime/skype communication with his daughter and three sons unsupervised.

ORDERED that Ann Elliot, the previous court supervisor, is reappointed supervisor and mr fishman may have up to 8 hours of supervised visits weekly for children he has not seen or has contact with in over eight months.

ORDERED THAT mr fishman may send gifts to his kids like nondisabled parent s due ion other family court cases.

Ordered that visits are at the option of mr fishman to be held at mr fishman's residence due to his disabilities and Ms Solomon is to pickup and deliver the kids for the 8 hours of visits weekly.

6. **ORDERED** that service of this Order, together with all supporting papers, on all other parties shall be made by email or facsimile on or before _____, to be deemed good and sufficient service, on the following counsel at the following addresses:

    NICOLE E. FEIT, ESQ.
    Legal Services of the Hudson Valley
    Attorney for Petitioner-Respondent
    90 Maple Avenue
    White Plains, NY 10601

    Judith Woods, Esq.
    Atty for the Children
    445 Hamilton Ave
    White Plains, NY 10601