robe and must recuse because she discriminated against me in violation of judicial commission rules and codes of conduct of ny judges. It would cost court zero to provide cart, but capeci denied and caused me to lose meaningful communication required under the ada for my disabilities.

**WHEREFORE,** it is respectfully requested that the relief sought, herein be in all respects granted, together with such other and further relief as to this Court may seem just, proper and equitable under the circumstances.

Marc Fishman, Petitioner

Sworn to before me on this
21st day of August 2020

Notary Public

STELLA BORUKHOVA
Notary Public, State of New York
No. 01BO6354071
Qualified in Queens County
Commission Expires 02/06/2021



Division of
Human Rights

JOHNATHAN J. SMITH
[illegible]

Exhibit "A"

August [illegible], 2020

Re: Marc Fishman v. New York State Unified Court System
Case No. [illegible]

To the Parties Listed Below:

The above-referenced case has been filed with the White Plains Office of the New York State Division of Human Rights.

In an effort to expedite the handling of pending cases and in an attempt to achieve favorable resolutions of these charges, the Division of Human Rights [illegible] case to be part of the Division's early resolution program. As part of this program, [illegible] scheduled for a conciliation conference at the outset of the investigation.

The conciliation conference for your case is scheduled [illegible] **telephone. Please use the following call-in** instructions: [illegible] **Scott**, Human Rights Specialist II. You may have an attorney [illegible] conference if you wish, but you are not required to do so.

During the conciliation conference a DHR representative will facilitate the process of settlement. You should be prepared for the following:

1. **Compromise and cooperation** in the achievement of a resolution. The responding party should be aware that in most cases, this will include providing some benefit, such as monetary compensation, to the complainant.

2. **Actual signing of a conciliation agreement to officially conclude the processing of the discrimination complaint.** If a responding party participates through a representative, that representative must have the authority to negotiate a settlement and to sign the written agreement.

Your appearance at the conference is required. Your cooperation in this process will expedite the handling of the case. Entering into a signed conciliation agreement at the conference is voluntary for all parties.

If the matter is **not resolved**, it will proceed without interruption to a **fact-finding conference**. Therefore, please also come prepared to discuss the issues of the case, and [illegible] bring witnesses, documents, etc. in support of your position.

exhibit "B"

Exhibit "B"

Official Database Westchester Police/ County of orders of protection

## Order of Protection Against

**Name:** FISHMAN, MARC H
**Birth Date:** [redacted]
**Sex:** MALE **Race:** WHITE
**Height:** 6 ft. 01 in. **Weight:** 250 lbs.
**Eye Color:** HAZ **Hair Color:** BRO
**SSN:** [redacted]
**Term Details:**

## Party Requesting Order

**NOTE: Requesting Party is Also a Protected Person**

**Name:** SOLOMON, JENNIFER S
**Birth Date:** [redacted]
**Sex:** FEMALE **Race:** WHITE
**SSN:** [redacted]
**Term Details:**
REFRAIN FROM ASSAULTING, HARASSING, ETC. THE PERSON : REFRAIN FROM ASSAULT, STALKING, HARASSMENT, AGGRAVATED HARASSMENT, MENACING, RECKLESS ENDANGERMENT, STRANGULATION, CRIMINAL OBSTRUCTION OF BREATHING OR CIRCULATION, DISORDERLY CONDUCT, CRIMINAL MISCHIEF, SEXUAL ABUSE, SEXUAL MISCONDUCT, FORCIBLE TOUCHING, INTIMIDATION, THREATS, IDENTITY THEFT, GRAND LARCENY, COERCION OR ANY CRIMINAL OFFENSE AGAINST JENNIFER S SOLOMON (DOB: [redacted]); (02)
REFRAIN FROM COMMUNICATION BY MAIL OR BY TELEPHONE, E-MAIL, VOICE MAIL, OR OTHER ELECTRONIC MEANS : REFRAIN FROM COMMUNICATION OR ANY OTHER CONTACT BY MAIL, TELEPHONE, E-MAIL, VOICE-MAIL OR OTHER ELECTRONIC OR ANY OTHER MEANS WITH JENNIFER S SOLOMON (DOB: [redacted]) BY ANY MEANS, INCLUDING THROUGH THIRD PARTIES; (14)
STAY AWAY FROM THE PERSON : JENNIFER S SOLOMON (DOB: [redacted]); (1A)
STAY AWAY FROM THE HOME OF : THE HOME OF JENNIFER S SOLOMON (DOB: [redacted]); (1B)
STAY AWAY FROM THE PLACE OF EMPLOYMENT OF : THE PLACE OF EMPLOYMENT OF JENNIFER S SOLOMON (DOB: [redacted]) ATTHE CHATSWORTH SCHOOL, INCLUDING THE CHATSWORTH SCHOOL GROUNDS; (1E)

## Caveat Text

** DEFENDANT ADVISED IN COURT OF ISSUANCE AND CONTENTS OF ORDER - ORDER IS ENFORCEABLE ** *** NOTE: THIS ORDER HAS NOT BEEN SERVED ***

Order protection not valid if not served and written copy never given to me

## Order of Protection

**MKE:** FINAL
**Court ORI:** NY059023J - WESTCHESTER COUNTY FAMILY COURT
**Court Type:** FC
**Law Enforcement ORI:** NY0590000 - WESTCHESTER COUNTY DEPARTMENT OF PUBLIC SAFETY
914-864-7701
**Court Order Number:** 2018-003894
**Docket Number:** V-08186-14/15B
**Family Unit:** 131794 **Family:** TRUE
**Service Required:** TRUE **Court Advised:** TRUE
**Warrant Returned:** FALSE **Brady:** TRUE
**Judge:** SCHAUER,MICHELLE I
**Issued:** 06/13/2018 **Expires:** 06/13/2019
**Served Date:** **Time:**

Order not served

Exhibit "C"

Transcript Criminal Case Proving my innocense (Did not Go on x-wife property) Did not Get Served order of protection 12/15/18 was a supervised visit

SUPERIOR COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER - CRIMINAL TERM - PART DZ

---------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK,

-against-

Indict#6293M/2018

MARC FISHMAN,

Defendant

---------------------------------------x

TRIAL (Cont'd)

Westchester County Courthouse
111 Dr. M.L.K., Jr. Blvd.
White Plains, New York 10601

January 27, 2020

B E F O R E:

HONORABLE DAVID S. ZUCKERMAN,
County Court Judge

A P P E A R A N C E S:

OFFICE OF ANTHONY A. SCARPINO, JR., ESQ.
DISTRICT ATTORNEY - WESTCHESTER COUNTY
For the People
BY: AMIT PARAB, ESQ.,
Assistant District Attorney

JOSEPH G. GOUBEAUD, ESQ.,
For the Defendant
22 West First Street - Suite #502
Mount Vernon, New York 10550

Nicole Ameneiros
Senior Court Reporter

THE COURT: Don't. Please don't answer that, ma'am.

THE WITNESS: Oh, sorry.

Q Now, it is your testimony that you had worked out on December 15th a partial visit, so to speak; is that correct?

A Correct, yes.

Q Now, if I told you Ms. Solomon testified that the entire visit was canceled that day would she be wrong?

A Correct.

Q Your testimony was, I believe, that you stopped a couple of houses away when you got to the area in New Rochelle; is that correct?

A Yes.

Q And that you saw Ms. Solomon outside already?

A Yes, I did.

Q Now, if she testified that you came to the door and rang the bell, that was the first contact that she had with you, would she be wrong?

MR. PARAB: Objection.

THE COURT: Sustained.

Q Approximately how long were you talking with Ms. Solomon on the front porch?

A It was probably anywhere from 5 to 10 minutes.

Q Okay. And it was some time towards the end of that stretch that the car drove past the house?

12/15 w/s visit per Court Order Supervis

court at the time the order was issued.

MR. PARAB: Judge, I have no further questions of this witness.

THE COURT: Whenever you're ready, Mr. Goubeaud, you may cross-examine.

MR. GOUBEAUD: Thank you.

THE COURT: You're welcome.

CROSS-EXAMINATION

BY MR. GOUBEAUD:

Q Mr. Edmead, you indicated it wasn't actually distributed to Mr. Fishman in the courtroom; is that correct?

A Yeah, I said --

Q I'm sorry. Let me rephrase the question.

That order that is in front of you that you referred to today --

A Yes.

Q -- it was not -- a copy of that order wasn't given to Mr. Fishman in the courtroom; is that correct?

A That is correct.

Q Is that because he was taken from the courtroom and put into custody right away?

A Yes, he was.

Q And did you personally give him a copy of that order at a later time?

A I handed it to the court officers who where responsible

for securing him in the holding pen that day.

Q So the fact that it has that little box checked up top that says it was distributed to him, it wasn't actually given to him that particular day, correct?

A It indicates who was present.

Q I understand that. And that's over on the right-hand side it indicates who was present in court?

A Correct.

Q But then there's a little spot on the top of that order which indicates that it was distributed, correct?

A Yes.

Q And the box that says respondent, who would have been Mr. Fishman, is checked as well, correct?

A Yes.

Q But it's fair to say that you did not -- excuse me -- specifically give it to him; is that correct?

A Personally, no. I did not personally hand it to him.

Q Thank you.

Is it fair to say that order refers to a September 2014 petition?

A I think this order refers to a violation from 2014 on top of an underlying petition for a family offense. Looking at the docket numbers it's a supplemental docket number which indicates it was something that was filed after the initial family offense petition. In fact, it refers to several

on her property, had no actual contact with him, Judge, had no communication with her at that location, and I believe that there is a plausible explanation for him actually being in the neighborhood. So I would argue that the People have failed to make out a prima facie case and would ask the Court to dismiss at this point in time.

THE COURT: Thank you, Mr. Goubeaud.

Before I hear from the People, let me just place on the record a couple of things. First, People's Exhibit 1, which is the order of protection that was issued by Judge Schauer that the defendant's alleged to have violated here, does not set forth any distances with respect to being -- withdrawn. With respect to staying away from the home of Ms. Solomon.

Second, the accusatory instrument here charges the defendant with violating that order of protection by going, and I think I'm quoting, quote, to the victim's home in violation of the duly issued order of protection, end quote.

If I'm hearing you correctly, Mr. Goubeaud, your motion is that the People failed to make out the element of violating the order in that the defendant did not go on the property, across the property line and therefore did not go to the home, or put another way, did not violate the provision of the order that directs him to stay away from the home.

MR. GOUBEAUD: That is correct, Judge.

THE COURT: Okay.

MR. GOUBEAUD: That is the basis for my arguments with respect to the proof that has been presented.

THE COURT: Thank you.

Do you want to be heard on any of this, Mr. Parab?

MR. PARAB: No. I believe that the People have established, based upon the evidence in the light most favorable to the People, that we do have a prima facie case. The evidence shows that the defendant went near or to the home of the protected party in violation of the order of protection.

THE COURT: I agree that in terms of the motion I do have to assess the evidence in the light most favorable to the People, but on the other hand, I don't think there's any dispute, factually or evidentiary wise, the defendant did not cross the threshold, was not on the property itself, unless someone wants to tell me otherwise. Do you, Mr. Parab?

MR. PARAB: No, I agree with that as well.

THE COURT: This Court is troubled on the issue that I just identified; the failure of the order of protection to set forth a distance at all, which means we're left merely with the language, quote, stay away from -- it's Paragraph B -- the home of Jennifer Solomon, end quote.

In addition, case law is very clear that in terms of evaluating or interpreting an order any ambiguity in the order must be resolved in favor of the defendant. The Court of Appeals so held in the matter of Department of Environmental Protection of the City of New York versus Department of Environmental Conservation of the State of New York under NY2d. That's also set forth by the Second Department in the matter of Holtzman versus Beatty, B-E-A-T-T-Y, 97 AD2d 79; as well as again by the Second Department years later in People versus Roblee, R-O-B-L-E-E, 70 AD3d 225 [2009].

In contrast, in People versus Guernsey, G-U-E-R-N-S-E-Y, 37 AD3d 989 [2007], the Third Department addressed a stay away provision that also contained additional language that required the defendant to stay at least 250 feet away from his ex-wife to be compared with, for example, People versus Gunatilaka, G-U-N-A-T-I-L-A-K-A, 156 Misc.2d 958. That's a decision by Judge Goldberg, when she was sitting in New York City Criminal Court, where she specifically held that the allegations that the defendant was across the street from the protected party's place of business is insufficient to show that the order was violated. That case is cited with approval by the Second Department in People versus McDonald, M-C-D-O-N-A-L-D, 287 AD2d 655 [2001].

intent, what she specified in terms of what the order of protection meant to her when she issued the order of protection, she puts in her order exactly how the children would be dropped off and picked up from the home. So clearly the judge's intent was to keep him away from the vicinity of her home. That would be my argument. Obviously, I understand what Mr. Goubeaud is saying in terms of why that shouldn't be included, but often times courts may look to see what the judge's intent was in terms of what the order of protection meant.

THE COURT: I have a couple of thoughts with respect to that, Mr. Parab. First, were we dealing with an alleged violation of a visitation order, which wouldn't be heard in this court, it would be in family court, I would say you're probably right. However, I do agree with Mr. Goubeaud. Judge Schauer's intent, even though it is written in the decision and order that she issued at the time she issued this final order of protection from family court, I believe is not relevant here. Moreover, there's no indication the defendant personally was served or read that. I think we're bound by the terms of the order of protection that is the subject of this criminal contempt action.

And I mentioned earlier, I'll mention it again, there's been no request that I consider something lesser in the nature of an attempt or otherwise. What I understand

Exhibit "D"

Exhibit "D" Appellate decision that affirmed all orders of protection subject to supervised visitation

JUSTIA

# Matter of Solomon v Fishman

Matter of Solomon v Fishman 2020 NY Slip Op 01352 Decided on February 26, 2020 Appellate Division, Second Department Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431. This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2020 SUPREME COURT OF THE STATE OF NEW YORK Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
PAUL WOOTEN, JJ.
2018-08743
2018-08934
(Docket Nos. V-8186-14/15B/17P, V-8187-14/15B/17P, V-8188-14/15B/17P, V-8189-14/15B/17P)

[*1]In the Matter of Jennifer Solomon, respondent,

v

Marc Fishman, appellant. (Proceeding No. 1.)

In the Matter of Marc Fishman, appellant,

v

Jennifer Solomon, respondent. (Proceeding No. 2.)

JUSTIA

ORDERED that the appeal from the order of protection is dismissed as academic, without costs or disbursements.

The parties were divorced in 2012, and are the parents of four children. On May 5, 2014, the parties entered into a so-ordered agreement providing, inter alia, for joint legal custody of the children, with the mother having physical custody and final decision-making power, and the father having alternate weekend and midweek parental access with the children (hereinafter the May 2014 agreement). Thereafter, the mother filed certain petitions, including a family offense petition against the father, and the Family Court entered temporary orders of protection and interim parental access orders. In 2016, the mother filed a petition to modify the May 2014 agreement, so as to award her sole legal and residential custody of the children. The father cross-petitioned to enforce the May [*2] 2014 agreement. After a [illegible] hearing, the court granted the mother's petition and denied the father's cross petition. Further, the court issued an order of protection directing, inter alia, the father to stay away from the children, their home, and their schools, except for certain supervised parental access, until and including June 13, 2019.

The order of protection expired by its own terms on June 13, 2019, and the determination of the appeal from that order would, under the facts of this case, have no direct effect upon the parties (see Matter of Linda F. [Jose F.], 119 AD3d 944, 945). Further, under the facts of this case, the issuance of that order of protection did not constitute a "permanent and significant stigma which might indirectly affect the [father's] status in potential future proceedings" (Matter of McClure v McClure, 176 AD2d 325, 326 [internal quotation marks omitted]; see Matter of Melikishvili v Grigolava, 20 AD3d 569, 570). Accordingly, we dismiss the appeal from the order of protection as academic.

"'Modification of an existing court-sanctioned custody or [parental access] arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child[ren]'" (Matter of Spencer v Killoran, 147 AD3d 862, 863, quoting Matter of O'Shea v Parker, 116 AD3d 1051, 1051; see Matter of Lewis-Daniel v Daniel, 176 AD3d 940). "'[I]nasmuch as custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the [court's] determination should be disturbed only if it lacks a sound and substantial basis in the record'" (Bondarev v Bondarev, 152 AD3d 482, 482, quoting Matter of Bacchi v Clancy, 101 AD3d 993, 993).

Here, the Family Court's determination that there had been a change in circumstances requiring a transfer of legal custody is supported by a sound and substantial basis in the [illegible]

Stay away from home except for supervised visitation

Exhibit "E" Motion to Dismiss Criminal Case

COUNTY COURT
COUNTY OF WESTCHESTER

PEOPLE OF THE STATE OF NEW YORK

Against

MARC FISHMAN

Defendant

Ind# 6293M-2018
NOTICE OF MOTION

SIRS:

PLEASE TAKE NOTICE that upon the affirmation of Joseph Goubeaud, Jr., the Complaint and proceedings had herein. The undersigned will move this court before the Hon. David Zuckerman, at the County Courthouse, 111 MLK Blvd., White Plains, New York on September 23, 2020 at 9:30 o clock in the forenoon of that day for an

ORDER pursuant to CPL article 440 vacating the verdict and setting aside the conviction rendered by the jury in this case based upon the discovery of a document in the possession of the New Rochelle Police Department that was not provided to *the defense at or prior to trial which would have provided an* ability to more effectively cross examine the police witness and probably produced a more favorable verdict .

ORDER for such other and further relief as to the Court seems proper

Dated:August 13, 2020

JOSEPH GOUBEAUD, JR.
Attorney for the Defendant
22 West First Street Suite 502
Mount Vernon, N.Y. 10550