COUNTY COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

PEOPLE OF THE STATE OF NEW YORK

Against

MARC FISHMAN

Defendant

Ind #6293M-2018
AFFIRMATION IN SUPPORT OF MOTION

State of New York
County of Westchester

JOSEPH GOUBEAUD, an attorney duly admitted to the practice of law in the State of New York, affirms the following under the penalties of perjury and says:

1. I am the attorney for the defendant in the above matter and submit this affirmation in support of a motion to set aside the jury verdict in this case based upon the failure of the prosecution to turn over a document that was generated by the New Rochelle Police on the date of the defendant's arrest, which would have been effective in the cross examination of the police witness produced at trial.

2. The defendant has been found guilty by a jury of violating a prior order of protection in favor of Jennifer Solomon.

3. That the jury heard testimony that the defendant knowingly violated an order of protection issued by the Family Court.

4. That the new evidence received by the defendant in connection with his pro se proceeding in Federal Court against the New Rochelle Police, which revealed that on the date of his arrest, the New Rochelle Police were advised that he was not served with the order he was charged with violating.

5. That the officer who testified could have been questioned about that document and the reason for proceeding with an

arrest based upon a knowing violation of the order, if that document had been provided.

6. That I have reviewed all of the documents provided by the prosecution at the time of trial, and this document was not provided.

7. That this case has been pending for 20 months, and the document was only discovered in early August, 2020.

8. That attached as exhibit A is a copy of the document and an enlargement of the language which advises that it was not served on the defendant.

9. That the defendant is asking this Court to set aside the verdict and dismiss the case based upon the Brady violation of the prosecution not providing the document prior to trial.

    WHEREFORE it is respectfully requested that the Court grant the Motion.

Dated: August 13, 2020

                                                  JOSEPH GOUSEAUD, JR.
                                                  Attorney for Defendant
                                                  22 W. First Street Ste 502
                                                  Mount Vernon, N.Y. 10550
                                                  914-664-4829

### Order of Protection Against

**Name:** FISHMAN, MARC H
**Birth Date:**
**Sex:** MALE  **Race:** WHITE
**Height:** 6 ft. 01 in  **Weight:** 250 lbs.
**Eye Color:** HAZ  **Hair Color:** BRO
**SSN:**
**Term Details:**

### Party Requesting Order

**NOTE: Requesting Party is Also a Protected Person**

**Name:** SOLOMON, JENNIFER S
**Birth Date:**
**Sex:** FEMALE  **Race:** WHITE
**SSN:**

**Term Details:**
REFRAIN FROM ASSAULTING, HARASSING, MENACING, ETC. THE PERSON : REFRAIN FROM ASSAULT, STALKING, HARASSMENT, AGGRAVATED HARASSMENT, MENACING, RECKLESS ENDANGERMENT, STRANGULATION, CRIMINAL OBSTRUCTION OF BREATHING OR CIRCULATION, DISORDERLY CONDUCT, CRIMINAL MISCHIEF, SEXUAL ABUSE, SEXUAL MISCONDUCT, FORCIBLE TOUCHING, INTIMIDATION, THREATS, IDENTITY THEFT, GRAND LARCENY, COERCION OR ANY CRIMINAL OFFENSE AGAINST JENNIFER S SOLOMON (DOB: ); (02)
REFRAIN FROM COMMUNICATION BY MAIL OR BY TELEPHONE, E-MAIL, VOICE-MAIL OR OTHER ELECTRONIC MEANS : REFRAIN FROM COMMUNICATION OR ANY OTHER CONTACT BY MAIL, TELEPHONE, E-MAIL, VOICE-MAIL OR OTHER ELECTRONIC OR ANY OTHER MEANS WITH JENNIFER S SOLOMON (DOB: ) BY ANY MEANS, INCLUDING THROUGH THIRD PARTIES; (14)
STAY AWAY FROM THE PERSON : JENNIFER S SOLOMON (DOB: ); (1A)
STAY AWAY FROM THE HOME OF : THE HOME OF JENNIFER S SOLOMON (DOB: ); (1B)
STAY AWAY FROM THE PLACE OF EMPLOYMENT OF ; THE PLACE OF EMPLOYMENT OF JENNIFER S SOLOMON (DOB: ); (1E)
AT THE CHATSWORTH SCHOOL, INCLUDING THE CHATSWORTH SCHOOL GROUNDS.; (1E)

### Caveat Text

** DEFENDANT ADVISED IN COURT OF ISSUANCE AND CONTENTS OF ORDER - ORDER IS ENFORCEABLE ** *** NOTE: THIS ORDER HAS NOT BEEN SERVED ***

### Order of Protection

**MKE:** FINAL
**Court ORI:** NY0590231 - WESTCHESTER COUNTY FAMILY COURT
**Court Type:** FC
**Law Enforcement ORI:** NY0590000 - WESTCHESTER COUNTY DEPARTMENT OF PUBLIC SAFETY
914-864-7701
**Court Order Number:** 2018-003894
**Docket Number:** V-08186-14/15B
**Family Unit:** 131794  **Family:** TRUE
**Service Required:** TRUE  **Court Advised:** TRUE
**Warrant Returned:** FALSE  **Brady:** TRUE
**Judge:** SCHAUER, MICHELLE I
**Issued:** 06/13/2018  **Expires:** 06/13/2019
**Served Date:**  **Time:**

*Handwritten note: "Undecided motion to Dismiss"*

**Archived:** Tuesday, September 15, 2020 9:31:24 AM
**From:** Loomba, Lalit K.
**Sent:** Mon, 14 Sep 2020 16:25:18
**To:** Natoli, Michelle
**Subject:** FW: Proof of False Arrest (Fishman v New Rochelle) Case 19-cv-00265-nsr
**Sensitivity:** Normal

Can we get into pdf format with the attachment? Thanks,

Lalit K. Loomba
Of Counsel
Wilson Elser Moskowitz Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, NY 10604
914.872.7118 (Direct)
914.500.3902 (Cell)
914.323.7000 (Main)
914.323.7001 (Fax)
lalit.loomba@wilsonelser.com

**From:** marc fishman [mailto:▮▮▮▮▮▮▮▮▮▮]
**Sent:** Monday, September 14, 2020 4:26 PM
**To:** romannysdchambers@nysd.uscourts.gov; tal5@westchestergov.com; Loomba, Lalit K. <Lalit.Loomba@wilsonelser.com>; Joseph Goubeaud Esq, crimimal Atty <JOELAW40@aol.com>
**Subject:** Proof of False Arrest (Fishman v New Rochelle) Case 19-cv-00265-nsr

**[EXTERNAL EMAIL]**

September 14, 2020

Dear Honorable Judge Roman:

Am writing to supplement my correspondence to the federal court that the false arrest and malicious prosecution charge should not be dismissed.

The district attorney Anthony Scarpino finally admitted in sworn affidavit that I was not served with the order of protection and police knew it. The discovery in federal court from lolita loomba, counsel for new Rochelle stated "caveat:note party not served with order of protection," in the police computer.

Had state Supreme criminal court known I was not served pretrial, than the criminal court would have dismissed case as there was no probable cause for arrest. The police did not see me near my ex-wife house. The police knew there was a visitation order in effect during time of arrest for my four kids with the supervisor Ann Elliot during the hours 10 am to five pm when they arrested me. The police and court administration knew I was a qualified disabled person regarded and designated by the state and state court as severely disabled who is hard of hearing. The state court has even granted me a notetaker and closed captioning CART real time transcription since July 2017 for my memory and hearing impairment from tinnitus and traumatic brain injury post Judge schauers June 2017 hearing. No state judge would expect me to remember what was said in June before court allowed my notetaker or granted me cart real time transcription without any physical order being actually given to me. Thevstate court judges new my neuropyschologistvwas reporting my short term mem   The police told me they read the jail hospital records and knew my health was severely compromised and that I have five implants.

On Page 11 and 12 Of da reply to Motion to dismiss filed last Thursday 9/10/2020, DA scarpino states, "even if the report could tend to show the officer lacked probable cause to arrest defendant, that issue was one for a hearing court, and remedy would have been suppression of anyfruit Of the arrest."
Presiding criminal state judge zuckerman has stated and Dr parin agreed that I did not go on my ex-wife property.....to actually commit a crime. As such...any violation of a visitation order would be heard in family court and not criminal.

Without an arrest, there would be no prosecution. If the da, police and county divulged thus highlighted all capital and eight star record in elevated discovery obligations of new york state required 1/1/2020, there would have been no criminal trial. At most of would be a family court violation petition..not a criminal charge.

As there is no certificate of conviction and no so ordered conviction transcript, there is no conviction and no basis to dismiss any chargrscwithoutva conviction.

The federal court needs to deny the motion to dismiss as premature and move on with discovery and depositions please.

Opposing counsel could gavecwaited until he had a certificate disposition to filevthis dismissal but did not. Given the case load in criminal court there us no way supervising judgecwarhit would allow this case to go to trial knowing a disabled fathervwith hearing problems was not personally served. Thecsentencing dateless adjourned again.. Until 9/30...so criminal court can hrarvmotion to dismiss andvsurpress police officers statements..simceviffucervschlesinger knew I was not served.

Next, and more importantly, this evidence is irrelevant during a petit jury trial. It was never the People's theory that defendant had been served with the order in court. Indeed, the People elicited on their direct case that he had not been. There was, however, an abundance of proof to satisfy the element of intent, *i.e.*, that he was aware of the order and its terms when he engaged in the proscribed conduct. Defendant's proposed line of questioning (that the officer went ahead with the arrest despite possibly having seen the report that says defendant had not been served with the order) does not go to the issues of defendant's guilt –the sole question for the jury –but rather the issue of whether the officer may have lacked probable cause. That issue is not one for a trial jury. Even if the report could tend to show the officer lacked probable cause to arrest defendant, that issue was one for a hearing court, and the remedy would have been suppression of any fruit of that arrest, but it would not have prevented the People from

11

continuing prosecution, or the officer from testifying at trial about the circumstances surrounding defendant's arrest (*People v Young*, 55 NY2d 419 [1982]; CPL 710.20).

Since the lawfulness of defendant's arrest is an issue of law, to be determined by the court during pretrial motions, defendant would not have been able to, as he claims, more effectively cross examine the arresting officer, as he claims, as to why he arrested defendant despite the notation on the e-justice document that defendant had not been served. During a jury trial, any line of questioning that goes to the lawfulness or reasonableness of defendant's arrest would be irrelevant and inadmissible. Such is a question for the court, not the jury (*Steele v U.S.*, 267 US 505, 511 [1925]; *People v Hamlin*, 71 NY2d 750 [1980]; *People v Conklin*, 145 AD2d 20 [4th Dept 1989]; *People v Wright*, 168 Misc2d 787 [Sup Ct, Kings County [1996]).