UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------- x

MARC FISHMAN, INDIVIDUALLY, and on behalf of all others : 
similarly situated,                                                                   :
                                                                                      :    Docket No. 19 CV 265
                                                    Plaintiff,              :    (NSR)
                                                                                      :
                        -against-                                         :
                                                                                      :
CITY OF NEW ROCHELLE, New Rochelle Police Department, :
LANE SCHLESINGER, individually and in his administrative    :
and official capacity as a police officer #1058 employed by the :
City of New Rochelle, JOSEPH F. SCHALLER, individually, and :
in his administrative and official capacity as a police             :
commissioner/officer employed by the City of New Rochelle, and :
W. JOSEPH, individually, and in his administrative and official   :
capacity as a police officer/detective #18 employed by the City of :
New Rochelle, and WESTCHESTER COUNTY,                     :
                                                                                      :
                                                    Defendants.        :

-------------------------------------------------------------------------------- x

# THE CITY DEFENDANTS' REPLY MEMORANDUM OF LAW
# IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS

WILSON, ELSER, MOSKOWITZ EDELMAN & DICKER LLP
Attorneys for City Defendants
1133 Westchester Avenue
White Plains, NY  10604
(914) 323-7000

8433862v.1

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

Introduction..................................................................................................................1

Preliminary Statement..................................................................................................1

Argument .....................................................................................................................2

     POINT I      ALL CLAIMS AGAINST THE INDIVIDUAL CITY DEFENDANTS
                       SHOULD BE DISMISSED FOR LACK OF PERSONAL
                       JURISDICTION .........................................................................................2

     POINT II     ALL CLAIMS AGAINST DEFENDANTS MYRON JOSEPH AND
                       JOSEPH F. SCHALLER SHOULD BE DISMISSED FOR LACK OF
                       PERSONAL INVOLVEMENT..............................................................2

     POINT III    PLAINTIFF FAILS TO PLAUSIBLY ALLEGE A VIOLATION OF
                       TITLE II OF THE ADA ACT OR SECTION 504 OF THE
                       REHABILITATION ACT ..........................................................................3

     POINT IV    PLAINTIFF'S FIRST-AMENDMENT RETALIATION CLAIM
                       FAILS .........................................................................................................3

     POINT V     PLAINTIFF'S SECTION 1983 FALSE ARREST CLAIM FAILS............4

     POINT VI    PLAINTIFF'S COMMON-LAW CLAIMS FOR NEGLIGENCE,
                       FALSE ARREST, AND MALICIOUS PROSECUTION FAIL.................8

Conclusion ...................................................................................................................9

i

8436112v.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amore v. Novarro*,
   624 F.3d 522 (2d Cir. 2010) ...............................................................................5

*Bernard v. United States*,
   25 F.3d 98 (2d Cir. 1994) ...................................................................................4

*Carthew v. County of Suffolk*,
   709 F. Supp.2d 188 (E.D.N.Y. 2010) .................................................................5

*Devenpeck v. Alford*,
   543 U.S. 146 (2004).............................................................................................4

*Garcia v. Does*,
   779 F.3d 84 (2d Cir. 2015) .................................................................................4

*Glassman v. The City of New York*,
   2013 U.S. Dist. LEXIS 1170 (S.D.N.Y. Jan. 3, 2013) ......................................7

*Goldberg v. Danaher*,
   599 F.3d 181 (2d Cir. 2010) ...............................................................................4

*Liang v. City of New York*,
   2013 WL 5366394 (E.D.N.Y. Sept. 24, 2013) ...................................................7

*Mitchell v. City of New York*,
   841 F.3d 72 (2d Cir. 2016) ..............................................................................4, 8

*People v. Williams*,
   181 Misc.2d 415, 696 N.Y.S.2d 369 (N.Y. Crim. Ct. 1999).............................5

*Read v. Town of Suffern Police Dep't*,
   2013 U.S. Dist. LEXIS 89189 (S.D.N.Y. June 25, 2013) ..................................7

*Solomon v. Fishman*,
   1780 A.D.3d 1051 (2d Dep't 2020)....................................................................7

*Stansbury v. Wertman*,
   721 F.3d 84 (2d Cir. 2013) .................................................................................9

*United States v. Scala*,
   388 F. Supp.2d 496 (S.D.N.Y. 2005) .................................................................4

8436112v.1

*Washington v. Melis*,
   2018 U.S. Dist. LEXIS 85723 (S.D.N.Y. May 22, 2018) ..........................................................2

*Weyant v. Okst*,
   101 F.3d 845 (2d Cir. 1996) ..........................................................................................................4

*Williams v. Suffolk Cty.*,
   284 F. Supp. 3d 275 (E.D.N.Y. 2018) ..........................................................................................6

*Zalaski v. City of Hartford*,
   723 F.3d 382 (2d Cir. 2013) ..........................................................................................................5

**Statutes**

42 U.S. Code § 1983 .............................................................................................................................4

N.Y. Penal Law § 215.50 .....................................................................................................................5

N.Y. Penal Law § 215.50(3) ................................................................................................................5

New York General Municipal Law § 50-e ..........................................................................................8

**Rules**

CPLR § 308(2) ......................................................................................................................................2

Fed. R. Civ. P. 4 (e)(2)(C) ..................................................................................................................2

8436112v.1

**Introduction**

Defendants City of New Rochelle ("City"), Police Officer Lane Schlesinger,

Commissioner Joseph F. Schaller, and Sgt. Myron W. Joseph (s/h/a "W. Joseph") (collectively,

the "City Defendants"), respectfully submit this reply memorandum of law in further support of

their motion to dismiss the complaint of plaintiff Marc Fishman ("Mr. Fishman" or "plaintiff").

**Preliminary Statement**

Plaintiff sought a 60-day extension of his deadline to oppose the City Defendants'

motion, and then through a series of emails addressed to the Court opposed the motion. Plaintiff

did not file a separate opposition to the City Defendants' motion styled as such. However,

treating plaintiff's emails as his opposition,[1] it is clear that plaintiff has ignored almost all of the

grounds for the City Defendants' motion. Indeed, the only issue raised by plaintiff is that,

although he admits that he was convicted by a jury verdict in January 2020, he claims to have

filed a motion seeking to vacate the conviction; that the motion is pending a decision by the state

criminal court; and that, in plaintiff's opinion, his conviction will be overturned. Even assuming

all of that to be true, the status of plaintiff's conviction is irrelevant to the resolution of the City

Defendants' motion in this case. This is because even if plaintiff was not convicted (or assuming

his conviction is going to be vacated), there was still ample probable cause to support plaintiff's

arrest and prosecution. Accordingly, for the reasons set forth in their original moving papers,

and detailed herein, the City Defendants' motion to dismiss should be granted.

---

[1] Pursuant to the Court's Order, the City Defendants have e-filed Mr. Fishman's emails as his opposition.

8433862v.1

**Argument**

## POINT I

### ALL CLAIMS AGAINST THE INDIVIDUAL CITY DEFENDANTS
### SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

Where a defendant serves and files a motion to dismiss a *pro se* plaintiff's complaint and

the *pro se* plaintiff fails to respond, the court will consider the motion fully briefed and then

independently consider the merits of the motion to dismiss. *See Washington v. Melis,* 2018 U.S.

Dist. LEXIS 85723, at \*3 (S.D.N.Y. May 22, 2018) (Karas, J.), citing *Goldberg v. Danaher,* 599

F.3d 181, 183 (2d Cir. 2010).

As demonstrated in the main brief (Point II, at pp. 8-9), Police Commissioner Schaller,

Sgt. Joseph, and Officer Schlesinger are not subject to this Court's personal jurisdiction because

they were never properly served with the summons and complaint.  Plaintiff ignores this

argument in his response to the motion.  As detailed in the main brief, plaintiff's purported

service on Commissioner Joseph Schaller, Sergeant Myron Joseph and Officer Lane Schlesinger

does not satisfy the requirements of CPLR 308(2) or FRCP Rule 4(e)(2)(C).  Accordingly, the

complaint should be dismissed, as against the individual City Defendants.

## POINT II

### ALL CLAIMS AGAINST DEFENDANTS MYRON JOSEPH AND JOSEPH F.
### SCHALLER SHOULD BE DISMISSED FOR LACK OF PERSONAL INVOLVEMENT

As demonstrated in the main brief (Point III, pp. 9-11), plaintiff's complaint does not

plausibly allege the personal participation of Commissioner Schaller or Sergeant Joseph.  Again,

plaintiff ignored this point in responding to the motion.  Accordingly, for the reasons set forth in

the main brief, the complaint should be dismissed with prejudice as against Sgt. Joseph and

Commissioner Schaller.

8433862v.1

## POINT III

### PLAINTIFF FAILS TO PLAUSIBLY ALLEGE A VIOLATION OF TITLE II OF THE ADA ACT OR SECTION 504 OF THE REHABILITATION ACT

As demonstrated in the main brief (Point IV, pp. 11-14), plaintiff's claims under the ADA and the Rehabilitation Act must be dismissed as against the individual defendants, because individuals are not subject to liability under either statute.  Plaintiff ignores this argument in responding to the motion to dismiss.

As further demonstrated in the main brief, the ADA and Rehabilitation Act claims must also be dismissed as against the City of New Rochelle.  The ADA claim fails because plaintiff did not, and cannot, allege that a City policymaker acted with ill will or personal animus towards plaintiff because of any alleged disability, or that a policymaker acted with deliberate indifference to plaintiff's alleged ADA rights.  The Rehabilitation Act claim must be dismissed as against the City because plaintiff does not allege that the City receives federal funds.  Again, plaintiff did not respond to these arguments.  Accordingly, plaintiff's claims under the ADA and the Rehabilitation Act must be dismissed.

## POINT IV

### PLAINTIFF'S FIRST-AMENDMENT RETALIATION CLAIM FAILS

As demonstrated in the main brief (Point V, pp. 14-15), plaintiff's First Amendment retaliation claim fails because plaintiff does not allege that he was arrested as the result of his exercise of his right to free speech; and, insofar as a claim against the City is concerned, plaintiff has not alleged that any injury to such rights was caused by a municipal policy, custom or practice.  Plaintiff did not address these arguments in responding to the motion to dismiss.  For the reasons set forth in the main brief, the First Amendment retaliation claim must be dismissed.

- 3 -

8433862v.1

**POINT V**

**PLAINTIFF'S SECTION 1983**
**FALSE ARREST CLAIM FAILS**

As expressed in his various emails submitted in opposition to the City Defendants'

motion, plaintiff argues that his Section 1983 false arrest claim should survive because he is

confident that his conviction on charges of violating the order of protection will be vacated.

Even assuming, *arguendo,* plaintiff was not convicted (or that his conviction will be overturned),

plaintiff's Section 1983 false arrest claim still fails because there was probable cause, or at the

least arguable probable cause, to support his arrest.

As demonstrated in the main brief (Point VI, pp. 15-19), the "existence of probable cause

to arrest constitutes justification and 'is a complete defense to an action for false arrest.'" *Weyant*

*v. Okst,* 101 F.3d 845, 852 (2d Cir. 1996), quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d

Cir. 1994); *see also Devenpeck v. Alford*, 543 U.S. 146, 153-155 (2004).  "Probable cause exists

when the arresting officers have knowledge or reasonably trustworthy information of facts and

circumstances that are sufficient to warrant a person of reasonable caution in the belief that the

person to be arrested has committed or is committing a crime." *Mitchell v. City of New York*,

841 F.3d 72, 77 (2d Cir. 2016).  "Probable cause is not a particularly demanding standard."

*United States v. Scala*, 388 F. Supp.2d 496, 401 (S.D.N.Y. 2005).  Moreover, probable cause will

exist if there is reason to believe that the plaintiff committed any crime, not necessarily the crime

for which he was charged.  *Devenpeck,* 543 U.S. at 153-155.

Further, even if an officer lacked probable cause, he would be entitled to qualified

immunity on a claim for false arrest if he had "arguable probable cause" to arrest the plaintiff.

*See Garcia v. Does*, 779 F.3d 84, 92 (2d Cir. 2015).  An officer has arguable probable cause if

either (1) the officer possessed a reasonable and objective belief that probable cause was present;

- 4 -

8433862v.1

or (2) reasonably competent officers could disagree as to whether there was probable cause. *Id*.

at 92; *see Zalaski v. City of Hartford*, 723 F.3d 382, 390 (2d Cir. 2013). In making this

determination, courts "look to the information possessed by the officer at the time of the arrest,

but . . . do not consider the subjective intent, motives, or beliefs of the officer. *Amore v. Novarro*,

624 F.3d 522, 536 (2d Cir. 2010).

Here, plaintiff was arrested and charged with criminal contempt, 2d degree, N.Y. Penal

Law §215.50, for violating an order of protection. A person is guilty of criminal contempt, 2d

degree, when he engages in the "[i]ntentional disobedience or resistance to the lawful process or

other mandate of a court." N.Y. Penal Law §215.50(3) (McKinney's 2019). In the context of a

failure to obey an order of protection, "the crime . . . requires that (1) a valid protective order

existed; (2) the defendant knew about that order, and (3) the defendant intended to violate the

order." *Carthew v. County of Suffolk*, 709 F. Supp. 2d 188, 198 (E.D.N.Y. 2010); *see also*

*People v. Williams*, 181 Misc.2d 415, 696 N.Y.S.2d 369, 370 (N.Y. Crim. Ct. 1999).

The following facts are set forth or otherwise discernable from the allegations in the

complaint and the documents referenced therein. On December 15, 2018, Officer Schlesinger

responded to the home of Jennifer Solomon, the plaintiff's ex-wife, regarding a violation of an

order of protection. Ex. C. Ms. Solomon told Officer Schlesinger that her ex-husband, plaintiff

(Mr. Fishman), had just come to the residence, and attempted to yell at and make contact with

their son. Ms. Solomon displayed active stay away orders of protection issued by the Family

Court. The orders of protection were in effect on December 15, 2018, and required Mr. Fishman

to stay away from Ms. Solomon, her home, place of business and school; from assaulting,

stalking, harassing, menacing, intimidating or threatening Ms. Solomon; and to stay away from

the children except in the context of supervised access as provided for by court order. *Id.*

Ms. Solomon showed Officer Schlesinger a comprehensive 28 page custody and visitation agreement, which provided for a court-appointed social worker to supervise all visitation by Mr. Fishman. *See* Ex. C (police report). Ms. Solomon told Officer Schlesinger that earlier that day, the social worker, Ms. Elliot, arrived unexpectedly at her residence, stating that Mr. Fishman wanted to speak with the children. *Id.* It was during her conversation with Ms. Elliot that Ms. Solomon observed Mr. Fishman attempting to speak with her son. *Id.* While at Ms. Solomon's residence, Officer Schlesinger was advised by police headquarters that Mr. Fishman was at headquarters. *Id.*

With paperwork and information in hand, Officer Schlesinger returned to headquarters where he encountered Mr. Fishman, Ms. Elliot (the social worker), and a third female party named Ms. Bolivar. *See* Ex. C. Officer Schlesinger interviewed Ms. Elliot who said that she had told Mr. Fishman that he was violating the order of protection by going to Ms. Solomon's residence. *Id.* She fully corroborated that Mr. Fishman attempted to contact his son. *Id.* Ms. Elliot also displayed a text message from Mr. Fishman containing a screenshot showing a conversation that he was having via text with one of his daughters. *Id.* The text message was dated as of December 15, 2018, and was in clear violation of the Stay Away and Refrain clauses of the court order. *Id.*

Hence, based on the facts alleged and discernable from the complaint, Officer Schlesinger was provided with valid and operative orders of protection against Mr. Fishman, and was told by both Ms. Solomon and Ms. Elliot that they directly observed Mr. Fishman violate the terms of the orders. Ms. Elliot also informed Officer Schlesinger that she had advised Mr. Fishman that his conduct – i.e., placing himself in the vicinity of his ex-wife's home, and attempting to contact his son -- was in violation of the order of protection, from which Officer Schlesinger could

- 6 -

reasonably conclude that Mr. Fishman knew about the orders and that his conduct was intentional.

These facts are sufficient to establish probable cause sufficient to defeat a civil claim for false arrest. *See Williams v. Suffolk Cty.*, 284 F. Supp. 3d 275, 286-287 (E.D.N.Y. 2018); *Liang v. City of New York*, 2013 WL 5366394, at *8 (E.D.N.Y. Sept. 24, 2013) ("Courts in this circuit have repeatedly found that, in the absence of reason to doubt the complainant, an allegation that an individual has violated a stay away order supports probable cause for the arrest") (citing cases); *Read v. Town of Suffern Police Dep't*, 2013 U.S. Dist. LEXIS 89189, at *14-15 (S.D.N.Y. June 25, 2013); *Glassman v. The City of New York*, 2013 U.S. Dist. LEXIS 1170, at *17-18 (S.D.N.Y. Jan. 3, 2013).

In his various emails opposing the City Defendants' motion, plaintiff argues that a "caveat note" applicable to one of the orders indicates that it was not served on him. This argument is a red herring.[2]  First, the caveat note upon which the plaintiff is placing so much reliance also states:  "*Defendant advised in court of issuance and contents of order.  Order is enforceable*." Ex. B (emphasis added).  In addition, there were several other orders of protection issued against plaintiff. *Id.*  The caveat notes accompanying the additional orders are silent as to whether or not the order had been served on plaintiff, but also clearly state that the orders are enforceable. *Id.*  Hence, a reasonable officer in the position of Officer Schlesinger could believe that plaintiff violated one of the orders of protection where lack of service was not noted, or that the order of protection which noted that it was not served on plaintiff was nevertheless enforceable because, on its face, its states that its contents were made known to plaintiff in open court and that the order was, in fact, enforceable.

---

[2]    Indeed, plaintiff's claim that he was unaware of this particular order of protection is difficult to square with the fact that in 2018 he filed an appeal from the order in the Second Department.  The appeal was eventually dismissed as moot because the order expired, by its terms, in June 2019. *See Solomon v. Fishman,* 180 A.D.3d 1051 (2d Dep't 2020).

8433862v.1

Moreover, Ms. Elliot, the social worker, informed Officer Schlesinger that she *told* plaintiff that he was violating an order of protection by being in the vicinity of his ex-wife's home and attempting to have contact with his son.  Based on that fact, a reasonable officer in Officer Schlesinger's position could believe that the plaintiff was aware of the illegality of his actions at the time. [3]

Based on these facts, Officer Schlesinger was in possession of "knowledge or reasonably trustworthy information of facts and circumstances" that would cause a "person of reasonable caution" to believe that plaintiff had violated the law.  *Mitchell,* 841 F.3d at 77.  Hence, even without reference to plaintiff's conviction, plaintiff's claims for false arrest, both federal and under state-law, fail.  At the very least, Officer Schlesinger would be entitled to qualified immunity because there was arguable probable cause to arrest plaintiff for violating an order of protection.

## POINT VI

### PLAINTIFF'S COMMON-LAW CLAIMS FOR NEGLIGENCE, FALSE ARREST, AND MALICIOUS PROSECUTION FAIL

As demonstrated in the main brief (Points VII, pp. -20, and VIII, pp.20-21), plaintiff's state-law claims for negligence, false arrest and malicious prosecution fail because (i) plaintiff never served the City with a notice of claim, as required by Section 50-e of the New York General Municipal Law; and (ii) the existence of probable cause is fatal to the claims of false arrest and malicious prosecution.

Plaintiff did not respond in defense of his negligence claim, and for the reasons set forth in the main brief it should be dismissed.

With respect to false arrest and malicious prosecution, as demonstrated above, even

---

[3]  Plaintiff argues that the other orders were not violated because they provided for court-supervised visitation with plaintiff's children.  However, Officer Schlesinger could reasonably conclude that plaintiff violated the orders by placing himself in the vicinity of his ex-wife's home, regardless of visitation rights.

8433862v.1

without reference to a conviction, there was probable cause, or at least arguable probable cause,

to support both the arrest and the prosecution. *See Stansbury v. Wertman,* 721 F.3d 84, 94-95

(2d Cir. 2013) ("the existence of probable cause is a complete defense to a claim of malicious

prosecution") (internal quotes and citations omitted).  Accordingly, the state-law claims of false

arrest and malicious prosecution must be dismissed.

## Conclusion

Plaintiff's complaint should be dismissed with prejudice as against the City Defendants.

Dated:    White Plains, New York
          September 16, 2020

                          Respectfully submitted,

                          WILSON, ELSER, MOSKOWITZ,
                          EDELMAN & DICKER LLP
                          Attorneys for the City Defendants

                          Lalit K. Loomba

                          _____
                          Peter A. Meisels
                          Lalit K. Loomba

                          1133 Westchester Avenue
                          White Plains, New York 10604
                          (914) 323-7000
                          Our File No.  07367.00109

- 9 -

Certificate of Service

Lalit K. Loomba, an attorney admitted to practice law before the Courts of the State of New York and the United States District Court for the Southern District of New York, hereby certifies, under penalty of perjury, that on September 16, 2020, I caused the within document entitled **THE CITY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS** on:

| | |
|---|---|
| MARC H. FISHMAN, *Pro Se*<br>3200 Netherland Avenue, Apt. G<br>Bronx, NY  10463 | OFFICE OF THE WESTCHESTER COUNTY ATTORNEY<br>Attorneys for Defendant Westchester County<br>148 Maritime Avenue, 6th Floor<br>White Plains, NY  10601<br>(914) 995-2684<br>Attn:  Taryn A. Chapman-Langrin, Esq. |

at the address(es) designated by said attorney(s) for that purpose by causing to be deposited a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

Lalit K. Loomba

_____
Lalit K. Loomba

- 10 -

8433862v.1