**Archived:** Friday, September 11, 2020 4:23:55 PM
**From:** Loomba, Lalit K.
**Sent:** Fri, 11 Sep 2020 14:46:37
**To:** Natoli, Michelle
**Subject:** FW: 19-cv-00265-nsr
**Sensitivity:** Normal
**Attachments:**
Fishman OSC (002).pdf

---

Lalit K. Loomba
Of Counsel
Wilson Elser Moskowitz Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, NY 10604
914.872.7118 (Direct)
914.500.3902 (Cell)
914.323.7000 (Main)
914.323.7001 (Fax)
lalit.loomba@wilsonelser.com

**From:** marc fishman [mailto:█████████]
**Sent:** Monday, August 31, 2020 2:40 PM
**To:** romannysdchambers@nysd.uscourts.gov; Loomba, Lalit K. <Lalit.Loomba@wilsonelser.com>; tal5@westchestergov.com
**Subject:** 19-cv-00265-nsr

**[EXTERNAL EMAIL]**

Showcause signed to vacate the order of protection by appellate court for the order of protection I never got or was served with....that was never served on me,.....as proven by lolita loomba discovery in federal court

Suspect appellate court will rule to dismiss before the lower court criminal case goes back to court...but lower court keeps adjourning court dates so who knows

Thanks

Marc a Fishman, pro Se
█████████

------------------------------------------------------------X
Supreme Court State of New York
Appellate Division Second Department

JENNIFER SOLOMON,

    Petitioner,

    -against-

MARC FISHMAN,

    Respondent

------------------------------------------------------------X

Appellate Division Docket Nos:
2017-7774 and 2017-7775

Fam. Ct.:
Fu 131794

**ORDER TO SHOW CAUSE**

UPON ~~reading and filing~~ the accompanying Affidavit of Marc Fishman, Respondent, and all exhibits attached thereto, ~~and the pleadings and prior proceedings in this matter, and due deliberation having been had and sufficient cause appearing,~~

~~NOW, on motion of Respondent MARC FISHMAN, it is~~

LET ~~ORDERED~~ that Petitioner JENNIFER SOLOMON, by counsel, and the Attorney for the children, show cause at ~~Family~~ court, 45 monroe place brooklyn, New York, on September 11, 2020, at 10:~~30~~ 00 in the morning, or

1

as soon thereafter as parties/counsel may be called, why an order should not be entered:

1. To vacate and reverse the decision of this court dated 6/27/2018 in 2018 NY slip op 04740 [162 AD3d 1051] (in exhibit A, attached)on the basis that there could not be a finding of willfulness by Judge Schauer because she knew Mr. Fishman was hearing, visually, writing and memory impaired, and suffered from post concussion registering cognitive impairments, tinnitus hearing impairments and occipital neuralgia vision impairments, and cubital tunnel writing impairments and did not hear or register or fully understand/comprehend Judge Schauer's verbal instructions due to Schauer's intentional denial of tools/aides(required under the ada in 28 cfr 35.160) to help with Mr. Fishman's communication/movement/hearing disabilities.

2. To vacate the decision of this court dated 6/27/2018 NY Slip op 04741 [162 AD3d 1052] (in exhibit B, attached) denying a note taker and large print court orders as aides/tools for Mr. Fishman's regarded and acknowledged disabilities by the state court administration(required accommodations to be made under the American with disabilities act under 28 cfr 35.160, New York human rights laws and New York city human

2

rights laws) and order/ grant these reasonable accommodations as the are granted today after New York human rights commission involvement and federal litigation where New York State has acknowledged I am disabled under the ada with impairments that effect bodily functions of hearing, seeing, remembering, registering and writing.

3. To declare and order it was improper and discriminatory of Judge Schauer to interfere and deny administrative American with Disabilities act accommodations granted by the Westchester court ada liaison, William Curry BEFORE SCHAUERS JAILING OF MR FISHMAN, . as the judicial order of judge schauer intentionally interfered with the administrative order/approvals of both William Curry, ada liaison, and Barbara Gringer- Zahler counsel to the court disability access committee to allow Mr. Fishman's notetaker court access to help him and large print typed court orders for Mr. Fishman to be able to understand and have meaningful communication with the court and court staff.  Mr Curry knew mr fishman could not take his own notes with cubital tunnel syndrome and knew of mr fishman's hearing problems and parotid mass/tmj ear surgery in 2016.

4. To declare Judge Schauer intentionally denied the administrative accommodations recommended/ordered by both Dan weitz, the court's ada professional coordinator and William Curry ada liaison now approved by the

3

state court, because these administrative accommodations in no way interfered with Judge Schauer's judicial discretion or judicial orders. The sole purpose of Schauer's judicial orders to deny administrative accommodations approved by court administration was to punish/retaliate against Mr. Fishman for the side effects of his multiple disabilities, and retaliate for mr fishman complaining to civil rights authorities that Judge Schauer was violating his state and federal civil rights intentionally.

5. To order that Judge schauer should have been removed from Mr. fishman's cases(after the 17 application for judge schauer to recuse were made form 2015 to 2018) and appellate court failed to address these recusal requests/motions in any ada grievance appeals) and a new custody determination be made by a new unbiased family court judge due to the willful and intentional disability discrimination, retaliation, and failure to accommodate disabilities by judge schauer and willful interference with the court ada liaison granting administrative accommodations in the court proceedings.

6. To order four new attorneys for the children as Judith woods, afc has been tainted and biased by the disability discrimination conduct of the court and appoint 4 new unbiased afcs for each child to move forward in the

custody and visitation case so the children have frequent and regular unsupervised contact with their father..

7. The appellate court has a judicial, administrative, legal duty to vacate court orders that violate the State and federal laws civil rights laws. Not to so violates each judge's oath to enforce the law at all times and hold court proceedings free of disability discrimination.

8. The appellate court must act to vacate orders that effect mr fishman's civil rights as the long lasting effect of Schauer's illegal orders are still effecting mr fishman in his proceedings this day in family and criminal court where Mr Fishman has been denied access to his four children for nine months now.

9. If the appellate division does not act now with swift, prompt and immediate action to enforce the state human rights laws and ada, this grievance court is basically ceding its appellate authority to the federal court. Under the separation of powers states retain jurisdiction for visitation and custody decisions. However under Supreme court case Tennessee v Lane(541 US 509 2004) there is federal authority to intervene, override state administrators and grant reasonable accommodations to insure meaningful access to the state court by disabled people.

10. The NYS human rights division has taken the rare step of holding hearings and conferences(see exhibit "C") against the state unified court system on my behalf for conduct it deems is willful disability discrimination, retaliation, and failure to accommodate disabilities. Indeed in February, the appellate court first dept fined the state court system $35,000 for discriminating against one of its employees mr ziac 2020 NY slip op 01252 (see case in exhibit D) (who was also hearing impaired like mr fishman.) In the decision the appellate court affirmed that (similar to my case), the unified court system discriminated against mr zaic for his hearing disabilities, hearing aid use and declared the state court violated the ada and the NYS Human Rights Laws intentionally.

11. The New York Human Rights Division did not have authority to review judges/administrator decisions in 2016, but does now under nys laws. Judge Schauer, Judge Scheinkman and April Ann Agostino are well aware of the 8000 pages of certified medical records delivered to and subpoenaed by the state court detailing disabilities of hearing, eating, sleeping, remembering, speech, writing, vision from years of litigation. This is also true in the complaints from Magistrate Jordan that judge schauer took these boxes from New Rochelle family court to Yonkers family court ion 2016 when Judge schauer moved my case with her.

12. The court must act now because the court of appeals denied permission to appeal the denial of ada accommodations by this court in these unlawful orders yesterday in published decision 2020-317. Dan weitz, , the courts professional ada liaison stated that grievance appeals are handled by the appellate court. Now that court administrators have ordered these accommodations in other my state cases an d others, the appellate court grievance committee cannot leave Schauer's intentional disability discrimination unaddressed. This is because Schauer's decision denying me administrative accommodations granted by court administration and Nys human rights for disabilities from car accidents in 2013, effects support and visitation cases now and must be struck down as a violation of state and federal law, as unlawful.

13. Under title two of the ada a state entity with 50 or more employees must hold a grievance appeal/hearing to address denial of required accommodations. As April Ann Agostino, appellate division liaison denied my accommodations request for four judges of the court to attend a human rights hearing to go over the human rights oversight of the is court earlier this week, the appellate court must act as the grievance committee and grant accommodations that the nys human rights commission state dictates are

required. These include but are not limited to a note taker, large print court orders, cart real time transcription and aides for my disability.

14. It is very important for this appeals court to set an example by hearing this motion and issuing an order to make it blatantly and directly clear that judges should not be making administrative ada accommodations at all and that these request are to be handled at all times by the experienced ada liaisons/court administrator trained in disability matters..

15. If the appellate court will not grant all the items requested in this showcause then I request a confidential ada hearing free of the adversarial process between four judges of the appellate court, myself, my disability advocate and the nys human rights commission to resolve these matters to comply with state and federal law.

16. Order that Marc Fishman may proceed pro se in making this application since appointed counsel, del atwell is unresponsive and mr fishman wishes to file this motion on his own.

Sufficient ~~show~~ cause being shown, it is ~~ordered that~~:

   a. ~~Ordered Mr. fishman is to have eight hours supervised visitation weekly starting this weekend with ann Elliot., court approved social~~

~~worker. With all 4 children because mr. fishman has not had any visitation in none (1) months stemming from the denial of these accommodations and the consequences thereof - of forgetting or not hearing court orders verbally without a notetaker or large print court orders or cart real-time transcription and the punishment by the lower courts. This punishment violates the ada and its anti-retaliatory provisions in 28 cfr 35.134.~~

b. ~~Ordered Mr. fishman may represent himself going forward in this appeal/motion as he has been unable to reach assigned counsel Del Atwell.~~

c. ~~Ordered that any filing fees or grievance fees are waived as per the ada; the disabled may not be charged for requesting appeals of denials of ada accommodations (see title two of the ada and 28 cfr 35, where appeals are to be free of charge by the state government.)~~

17. **ORDERED** that service of this Order, together with all supporting papers, on all other parties and the attorney for the children shall be made by email ~~or facsimile~~ on or before August 31, 2020 to be deemed good and sufficient service, on the following counsel at the following addresses:

NICOLE E. FEIT, ESQ.
Legal Services of the Hudson Valley
Attorney for Petitioner-Respondent
90 Maple Avenue

9

White Plains, NY 10601

Judith Woods, Esq.
Atty for the Children
445 Hamilton Ave
White Plains, NY 10601

WILLIAM CURRY
ADA Liaison AWARE OF MR FISHMANS DISABILITIES
Westchester Family Court – Yonkers, Third Floor
131 Warburton Avenue
Yonkers, NY 10701

Dated: Brooklyn, N.Y.  E~~N T E R:~~
      August 28, 2020  *[signature: Linda C.]*

HON. _____
     ~~Judge,~~ ------ APPELLATE DIVISION 2ND DEPT
     Hon. Linda J. Christopher
     Associate Justice -- Appellate Division, Second Department

C: ~~Judge Egitto, chief family ct judge supervisor~~
   ~~Judge De-fiore, chief judge NY~~
   ~~Judge Marks, chioef admin judge ny~~
   ~~Judge Caruso, chief admin judge ny outside nyc~~
   ~~Judge Davidson, chief Judge Westchester~~

**Archived:** Friday, September 11, 2020 4:28:53 PM
**From:** Loomba, Lalit K.
**Sent:** Fri, 11 Sep 2020 14:46:50
**To:** Natoli, Michelle
**Subject:** FW: Brady violation in lower criminal case, upcoming nys human rights hearing against court for Brady violation and request to adjourn/reschedule date plaintiff's opposition to federal court motion to dismiss is due (Fishman v New Richelle and officer...
**Sensitivity:** Normal

---

Lalit K. Loomba
Of Counsel
Wilson Elser Moskowitz Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, NY 10604
914.872.7118 (Direct)
914.500.3902 (Cell)
914.323.7000 (Main)
914.323.7001 (Fax)
lalit.loomba@wilsonelser.com

**From:** marc fishman [mailto:█████████]
**Sent:** Monday, August 31, 2020 2:37 PM
**To:** Loomba, Lalit K. <Lalit.Loomba@wilsonelser.com>; romannysdchambers@nysd.uscourts.gov; tal5@westchestergov.com
**Subject:** Fwd: Brady violation in lower criminal case, upcoming nys human rights hearing against court for Brady violation and request to adjourn/reschedule date plaintiff's opposition to federal court motion to dismiss is due (Fishman v New Richelle and officer...

**[EXTERNAL EMAIL]**

Agreement to sixty day extension by defendant westchester county case 19-cv-00265-nsr

---------- Forwarded message ---------
**From: Langrin, Taryn A** <tal5@westchestergov.com>
Date: Thu, Aug 20, 2020 at 11:48 AM
Subject: Re: Brady violation in lower criminal case, upcoming nys human rights hearing against court for Brady violation and request to adjourn/reschedule date plaintiff's opposition to federal court motion to dismiss is due (Fishman v New Richelle and officer ...
To: marc fishman <█████████>, lalit.loomba@wilsonelser.com <lalit.loomba@wilsonelser.com>

Hi, the County consents to your request for an adjournment of the motions. At this time, we cannot agree to Mediation. Best regards to you in your health circumstances.

---

**From:** marc fishman <█████████>

**Sent:** Thursday, August 20, 2020 8:11 AM

**To:** lalit.loomba@wilsonelser.com,"Langrin, Taryn A" <tal5@westchestergov.com>

**CC:** "Joseph Goubeaud Esq, crimimal Atty" <JOELAW40@aol.com>

**Subject:** Brady violation in lower criminal case, upcoming nys human rights hearing against court for Brady violation and request to adjourn/reschedule date plaintiffs reply to federal court motion to dismiss is due (Fishman v New Richelle and officer

Schlesinger)

Dear Mrs. Chapman and Mr. Loomba:

Am writing to get your consent to adjourn the due date for the motion reply for federal motion to dismiss from September 16 to November 16, 2020. Am going in for cancer surgery and will not be able to work for thirty days in september.

In addition due to covid, there have been no court appearances in the state criminal case and my criminal attorney's two motions to dismiss have not been decided. Am attaching the motion to dismiss which we believe will be granted shortly in

westchester. However due to covid, state court appearances for April, may, june and July have been canceled and adjourned by judge Zuckerman to September 23, 2020. Cannot complete my opposition papers in federal court without an answer on the lower court

motion to dismiss the criminal charges and vacate the conviction.

Before I write to Honorable Judge Roman for the sixty day extension, wanted to get both of your opinions on this adjournment request and see if both of you would consent to mediation in the interim.

It Is clear the criminal charges will be dismissed by the state of new york. The only question is when. If the state dismisses in august or September that is great. If da scarpino refuses to withdraw charges incoming da momi rocah has indicated

she will drop the charges.

The discovery provided by mr.loomba in federal court proved police knew I was not served with order of protection before the arrest.   Police left the questioning room three times at the station when I asked for a police report.  Police stated

they were reading the notes in the order of protection three times online.  The discovery provided by Mr. Loomba stated , " note Party not served with order of protection."

This discovery was withheld by da and police in state court before and during state court trial.  My atty could not question police on this exonerating evidence.  In addition the police records

impeach the prosecution court clerk witness statements

and we did not have this required discovery. The jury did not have this exonerating evidence during trial. So am awaiting decision on Brady motion(see attached.)

In addition there is a nys human rights hearing next week for disability discrimination by the ny unified court system and their willful conduct to withhold evidence in this case and deny me accommodations for my disabilities. This nys human

rights action can effect this case greatly. We do not believe this Brady violation was unintentional. The discovery received in state court deliberately omits these pages from Mr loomba. As a disabled person under the ada regarded and acknowledged by the

state court, it Is illegal and retaliatory to intentionally withhold discovery from me as a disabled person. Nondisabled get full discovery timely. Nondisabled litigants are not prosecuted for twenty months on misdeamenors without appealable order..like

is being denied me in state court. This is disability didmscrimination by the county and police.

Am still willing to sit down and settle this case if both of you will agree to mediation.

Please get back to me with your decision on the adjournment and mediation.

Thank you.

Marc Fishman pro se

C: Joe Goubough, Esq.

**Archived:** Friday, September 11, 2020 4:28:58 PM
**From:** Loomba, Lalit K.
**Sent:** Fri, 11 Sep 2020 14:47:19
**To:** Natoli, Michelle
**Subject:** FW: Brady violation in lower criminal case, upcoming nys human rights hearing against court for Brady violation and request to adjourn/reschedule date plaintiff's opposition to federal court motion to dismiss is due (Fishman v New Richelle and officer...
**Sensitivity:** Normal

---

Lalit K. Loomba
Of Counsel
Wilson Elser Moskowitz Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, NY 10604
914.872.7118 (Direct)
914.500.3902 (Cell)
914.323.7000 (Main)
914.323.7001 (Fax)
lalit.loomba@wilsonelser.com

**From:** marc fishman [mailto:████████]
**Sent:** Monday, August 31, 2020 2:36 PM
**To:** Loomba, Lalit K. <Lalit.Loomba@wilsonelser.com>; romannysdchambers@nysd.uscourts.gov; tal5@westchestergov.com
**Subject:** Fwd: Brady violation in lower criminal case, upcoming nys human rights hearing against court for Brady violation and request to adjourn/reschedule date plaintiff's opposition to federal court motion to dismiss is due (Fishman v New Richelle and officer...

**[EXTERNAL EMAIL]**

Copy of opposing counsel response agreeing to two weeks 19-cv-00265 nsr

---------- Forwarded message ---------
**From: Loomba, Lalit K.** <Lalit.Loomba@wilsonelser.com>
Date: Thu, Aug 20, 2020 at 1:23 PM
Subject: RE: Brady violation in lower criminal case, upcoming nys human rights hearing against court for Brady violation and request to adjourn/reschedule date plaintiff's opposition to federal court motion to dismiss is due (Fishman v New Richelle and officer...
To: marc fishman <████████>, tal5@westchestergov.com <tal5@westchestergov.com>
CC: Joseph Goubeaud Esq, crimimal Atty <JOELAW40@aol.com>, Meisels, Peter <Peter.Meisels@wilsonelser.com>

Dear Mr. Fishman,

We can consent to a two-week extension of your time to oppose the City's motion to dismiss, on condition that service of your opposition is by email, and that

the motion return date and deadline for the City's reply is adjourned from September 16 to September 30, 2020.

Sincerely,

Lalit K. Loomba

Of Counsel

Wilson Elser Moskowitz Edelman & Dicker LLP

1133 Westchester Avenue

White Plains, NY 10604

914.872.7118 (Direct)

914.500.3902 (Cell)

914.323.7000 (Main)

914.323.7001 (Fax)

lalit.loomba@wilsonelser.com


**From:** marc fishman [mailto:█████████]

**Sent:** Thursday, August 20, 2020 12:11 PM

**To:** Loomba, Lalit K. <Lalit.Loomba@wilsonelser.com>; tal5@westchestergov.com

**Cc:** Joseph Goubeaud Esq, crimimal Atty <JOELAW40@aol.com>

**Subject:** Fwd: Brady violation in lower criminal case, upcoming nys human rights hearing against court for Brady violation and request to adjourn/reschedule date plaintiff's opposition to federal court motion to dismiss is due (Fishman v New Richelle

and officer...


**[EXTERNAL EMAIL]**


Dear mr loomba: Per our conversation, please advise tour clients position on the extension and adjournment of deadline to respond to your and Westchester county's motion.


Thank you.

Marc Fishman, pro se qualified disabled under ada

C: mrs taran Campbell westchester county esq

---------- Forwarded message ---------

From: **Langrin, Taryn A** <tal5@westchestergov.com>

Date: Thu, Aug 20, 2020, 11:48

Subject: Re: Brady violation in lower criminal case, upcoming nys human rights hearing against court for Brady violation and request to adjourn/reschedule date plaintiff's opposition to federal court motion to dismiss is due (Fishman v New Richelle and officer

...

To: marc fishman <████████████>,

lalit.loomba@wilsonelser.com <lalit.loomba@wilsonelser.com>

Hi, the County consents to your request for an adjournment of the motions. At this time, we cannot agree to Mediation. Best regards to you in your health circumstances.