UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------ x
MARC FISHMAN, INDIVIDUALLY, and on behalf of all others :
similarly situated,     :
    :     Docket No. 19 CV 265
                Plaintiff,     :     (NSR)
    :
        -against-     :
    :
CITY OF NEW ROCHELLE, New Rochelle Police Department, :
LANE SCHLESINGER, individually and in his administrative :
and official capacity as a police officer #1058 employed by the :
City of New Rochelle, JOSEPH F. SCHALLER, individually, and :
in his administrative and official capacity as a police :
commissioner/officer employed by the City of New Rochelle, and :
W. JOSEPH, individually, and in his administrative and official :
capacity as a police officer/detective #18 employed by the City of :
New Rochelle, and WESTCHESTER COUNTY, :
    :
                Defendants.     :
------------------------------------------------------------------------------ x


# THE CITY DEFENDANTS' SUPPLEMENTAL MEMORANDUM
# OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS


WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for City Defendants
1133 Westchester Avenue
White Plains, NY 10604
(914) 323-7000

**Introduction**

Defendants City of New Rochelle ("City"), Police Officer Lane Schlesinger,

Commissioner Joseph F. Schaller, and Sgt. Myron W. Joseph (s/h/a "W. Joseph") (collectively,

the "City Defendants"), respectfully submit this supplemental memorandum of law in support of

their motion to dismiss the complaint of plaintiff Marc Fishman ("Mr. Fishman" or "plaintiff").

This supplemental memorandum of law is filed pursuant to Court Order (D.E. 34), and in

response to plaintiff's letter to the Court dated October 13, 2020 ("Supplemental Opposition"),

which plaintiff submitted in further opposition to the City Defendants' motion.

**Preliminary Statement**

Plaintiff raises two points in his Supplemental Opposition. First, plaintiff argues that

Officer Schlesinger lacked probable cause to arrest him because Officer Schlesinger "knew" that

plaintiff had not been served with an order of protection and that, on the day of his arrest,

plaintiff was on a prepaid court-ordered supervised visit with his children. This contention is not

sufficient to avoid dismissal of plaintiff's complaint because conclusory allegations as to what an

officer may or may not have known are not credited on a motion to dismiss, and would in any

event be irrelevant to the objective standard that applies regarding probable cause. Second,

plaintiff argues that Title II of the Americans with Disabilities Act (ADA) applies to programs of

supervised visitation. But even assuming that were true – and plaintiff has cited no authority

demonstrating that to be the case -- plaintiff has still failed to plausibly allege an ADA or a

Rehabilitation Act claim against the City Defendants because plaintiff has not alleged that a City

policymaker acted with ill will, personal animus or deliberate indifference towards plaintiff

because of any alleged disability. And it is undisputed that there is no individual liability under

the ADA or the Rehabilitation Act.

Plaintiff's Supplemental Opposition is silent as to the other deficiencies outlined in the City Defendants' main brief (D.E. 29) and reply brief (D.E. 32).  Accordingly, for the reasons set forth therein, and as additionally explained below, the City Defendants' motion should be granted and the complaint as against them should be dismissed with prejudice.

## Argument

### POINT I
### THERE WAS PROBABLE CAUSE TO ARREST PLAINTIFF

As demonstrated in the main brief (D.E. 29, at Point VI, pp. 15-19), and the reply brief (D.E. 32, Point V, at pp. 4-8), Officer Schlesinger had probable cause, and at least arguable probable cause, to believe that plaintiff had violated orders of protection issued in favor of plaintiff's ex-wife based on trustworthy and corroborating information he received from the ex-wife and the social worker, Ms. Elliot.  Receipt of such information is sufficient to form probable cause for an arrest.  *See, e.g., Liang v. City of New York*, 2013 WL 5366394, at *8 (E.D.N.Y. Sept. 24, 2013) ("Courts in this circuit have repeatedly found that, in the absence of reason to doubt the complainant, an allegation that an individual has violated a stay away order supports probable cause for the arrest") (citing cases).

In his Supplemental Opposition, plaintiff argues to the contrary by making a series of conclusory assertions about what Officer Schlesinger knew: specifically, that Officer Schlesinger knew that plaintiff was "not served [with] the order of protection," that he did "not physically go on [his] ex-wife's property," and that plaintiff was on a "scheduled, prepaid court ordered visit." Supp. Opp. at 1.  However, conclusory allegations of what a police officer may or may not have known are not credited on a motion to dismiss.  *See Hendrix v. City of New York,* 2013 U.S. Dist. LEXIS 179259, at *31 (E.D.N.Y. Dec. 20, 2013) (conclusory allegation that defendant officers knew about plaintiff's medical condition but failed to accommodate him not sufficient on a

motion to dismiss); *Houghton v. Cardone,* 295 F. Supp. 2d 268, 278 (W.D.N.Y. 2003) (conclusory allegation that supervisors knew of subordinate officer's misconduct not sufficient to sustain a failure to supervise claim). In addition, as the determination of probable cause as a defense to a claim for false arrest and/or malicious prosecution is made on an objective standard, what Officer Schlesinger specifically knew, or did not know, is irrelevant to the issue of probable cause. *Picott v. Chatmon,* 2017 U.S. Dist. LEXIS 150878, at *13 (S.D.N.Y. Sept. 15, 2017). Accordingly, these allegations should not be credited or considered for purposes of the instant motion.

In addition, to the extent plaintiff is suggesting that Officer Schlesinger had a duty to investigate plaintiff's exculpatory theories before he would be entitled to make an arrest, that argument must be rejected because there is no duty to "investigate exculpatory defenses offered by the person being arrested or to assess the credibility of unverified claims of justification before making an arrest." *Jocks v. Tavernier,* 316 F.3d 128, 136 (2d Cir. 2003).

Plaintiff also briefly references his theory that he was never served with one of the orders of protection, and therefore Officer Schlesinger could not have probable cause to arrest. However, as explained in the City's Defendants' reply brief (D.E. 32, at pp 4-8), this argument should be rejected.

In short, plaintiff's argument relies on a "caveat note" placed in one of the orders of protection which states, in part: "Note: This Order has Not Been Served." Ex. B. However, in full the caveat note reads:

> **Defendant Advised in Court of Issuance and Contents of Order – Order is Enforceable** ***Note: This Order has Not Been Served***

*Id.* Accordingly, the caveat note upon which the plaintiff is placing so much reliance states that plaintiff was advised of the contents of the order in Court and that the "*Order is enforceable*."

- 3 -

*Id.* (emphasis added).  In addition, there were several other orders of protection issued against plaintiff, and the caveat notes accompanying those orders indicate not only that they were enforceable, but also that they were served on plaintiff.  *Id.*  Hence, a reasonable officer in Officer Schlesinger's position could believe that plaintiff violated one of the orders of protection where service was noted, or that the order of protection which stated that plaintiff was not served was nevertheless enforceable because, on its face, the order of protection states that it was enforceable.

Moreover, Ms. Elliot, the social worker, informed Officer Schlesinger that she *told* plaintiff that he was violating an order of protection by being in the vicinity of his ex-wife's home and attempting to have contact with his son.  Based on that fact, a reasonable officer in Officer Schlesinger's position could believe that the plaintiff was aware of the illegality of his actions at the time.   Based on these facts, Officer Schlesinger was in possession of "knowledge or reasonably trustworthy information of facts and circumstances" that would cause a "person of reasonable caution" to believe that plaintiff had violated the law.  *Mitchell v. City of New York,* 841 F.3d 72, 77 (2d Cir. 2016).  In other words, he had probable cause to arrest.

Probable cause is presumed when an arrestee is convicted.  *Corsini v. Brodsky,* 731 Fed. Appx. 15, 18 (2d Cir. April 13, 2018).  Here, plaintiff does not dispute that a jury found him guilty of violating an order of protection issued in favor of his ex-wife.  Yet he repeats the argument that the jury's finding of guilt has no bearing on the issue of probable cause until such time as he is sentenced.[1]  Plaintiff cites no case law or other authority for the proposition that a criminal defendant must be sentenced before a jury verdict finding him guilty is sufficient to establish probable cause for purposes of a civil claim of false arrest or malicious prosecution.

---

[1]  It is our understanding that Mr. Fishman's sentencing was recently adjourned from October 28, 2020 until December 2, 2020.

But even assuming, *arguendo*, that plaintiff is correct, the facts available to Officer Schlesinger at the time of plaintiff's arrest are sufficient to support the existence of probable cause, independent of the resolution of the criminal charges against him. Probable cause is similarly a defense to the claim for malicious prosecution. *See Colon v. City of New York*, 60 N.Y.2d 78, 82 (1983). Accordingly, whether or not plaintiff can be considered "convicted" of violating the order of protection, his claims of false arrest and malicious prosecution cannot prevail.

In sum, because Officer Schlesinger had probable cause, and arguable probable cause, to arrest, plaintiff's Section 1983 and common-law claim for false arrest and his common-law claim for malicious prosecution should be dismissed.

## POINT II

### PLAINTIFF FAILS TO PLAUSIBLY ALLEGE A VIOLATION OF TITLE II OF THE ADA ACT OR SECTION 504 OF THE REHABILITATION ACT

Title II of the Americans with Disabilities Act prohibits a public entity from discriminating against qualified individuals with disabilities "in the provision or operation of public services, programs, or activities." *Tennessee v. Lane,* 541 U.S. 509, 517 (2004). Because of similarities between the statutes, claims under the ADA are analyzed in tandem with claims under the Rehabilitation Act. *See Forziano v. Independent Group Home Living Program, Inc.,* 613 Fed Appx. 15, 18 (2d Cir. 2015).

Plaintiff argues first that Title II applies to the government program of supervised visitation, funded by the New York State courts, and that the New Rochelle Police Department violated Title II when they failed to order plaintiff's ex-wife to deliver the children to the police station so that Ms. Elliot could "effectuate visitation with a disabled person and his disabled son." Supp. Opp. at 2. This new claim, which is not set forth in plaintiff's complaint, does not state a claim for relief under the ADA of the Rehabilitation Act. First, plaintiff cites no authority for the

proposition that supervised visitation is covered by the ADA. In fact, the Supplemental Opposition only discusses probation. But even if that were true, police are not charged under the ADA with effectuating supervised visitation. Here, plaintiff's ex-wife raised a reasonably trustworthy allegation that plaintiff had violated an order of protection issued in her favor. The social worker, Ms. Elliot, confirmed the ex-wife's claims that plaintiff had violated the order of protection. Under these circumstances, *i.e.,* where reasonably trustworthy reports provide an officer with probable cause to make an arrest for violation of an order of protection, it would stand the ADA on its head to conclude that the ADA nevertheless obligates police to effectuate a supervised visitation when the parents are at odds as to whether a visitation should occur, and the facts available to a reasonable officer show that one parent disobeyed an order of protection.

Second, plaintiff argues that Title II's anti-discrimination mandate applies to all law enforcement activities, including arrests. However, even assuming, *arguendo,* that a law enforcement agency is subject to the provisions of the ADA, plaintiff has still not plausibly alleged a violation of the ADA. As demonstrated in the main brief (D.E. 29, Point IV, pp. 11-14), plaintiff's claims under the ADA and the Rehabilitation Act must be dismissed as against the individual defendants, because individuals are not subject to liability under either statute. As further demonstrated in the main brief, the ADA and Rehabilitation Act claims must also be dismissed as against the City because plaintiff did not, and cannot, allege that a City policymaker acted with ill will or personal animus towards plaintiff because of any alleged disability, or that a policymaker acted with deliberate indifference to plaintiff's alleged ADA rights. As demonstrated in the main brief, the Rehabilitation Act claim must be dismissed as against the City plaintiff did not allege that the City receives federal funds.

## POINT III

### THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED

Plaintiff's Supplemental Opposition does not address or otherwise dispute the arguments raised in the City Defendants' main brief that each of the individual defendants should be dismissed based on lack of personal jurisdiction, or that defendants Myron Joseph and Joseph F. Schaller should be dismissed on the additional ground of lack of personal involvement. For the reasons set forth in the main brief and the reply brief, plaintiff's complaint should be dismissed as against the individual defendants on these grounds.

## POINT IV

### THE REMAINING CLAIMS ASSERTED IN PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED

Plaintiff's Supplemental Opposition does not address the remaining claims in plaintiff's complaint, namely: (i) the Section 1983 claim alleging First Amendment retaliation; and (ii) plaintiff's common law claims for negligence, false arrest and malicious prosecution. For the reasons set forth in the main brief, these claims should be dismissed.

### Conclusion

Plaintiff's complaint should be dismissed with prejudice as against the City Defendants.

Dated:      White Plains, New York
            October 29, 2020

- 7 -

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for the City Defendants

Lalit K. Loomba

_____
Peter A. Meisels
Lalit K. Loomba

1133 Westchester Avenue
White Plains, New York 10604
(914) 323-7000
Our File No.  07367.00109

- 8 -

<u>Certificate of Service</u>

Lalit K. Loomba, an attorney admitted to practice law before the Courts of the State of New York and the United States District Court for the Southern District of New York, hereby certifies, under penalty of perjury, that on October 29, 2020, I caused the within document entitled **THE CITY DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS,** to be served on:

| MARC H. FISHMAN, *Pro Se*<br>3200 Netherland Avenue, Apt. G<br>Bronx, NY  10463 | OFFICE OF THE WESTCHESTER COUNTY ATTORNEY<br>Attorneys for Defendant Westchester County<br>148 Maritime Avenue, 6th Floor<br>White Plains, NY  10601<br>(914) 995-2684<br>Attn:  Taryn A. Chapman-Langrin, Esq. |

at the address(es) designated by said attorney(s) for that purpose by causing to be deposited a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

Lalit K. Loomba

_____
Lalit K. Loomba

11228851v.1