

LAW OFFICE OF
# CANER
DEMIRAYAK ESQ.

300 Cadman Plaza W, 12 FL
Brooklyn, NY 11201
**Fax: 646-679-2527**

718-344-6048
caner@canerlawoffice.com

November 11, 2021

Hon. Nelson S. Román
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

> **Re:**   **00194-Fishman v City of New Rochelle, et al.**
> **19-cv-00265-NSR**

Dear Judge Román:

I am the attorney of record for plaintiff, Marc H. Fishman, and submit this letter motion requesting an extension of time of sixty (60) days to file the amended complaint and to serve the individual defendants. This request will not affect any other deadlines and counsel for the defendants has consented to the requested adjournment. This request would render the amended complaint due by January 17, 2022, and service on the individual defendants by February 16, 2022.

The requested extension is necessary as I was retained on October 4, 2021, for defendant Marc Fishman in the criminal proceeding pending in the Westchester County Court arising from the allegations in this civil rights matter. On October 16, 2021, I filed a motion to set aside the guilty conviction and it is likely that the motion will be granted. A copy of the motion is annexed here. The District Attorney of Westchester County's response to the motion was due by November 3, 2021, but the assigned ADA has now requested an additional two weeks to respond. In the interim I provided the ADA with the full trial transcript minutes and requested the People agree to voluntarily dismiss the matter. In response the assigned ADA advised "I absolutely intend to do the right thing."

The assigned trial judge during the criminal proceeding originally agreed that the evidence adduced at trial was not sufficient to prove an actual violation of the order of protection but then allowed the jury to consider both actual criminal contempt in the second degree and attempted criminal contempt in the second degree. However, the trial judge did not present such lesser included charge to the jury in the alternative, and the jury found plaintiff guilty on both counts inconsistently and repugnantly. The case law is clear that the verdict is impossible and should be deemed an acquittal.

Moreover, the People's failure to disclose prior to trial the document proving that plaintiff was never served with the order of protection violated his rights of confrontation, denied him exculpatory evidence, and handicapped his ability to cross-examine Officer Schlesinger. Officer

Schlesinger also wrongly testified at trial that he was not aware of the carve out for visitation in the order of protection he wrongly detained, questioned and arrested plaintiff for.

The Officer testified that it was a full stay away order and that his system did not show him any visitation allowances, despite plaintiff attempting to explain this to him. The Officer also admitted that the order of protection did not have any specific distances of how far to stay away and that there was never an allegation that plaintiff ever went onto his ex-wife's property or came close to her. Thus, there was never probable cause or any cause to detain, arrest and question plaintiff.

A dismissal of the criminal proceedings or the grant of a new trial will have a significant impact on this civil rights matter, rendering the requested extension necessary to preserve all of plaintiff's claims and to avoid piecemeal litigation.

Thank you for your time and attention to this matter.

Very truly yours,

*Caner Demirayak*

Caner Demirayak, Esq.

CC:    All counsel via ECF