

LAW OFFICE OF

300 Cadman Plaza W, 12 FL
Brooklyn, NY 11201
**Fax: 646-679-2527**

718-344-6048
caner@canerlawoffice.com

Hon. Nelson S. Román                              January 17, 2022
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

  **Re:**  __00194-Fishman v City of New Rochelle, et al.__
     __19-cv-00265-NSR__

Dear Judge Román:

   I am the attorney of record for plaintiff, Marc H. Fishman, and submit this letter motion requesting a second extension of thirty (30) days to file the amended complaint and to serve the individual defendants. This request will not affect any other deadlines and counsel for the City defendants does not object to the requested adjournment. This request would render the amended complaint due by February 16, 2022, and service on the individual defendants by March 18, 2022.

   The requested extension is necessary as the plaintiff is set to be sentenced for the charges arising out of the allegations in this case on January 19, 2022. Since November 11, 2021, numerous developments have occurred in the criminal proceedings. Most importantly, the Westchester County District Attorney conceded in its opposition to the plaintiff's motion to set aside the verdict that the verdict is legally defective as the jury convicted plaintiff of both attempted and completed criminal contempt in the second degree as per the court's wrongful instructions. Despite both sides agreeing that the jury verdict was defective, the criminal court, in a 39-page decision, still refused to set aside the verdict. In that very same decision, the criminal judge issued a filing ban against any further motions by both plaintiff and his criminal defense attorney.

   In response to such a situation the undersigned filed a New York CPLR Article 78 petition for mandamus and prohibition against the criminal judge in the Appellate Division, Second Department. After a conference with the appellate division the petition was denied. During the conference it was stressed that the plaintiff should seek his recourse via a full appeal after sentencing. Thereafter the undersigned was exposed to and tested positive for COVID-19 with symptoms including a 104 fever. As a result, sentencing in the criminal court was adjourned and the undersigned's workflow slowed down as he recovered from COVID-19. Thus, the requested extension is necessary as my exposure to COVID-19 delayed my ability to complete work assignments.

   Additionally, one of the main witnesses for the People in the criminal case is due to provide an affidavit to change her testimony as to the order of protection, which was never served, in a manner that should render the verdict completely subject to reversal.

The affidavit of the witness will have a strong impact on the criminal matter and will shine additional light on the actions of law enforcement in this matter. Also, it should be noted that the criminal court judge has refused to allow the plaintiff to appear remotely or to be sentenced in his absence despite the People joining the request. However, the criminal court judge has now stated he will provide plaintiff the accommodation of Computer Accessed Realtime Transcription during sentencing but will not allow the plaintiff to submit sufficient evidence of a mitigation witness as to plaintiff's disability. Plaintiff had surgery to his foot last week and is currently using a wheelchair.

Thus, we respectfully request an extension of thirty (30) days to file and serve the amended complaint.

Thank you for your time and attention to this matter.

Very truly yours,

Caner J Demirayak

Caner Demirayak, Esq.

CC:    All counsel via ECF