

300 Cadman Plaza W, 12 FL
Brooklyn, NY 11201
Fax: 646-679-2527

718-344-6048
caner@canerlawoffice.com

Hon. Nelson S. Román   April 11, 2022
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

    Re:    **00194-Fishman v City of New Rochelle, et al.**
             **19-cv-00265-NSR**

Dear Judge Román:

    I am the attorney of record for plaintiff, Marc H. Fishman, and submit this letter motion for a pre-motion conference on plaintiff's expected motion pursuant to Federal Rule of Civil Procedure 4(m) for an extension of time to effect service of process on defendants Lane Schlesinger and Myron Joseph. The motion will also request substituted service via publication or other methods as per Rule 4(e)(i) and the New York Civil Practice Law and Rules. I have spoken with counsel for defendants who does not consent to the requested extension of time to effect service or any relief.

    As of this date defendants Joseph Schaller and Robert Gazzolla have been served with the amended complaint. Once the amended complaint was complete I began to prepare amended summonses for Lane Schlesinger and Myron Joseph. In order to assist in determining the whereabouts of these defendants I conducted comprehensive person searches for each defendant on Lexis Nexis. According to the report for Schlesinger his current home address was obtained. *See* **Exhibit "A."** The process server was unable to serve Schlesinger at his current home address. As such the process server is now in the process of serving Schlesinger at his other listed home address or at his place of employment, the New Rochelle Police Department. Schlesinger was not served at his place of employment as when the pro se plaintiff attempted that method previously, service was refused by the precinct.

    Schlesinger has known of Marc Fishman's lawsuit against him for years and even testified about the lawsuit during cross-examination during the criminal trial against Fishman which arose from the events alleged in this case. As such it appears Schlesinger is purposefully avoiding service despite confirmation via the Lexis search of his home address. A similar Lexis report and search was conducted for Myron Joseph who has likewise not accepted service at his listed home addresses. Joseph also knew of Fishman's claims for years and has been represented by counsel throughout the proceedings. Service on Schaller and Gazzolla was made possible by the same Lexis comprehensive person searches.



As described herein the undersigned has exercised diligence and has shown good cause in determining the home addresses of the defendants for service and sent the summons and complaint for service on March 23, 2022. The process server then went to the current home addresses of the defendants and was unable to successfully serve the defendants. The defendants' refusal to accept service and other attempts to conceal the defective service is beyond the plaintiff's control. There is good cause shown for the failure to timely serve the defendants. *See Zapata v. City of New York*, 502 F.3d 192 (2d Cir. 2007) (good cause is not necessary for the court to grant a discretionary extension so long as there is a colorable excuse for the delay).

In any event, this Court should grant an extension of time to effect service as (1) the statute of limitations on these section 1983 claims has expired and will bar any subsequent action (2) Schlesinger has actual notice of the claims and testified in 2020 during the criminal trial specifically about these claims and he lawsuit (3) the defendants have concealed the defect in service despite plaintiff's process server physically going to their home addresses and (4) defendants will not be prejudiced by the extension. *See Purzak v. Long Island Hous. Servs.*, 2013 U.S. Dist. Lexis 131171 (E.D.N.Y. 2013).

The plaintiff needs additional time to serve the defendants so that it can establish the ability to request service by publication pursuant to CPLR 308(5).

As such, the plaintiff respectfully requests a pre-motion conference on a motion for an extension of time to serve Lane Schlesinger and Myron Joseph or for substituted service as per CPLR 308(5).

Very truly yours,

Caner Demirayak, Esq.

CC:   All counsel via ECF