**MEMORANDUM ENDORSEMENT**

Fishman v. City of New Rochelle et al

7-19-cv-00265-NSR

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/12/2022
```

**MEMO ENDORSED**

The Court has reviewed Plaintiff's letters dated April 11, 2022 and April 12, 2022 (ECF Nos. 66 & 69) and Defendants' letter dated April 12, 2022. (ECF No. 68). Plaintiff's request for a conference is denied and the pre-motion conference requirement is waived. Plaintiff is granted leave to file the proposed motion with the following briefing schedule: Plaintiff's moving papers shall be served (not filed) on or before May 12, 2022; Defendants' opposition papers shall be served (not filed) on or before June 13, 2022; Plaintiff's reply papers shall be served on or before June 28, 2022.

All motion documents shall be filed on the reply date, June 28, 2022. The parties are directed to mail two courtesy copies of their motion documents to Chambers as they are served. The Clerk of the Court is kindly directed to remove ECF No. 67 from the public docket and to file it under seal, and to terminate the motions at ECF Nos. 66, 68, & 69.

Dated: April 12, 2022
      White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge



300 Cadman Plaza W, 12 FL
Brooklyn, NY 11201
Fax: 646-679-2527

718-344-6048
caner@canerlawoffice.com

Hon. Nelson S. Román
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

April 11, 2022

    Re:    <u>00194-Fishman v City of New Rochelle, et al.</u>
              <u>19-cv-00265-NSR</u>

Dear Judge Román:

    I am the attorney of record for plaintiff, Marc H. Fishman, and submit this letter motion for a pre-motion conference on plaintiff's expected motion pursuant to Federal Rule of Civil Procedure 4(m) for an extension of time to effect service of process on defendants Lane Schlesinger and Myron Joseph. The motion will also request substituted service via publication or other methods as per Rule 4(e)(i) and the New York Civil Practice Law and Rules. I have spoken with counsel for defendants who does not consent to the requested extension of time to effect service or any relief.

    As of this date defendants Joseph Schaller and Robert Gazzolla have been served with the amended complaint. Once the amended complaint was complete I began to prepare amended summonses for Lane Schlesinger and Myron Joseph. In order to assist in determining the whereabouts of these defendants I conducted comprehensive person searches for each defendant on Lexis Nexis. According to the report for Schlesinger his current home address was obtained. *See* **Exhibit "A."** The process server was unable to serve Schlesinger at his current home address. As such the process server is now in the process of serving Schlesinger at his other listed home address or at his place of employment, the New Rochelle Police Department. Schlesinger was not served at his place of employment as when the pro se plaintiff attempted that method previously, service was refused by the precinct.

    Schlesinger has known of Marc Fishman's lawsuit against him for years and even testified about the lawsuit during cross-examination during the criminal trial against Fishman which arose from the events alleged in this case. As such it appears Schlesinger is purposefully avoiding service despite confirmation via the Lexis search of his home address. A similar Lexis report and search was conducted for Myron Joseph who has likewise not accepted service at his listed home addresses. Joseph also knew of Fishman's claims for years and has been represented by counsel throughout the proceedings. Service on Schaller and Gazzolla was made possible by the same Lexis comprehensive person searches.



As described herein the undersigned has exercised diligence and has shown good cause in determining the home addresses of the defendants for service and sent the summons and complaint for service on March 23, 2022. The process server then went to the current home addresses of the defendants and was unable to successfully serve the defendants. The defendants' refusal to accept service and other attempts to conceal the defective service is beyond the plaintiff's control. There is good cause shown for the failure to timely serve the defendants. *See Zapata v. City of New York*, 502 F.3d 192 (2d Cir. 2007) (good cause is not necessary for the court to grant a discretionary extension so long as there is a colorable excuse for the delay).

In any event, this Court should grant an extension of time to effect service as (1) the statute of limitations on these section 1983 claims has expired and will bar any subsequent action (2) Schlesinger has actual notice of the claims and testified in 2020 during the criminal trial specifically about these claims and he lawsuit (3) the defendants have concealed the defect in service despite plaintiff's process server physically going to their home addresses and (4) defendants will not be prejudiced by the extension. *See Purzak v. Long Island Hous. Servs.*, 2013 U.S. Dist. Lexis 131171 (E.D.N.Y. 2013).

The plaintiff needs additional time to serve the defendants so that it can establish the ability to request service by publication pursuant to CPLR 308(5).

As such, the plaintiff respectfully requests a pre-motion conference on a motion for an extension of time to serve Lane Schlesinger and Myron Joseph or for substituted service as per CPLR 308(5).

Very truly yours,

Caner Demirayak, Esq.

CC: All counsel via ECF


# WILSON ELSER
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

Lalit K. Loomba, Esq.
Direct dial: (914) 872-7118
lalit.loomba@wilsonelser.com

April 12, 2022

**By ECF**
Hon. Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

Re: Marc H. Fishman v. City of New Rochelle, et al., Docket No. 19-CV-265 (NSR)
Our File No. 07367.00109

Dear Judge Román:

We represent the City of New Rochelle, Police Officer Lane Schlesinger, Retired Police Commissioner Joseph F. Schaller, Sergeant Myron Joseph and Police Commissioner Robert Gazzola in the referenced action.

On April 11, 2022, plaintiff filed a declaration in support of a motion for pre-motion conference that is riddled with unredacted personal identifying information concerning the individual City Defendants including: home addresses, partial dates of birth, partial social security numbers, the names of non-parties living at particular addresses, email addresses, Vehicle Identification Numbers, real property records, mortgage information, and phone numbers.

We emailed plaintiff's counsel this morning and requested that he immediately remove the declaration and exhibits and re-filed with the personal identifying information in redacted form. We have yet to hear from him and are not sure whether he has received our communication. Given the extremely sensitive nature of the information that is now publicly filed on the Court's Electronic Filing System, we request that the Court strike plaintiff's counsel's declaration, Docket Entry No. 67, and each of the exhibits thereto, from the Court's public docket.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Lalit K. Loomba

Lalit K. Loomba

Cc: Counsel of Record via ECF

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Kentucky • Las Vegas • London • Los Angeles • Miami
Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Virginia • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris

wilsonelser.com

11257326v.1



300 Cadman Plaza W, 12 FL
Brooklyn, NY 11201
Fax: 646-679-2527

718-344-6048
caner@canerlawoffice.com

Hon. Nelson S. Román
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

April 12, 2022

Re: <u>00194-Fishman v City of New Rochelle, et al.</u>
<u>19-cv-00265-NSR</u>

Dear Judge Román:

    I am the attorney of record for plaintiff, Marc H. Fishman, and submit this letter motion to seal ECF docket number 67, and particularly exhibit 1. Prior to filing this motion I submitted a request to the ECF Helpdesk to immediately seal ECF 67 temporarily and the entry is now sealed. This entry was inadvertently submitted without a sealing request. I am now making this motion in an abundance of caution and at the insistence of defense counsel. The proposed redacted version is hereby submitted in accordance with ECF Rule 21.3.

    As detailed in the motion for a pre-motion conference on plaintiff's request for an extension of time to effect service on officers Lane Schlesinger and Myron Joseph, such defendants have been exceedingly difficult to serve. When plaintiff was pro se he hired a process server who waited for hours at the New Rochelle Police Department to serve the officers as the department would not accept service. Once I was retained and prepared amended summonses, I sought to determine the residences of such defendants to avoid repeating the pro se plaintiff's prior inability to serve these defendants. However, the defendants are still engaging in methods to avoid service. As the plaintiff has an obligation to show due diligence in attempting to serve the defendants, I wanted to show the Court that the home addresses were are attempting to serve Schlesinger at are legitimate and current. The defendants are doing everything possible to avoid plaintiff's meritorious claims.

    As such, the plaintiff respectfully requests the court seal ECF 67 and accept for filing the redacted version of exhibit 1 to the undersigned's declaration.

Very truly yours,

*Caner J Demirayak*
Caner Demirayak, Esq.

CC: All counsel via ECF