

Lalit K. Loomba, Esq.
Direct dial: (914) 872-7118
lalit.loomba@wilsonelser.com

April 22, 2022

**By ECF**

Hon. Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

Re:    Marc H. Fishman, v. City of New Rochelle, et al, Docket No. 19-CV-265 (NSR)
       Our File No.  07367.00109

Dear Judge Román:

We represent the City of New Rochelle, Police Officer Lane Schlesinger, Retired Police Commissioner Joseph F. Schaller, Sergeant Myron Joseph and Police Commissioner Robert Gazzola, sued in his official capacity only (collectively, the "City Defendants"). We are writing to request a pre-motion conference or, if a conference is not necessary, a briefing schedule for the City Defendants' proposed motion to dismiss certain claims set forth in plaintiff's amended complaint. In particular, the proposed motion would address each claim in the amended complaint except the claims under the Americans with Disabilities Act ("ADA") and Rehabilitation Act.

Background

In ruling on the City Defendants' motion to dismiss plaintiff's original complaint, this Court (i) held that plaintiff's original complaint plausibly alleged claims under the ADA and the Rehabilitation Act; (ii) dismissed all claims for relief against the individual City Defendants for insufficiency of service or process; and (iii) dismissed, without prejudice, all of the remaining claims. (D.E. 38) The Court provided plaintiff an opportunity to replead. *Id.*

Plaintiff, now represented by counsel, filed an amended complaint on March 12, 2022. (D.E. 52) The amended complaint restates the ADA and Rehabilitation Act claims, and adds the following nine additional claims for relief: (i) Section 1983 false arrest; (ii) Section 1983 denial of fair trial; (iii) Section 1983 malicious prosecution; (iv) Section 1983 failure to intervene; (v) Section 1983 supervisory liability; (vi) a *Monell* claim against the City; (vii) Section 1983 First Amendment retaliation; (viii) a purported Section 1983 claim entitled "Federal Civil Rights Violations"; and finally (ix) Section 1983 conspiracy. These additional claims were not set forth in plaintiff's original complaint.

At plaintiff's request, the deadline to serve the individual defendants was extended to April 17, 2022, (D.E. 45), and, in light of that extension, by stipulation and order dated March 17, 2022, the deadline for the defendants to respond to the amended complaint was extended until May 13, 2022. (D.E.62)

On April 11, 2022, before his deadline to serve the individual defendants had expired, plaintiff wrote to the Court seeking a pre-motion conference for a motion to further extend the deadline for service of

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Kentucky • Las Vegas • London • Los Angeles • Miami
Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Virginia • Washington, DC • West Palm Beach • White Plains
Affiliates  Berlin • Cologne • Frankfurt • Munich • Paris

**wilsonelser.com**

11257326v.1

Hon. Nelson S. Román
April 22, 2022
Page 2

process and/or to authorize substitute service. (D.E. 66)  By order dated April 12, 2022, the Court waived a pre-motion conference and set the following bring schedule for plaintiff's motion: motion to be served on May 12, 2022; opposition to be served on June 13, 2022; reply to be served (and all papers filed) on June 28, 2022.  The deadline for defendants to respond to the amended complaint remains May 13, 2022.

Argument

The City Defendants will raise the following arguments in their proposed motion to dismiss.

1.  Plaintiff's Section 1983 false arrest claim is barred by his underlying criminal conviction. Independently, there was probable cause, and arguable probable cause, to arrest plaintiff. *Weyant v. Okst*, 101 F.3d 845 (2d Cir. 1996).

2.  Plaintiff's Section 1983 fair trial claim fails because the underlying criminal case terminated with plaintiff's guilt, and therefore the instant civil action would impermissibly impugn plaintiff's state-court criminal conviction. *Small v. Collins*, 10 F.4th 117 (2d Cir. 2021).

3.  Plaintiff's Section 1983 malicious prosecution claim cannot prevail because the underlying criminal case did not terminate in plaintiff's favor.  In addition, there was probable cause to prosecute plaintiff for the crimes charged.

4.  Plaintiff's Section 1983 failure to intervene claim fails because there are no viable underlying constitutional claims.  In addition, a failure to intervene claim would merge with the direct claims lodged against the individual defendants.

5.  Plaintiff's Section 1983 supervisory liability claim fails because it merges with the direct claims lodged against the individual defendants. *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020).

6.  Plaintiff's *Monell* claim, based on an alleged failure to train, fails because plaintiff did not allege specific deficiencies in the City's training program, or prior instances of constitutional violations that would have put the City on notice of the need for better or different training. *Cotto v. City of New York*, 803 Fed. Appx. 500 (2d Cir. 2020).

7.  Plaintiff's First Amendment retaliation claim fails because he has not alleged an "adverse action" that rises to the level of a constitutional violation.  He merely claims that as a result of requesting an accommodation for his alleged ADA disability he was the denied the right to file a criminal complaint with the police department asserting that his ex-wife violated their separation and custody agreement.  Moreover, as against the City the claim fails because, as was the case for the original complaint, plaintiff has failed to allege "specific policies, customs or practices enforced by the City that would plausibly lead to his alleged constitutional violation[] of First Amendment retaliation."  Order (D.E. 38), at 14.

8.  Plaintiff's purported claim for "Federal Civil Rights Violations" does not plausibly assert a coherent claim separate and apart from any of the others alleged.

9.  Plaintiff's Section 1983 conspiracy claim is devoid of any particular or specific allegations and therefore cannot survive a motion to dismiss. *Ciambriello v. County of Nassau*, 292 F.3d 307 (2d Cir. 2002).

Hon. Nelson S. Román
April 22, 2022
Page 3

10.    Sgt. Myron Joseph should be dismissed from this action on grounds of lack of personal participation. *Wright v. Smith,* 21 F.3d 496 (2d Cir. 1994).

11.    Finally, the individual defendants reserve the right to contest lack of personal jurisdiction.

The above are the main arguments that the City Defendants would raise with respect to the claims asserted in plaintiff's amended complaint. The City Defendants respectfully reserve the right to raise additional arguments depending on plaintiff's opposition.

Finally, the City Defendants also seek to adjourn the deadline for answering the ADA and Rehabilitation Act claims until 14 days after the Court rules upon the proposed motion to dismiss.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Lalit K. Loomba

cc :  counsel of record via ECF

11257326v.1