

**George Latimer**
**County Executive**

Office of the County Attorney

John M. Nonna
County Attorney

April 22, 2022

Hon. Nelson S. Roman
United States District Judge
Southern District of New York
The Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, N.Y. 10601

Re:     *Marc H. Fishman v. City of New Rochelle, et al.*
        19-000265 (NSR)
        Pre-Motion Letter

Dear Judge Roman,

    I represent the County of Westchester ("County") in the above referenced action. The County respectfully requests a pre-motion conference, or in the alternative, a briefing schedule for the County's proposed motion to dismiss.

    In his Amended Complant ("AC), Plaintiff seeks compensatory and punitive damages, attorneys' fees, costs and declaratory and injunctive relief from the "collective" defendants in connection with his arrest by co-defendants on or about December 15, 2018 and against all defendants[1] for the "abusive criminal proceedings" which led to a jury verdict. Plaintiff's first Complaint was dismissed in its entirety against the County and he filed the AC on March 10, 2022. While Plaintiff includes the County in the caption of his AC, it is unclear, at best, what claims he intends to pursue as against the County, even after this Court issued an Order and Opinion highlighting the deficiencies in his initial Complaint explaining, *inter alia*, why his *Monell* and other claims were dismissed.

    The allegations that pertain to the County are limited to the following:

---

[1] "Group pleading does not meet the minimum pleading requirements." *See, Farmer v. Cty. of Westchester*, 18-cv-2691 (NSR), 2021 U.S. Dist. LEXIS 175597, at *20-23 (S.D.N.Y. September 15, 2021).

Michaelian Office Building
148 Martine Avenue, 6th Floor
White Plains, New York 10601          Telephone: (914)995-2676          Website: westchestergov.com

- The County is "responsible for the actions of its prosecutors" and allowed Plaintiff to be prosecuted knowing that he was innocent.  *See*, AC para. 16; *see also* paras. 61, 62, 67, 71,[2],103, 120[3] and 127.
- The County "refused to provide discovery documents in the criminal action in an accessible format to plaintiff, including in large print.  The discovery documents were very blurry and difficult for anyone, let alone a person with a cognitive disability to understand."  *Id*. at para. 17; *see also* para. 86
- "Defendants are liable to plaintiff because they agreed to act in concert… to inflict unconstitutional injuries, and committed overt acts…" *Id*. at para. 148.

Even if the facts alleged in the AC are accepted as true, only for the purposes of the instant motion, they fail to state a plausible claim against the County.  *See*, *Wilson v. Merrill Lynch & Co., Inc*., 671 F. 3d 120, 128 (2d Cir. 2011), *citing Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).  As such the arguments which the County intends to raise in its proposed motion to dismiss are set forth below.

*Monell*

The AC is devoid of any allegation from which the Court could infer "that any alleged constitutional violations were caused by a municipal custom or policy."  *Torres v. Vasta*, 18-cv-8706 (KMK), 2019 U.S. Dist. LEXIS 163769, at *10 (S.D.N.Y. September 24, 2019) (*citations omitted*); *see also Vann v. City of Rochester*, 18-cv-06464 (MAT), 2019 U.S. Dist. LEXIS 108033, at *21-23 (W.D.N.Y. June 27, 2019), *citing*, *Bellamy v. City of New York*, 914 F.3d 727 (2d Cir. 2019)(*other citations*);  *Abdullah v. City of New York*, *supra* at 6; *Uquinn Banks v. McLaughlin*, 19-cv-4127 (CM), 2019 U.S. Dist. LEXIS 237280, at *16-17 (S.D.N.Y. July 8, 2019).  In addition, the failure to allege an underlying constitutional violation is fatal to a *Monell* claim.  *See, Reich v. City of New York,* 19-cv-6491 (EK)(RER), 2021 U.S. Dist. LEXIS 137948, at * 21-22 (E.D.N.Y. July 23, 2021).

To the extent that the AC is construed as asserting a "failure to train" claim, it is defective as a matter of law.  "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train," and such failure "must amount to deliberate indifference to the rights of persons with whom the untrained employees come into contact."  *See*, *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (*internal citations and quotations omitted*).  Plaintiff must show that the failure to provide particular training was the actual cause of the constitutional violation.   *Id.* at 59 n.5.  "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action."  *See, McCray v. Caparco,* 761 Fed. Appx. 27, 31-32  (2d Cir. 2019)(*citation omitted*); *see also O'Neal v. City of New York*, 196 F. Supp. 3d 421, 435 (S.D.N.Y. 2016)(pleading standard for a *Monell* failure to train claim), *aff'd. on other grounds*, 679 Fed. Appx. 16 (2017), *cert den*. 138 S. Ct. 559 (2017); *Greene v. City of New York*, 742 Fed. Appx. 532, 536-37 (2d Cir. 2018)(in order to establish a *Monell* claim for failure to train prosecutors with respect to disclosure obligations, a plaintiff must show an underlying constitutional violation that was "preceded by a pattern of similar constitutional violations" concerning "nondisclosure of the same sort of evidence" and that it resulted from the municipality's training policies).  The failure to allege the specific deficiencies in the training program is a fatal defect.  *See, Cotto v. City of New York*, 803 Fed. Appx. 500 (2d Cir. 2020).

---

[2] While one of the charges was dismissed after a verdict, Plaintiff was found guilty of the other charge.
[3] The Eighth Cause of Action for *Monell* is asserted against all defendants but only mentions the City of New Rochelle.

*Title II of the ADA*

Plaintiff failed to plausibly allege that the County violated his rights under Title II of the ADA or under the Rehabilitation Act. The allegation that Plaintiff received discovery which was blurry or not printed large enough is insufficient to state such a claim *See, Fishman v. Office of Court Admin. N.Y. State Courts*, 2021 U.S. App. LEXIS 29233 (2d Cir. September 28, 2021)(Plaintiff failed to plausibly allege that he was a qualified individual with a disability under Title II of the ADA)[4]; *see also Manuel v. New York*, 18-cv-11820 (VB), 2020 U.S. Dist. LEXIS 178756, at *8-9 (S.D.N.Y. September 28, 2020) (to allege a Title II claim, a plaintiff must allege intentional discrimination on the basis of his or her disability and denial of a benefit of participation in a program); *Mills v. Cnty. Court Justice*, 04-cv-0142A(Sr), 2004 U.S. Dist. LEXIS 32676, at *5-8 (W.D.N.Y. May 10, 2004)(a plaintiff who alleged that his rights were violated under Title II of the ADA failed to allege a claim where his claims stemmed from his criminal prosecution).

*Conspiracy*

Conclusory allegations of a conspiracy are insufficient to withstand a motion to dismiss. *See, Farmer v. Cty. of Westchester*, *supra* at 32-34.

*Declaratory Relief*

Any request for declaratory and or injunctive relief are without merit as to the County because, *inter alia*, "they are intertwined with the claim for money damages" and ask the Court only to "recognize a past wrong" rather than seeking any prospective relief. *See Murdock v. Legal Aid Soc'y*, 14-cv-0508 (JS)(SIL), 2015 U.S. Dist. LEXIS 1487, *9-10 (E.D.N.Y. January 6, 2015).

Respectfully,
JOHN M. NONNA
Westchester County Attorney
By: s/ Irma Cosgriff_____
    Irma Cosgriff
    Associate County Attorney

Cc: Counsel of record via ECF

---

[4] In his Complaint against the State, Plantiff claimed that, *inter alia*, the denial of large print court orders violated his rights under Title II of the ADA. The Court dismissed his claims with prejudice. *See*, Dkt. No. 84, 18-cv-00282 (KMK).