```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/25/2022
```

**MEMORANDUM ENDORSEMENT**

Fishman v. City of New Rochelle et al

7-19-cv-00265-NSR

**MEMO ENDORSED**

The Court has reviewed the City Defendants' letter dated April 22, 2022 (ECF No. 72) and the County's letter dated April 22, 2022 (ECF No. 74). The Defendants' requests for a conference are denied and the pre-motion conference requirement is waived. Defendants are granted leave to file the proposed motions with the following briefing schedule: Defendants' moving papers shall be served (not filed) on or before May 26, 2022; Plaintiff's opposition papers shall be served (not filed) on or before June 27, 2022; Defendants' reply papers shall be served on or before July 12, 2022.

All motion documents shall be filed on the reply date, July 12, 2022. The parties are directed to mail two courtesy copies of their motion documents to Chambers as they are served. The City Defendants' deadline to answer the ADA and Rehabilitation Act claims is extended to 14 days after the Court rules upon the proposed motions to dismiss. The Clerk of the Court is kindly directed to terminate the motion at ECF Nos. 72 and 74.

Dated: April 25, 2022
`       White Plains, NY

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge



Lalit K. Loomba, Esq.
Direct dial: (914) 872-7118
lalit.loomba@wilsonelser.com

April 22, 2022

**By ECF**

Hon. Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

Re:   Marc H. Fishman, v. City of New Rochelle, et al, Docket No. 19-CV-265 (NSR)
      Our File No. 07367.00109

Dear Judge Román:

We represent the City of New Rochelle, Police Officer Lane Schlesinger, Retired Police Commissioner Joseph F. Schaller, Sergeant Myron Joseph and Police Commissioner Robert Gazzola, sued in his official capacity only (collectively, the "City Defendants"). We are writing to request a pre-motion conference or, if a conference is not necessary, a briefing schedule for the City Defendants' proposed motion to dismiss certain claims set forth in plaintiff's amended complaint. In particular, the proposed motion would address each claim in the amended complaint except the claims under the Americans with Disabilities Act ("ADA") and Rehabilitation Act.

Background

In ruling on the City Defendants' motion to dismiss plaintiff's original complaint, this Court (i) held that plaintiff's original complaint plausibly alleged claims under the ADA and the Rehabilitation Act; (ii) dismissed all claims for relief against the individual City Defendants for insufficiency of service or process; and (iii) dismissed, without prejudice, all of the remaining claims. (D.E. 38) The Court provided plaintiff an opportunity to replead. *Id.*

Plaintiff, now represented by counsel, filed an amended complaint on March 12, 2022. (D.E. 52) The amended complaint restates the ADA and Rehabilitation Act claims, and adds the following nine additional claims for relief: (i) Section 1983 false arrest; (ii) Section 1983 denial of fair trial; (iii) Section 1983 malicious prosecution; (iv) Section 1983 failure to intervene; (v) Section 1983 supervisory liability; (vi) a *Monell* claim against the City; (vii) Section 1983 First Amendment retaliation; (viii) a purported Section 1983 claim entitled "Federal Civil Rights Violations"; and finally (ix) Section 1983 conspiracy. These additional claims were not set forth in plaintiff's original complaint.

At plaintiff's request, the deadline to serve the individual defendants was extended to April 17, 2022, (D.E. 45), and, in light of that extension, by stipulation and order dated March 17, 2022, the deadline for the defendants to respond to the amended complaint was extended until May 13, 2022. (D.E.62)

On April 11, 2022, before his deadline to serve the individual defendants had expired, plaintiff wrote to the Court seeking a pre-motion conference for a motion to further extend the deadline for service of

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Kentucky • Las Vegas • London • Los Angeles • Miami
Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Virginia • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris

wilsonelser.com

11257326v.1

Hon. Nelson S. Román
April 22, 2022
Page 2

process and/or to authorize substitute service. (D.E. 66) By order dated April 12, 2022, the Court waived a pre-motion conference and set the following bring schedule for plaintiff's motion: motion to be served on May 12, 2022; opposition to be served on June 13, 2022; reply to be served (and all papers filed) on June 28, 2022. The deadline for defendants to respond to the amended complaint remains May 13, 2022.

Argument

The City Defendants will raise the following arguments in their proposed motion to dismiss.

1. Plaintiff's Section 1983 false arrest claim is barred by his underlying criminal conviction. Independently, there was probable cause, and arguable probable cause, to arrest plaintiff. *Weyant v. Okst*, 101 F.3d 845 (2d Cir. 1996).

2. Plaintiff's Section 1983 fair trial claim fails because the underlying criminal case terminated with plaintiff's guilt, and therefore the instant civil action would impermissibly impugn plaintiff's state-court criminal conviction. *Small v. Collins*, 10 F.4th 117 (2d Cir. 2021).

3. Plaintiff's Section 1983 malicious prosecution claim cannot prevail because the underlying criminal case did not terminate in plaintiff's favor. In addition, there was probable cause to prosecute plaintiff for the crimes charged.

4. Plaintiff's Section 1983 failure to intervene claim fails because there are no viable underlying constitutional claims. In addition, a failure to intervene claim would merge with the direct claims lodged against the individual defendants.

5. Plaintiff's Section 1983 supervisory liability claim fails because it merges with the direct claims lodged against the individual defendants. *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020).

6. Plaintiff's *Monell* claim, based on an alleged failure to train, fails because plaintiff did not allege specific deficiencies in the City's training program, or prior instances of constitutional violations that would have put the City on notice of the need for better or different training. *Cotto v. City of New York*, 803 Fed. Appx. 500 (2d Cir. 2020).

7. Plaintiff's First Amendment retaliation claim fails because he has not alleged an "adverse action" that rises to the level of a constitutional violation. He merely claims that as a result of requesting an accommodation for his alleged ADA disability he was the denied the right to file a criminal complaint with the police department asserting that his ex-wife violated their separation and custody agreement. Moreover, as against the City the claim fails because, as was the case for the original complaint, plaintiff has failed to allege "specific policies, customs or practices enforced by the City that would plausibly lead to his alleged constitutional violation[] of First Amendment retaliation." Order (D.E. 38), at 14.

8. Plaintiff's purported claim for "Federal Civil Rights Violations" does not plausibly assert a coherent claim separate and apart from any of the others alleged.

9. Plaintiff's Section 1983 conspiracy claim is devoid of any particular or specific allegations and therefore cannot survive a motion to dismiss. *Ciambriello v. County of Nassau*, 292 F.3d 307 (2d Cir. 2002).

Hon. Nelson S. Román
April 22, 2022
Page 3

10. Sgt. Myron Joseph should be dismissed from this action on grounds of lack of personal participation. *Wright v. Smith*, 21 F.3d 496 (2d Cir. 1994).

11. Finally, the individual defendants reserve the right to contest lack of personal jurisdiction.

The above are the main arguments that the City Defendants would raise with respect to the claims asserted in plaintiff's amended complaint. The City Defendants respectfully reserve the right to raise additional arguments depending on plaintiff's opposition.

Finally, the City Defendants also seek to adjourn the deadline for answering the ADA and Rehabilitation Act claims until 14 days after the Court rules upon the proposed motion to dismiss.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Lalit K. Loomba

cc : counsel of record via ECF

11257326v.1



**George Latimer**
**County Executive**

Office of the County Attorney

John M. Nonna
County Attorney

April 22, 2022

Hon. Nelson S. Roman
United States District Judge
Southern District of New York
The Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, N.Y.  10601

Re:   *Marc H. Fishman v. City of New Rochelle, et al.*
      19-000265 (NSR)
      Pre-Motion Letter

Dear Judge Roman,

      I represent the County of Westchester ("County") in the above referenced action. The County respectfully requests a pre-motion conference, or in the alternative, a briefing schedule for the County's proposed motion to dismiss.

      In his Amended Complant ("AC), Plaintiff seeks compensatory and punitive damages, attorneys' fees, costs and declaratory and injunctive relief from the "collective" defendants in connection with his arrest by co-defendants on or about December 15, 2018 and against all defendants[1] for the "abusive criminal proceedings" which led to a jury verdict. Plaintiff's first Complaint was dismissed in its entirety against the County and he filed the AC on March 10, 2022. While Plaintiff includes the County in the caption of his AC, it is unclear, at best, what claims he intends to pursue as against the County, even after this Court issued an Order and Opinion highlighting the deficiencies in his initial Complaint explaining, *inter alia*, why his *Monell* and other claims were dismissed.

      The allegations that pertain to the County are limited to the following:

---

[1] "Group pleading does not meet the minimum pleading requirements." *See, Farmer v. Cty. of Westchester*, 18-cv-2691 (NSR), 2021 U.S. Dist. LEXIS 175597, at *20-23 (S.D.N.Y. September 15, 2021).

- The County is "responsible for the actions of its prosecutors" and allowed Plaintiff to be prosecuted knowing that he was innocent. *See*, AC para. 16; *see also* paras. 61, 62, 67, 71,[2],103, 120[3] and 127.
- The County "refused to provide discovery documents in the criminal action in an accessible format to plaintiff, including in large print. The discovery documents were very blurry and difficult for anyone, let alone a person with a cognitive disability to understand." *Id*. at para. 17; *see also* para. 86
- "Defendants are liable to plaintiff because they agreed to act in concert… to inflict unconstitutional injuries, and committed overt acts…" *Id*. at para. 148.

Even if the facts alleged in the AC are accepted as true, only for the purposes of the instant motion, they fail to state a plausible claim against the County. *See*, *Wilson v. Merrill Lynch & Co., Inc.*, 671 F. 3d 120, 128 (2d Cir. 2011), *citing Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009). As such the arguments which the County intends to raise in its proposed motion to dismiss are set forth below.

*Monell*

The AC is devoid of any allegation from which the Court could infer "that any alleged constitutional violations were caused by a municipal custom or policy." *Torres v. Vasta*, 18-cv-8706 (KMK), 2019 U.S. Dist. LEXIS 163769, at *10 (S.D.N.Y. September 24, 2019) (*citations omitted*); *see also Vann v. City of Rochester*, 18-cv-06464 (MAT), 2019 U.S. Dist. LEXIS 108033, at *21-23 (W.D.N.Y. June 27, 2019), *citing*, *Bellamy v. City of New York*, 914 F.3d 727 (2d Cir. 2019)(*other citations*); *Abdullah v. City of New York*, *supra* at 6; *Uquinn Banks v. McLaughlin*, 19-cv-4127 (CM), 2019 U.S. Dist. LEXIS 237280, at *16-17 (S.D.N.Y. July 8, 2019). In addition, the failure to allege an underlying constitutional violation is fatal to a *Monell* claim. *See, Reich v. City of New York,* 19-cv-6491 (EK)(RER), 2021 U.S. Dist. LEXIS 137948, at * 21-22 (E.D.N.Y. July 23, 2021).

To the extent that the AC is construed as asserting a "failure to train" claim, it is defective as a matter of law. "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train," and such failure "must amount to deliberate indifference to the rights of persons with whom the untrained employees come into contact." *See*, *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (*internal citations and quotations omitted*). Plaintiff must show that the failure to provide particular training was the actual cause of the constitutional violation. *Id.* at 59 n.5. "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *See, McCray v. Caparco,* 761 Fed. Appx. 27, 31-32 (2d Cir. 2019)(*citation omitted*); *see also O'Neal v. City of New York*, 196 F. Supp. 3d 421, 435 (S.D.N.Y. 2016)(pleading standard for a *Monell* failure to train claim), *aff'd. on other grounds*, 679 Fed. Appx. 16 (2017), *cert den*. 138 S. Ct. 559 (2017); *Greene v. City of New York*, 742 Fed. Appx. 532, 536-37 (2d Cir. 2018)(in order to establish a *Monell* claim for failure to train prosecutors with respect to disclosure obligations, a plaintiff must show an underlying constitutional violation that was "preceded by a pattern of similar constitutional violations" concerning "nondisclosure of the same sort of evidence" and that it resulted from the municipality's training policies). The failure to allege the specific deficiencies in the training program is a fatal defect. *See, Cotto v. City of New York*, 803 Fed. Appx. 500 (2d Cir. 2020).

---

[2] While one of the charges was dismissed after a verdict, Plaintiff was found guilty of the other charge.
[3] The Eighth Cause of Action for *Monell* is asserted against all defendants but only mentions the City of New Rochelle.

Case 7:19-cv-00265-NSR-VR   Document 77   Filed 04/25/22   Page 7 of 7
Case 7:19-cv-00265-NSR-VR   Document 74   Filed in NYSD on 04/22/2022   Page 3 of 3

*Title II of the ADA*

Plaintiff failed to plausibly allege that the County violated his rights under Title II of the ADA or under the Rehabilitation Act. The allegation that Plaintiff received discovery which was blurry or not printed large enough is insufficient to state such a claim *See, Fishman v. Office of Court Admin. N.Y. State Courts*, 2021 U.S. App. LEXIS 29233 (2d Cir. September 28, 2021)(Plaintiff failed to plausibly allege that he was a qualified individual with a disability under Title II of the ADA)[4]; *see also Manuel v. New York*, 18-cv-11820 (VB), 2020 U.S. Dist. LEXIS 178756, at *8-9 (S.D.N.Y. September 28, 2020) (to allege a Title II claim, a plaintiff must allege intentional discrimination on the basis of his or her disability and denial of a benefit of participation in a program); *Mills v. Cnty. Court Justice*, 04-cv-0142A(Sr), 2004 U.S. Dist. LEXIS 32676, at *5-8 (W.D.N.Y. May 10, 2004)(a plaintiff who alleged that his rights were violated under Title II of the ADA failed to allege a claim where his claims stemmed from his criminal prosecution).

*Conspiracy*

Conclusory allegations of a conspiracy are insufficient to withstand a motion to dismiss. *See, Farmer v. Cty. of Westchester*, *supra* at 32-34.

*Declaratory Relief*

Any request for declaratory and or injunctive relief are without merit as to the County because, *inter alia*, "they are intertwined with the claim for money damages" and ask the Court only to "recognize a past wrong" rather than seeking any prospective relief. *See Murdock v. Legal Aid Soc'y*, 14-cv-0508 (JS)(SIL), 2015 U.S. Dist. LEXIS 1487, *9-10 (E.D.N.Y. January 6, 2015).

Respectfully,
JOHN M. NONNA
Westchester County Attorney
By: s/ Irma Cosgriff_____
    Irma Cosgriff
    Associate County Attorney

Cc: Counsel of record via ECF

---

[4] In his Complaint against the State, Plantiff claimed that, *inter alia*, the denial of large print court orders violated his rights under Title II of the ADA. The Court dismissed his claims with prejudice. *See*, Dkt. No. 84, 18-cv-00282 (KMK).