UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
  MARC H. FISHMAN,

                          Plaintiffs.                          19-cv-00265-NSR

              - against -

                                                       **DECLARATION OF**
CITY OF NEW ROCHELLE, POLICE OFFICER      **CANER DEMIRAYAK**
LANE SCHLESINGER SHIELD # 1058, JOSEPH
F. SCHALLER, ROBERT GAZZOLA, IN HIS
OFFICIAL CAPACITY AS POLICE
COMMISSIONER OF THE CITY OF NEW
ROCHELLE POLICE DEPARTMENT,
SERGEANT MYRON JOSEPH SHIELD # 18, &
COUNTY OF WESTCHESTER,

                        Defendants.
------------------------------------------------------------------------X

       CANER DEMIRAYAK, ESQ., pursuant to 28 U.S.C. 1746(2) declares as follows:

       1.       I am the attorney for the plaintiff MARC H. FISHMAN in the above captioned matter.

       2.       I submit the following Declaration in support of the plaintiff's motion seeking an extension of time to serve the amended complaint on the defendants LANE SCHLESINGER and MYRON JOSEPH and to permit alternative service in a manner as directed by the Court.

       3.       As of this date, a total of 5 attempts to serve defendant SCHLESINGER had been made at three addresses over a three-week period. On April 18, 2022 SCHLESINGER was then properly served at his place of business, the New Rochelle Police Department. The two residence addresses where service was attempted on SCHLESINGER are listed as his most recent addresses in a LexisNexis person search database. Thus, the one day delay in serving SCHLESINGER at the NRPD combined with numerous attempts at his own residence address demonstrates due diligence and the lack of any prejudice. The Affidavits of Service and Due Diligence for defendant

SCHLESINGER are annexed hereto as **Exhibit "1."** The LexisNexis person search is available at ECF 67 and 68 under seal.

4. As of this date, a total of 5 attempts to serve defendant JOSEPH had been made at three addresses over a three week period. On April 18, 2022 JOSEPH was then properly served at his place of business, the NRPD. The two residence addresses where service was attempted on JOSEPH are listed as his most recent addresses in a LexisNexis person search database. Thus, the one day delay in serving JOSEPH at the NRPD combined with numerous attempts at his own residence address demonstrates due diligence and the lack of any prejudice. The Affidavits of Service and Due Diligence for defendant SCHLESINGER are annexed hereto as **Exhibit "2."**

5. Service was not first attempted at the NRPD as the Court previously found that such service of process was insufficient for the complaint filed in this action by the formerly pro se plaintiff.

6. Your declarant made extensive diligent efforts to attempt service on the two defendants, including running person searches on reliable databases, sending process servers out to numerous addresses to make numerous attempts at service, communicating with process servers when issues arose and then timely requesting an extension of time to effect service before the expiration of the deadline to serve the defendants. In fact, service on these defendants at the NRPD was made after the pre-motion conference letter seeking leave to file a motion for an extension of time was filed.

7. Your declarant is convinced these defendants will continue to avoid service regardless as to whether a proper and current residence address is known. Thus, should this court extend the time to effect service it should find service has been impracticable and permit alternative

service via service on the defendants' attorneys, by publication or by any other means the court may deem necessary and proper.

8. Should the court deny the requested extension, the statute of limitations would prevent refiling of this action against Schlesinger and Joseph. Additionally, the defendants have had actual notice of these claims for at least four years and have attempted to conceal the defects in service despite the process server clearly going to the defendants most updated residence addresses. Additionally, no prejudice would befall the defendants for an extension of time of one day to deem service at the NRPD timely and proper. And, since the defendants refuse to validly accept service it would not be prejudicial to allow service on their attorneys or via publication or via other means.

9. I under penalty of perjury that the foregoing is true and correct.

Executed on May 12, 2022

_Caner D. Demirayak_
**CANER DEMIRYAK**