UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
  MARC H. FISHMAN,

                        Plaintiffs.                    19-cv-00265-NSR

              - against -

  CITY OF NEW ROCHELLE, POLICE OFFICER
  LANE SCHLESINGER SHIELD # 1058, JOSEPH
  F. SCHALLER, ROBERT GAZZOLA, IN HIS
  OFFICIAL CAPACITY AS POLICE
  COMMISSIONER OF THE CITY OF NEW
  ROCHELLE POLICE DEPARTMENT,
  SERGEANT MYRON JOSEPH SHIELD # 18, &
  COUNTY OF WESTCHESTER,

                        Defendants.
-----------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN
EXTENSION OF TIME TO EFFECT SERVICE OF PROCESS OR FOR
ALTERNATIVE SERVICE**

                              LAW OFFICE OF CANER DEMIRAYAK, ESQ., P.C.

Dated: Brooklyn, New York
       May 12, 2022              _Caner J Demirayak_
                                 Caner Demirayak, Esq.
                                 300 Cadman Plaza West
                                 One Pierrepont Plaza, 12th Floor
                                 Brooklyn, New York 11201
                                 718-344-6048
                                 Fax: 646-679-2527
                                 caner@canerlawoffice.com

i

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................................................ iii

**PRELIMINARY STATEMENT** .............................................................................................. 4

**STATEMENT OF FACTS** ........................................................................................................ 5

**ARGUMENT** ............................................................................................................................. 5

**I.    PLAINTIFF HAS DEMONSTRATED GOOD CAUSE FOR AN EXTENSION OF
        TIME TO EFFECT SERVICE BASED ON REASONABLE EFFORTS AND DUE
        DILIGENCE AND THE DEFENDANTS WILL NOT BE PREJUDICED** ................ 5

**II.   PLAINTIFF IS ENTITLED TO A DISCRETIONARY EXTENSION OF TIME FOR
        SERVICE AS THE STATUTE OF LIMITATIONS WOULD BAR THE ACTION IF
        REFILED, THE DEFENDANTS HAD ACTUAL NOTICE OF THE CLAIMS IN
        THE AMENDED COMPLAINT FOR 4 YEARS, DEFENDANTS HAVE REFUSED
        SERVICE AND CONCEALED ANY DEFECTS AND THERE IS NO PREJUDICE
        TO THE DEFENDANTS IN THE EVENT THAT AN EXTENSION OF TIME IS
        GRANTED** ..................................................................................................................... 6

**CONCLUSION** ......................................................................................................................... 7

## **TABLE OF AUTHORITIES**

**Cases**

*Harris v. New York*, 2022 U.S. Dist. LEXIS 48043 (S.D.N.Y., Mar. 17, 2022) ............................ 6

*Purzak v. Long Island Hous. Servs.*, 2013 U.S. Dist. Lexis 131171 (E.D.N.Y. 2013)................. 7

*Zapata v. City of New York*, 502 F.3d 192 (2d Cir. 2007) ............................................................ 7

**Statutes**

CPLR 308(2) ...................................................................................................................................... 7

CPLR 308(5) ...................................................................................................................................... 7

## PRELIMINARY STATEMENT

In January 2020 during the criminal trial arising from the deprivation of plaintiff's rights as alleged in this matter defendant LANE SCHLESINGER testified under oath that he had been sued by plaintiff MARC H. FISHMAN and acknowledged actual notice of the claims against him. Over the last four years defendants SCHLESINGER and MYRON JOSEPH have had privately retained counsel appear for them, fully brief motions and advocate on every single issue.

On March 10, 2022 the Amended Complaint was filed. On March 17, 2022 amended summonses were issued as to SCHLESINGER AND JOSEPH.

On March 30, 2022 at 9:25 p.m. service was attempted on SCHLESINGER at his Bronx, New York address to no avail. On April 2, 2022 at 2:58 p.m., service was again attempted on SCHLESINGER to no avail at the same address. On April 12, 2022 at 4:45 p.m. service was attempted to SCHLESINGER at his Oakland Gardens, New York address to no avail. On April 18, 2022 at 10:44 a.m., service was made on SCHLESINGER at the New Rochelle Police Department by service to Marie Papa, defendant's co-worker. On April 19, 2022 at 3:17 p.m. service was again attempted on SCHLESINGER to no avail at this same address. However on that day Arlene Schlesinger advised that SCHLESINGER did not live there despite the address being listed as his most recent address. In addition, a copy of the complaint was then mailed to the defendant at his actual place of business on April 20, 2022.

On March 30, 2022 at 6:22 p.m. service was attempted on JOSEPH at one of his New Rochelle, New York addresses to no avail. Also on March 30, 2022 at 6:33 p.m. service was attempted on JOSEPH at his other New Rochelle, New York address to no avail. On April 7, 2022 at 7:22 a.m. and then on April 8, 2022 at 10:56 a.m. service was again attempted on this address to no avail. On April 18, 2022 at 10:44 a.m., service was made on JOSEPH at the New Rochelle

Police Department by service to Marie Papa, defendant's co-worker. In addition, a copy of the complaint was then mailed to the defendant at his actual place of business on April 20, 2022.

The two residential addresses for the defendants were obtained via Lexis Nexis comprehensive person report searches, which listed the most recent addresses by date. These person searches were accurate as other personally identifiable information and associates matched the defendants.

It is clear the defendants have chosen to avoid service and to conceal any defects in service, requiring the filing of this motion.

## STATEMENT OF FACTS

The Plaintiff respectfully refers the Court to the Declaration of Caner Demirayak and the exhibits attached thereto along with the description of the facts surrounding service as detailed in the preliminary statement.

## ARGUMENT

I.     **PLAINTIFF HAS DEMONSTRATED GOOD CAUSE FOR AN EXTENSION OF TIME TO EFFECT SERVICE BASED ON REASONABLE EFFORTS AND DUE DILIGENCE AND THE DEFENDANTS WILL NOT BE PREJUDICED**

Within two weeks of issuance of the amended summonses the plaintiff's process servers made their first attempt at service of process on the defendants at their known addresses. For the next three weeks the process servers made numerous attempts at several addresses to no avail. Eventually when it became clear that service would not be possible at the residential addresses due to the conduct of the defendants, service was made at the defendants' place of business, one day after the deadline to serve the amended summonses. These attempts demonstrate the plaintiff's reasonable efforts and due diligence in attempting service and constitute good cause.

"Good cause is found…where plaintiff's failure to serve process in a timely manner was the result of circumstances beyond his control." *Harris v. New York*, 2022 U.S. Dist. LEXIS 48043 (S.D.N.Y., Mar. 17, 2022). "In determining whether a plaintiff has shown good cause, courts eight the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." *Id*.

No objection to service of process at the NRPD has been made by defendants.

Here it is beyond the plaintiff's control as to whether the defendants will accept service at their residential addresses or avoid and conceal any defects in service. In anticipation of such issues the plaintiff made sure to attempt service multiple times on multiple addresses. Only once it became clear serving on residential addresses would be impossible did the plaintiff then serve at the place of business and only one day late. The lateness caused by the defendants' refusal to accept service in a timely manner. No prejudice has been caused to the defendants for this delay whatsoever. Especially not where the delay was caused by their own conduct.

II.    **PLAINTIFF IS ENTITLED TO A DISCRETIONARY EXTENSION OF TIME FOR SERVICE AS THE STATUTE OF LIMITATIONS WOULD BAR THE ACTION IF REFILED, THE DEFENDANTS HAD ACTUAL NOTICE OF THE CLAIMS IN THE AMENDED COMPLAINT FOR 4 YEARS, DEFENDANTS HAVE REFUSED SERVICE AND CONCEALED ANY DEFECTS AND THERE IS NO PREJUDICE TO THE DEFENDANTS IN THE EVENT THAT AN EXTENSION OF TIME IS GRANTED**

The claims herein arose in December 2018 and would be time barred in any refiled action as the applicable statute of limitations is three years. Almost immediately after the incidents in dispute herein, the plaintiff began to make claims against the defendants. The defendants were served with the complaint at their place of business, had privately retained counsel, appeared by counsel and fully briefed motions to dismiss. SCHLESINGER even testified about actual knowledge of the claims during the January 2020 criminal trial arising from the events herein.

The defendants also previously concealed defective service at their place of business by not informing the pro se plaintiff that the person served lacked authority to accept service. Likewise once counsel attempted service at the defendants actual home addresses, substantial efforts were made to not only conceal defective service, but to create defective service by avoiding service altogether and having relatives deny their presence at an address despite proof on a database advising the address was were the defendant resided.

The defendants will not be prejudiced by extending the plaintiffs' time to serve the amended summons and complaint as they caused the delay by refusing to accept service. The plaintiff was not able to request a waiver of service as the Court ordered that service of process be made of the amended complaint.

No objection to service of process at the NRPD has been made by defendants.

For the above reasons an extension of time must be granted even if the Court does not feel that good cause has been demonstrated. *See Zapata v. City of New York*, 502 F.3d 192 (2d Cir. 2007); *Purzak v. Long Island Hous. Servs.*, 2013 U.S. Dist. Lexis 131171 (E.D.N.Y. 2013).

Additionally, since even with an extension of time it is clear the defendants will continue to refuse service, this Court should find under New York CPLR 308(5) that service is impracticable under CPLR 308(2) and (4) and direct that service be made alternatively by publication or service on defense counsel.

## **CONCLUSION**

The motion should be granted.