UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
 MARC H. FISHMAN,

       Plaintiffs.       19-cv-00265-NSR

  - against -

CITY OF NEW ROCHELLE, POLICE OFFICER
LANE SCHLESINGER SHIELD # 1058, JOSEPH
F. SCHALLER, ROBERT GAZZOLA, IN HIS
OFFICIAL CAPACITY AS POLICE
COMMISSIONER OF THE CITY OF NEW
ROCHELLE POLICE DEPARTMENT,
SERGEANT MYRON JOSEPH SHIELD # 18, &
COUNTY OF WESTCHESTER,

       Defendants.
------------------------------------------------------------------------X


# PLAINTIFF'S MEMORANDUM OF LAW IN REPLY


           LAW OFFICE OF CANER DEMIRAYAK, ESQ., P.C.

Dated: Brooklyn, New York
    June 28, 2022

           _____/s/ Caner Demirayak_____
           Caner Demirayak, Esq.
           300 Cadman Plaza West
           One Pierrepont Plaza, 12th Floor
           Brooklyn, New York 11201
           718-344-6048
           Fax: 646-679-2527
           caner@canerlawoffice.com

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ........................................................................................................ iii

**PRELIMINARY STATEMENT** ................................................................................................. 4

**ARGUMENT** ................................................................................................................................ 5

**I.   THE DEFENDANTS CONCEDE THEY WERE SERVED AT THE PROPER BUSINESS ADDRESS AND DO NOT SUBMIT ANY PROOF CONTESTING THE AFFIDAVITS OF THE PROCESS SERVER** .............................................................. 5

**II.  THE DEFENDANTS PRESENT NO PROOF OF PREJUDICE, AGREE THE STATUTE OF LIMITATIONS HAS EXPIRED, AND SCHLESINGER PREVIOUSLY DISOBEYED A SUBPOENA, RAISING CONCERNS OVER HIS CONCEALMENT OF DEFECTS IN SERVICE** ......................................................... 7

**III. SERVICE OF PROCESS IS IMPRACTICABLE REQUIRING THIS COURT TO DIRECT SERVICE IN AN ALTERNATIVE METHOD UNDER THE NEW YORK CIVIL PRACTICE LAW AND RULES** ...................................................................... 7

**CONCLUSION** ............................................................................................................................ 8

# **TABLE OF AUTHORITIES**

**Cases**

*Saulo v. Noumi*, 119 A.D.2d 657 (2d Dep't. 1986) ........................................................................ 8
*Tremont Fed. S&L Ass'n v. Ndanusa*, 144 A.D.2d 660 (2d Dep't. 1988) ...................................... 8

**Statutes**

N.Y. C.P.L.R. 308(2) ...................................................................................................................... 6
N.Y. C.P.L.R. 308(5). ..................................................................................................................... 8

**Rules**

CPLR 308(5) .............................................................................................................................. 7, 8

**PRELIMINARY STATEMENT**

The defendants concede that the proper address for service on Lane Schlesinger and Myron Joseph is 475 North Avenue, Number 2 in New Rochelle, New York. The plaintiff's process server did effect service on the defendants' co-worker at that address, a person of suitable age and discretion and then sent a copy of the summons and complaint via first class mail to the defendants. Prior to effecting service on a person of suitable age and discretion at the defendant's place of employment, several attempts were made on the defendants' residential addresses. As the process server's affidavits explain, service was impracticable despite due diligence. The persons of suitable age and discretion at such addresses would not accept service. Having encountered issues in actually serving the defendants at their place of employment previously with a bold argument that the person accepting service was not authorized to do so, the plaintiff decided to attempt service on residential addresses.

When faced with these difficulties, prior to the expiration of the time to serve the individual defendants, the plaintiff moved for a pre-motion conference on his request for an extension of time to effect service. Despite the defendant's misrepresentations, this is the first, not fourth motion for an extension of time to serve the summons and complaint. The prior motions were for an extension to file the amended complaint specifically.

Seven days later, service was made on the defendants at their place of employment. Although the defendants claim the person served is not at the address listed on the affidavits of service, no sworn or admissible proof disputing the process server's affidavits are submitted. While it is true that a prior affidavit of service filed in this matter by the *pro se* plaintiff did list the person accepting service at a different address, that affidavit was filed 3 and a half years ago! Moreover,

the defendants did not object to service upon this individual in their prior motion to dismiss. *See* E.C.F. # 29 at 8-9.

Inasmuch as the defendants do not argue against any good cause showing by the plaintiff for an extension of time for service and have not demonstrated any prejudice, service of process on the defendants one day late at their place of employment should be deemed timely, or this court should order alternative service by publication or service on the defendants' attorneys. Defendant Schlesinger has previously disobeyed a subpoena to appear in court, a circumstance which should raise questions as to the reasons why service was not possible at his residential addresses. *See* Responses from Freedom of Information Law Requests to City of New Rochelle annexed to Demirayak Decl. in Reply, as Exhibit "1." Additionally, as to the claims in this matter, Schlesinger has also previously failed to request a language interpreter for a person suffering from a language barrier. *See id*.

## ARGUMENT

**I.    THE DEFENDANTS CONCEDE THEY WERE SERVED AT THE PROPER BUSINESS ADDRESS AND DO NOT SUBMIT ANY PROOF CONTESTING THE AFFIDAVITS OF THE PROCESS SERVER**

The defendants concede in their opposition papers that the proper location for service on the defendants at their place of employment is at 475 North Avenue, Number 2 in New Rochelle, New York. The defendants were served at this address via service on a person of suitable age and discretion, Marie Papa, and mailing to the defendants at this address on April 18, 2022. Prior to service on this residential address, the plaintiff's process server attempted service four times on the defendants' residential addresses to no avail.

Previously, the plaintiff did not present proof via a process service or otherwise of mailing a copy of the summons and complaint to the defendants after service on a person of suitable age

5

and discretion. That failure alone required dismissal for failure to complete service of process. Here, the defendants were searched for, numerous attempts were made, and when those attempts failed, the court moved for permission to file a motion for an extension of time to serve, and once permission was granted, the plaintiff then resorted to service on the defendant's place of employment and mailing.

A plaintiff need not establish that a person be authorized to accept service on behalf of a natural person. New York Civil Practice Law and Rules section 308(2) provides that "personal service upon a natural person shall be made…by delivering the summons with the state to a person of suitable age and discretion at the actual place of business…and by…mailing the summons to the person to be served…at his actual place of business." N.Y. C.P.L.R. 308(2). A person of "suitable age and discretion" is generally any competent person over the age of 18. The affidavits of service establish the person served here is over the age of 18, is not incompetent, and is the co-worker of defendants. The affidavits also establish mailing to the defendants at this address. The defendants do not contest Marie Papa's ability to accept service as a person of suitable age and discretion and do not dispute the validity of the mailing.

As to the defendants' claim that service was not complete until 10 days later, while it is true service is "not complete" until 10 days after proof of service is filed, this completion of service rule has no bearing on the facts of this case. Here, the defendants' time to answer does not begin to accrue until service is "complete." This rule does not mean the plaintiff has not actually "served" the defendants until the "completion" date. In any event, the time for defendants to answer in this matter has been determined by Court order and the completion time would not affect any rights or obligations of the defendants.

**II.   THE DEFENDANTS PRESENT NO PROOF OF PREJUDICE, AGREE THE STATUTE OF LIMITATIONS HAS EXPIRED, AND SCHLESINGER PREVIOUSLY DISOBEYED A SUBPOENA, RAISING CONCERNS OVER HIS CONCEALMENT OF DEFECTS IN SERVICE**

The defendants present no proof of prejudice other than claiming it would be onerous for defendants to have to defend this case. The bald claim of prejudice with no other supporting facts is insufficient to argue against an extension of time. It is the plaintiff that would be prejudiced with the denial of the extension of time as a dismissal of this claim for improper service would forever bar any other claims against these defendants since the statute of limitations has expired.

Defendant Schlesinger was previously noted to have failed to obey a subpoena to appear at a trial. A copy of the FOIL response displaying this failure to obey a subpoena is attached to Demirayak Decl. in Reply as Exhibit "1." Here, Schlesinger either personally or through family members and neighbors refused to accept service and avoided service even though the plaintiff's process server went to his current residential addresses. Additionally, Schlesinger previously failed to obtain a translator for a person with a language barrier, raising questions as to whether the failure to also afford plaintiff a disability accommodation for his language and cognition issue was part of a pattern and practice or would constitute deliberate indifference on the part of the City Defendants.

**III.   SERVICE OF PROCESS IS IMPRACTICABLE REQUIRING THIS COURT TO DIRECT SERVICE IN AN ALTERNATIVE METHOD UNDER THE NEW YORK CIVIL PRACTICE LAW AND RULES**

It is settled that proof of due diligence is not necessary for alternative service under the CPLR so long as it appears service is not practicable. The Second Department has explained that "CPLR 308(5) requires a showing of impracticability of other means of service, but does not require proof of due diligence or of actual prior attempts to serve a party under each and every

7

method provided in the statute." *Saulo v. Noumi*, 119 A.D.2d 657 (2d Dep't. 1986); N.Y. C.P.L.R. 308(5).. In *Saulo* the plaintiffs made three attempts at service on the defendant doctor's business address to no avail. During their investigation the plaintiffs were unable to determine the defendant's address after she had left for the Middle East. The Court explained "The[] affidavits [from the process server] detailed the repeated attempts to personally serve the individual defendant and the inability of the plaintiffs to determine his whereabouts despite substantial inquiry." *Id.* As a result the Appellate Division upheld the trial court's order of allowing service on the defendant's insurance carrier and former medical associate.

In *Tremont Fed. S&L Ass'n v. Ndanusa*, 144 A.D.2d 660 (2d Dep't. 1988), the Second Department upheld the trial court's order allowing for service by publication with proof by the process server that eight attempts at service were made. The Court made clear that prior attempts at service "need not be shown." The main point of CPLR 308(5) is where service is impracticable.

The affidavits of due diligence present proof that service on Schlesinger and Joseph is impracticable. When also considering the fact that plaintiff's prior service of such defendants at the police headquarters in 2019 on a co-worker authorized by the captain was also deemed ineffective, it appears service of process on these defendants is near impossible. The plaintiff is unable to determine the whereabouts of these defendants and should be afforded the right to effect service by publication, service on the defendants' attorney or service on the City of New Rochelle on their behalf, should service on the defendants at their business address, one day late, not be accepted.

## CONCLUSION

The motion should be granted.