Exhibit "2"

Command Discipline Report, February 29, 2012

# Command Discipline Report
## New Rochelle Police Department

| Officer's Name | Rank | Employee Number | Assignment |
|---|---|---|---|
| Lane Schlesinger | Police Officer | [redacted] | P.S.D. – Third tour |

Investigation has been completed concerning the violation charged herein. The finding and the disciplinary action recommended are indicated below. You may accept the finding and the proposed disciplinary action or decline to accept the finding and the proposed disciplinary action in lieu of a statutory hearing on written charges before a hearing officer.

**Summary of Investigation and Disposition of Complaint:**

On January 04, 2012, Police Officer Lane Schlesinger responded to a noise complaint on Woodland Avenue at approximately 2304 hours. P.O. Schlesinger determined the noise complaint to be unfounded. While investigating the noise complaint, he interviewed an individual who appeared intoxicated and admitted to driving. Despite a language barrier, P.O. Schlesinger confiscated this individuals car keys and left them with security at New Roc City. P.O. Schlesinger did not request a Spanish speaking officer for clarification purposes, did not verify the individual's identity or license status and did not document any of his actions on a police incident report.

By his actions, P.O. Schlesinger violated Chapter 1, section 1.2 of this Department's Rules and regulations.

| Finding | Disciplinary Action Recommended |
|---|---|
| Sustained | Loss of one (1) leave day |
| Signature of Division Commander | Date |
| [signature] | 29 feb 2012 |

**To Be Completed By Officer Charged:**

I understand that I do not have to accept the findings and the disciplinary action recommended by my commanding officer. My right to a statutory hearing before a hearing officer has been explained to me and I hereby voluntarily:

( ✓ ) **Accept** the finding and the proposed disciplinary action.

(   ) **Decline** to accept any disciplinary action without a statutory hearing.

| Officer's Signature | Date | Witnessed by: |
|---|---|---|
| [signature] #1058 | 2/29/2012 | CPT. GAZZOLA |
| CO 1A | | |

HP 3-13-12

| DATE OF REPORT | POLICE DEPARTMENT | COMPLAINT NUMBER |
|---|---|---|
| 12 January 2012 | CITY OF NEW ROCHELLE, N.Y. | 01/12 |

| COMPLAINANT'S NAME | ADDRESS | PHONE NO. (HOME & BUSINESS) |
|---|---|---|
| Sergeant Judy Brandeis | 475 North Ave | [redacted] |

| DATE AND TIME RECEIVED | COMPLAINT RECEIVED BY | HOW RECEIVED |
|---|---|---|
| 5 January 2012  1730hrs | Complainant Sergeant | Walk in Complaint at the Front Desk |

| DATE AND TIME OF OCCURRENCE | LOCATION OF OCCURRENCE |
|---|---|
| 4 January 2012  2310hrs | Woodland Avenue, New Rochelle, NY |

| OFFICER(S) INVOLVED | RANK | SHIELD NUMBER(S) |
|---|---|---|
| PO Lane Schlesinger | Patrolman | 10097 |

| WITNESSES NAME | ADDRESS | PHONE NO. (HOME & BUSINESS) |
|---|---|---|
| | | |

STATEMENT OF COMPLAINT

On the above date and time at the above location PO Lane Schlesinger did violate the following rules as set forth by the Manual of Procedure and the Rules and Regulations:

Manual of Procedure Chapter 3 Article 3.01: Department Reporting Procedures.
   4. Upon completion of the call, the unit responsible for its disposition will notify the Communications Unit that the call has been completed, its disposition, and of any other information necessary to its accurate recording. The officer responsible for the report will document his/her actions by clicking the add button and entering a narrative. Additionally, the reporting officer will add the names of all pertinent persons into the database by using the "involved people" (F6) button.

Rules and Regulations Chapter 1: Performance Standards & Related Conduct
   1.2. Members of the Department will perform their assigned duties in a competent manner. Members are accountable for their actions and cannot avoid the responsibilities of their positions. Included within incompetent performance but not limited are the following:

b) Failure to conform to work standards established for the member's rank or position
c) Failure to take appropriate action at an incident needing police attention
d) Failure to prepare legible and coherent reports

To Wit:
   On 5 January 2012 at approximately 1700 hours           responded to headquarters and advised that his car keys had been taken the previous night on Woodland Avenue and that he was told to come to headquarters on this date to retrieve his keys. He stated that he was told by officers the previous night that he was not allowed to move his vehicle.
   Looking in Total, I was able to locate a noise complaint (noise coming from a vehicle) from 4 January 2012 at 65 Woodland Ave at 2304 hours. The disposition for that event was " UPON ARRIVAL R/O CANVASSED THE AREA WITH NEGATIVE RESULTS. COMPLAINT UNFOUNDED." and there was no indication of property having been taken. I was able to

get in contact with PO Schlesinger on 6 January 2012 and he advised that the car keys and ID beloning to _____ were at the New Roc Security Precint. Sgt. Conca was able to retrieve the keys from the New Roc Precinct, and the keys were ultimately secured by PO Marion (Event# 1459-12, Property # 29-12). PO Marion had been unable to make contact with _____ to return the keys.

On 12 January 2012 Lt. Odell and I interviewed PO Schlesinger who stated that at the time of the noise complaint detail he stated that he did not hear any noise and that he interviewed _____ who was standing in the street, as a potential witness to the noise complaint. He stated that in interviewing him, he observed _____ to be slurring his words, had glassy eyes and appeared intoxicated. He stated that due to a language barrier he was unable to determine if in fact _____ had been drinking. He did state that _____ was able to tell him that he lived on North Avenue, had driven to Woodland Ave and would be driving home later. At no time did PO Schlesinger request a Spanish Speaking Officer to assist with translation. PO Schlesinger stated that _____ told him that he was unlicensed and that the car belonged to his cousin. PO Schlesinger at no time did a license check or warrant check. PO Schlesinger stated that he took the car keys because he was concerned about the welfare of _____. He further stated that he told _____ that the car keys could be picked up at the New Roc Precinct the following day. At no time did PO Schlesinger document the personal welfare, the confiscation of the keys or the interaction with _____.

Based on my investigation I believe that PO Schlesinger was in violation of the above mentioned rules and that as a result of his actions should lose a day of his accrued time.

In making this complaint I agree to be available for any Department Trial or Hearing as may come due. I further understand that the making of a false statement in this instrument is punishable as a Class A Misdemeanor pursuant to Section 210.45 of the Penal Law of the Sate of New York.

_____
SIGNATURE OF COMPLAINANT

Sworn to before me this

_____ day of _____ 20___

_____
NOTARY PUBLIC, WESTCHESTER COUNTY
STATE OF NEW YORK

City Of New Rochelle
New York

Interdepartmental communication

To:   Police Officer Lane Schlesinger

From: Captain Robert Gazzola

Subject: Proposed Disciplinary Action

Date:

1) Attached hereto please find a copy of charges against you alleging misconduct on your part.

2) A penalty of a loss of one (1) leave day is proposed.

3) You have eight (8) days in which to answer this communication. Such answer shall be on the form attached or in similar form and must be in my office no later than _____.

  Should you fail to respond, such failure shall be construed as not contesting the proposed disciplinary action and accepting the proposed penalty therefore without a hearing.

4) You have the right to be represented by Counsel and / or other representative of your choosing.