UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARC FISHMAN,

Plaintiff,

-against-

CITY OF NEW ROCHELLE, LANE SCHLESINGER SHEILD #: 1058, JOSEPH F. SCHALLER, ROBERT GAZOLLA, IN HIS OFFICIAL CAPACITY AS POLICE COMMISSIONER OF THE CITY OF NEW ROCHELLE POLICE DEPARTMENT, SERGEANT MYRON JOSEPH SHIELD #18, & COUNTY OF WESTCHESTER,

Defendants.

Docket No. 19 CV 265 (NSR)

**THE CITY DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO EFFECT SERVICE OF PROCESS ON THE INDIVIUAL CITY DEFENDANTS**

WILSON, ELSER, MOSKOWITZ EDELMAN & DICKER LLP
Attorneys for City Defendants
1133 Westchester Avenue
White Plains, NY 10604
(914) 323-7000

8353042v.1

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..... ii

Introduction ..... 1

Preliminary Statement ..... 1

Pertinent Facts and Procedural History ..... 2

Argument ..... 4

POINT I THE CITY DEFENDANTS ARE NOT CONTESTING SERVICE AS TO FORMER POLICE COMMISSIONER JOSEPH SCHALLER, OR AS TO THE CURRENT POLICE COMMISSIONER ROBERT GAZZOLA, WHO IS SUED HEREIN IN HIS OFFICIAL CAPACITY ONLY ..... 4

A. Joseph F. Schaller ..... 4

B. Robert Gazzola ..... 5

POINT II PLAINTIFF FAILED TO TIMELY SERVE THE SUMMONS AND AMENDED COMPLAINT AGAINST OFFICER SCHLESINGER OR SERGEANT JOSEPH, AND THEY SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION ..... 5

A. Lane Schlesinger ..... 5

B. Myron Joseph ..... 8

Conclusion ..... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Castro v. City of New York*,
2007 U.S. Dist. LEXIS 77878, 2007 WL 3071857 (S.D.N.Y. Oct. 10, 2007), report and recommendation adopted, 2007 U.S. Dist. LEXIS 101433, 2007 WL 3224748 (S.D.N.Y. Nov. 1, 2007) ....................6

*Harris v. New York*,
2022 U.S. Dist. LEXIS 48043 (S.D.N.Y. March 17, 2022) ....................6

*Lore v. City of Syracuse*,
670 F.3d 127 (2d Cir. 2012) ....................5

*Western Sur. Co. v. Bykev Int'l, Inc.*
2015 U.S. Dist LEXIS 116165 (S.D.N.Y. Sept. 1, 2015) ....................7

**Rules**

N.Y.C.P.L.R. § 308(2) ....................5, 8

**Statutes**

42 U.S.C. § 1983 ....................1, 3, 7, 8

## Introduction

Defendants City of New Rochelle and Commissioner Robert Gazzola, sued in his official capacity only (collectively, the "City"), and Lane Schlesinger, Joseph F. Schaller and Myron W. Joseph (together with the City, the "City Defendants"), respectfully submit this memorandum of law in opposition to plaintiff's motion for an extension of time to effect service of process.

## Preliminary Statement

This case stems from plaintiff's arrest by members of the New Rochelle Police Department ("NRPD") on December 15, 2018. Plaintiff's central claim is that the NRPD violated his rights under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") by failing to accommodate plaintiff's cognitive disabilities while he was processed during the arrest. In an amended complaint, plaintiff has added a series of civil rights claims, brought pursuant to 42 U.S.C. §1983, including false arrest, malicious prosecution and the denial of the right to fair trial.

The instant motion, brought by plaintiff, seeks an extension of time in which to serve process on the individual City Defendants. Plaintiff timely served former Police Commissioner Joseph Schaller and current Police Commissioner Robert Gazzola, who is sued in his official capacity only. To the extent the motion is addressed to those defendants, it should be denied as moot. Plaintiff's motion should be denied on the merits as to Police Officer Schlesinger and Sergeant Joseph. As detailed below, plaintiff failed to timely serve these defendants, and the factors which courts consider in determining whether to grant an extension of time for service of process weigh decidedly against the plaintiff. Moreover, plaintiff's central allegations lie under the ADA and the RA, and those claims are only viable against the City of New Rochelle. Plaintiff will therefore suffer no prejudice by a dismissal of the individual defendants.

**Pertinent Facts and Procedural History**

Plaintiff commenced this action *pro se* on January 8, 2019. *See* D.E. 1, 2. On September 16, 2020, the City Defendants moved to dismiss plaintiff's complaint. *See* D.E. 27, 28, 29, 32, 36, 37. As part of their motion, the City Defendants sought an order dismissing plaintiff's action as against the individual City Defendants on grounds of lack of personal jurisdiction (due to insufficiency of service of process). *See* D.E. 29, at 8.

On October 19, 2021, this Court granted in part and denied in part the City Defendants' motion to dismiss. *See* D.E. 38. On the personal jurisdiction issue, the Court held that plaintiff had failed properly to serve the summons and complaint on the individual City Defendants and failed to show good cause why that failure should be excused. *Id.* at 9-12. However, the Court did grant plaintiff an opportunity to file an amended complaint, and gave plaintiff additional time, "until December 18, 2021 to serve the individual defendants if he wishes to proceed with his claims against them." *Id.* at 18.

On November 10, 2021, Caner Demirayak, Esq., filed an appearance on behalf of plaintiff. D.E. 39. On November 11, 2021, plaintiff (now represented by Mr. Demirayak) moved for an extension of time to file an amended complaint. The Court granted that motion, setting January 17, 2022 as the new deadline for plaintiff to file an amended complaint, and February 16, 2022 as the new deadline to serve the individual City Defendants. D.E. 41.

On January 17, 2022, plaintiff filed a second motion to extend his deadline to file an amended complaint and serve the individual City Defendants. D.E. 42. The Court granted that motion as well, setting February 16, 2022 as the new deadline for the amended complaint, and March 18, 2022, as the new deadline to serve the individual defendants. D.E. 43.

On February 10, 2022, plaintiff filed a third motion to extend his deadline to file and

serve the amended complaint. D.E. 44. The Court granted the motion, and set March 18, 2022 as the new deadline the amended complaint, and April 17, 2022 as the new deadline to serve the individual defendants. D.E. 45.

Plaintiff filed his amended complaint on March 12, 2022. D.E. 52. Plaintiff's central allegation against the City Defendants remains that he suffers from a qualified disability under the ADA, and that his rights under the ADA and the RA were violated during his arrest. In addition to his ADA and RA claims, plaintiff's amended complaint asserts nine additional claims for relief: (i) a Section 1983 claim for false arrest/unlawful imprisonment (D.E. 52, at ¶¶94-98); (ii) a Section 1983 claim alleging denial of his right to a fair trial (*id.* at ¶¶99-105); (iii) a Section 1983 claim for malicious prosecution (*id.* at ¶¶106-110); (iv) a Section 1983 claim for failure to intervene (*id.* at ¶¶111-115); (v) a Section 1983 claim for supervisory liability (*id.* at ¶¶116-118); (vi) a *Monell* claim against the City (*id.* at ¶¶119-137); (vii) a Section 1983 First Amendment retaliation claim (*id.* at ¶¶138-141); (viii) a purported Section 1983 claim entitled "Federal Civil Rights Violations" (*id.* at ¶¶142-146); and finally (ix) a Section 1983 conspiracy claim (*id.* at ¶¶147-149).[1]

On March 17, 2022, this Court signed a stipulation which set up a single deadline – May 13, 2022 – for the City of New Rochelle, the County of Westchester and the individual City Defendants (assuming they are properly and timely served) to respond to the amended complaint. D.E. 62.

On April 11, 2022, plaintiff filed a fourth application to extend his deadline to serve the amended complaint on the individual City Defendants. D.E. 66. On April 22, 2022, the Court

---

[1] The City Defendants' motion to dismiss the additional Section 1983 claims asserted in plaintiff's amended complaint is being served on May 26, 2022. Plaintiff's opposition must be served (but not filed) by June 27, 2022; and the City Defendants' reply must be served by June 12, 2022. D.E. 77. All motion papers are to be filed on June 12, 2022. *Id.*

set a briefing schedule on plaintiff's motion. D.E. 71. Under the briefing schedule, plaintiff must serve his motion on or before May 12, 2022; the City Defendants must serve opposition on or before June 13, 2022; and plaintiff must serve his reply on or before June 28, 2022. *Id.*

Although the City Defendants have until June 13, 2022 to oppose plaintiff's service motion, they have served the within opposition on May 26, 2022, and have incorporated these arguments into their memorandum of law in support of their partial motion to dismiss, which is being served the same date.

## Argument

### POINT I

### THE CITY DEFENDANTS ARE NOT CONTESTING SERVICE AS TO FORMER POLICE COMMISSIONER JOSEPH SCHALLER, OR AS TO THE CURRENT POLICE COMMISSIONER ROBERT GAZZOLA, WHO IS SUED HEREIN IN HIS OFFICIAL CAPACITY ONLY

A. <u>Joseph F. Schaller</u>

Defendant Joseph F. Schaller is a retired Police Commissioner for the City of New Rochelle. According to the affidavit of service filed by plaintiff, D.E. 73, Mr. Schaller was personally served with the summons and amended complaint herein on April 2, 2022, which is within the April 17, 2022 deadline set by this Court. Accordingly, the City Defendants are not contesting service with respect to former Police Commissioner Schaller.

However, for the reasons set forth in the City Defendants' motion to dismiss plaintiff's amended complaint, former Commissioner Schaller should be dismissed from this action on grounds that plaintiff has failed to plead his personal involvement in any alleged wrongful conduct. *See* City Defendants' Memo of Law in Support of Motion to Dismiss Plaintiff's Amended Complaint, at POINT X.

B. Robert Gazzola

Defendant Robert Gazzola, sued in his official capacity only, is the current Police Commissioner for the City of New Rochelle. According to the affidavit of service filed by plaintiff, D.E. 65, Commissioner Gazzola was served on April 1, 2022, by leaving the summons and complaint with a person of suitable age and discretion, and then, on April 5, 2022, by mailing a copy of the summons and complaint to Commissioner Gazzola at his residence address. *Id.* An affidavit of service attesting to these facts was then filed with the Court on April 8, 2022.

Leave and mail service pursuant to CPLR 308(2) -- *i.e.,* the method of service employed by plaintiff as against Commissioner Gazzola -- is complete ten days after filing the affidavit of service. N.Y.C.P.L.R. §308(2). Here, ten days after the filing of the affidavit of service falls on April 18, 2022. The deadline set by the Court, April 17, 2022, falls on a Sunday, and therefore the next business day would be Monday, April 18, 2022. Accordingly, the City Defendants are not contesting service as to Commissioner Gazzola.

However, it should be noted that Commissioner Gazzola is only being served in his official capacity. An official capacity suit does not assert any personal liability against the defendant, and is indistinguishable from a suit against the municipal entity. *See Lore v. City of Syracuse,* 670 F.3d 127, 164 (2d Cir. 2012).

**POINT II**

**PLAINTIFF FAILED TO TIMELY SERVE THE SUMMONS AND AMENDED COMPLAINT AGAINST OFFICER SCHLESINGER OR SERGEANT JOSEPH, AND THEY SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION**

A. Lane Schlesinger

It appears that plaintiff attempted to serve Officer Schlesinger twice at two residential addresses, until finally serving him pursuant to CPLR 308(2) at City of New Rochelle City Hall.

The affidavit of service filed with the Court indicates that the summons and amended complaint was served on a person of suitable age and discretion, Ms. Marie Papa, on April 18, 2022, and that a copy of the summons and amended complaint was mailed to Officer Schlesinger on April 20, 2022. D.E. 75. The affidavit of service was filed on April 23, 2022. *Id.* Pursuant to CPLR 308(2), service was complete ten days thereafter, on May 3, 2022. N.Y.C.P.L.R. §308(2). Accordingly, service of process on Officer Schlesinger was over two weeks past the deadline set by the Court. In addition, Ms. Papa is a secretary for the New Rochelle Law Department, located at City Hall, 515 North Avenue, which is a different address than Police Headquarters, located at 475 North Avenue. Officer Schlesinger's principal place of business is Police Headquarters, not City Hall.

In considering whether the grant an extension of time to allow plaintiff to serve a summons and complaint courts will examine a number of factors including: (i) whether plaintiff made diligent efforts to effect service; (ii) whether the applicable statute of limitations would bar the refiled action; (iii) whether the defendant had actual notice of the claims asserted in the complaint; (iv) whether the defendant attempted to conceal the defect in service; and (v) whether the defendant would be prejudiced by the granting of plaintiff's request. *See Castro v. City of New York,* 2007 U.S. Dist. LEXIS 77878, 2007 WL 3071857, at *7 (S.D.N.Y. Oct. 10, 2007), *report and recommendation adopted*, 2007 U.S. Dist. LEXIS 101433, 2007 WL 3224748 (S.D.N.Y. Nov. 1, 2007). Application of these factors weighs decidedly against granting plaintiff's motion.

First, plaintiff did not make diligent efforts to effect service. Officer Schlesinger is a member of the New Rochelle Police Department, located at 475 North Avenue, New Rochelle. Plaintiff was well aware of the location of police headquarters, which is Officer Schlesinger's

place of business. Instead of simply serving Officer Schlesinger at police headquarters, plaintiff embarked on an aggressive, unnecessary and ultimately unfruitful effort to serve him at a residence address. Accordingly, contrary to plaintiff's contention, his failure to serve process in a timely manner was not "the result of circumstances beyond his control." Plaintiff's Memo of Law, at 6, quoting *Harris v. New York,* 2022 U.S. Dist. LEXIS 48043 (S.D.N.Y. March 17, 2022). Plaintiff could have served Officer Schlesinger at his place of business in the first instance, in which case service would have been timely. Instead, plaintiff waited until April 18, the day after the deadline set by this Court, to serve plaintiff via leave and mail service at a location other than Officer Schlesinger's place of business. Moreover, it should be noted, the April 17 deadline was not the first one set by the Court. As detailed above, the initial service deadline was December 18, 2021. At plaintiff's request, the service deadline had already been adjourned three times.

Second, although applicable the statute of limitations would bar the Section 1983 claims asserted against Officer Lane, the central claim set forth in plaintiff's complaint (and amended complaint), is and remains that his rights under the ADA and the RA were violated. In its October 19, 2021 decision, this Court held that plaintiff pled viable claims under the ADA and RA as against the City of New Rochelle. *See* D.E. 38. However, this Court also held that plaintiff's ADA and RA claims may not be asserted against the individual defendants. *Id.* at 15 ("there is no individual liability under the ADA or the RA"). Accordingly, plaintiff's failure to timely serve Officer Schlesinger – and the denial of his instant motion seeking yet additional time to do so – would have no effect on plaintiff's existing ADA and RA claims.

Third, citing Officer Schlesinger's testimony from his January 2020 criminal trial, plaintiff argues that Officer Schlesinger had personal knowledge of plaintiff's claims against

him, and therefore service of process should be deemed unnecessary. This argument is logically flawed because the pleading in question, plaintiff's amended complaint, was not filed until March 2022. Officer Schlesinger could not have actual notice of the claims set forth in plaintiff's amended complaint in January 2020. In any event, a defendant's actual notice of a claim is not a substitute for compliance with the procedural rules governing service of a summons and complaint. *See Western Sur. Co. v. Bykev Int'l, Inc.* 2015 U.S. Dist LEXIS 116165, at *8-9 (S.D.N.Y. Sept. 1, 2015).

Fourth, Officer Schlesinger did not attempt to conceal a defect in service. In fact, the failure to properly serve the individual defendants, including Officer Schlesinger, was raised in response to plaintiff's original complaint. And, as noted, this Court held that plaintiff's failure to serve the original complaint was not excused by good cause. *See* D.E. 38.

Finally, regarding prejudice, Officer Schlesinger would be prejudiced by having to defend a lawsuit naming him as a defendant in his individual capacity. On the other hand, plaintiff would suffer no prejudice because his central claims – under the ADA and the Rehabilitation Act – will proceed against the City of New Rochelle, whether Officer Schlesinger appears as a defendant or as a non-party witness as the case proceeds.

B. Myron Joseph

The factors outlined above apply with equal force and effect to Sgt. Joseph.

First, plaintiff did not make diligent efforts to serve him. He waited until April 18, 2022 to employ leave and mail service under CPLR 308(2), even though there was no mystery as to where Sgt. Joseph worked. The affidavit of service was filed on April 23, 2022, and thus service was complete ten days later, on May 3, 2022, over two weeks past the deadline set by this Court. Plaintiff attempted to serve Sgt. Joseph at a residence address, but that does not show diligent

efforts. Where, as here, a plaintiff knows full well where a defendant works, misguided efforts to try to personally serve the defendant at a residence address are simply aggressive and wasteful.

Second, while the statute of limitations for Section 1983 claims against Sgt. Joseph has lapsed, as is the case with Officer Schlesinger, plaintiff can still pursue his central claims against the City of New Rochelle under the ADA and RA. Moreover, as demonstrated in the City Defendants' motion to dismiss plaintiff's amended complaint, the amended complaint does not contain substantive allegations against Sgt. Joseph, and even if plaintiff had timely served him with the amended summons and complaint, the action should be dismissed against Sgt. Joseph for lack of personal participation.

Third, plaintiff does not argue, and has brought forward no evidence to prove, that Sgt. Joseph had actual notice of the claims set forth against him in the amended complaint.

Fourth, as was the case for Officer Schlesinger, Sgt. Joseph did not attempt to conceal a defect in service. In fact, the failure to properly serve the individual defendants, including Sgt. Joseph, was raised in response to plaintiff's original complaint.

Finally, regarding prejudice, Sgt. Joseph would be prejudiced by having to defend a lawsuit naming him as a defendant in his individual capacity. On the other hand, as noted above, an examination of the amended complaint demonstrates that it lacks any substantive allegations against Sgt. Joseph. He is mentioned in the caption, and in a single paragraph in the section identifying the parties. Otherwise he is not mentioned. On the other hand, plaintiff would suffer no prejudice because his central claims – under the ADA and the RA – will proceed against the City of New Rochelle, whether or not Sgt. Joseph is a defendant in this action.

**Conclusion**

Plaintiff's motion for an extension of time to serve the individual defendants should be denied as moot with respect to former Police Commissioner Schaller and current Police Commissioner Robert Gazzola, sued in his official capacity only. The motion should be denied on the merits as to Officer Schlesinger and Sgt. Joseph.

Dated: White Plains, New York
May 26, 2022

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for the City Defendants

Lalit K. Loomba

1133 Westchester Avenue
White Plains, New York 10604
(914) 323-7000
Our File No. 07367.00109