UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MARC H. FISHMAN,

                    Plaintiff,

**29 CIV 265 (NSR)**

      -against-


CITY OF NEW ROCHELLE, WESTCHESTER
COUNTY, et al.

                  Defendants.
------------------------------------------------------------------x


# MEMORANDUM OF LAW


Dated: White Plains, New York
       June 7, 2022


**JOHN M. NONNA**
Westchester County Attorney
Attorney for Defendant
Irma W. Cosgriff, Esq.
Associate County Attorney,
   of counsel
600 Michaelian Office Building
148 Martine Avenue
White Plains, New York 10601
Tel: (914) 995-3577
 Fax: (914) 995-3132
iwc1@westchestergov.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................................i-v

PRELIMINARY STATEMENT ..............................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND ..............................................................1

LEGAL STANDARDS ...........................................................................................................4

     12(b)(6) Motion .................................................................................................................4

     Rule 8 of the FRCP ...........................................................................................................4

     Section 1983 ......................................................................................................................5

     *Monell* ..............................................................................................................................5

     Title II of the ADA ...........................................................................................................7

LEGAL ARGUMENT.............................................................................................................8

**POINT I** ...............................................................................................................................8

     PLAINTIFF FAILS TO ALLEGE A MONELL CLAIM AGAINST THE COUNTY .......8

**POINT II**..............................................................................................................................13

     Plaintiff's RA and ADA Claims Should Be Dismissed With prejudice...........................13

**POINT III**............................................................................................................................14

     Plaintiff Is Not Entitled to a Declaratory Judgment ....................................................14

CONCLUSION........................................................................................................................15

# TABLE OF AUTHORITIES

## Cases

*Adams v. Orange County*
   2015 U.S. Dist. LEXIS 126021\ (S.D.N.Y. September 1, 2015) ............................................. 12

*Ashcroft v. Iqbal*
   556 U.S. 662\ (2009) ....................................................................................................... 3,4

*Baez v. Hennessy*
   853 F.2d 73 (2d Cir. 1988) ................................................................................................. 12

*Bd. of County Comm'rs v. Brown*
   520 U.S. 397 (1997) ......................................................................................................... 6

*Bellamy v. City of New York*
   914 F. 3d 727 (2d Cir. 2019) .......................................................................................... 8,12,13

*Bruno v. City of New York*
   2019 U.S. Dist. LEXIS 26095 (S.D.N.Y. February 19, 2019) ................................................ 10

*Carmichael v. City of New York*
   34 F. Supp. 3d 252 (E.D.N.Y. 2014) .................................................................................. 6

*Carr v. County of Sullivan*
   2018 U.S. Dist. LEXIS 131667 (S.D.N.Y. August 3, 2018) ................................................... 11

*Cash v. County of Erie*
   654 F.3d 324 (2d Cir. 2011) ............................................................................................. 6

*City of Oklahoma City v. Tuttle*
   471 U.S. 808 105 S. Ct. 2427 (1985) ................................................................................. 5

*City of St. Louis v. Praprotni*
   485 U.S. 112 (1988) ......................................................................................................... 5

*Coal. For Competetive Elec., Dynergy Inc. v. Zibelman*
   906 F.3d 41 (2d Cir. 2018)..........................................................................................4

*Connick v. Thompson*
   563 U.S. 51 (2011)..................................................................................................10

*Cosby v. Rusi*
   2020 U.S. Dist. LEXIS 115676 (D. Conn., July 1, 2020). 2017)...........................7

*Cotto v. City of New York*
   803 Fed. Appx. 500 (2d Cir. 2020)........................................................................11

*Dixon v. City of New York*
   2017 U.S. Dist. LEXIS 119042 (S.D.N.Y. July 27, 2017).......................................7

*Farmer v. Cty. of Westchester*
   2021 U.S. Dist. LEXIS 175597 (S.D.N.Y. eptember 15, 2021)...........................4,10

*Fishman v. New York State Unified Court Sys.*
   2021 U.S. Dist. LEXIS 102867 (S.D.N.Y. June 1, 2021).....................................13,14

*Golden State Transit Corp. v. Los Angeles*
   493 U.S. 103 110 S. Ct. 444 (1989).........................................................................5

*Greene v. City of New York*
   742 Fed. Appx. 532 (2d Cir. 2018).........................................................................11

*Hamilton v. Westchester Cnty*
   *3 F. 4th 86 (2d Cir. 2021)* ...............................................................................7

*Hanner v. Westchester Cty*
   2017 U.S. Dist. LEXIS 203401 (S.D.N.Y. December 11, 2017)...............................6

*Hutchins v. Solomon*
   2018 U.S. Dist. LEXIS 169421 (S.D.N.Y. September 29, 2018)............................10

*Katz v. Klehammer*
   902 F. 2d 204 (2d Cir. 1990).................................................................................6

*Lockett v. City of Middletown*
   2021 U.S. Dist. LEXIS 53495 (S.D.N.Y. March 22, 2021)..................................................... 6,13

*Louis v. N.Y. C. Hous. Auth.*
   152 F. Supp. 3d 143 (S.D.N.Y. January 14, 2016) ..................................................... 8

*Malik v. City of New York*
   2021 U.S. App. LEXIS 576 (2d Cir. January 11, 2021) ..................................................... 9

*Manganiello v. City of New York*
   612 F.3d 149 (2d Cir. 2010)..................................................... 10

*Manuel v. New York*
   2020 U.S. Dist. LEXIS 178756 (S.D.N.Y. September 28, 2020)..................................................... 13

*McCarthy v. Dun & Bradstreet Corp*
   482 F. 3d 184 (2d Cir. 2007)..................................................... 4

*McClean v. County of Westchester*
   2018 U.S. Dist. LEXIS 204269 (S.D.N.Y. December 3, 2018)..................................................... 11

*McCray v. Caparco*
   761 Fed. Appx. 27, 31-32 (2d Cir. 2019)..................................................... 10

*Mees v. City of New York*
   2021 U.S. Dist. LEXIS 57159 (S.D.N.Y March 25, 2021)..................................................... 9

*Mercano v. City of New York*
   2017 U.S. Dist. LEXIS 73000 (S.D.N.Y. May 12, 2017)..................................................... 12

*Mills v. Cnty. Court Justice*
   2004 U.S. Dist. LEXIS 32676 (W.D.N.Y. May 10, 2004)..................................................... 13

*Monell v. New York City Department of Social Services*
   436 U.S. 658 (1978)..................................................... 5,9,11,13

*Moore v. City of Norwalk*
   2018 U.S. Dist. LERXIS 162782 (D. Conn. September 24, 2018)..................................................... 7

*Murdock v. Legal Aid Soc'y*
    2015 U.S. Dist. LEXIS 1487 (E.D.N.Y. January 6, 2015) ...........................................................14

*Norales v. Acevedo*
    2021 U.S. Dist. LEXIS 34361 (S.D.N.Y. February 24, 2021).................................................. 4

*Norton v. Town of Islip*
    678 Fed. Appx. 17, 22-23 (2d Cir. 2017)............................................................................. 15

*O'Neal v. City of New York*
    196 F. Supp. 3d 421 (S.D.N.Y. 2016)...................................................................................... 10

*P&J Empire Auto, Inc. v. Town of Newburgh*
    2018 U.S. Dist. LEXIS 38661 (S.D.N.Y. March 8, 2018)....................................................... 4

*Ramrattan v. Fischer*
    2015 U.S. Dist. LEXIS 74510 (S.D.N.Y. June 9, 2015) .......................................................... 7

*Roe v. City of Waterbury*
    542 F. 3d 31 (2d Cir. 2008).................................................................................................... 5

*Roelcke v. Zip Aviation*
    *LLC*, 15-cv-6284 (PAB ....................................................................................................... 13

*Smalls v. Collins*
    10 F. 4th 117 (2d Cir. 2021).................................................................................................. 10

*Tecocoatzi-Ortiz v. Just salad, LLC*
    2019 U.S. Dist. LEXIS 63772  (S.D.N.Y. April 12, 2019)...................................................... 14

*Thomas v. Co. Westchester*
    215 F. Supp. 2d 329 (S.D.N.Y. 2002).................................................................................... 5

*Torres v. Vasta*
    2019 U.S. Dist. LEXIS 163769 (S.D.N.Y. September 24, 2019)................................................ 8

*Triano v. Town of Harrison*
    895 F. Supp. 2d 526 (S.D.N.Y. 2012).................................................................................... 6

*Vann v. City of Rochester*
  2019 U.S. Dist. LEXIS 108033 (W.D.N.Y. June 27, 2019………………………………….8

*Walker v. City of New York*
  2012 U.S. Dist. LEXIS 103792 (S.D.N.Y. July 24, 2012); ………………………………….. 11

*Uquinn Banks v. McLaughlin*
  2019 U.S. Dist. LEXIS 237280, (S.D.D.Y. July 8, 2019) ………………………………….. 8,12

*Webb v. Arnone*
  2018 U.S. Dist. LEXIS 128482 (D. Conn. August 1, 2018)…………………………………. 8

*Wilson v. Cnty. of Onondaga*
  2022 U.S. Dist. LEXIS 73161 (N.D.N.Y. April 21, 2022 …………………………………… 9

*Wilson v. Merrill Lynch & Co., Inc.*
  671 F. 3d 120 (2d Cir. 2011)……………………………………………………………………… 4

*Wray v. City of New York*
  490 F. 3d 189 (2d Cir. 2009)……………………………………………………………………… 6

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted on behalf of Defendant County of Westchester (hereinafter "County Defendant" or "County"), in support of its motion to dismiss pursuant to Rule 8 and Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter "FRCP"), for an order dismissing the First Amended Complaint (hereinafter "FAC") filed on March 10, 2022. *See*, Dkt. No. 47. Other than being included in the caption, the FAC contains no plausible facts to state any claim against the County. Given that Plaintiff was given a detailed explanation as to why his previous pleading was defective as against the County, Plaintiff's attorney-drafted FAC does not correct those deficiencies and the County is left guessing as to why it is still in this lawsuit. Therefore this action should be dismissed with prejudice as against the County.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a *pro se* Complaint on January 8, 2019 against the City of New Rochelle, New Rochelle Police Department[1], Police Officer Lane Schlesinger, Commissioner Joseph F. Schaller, Police Detective W. Joseph, Robert Gazzola, Sergeant Myron Joseph ("New Rochelle Defendants") and the County of Westchester, claiming various violations of 42 U.S.C. Section 1983 ("Section 1983") and Section 504 of the Rehabilitation Act ("RA") as well as various state claims. *See*, Dkt. No. 2. This case arose out of an incident on December 15, 2018 when Plaintiff was arrested by some of the New Rochelle Defendants for violation of an order of protection, interrogated, imprisoned, tried and convicted after a jury trial. Although he included the County, Plaintiff failed to allege any *Monell* claim against it. Likewise, there were no allegations giving rise to an RA claim against the County. On May 21, 2020, New Rochelle Defendants and

---

[1] The New Rochelle Police Department was dismissed on February 11, 2019.

County Defendant were granted permission to file motions to dismiss. *See*, Dkt. No. 21.

Defendants' motions were fully submitted and filed on October 29, 2020. *See*, Dkt. Nos. 24-33.

35-37. By Decision and Order dated October 19, 2021, the Court granted the motions in part and

denied them in part. *See*, Dkt. No. 38.

The Court granted County Defendant's motion to dismiss without prejudice for the

following reasons:

- Plaintiff failed to allege any action on behalf of the County or any of its officers
  and "makes no mention of any Westchester employees or police officers, or any
  policy, custom or practice created by Westchester." 2021 U.S. Dist. LEXIS
  202448, at *16; and

- Plaintiff failed to allege "any factual allegations involving Westchester giving
  rise to ADA or RA claims." *Id*. at 20; and

- State law claims against the County were dismissed for failure to serve a notice
  of claim. *Id*. at 26.

Plaintiff was given an opportunity to correct these deficiencies and the Court granted him

until November 18, 2021 to file an amended pleading. *Id*. at 26. On November 10, 2021, Plaintiff

retained counsel and he filed a Notice of Appearance. *See*, Dkt. No. 39. Plaintiff's counsel

requested and was granted an extension to file an amended complaint. *See*, Dkt. Nos. 40-45.

Plaintiff's FAC was filed on March 10, 2022. *See*, Dkt. No. 47. Defendants requested permission

to file motions to dismiss the FAC, which was granted. *See*, Dkt. Nos. 72, 74, 77, 82 and 83.

In his FAC, Plaintiff seeks compensatory and punitive damages, attorneys' fees, costs and

declaratory and injunctive relief from the "collective" defendants in connection with his arrest by

New Rochelle Defendants on or about December 15, 2018 and against all defendants for the

"abusive criminal proceedings" which led to a jury verdict. While Plaintiff again includes the

County in the caption of his FAC, it is unclear, at best, what claims he intends to pursue as against

the County, even after this Court issued an Order and Opinion highlighting the deficiencies in his

initial Complaint explaining, *inter alia*, why his *Monell* and other claims were dismissed.

The allegations that pertain to the County are limited to the following:

- The County is "responsible for the actions of its prosecutors" and allowed Plaintiff to be prosecuted knowing that he was innocent. *See*, FAC ¶ 16[2]; *see also* ¶¶ 61, 62,[3] 64[4], 67, 70,[5]71,[6]103, 120,[7] and 127; and

- The County "refused to provide discovery documents in the criminal action in an accessible format to plaintiff, including in large print. The discovery documents were very blurry and difficult for anyone, let alone a person with a cognitive disability to understand." *Id.* at ¶17; *see also* ¶ 86; and

- "Defendants are liable to plaintiff because they agreed to act in concert... to inflict unconstitutional injuries, and committed overt acts..." *Id.* at ¶148.

Even if the facts alleged in the FAC are accepted as true, only for the purposes of the

instant motion, they fail to state a plausible claim against the County. *See*, *Wilson v. Merrill

Lynch & Co., Inc.*, 671 F.3d 120, 128 (2d Cir. 2011), *citing Ashcroft v. Iqbal*, 556 U.S. 662, 129

S. Ct. 1937 (2009).

---

[2] ADA Parab knew the witnesses were using false or misleading evidence. *See*, FAC ¶16.

[3] ADA Parab made false and misleading statements to the jury, advising them that plaintiff was subject to a full stay away order, was not allowed visitation, and had been served with the order of protection. *Id.* at ¶¶16, 61 and 62.

[4] ADA Parab caused the criminal court to submit an illegal jury charge and verdict and advocated for such. *Id.* at ¶¶16 and 64.

[5] In August 2020 the prosecution admitted the order of protection was never served on plaintiff and that the police knew this before the arrest. *Id.* at ¶70.

[6] While one of the charges was dismissed after a verdict, Plaintiff was found guilty of the other charge.

[7] The Eighth Cause of Action for *Monell* is asserted against all defendants but only mentions the City of New Rochelle.

## LEGAL STANDARDS

### 12(b)(6) of the FRCP

In deciding a Rule 12(b)(6) motion, courts must accept as true all factual statements alleged in the complaint and draw reasonable inferences in favor of the non-moving party. *See Wilson v. Merrill Lynch & Co., Inc., supra; see also McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007, *see also Norales v. Acevedo*, 20-cv-2044 (DLC), 2021 U.S. Dist. LEXIS 34361, at * 8 (S.D.N.Y. February 24, 2021), *citing Coal. For Competitive Elec., Dynergy Inc. v. Zibelman*, 906 F.3d 41, 48-49 (2d Cir. 2018). However, "legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss." *P&J Empire Auto, Inc. v. Town of Newburgh*, No. 17-cv-2234 (VB), 2018 U.S. Dist. LEXIS 38661, at *6 (S.D.N.Y. March 8, 2018) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Ultimately, "[d]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown [] that the pleader is entitled to relief." *Ashcroft, supra* at 679 (*citations and quotation marks omitted*).

### Rule 8 of the FRCP

Rule 8(a) of the FRCP "requires, at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Farmer v. Cty. of Westchester*, 18-cv-2691 (NSR), 2021 U.S. Dist. LEXIS 175597, at *20 (S.D.N.Y. September

4

15, 2021)(*citation omitted*). Group pleading does not meet the minimum pleading requirements. *Id.* at 20-23.

<h3 align="center">Section 1983</h3>

Section 1983 empowers citizens to sue state actors and municipalities for depriving them of "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Section 1983 does not create new rights, but instead provides a mechanism for the redress of violations of rights created elsewhere including claims based upon a state actor's violation of constitutional and/or federal statutory rights. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816, 105 S. Ct. 2427, 2432 (1985); *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 105, 110 S. Ct. 444, 448 (1989). Thus, in order to establish a claim under Section 1983, a plaintiff must demonstrate that he or she was deprived of a right secured by the Constitution or laws of the United States. *See Katz v. Klehammer*, 902 F.2d 204, 206 (2d Cir. 1990). "Deprivation of a constitutional right is the *sine qua non* of Section 1983; *absent such a violation, no claim – either against an individual or against a municipality under the Monell doctrine – will lie.*" *Thomas v. Co. Westchester*, 215 F. Supp. 2d 329 (S.D.N.Y. 2002) (*emphasis added*).

<h3 align="center"><em>Monell</em></h3>

It is well-established that "to prevail on a claim against a municipality under Section 1983 based on acts of a public official, a plaintiff is required to prove…that an official policy of the municipality caused the constitutional injury." *See Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008), *citing Monell v. New York City Department of Social Services*, 436 U.S. 658, 690-91 (1978); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 122 (1988) ("governments should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights"). Indeed, "[b]efore a municipality can be held

5

liable under Section 1983, it must be shown to have been 'the moving force of the constitutional

violation.'" *Carmichael v. City of New York*, 34 F. Supp. 3d 252, 262-63 (E.D.N.Y. 2014)

(*quoting Monell, supra* at 690-691; *see also Cash v. County of Erie*, 654 F.3d 324, 341-42 (2d

Cir. 2011) (equating "moving force" with "proximate cause"). "A municipality may not be

found liable simply because one of its employees committed a tort." *Roe,* 542 F.3d at 36, *citing*

*Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 405 (1997).

Instead, "[t]o hold a [municipality] liable under Section 1983 for the unconstitutional

actions of its employees, a plaintiff is required to plead and prove three elements: (i) an official

policy or custom that (ii) causes the plaintiff to be subjected to (iii) a denial of a constitutional

right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2009) (*citations and internal*

*quotation marks omitted*); *see also Triano v. Town of Harrison*, 895 F. Supp. 2d 526, 531-32

(S.D.N.Y. 2012) (*citations omitted*). In order to allege such a policy or custom:

> "[A] plaintiff may assert one of the following: (1) the existence of a formal policy
> officially endorsed by the municipality; (2) actions taken or decisions made by
> municipal officials with final decision making authority, which caused the alleged
> violation of plaintiff's civil rights; (3) a practice so persistent and widespread that
> it constitutes a custom of which constructive knowledge can be implied on the
> part of the policymaking officials; or (4) a failure by policymakers to properly
> train or supervise their subordinates, amounting to deliberate indifference to the
> rights of those who come in contact with the municipal employees."

*Hanner v. Westchester Cty.*, 16-cv-7610 (VB), 2017 U.S. Dist. LEXIS 203401, at *17-18

(S.D.N.Y. December 11, 2017) (*citation and internal quotation marks omitted*). "Such a claim

cannot lie in the absence of an underlying constitutional violation." *See*, *Lockett v. City of*

*Middletown*, 19-cv-08255 (PMH), 2021 U.S. Dist. LEXIS 53495, at *11-12 (S.D.N.Y. March 22,

2021)(*citation omitted*).

Boilerplate language without any detail or facts regarding the nature of any "suspect

policies, practices, or procedures, much less how they cause the individual defendants to violate

plaintiff's rights" are insufficient to state a plausible *Monell* claim.  *See Moore v. City of Norwalk*, 17-cv-695 (JAM), 2018 U.S. Dist. LEXIS 162782, at *9-10 (D. Conn. September 24, 2018) (*citation omitted*); *see also Dixon v. City of New York*, 14-cv-4930 (PGG), 2017 U.S. Dist. LEXIS 119042, at *8-9 (S.D.N.Y. July 27, 2017) (boilerplate and conclusory allegation insufficient to state a *Monell* claim).  In the absence of any allegations concerning a custom or municipal policy that can be linked to Plaintiff's injury, there can be no *Monell* liability. *Id.* at 16.

### Title II of the ADA

Title II of the ADA requires that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity or be subjected to discrimination by any such entity." *See*, *Cosby v. Rusi*, 20-cv-459 (MPS), 2020 U.S. Dist. LEXIS 115676, at *9 (D. Conn., July 1, 2020) (*citation and internal quotations omitted*).  In order to state such a claim, a plaintiff must demonstrate that "(1) she is a qualified individual with a disability; (2) that she was excluded from a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and 3) that such exclusion or discrimination was due to her disability." *Hamilton*, *supra* at 8 (*citation omitted*).  Critically, plaintiff must allege his mistreatment was motivated by either discriminatory animus or ill will due to his disability. *See*, *Ramrattan* v. *Fischer*, 13-cv-6890 (KPF), 2015 U.S. Dist. LEXIS 74510, at *11 (S.D.N.Y. June 9, 2015)(*citation and internal quotations omitted*).

In a "reasonable accommodation" case, the inquiry is whether "a plaintiff with disabilities, as a practical matter was denied meaningful access to services or activities to which he or she was legally entitled." *Hamilton v. Westchester Cty.*, 3 F.4th 86, 91 (2d Cir. 2021)

(*citation and internal quotations omitted*).    The ADA requires a public entity to make

"reasonable accommodations to assure access to existing programs" but does not require

"additional or different substantive services be provided to the disabled, no matter how great

their need for the services might be." *See*, *Louis v. N.Y.C. Hous. Auth.*, 152 F. Supp. 3d 143, 152

(S.D.N.Y. January 14, 2016) (*citation omitted*).

Conclusory allegations of discriminatory animus will not withstand a motion to dismiss.

*See*, *Webb v. Arnone*, 17-cv-01624 (SRU), 2018 U.S. Dist. LEXIS 128482, at *25-26 (D. Conn.

August 1, 2018)(*citations omitted*)(where plaintiff alleged that he suffered from osteoarthritis in

his knees and shoulders and is limited in one or more of his major life activities, he failed to

allege an ADA violation because he did not assert that defendants treated him differently because

of his arthritic condition).

## LEGAL ARGUMENT

### POINT I

### PLAINTIFF FAILS TO ALLEGE A *MONELL* CLAIM AGAINST THE COUNTY

Although the County is named, the FAC is devoid of any allegation from which the Court

could infer "that any alleged constitutional violations were caused by a municipal custom or

policy." *Torres v. Vasta*, 18-cv-8706 (KMK), 2019 U.S. Dist. LEXIS 163769, at *10 (S.D.N.Y.

September 24, 2019) (*citations omitted*); *see also Vann v. City of Rochester*, 18-cv-06464

(MAT), 2019 U.S. Dist. LEXIS 108033, at *21-23 (W.D.N.Y. June 27, 2019), *citing, Bellamy v.

City of New York*, 914 F.3d 727 (2d Cir. 2019)(*other citations omitted*); *Uquinn Banks v.

McLaughlin*, 19-cv-4127 (CM), 2019 U.S. Dist. LEXIS 237280, at *16-17 (S.D.N.Y. July 8,

2019).

8

Despite this Court's explanation as to how Plaintiff could plausibly allege a *Monell* claim against the County, his attorney-drafted FAC is still woefully defective. The Court dismissed the *Monell* claim and stated:

> "Here, Plaintiff fails to allege any action on behalf of Westchester or any of its officers. The complaint makes no mention of any Westchester employees or police officers, or any policy, custom, or practice created by Westchester. The only allegation included in the Complaint is that Westchester includes the City of New Rochelle...who employs attorneys who maliciously prosecuted plaintiff.....This conclusory statement fails to raise a plausible cause of action." 2021 U.S. Dist. LEXIS 202448, at *16 (*internal quotations omitted*).

The FAC fares no better. The only *Monell* allegations are contained in the Eighth Cause of Action, which does not even mention the County. To the extent that Plaintiff continues to allege that his *Monell* claim is predicated upon the prosecutor's acts in "maliciously prosecuting" him, he has added no facts/claims except to include the name of the prosecutor attributing to him the quintessential advocacy actions for which he would be absolutely immune. The allegations that the County is "responsible for the actions of its prosecutors" and allowed Plaintiff to be prosecuted knowing that he was innocent (*See*, FAC ¶¶ 16, 61, 62, 64, 67, 70, 71, 103, 120, and 127) are conclusory and do not plausibly allege a *Monell* claim. *See*, *Mees v. City of New York*, 19-cv-7346 (AJN), 2021 U.S. Dist. LEXIS 57159, at *14-15 (S.D.N.Y March 25, 2021)(conclusory allegations that the City failed to train its prosecutors do not state a *Monell* claim); *see also Wilson v. Cnty. of Onondaga*, 20-cv-1489 (DNH)(TWD), 2022 U.S. Dist. LEXIS 73161, at *19-23 (N.D.N.Y. April 21, 2022)(*Monell* claim was properly dismissed where plaintiff "fail[ed] to plausibly allege that any constitutional violation resulted from a custom, policy or practice)(*citation and internal quotations omitted*).

Notably, Plaintiff has not alleged a cognizable constitutional claim against the County, which is fatal to any *Monell* claim. *See*, *Malik v. City of New York*, 2021 U.S. App. LEXIS 576,

(2d Cir. January 11, 2021)(where underlying conduct of the prosecutors was absolutely immune, plaintiff failed to allege a constitutional violation and his *Monell* claim was properly dismissed). Even if the FAC can be construed as alleging a Section 1983 fair trial claim against the County (FAC ¶16), it would fail as a matter of law. *See*, *Hutchins v. Solomon*, 16-cv-10029 (KMK), 2018 U.S. Dist. LEXIS 169421, at *73-74 (S.D.N.Y. September 29, 2018)(fair trial claim dismissed based upon absolute immunity)(citation omitted); *see also Bruno v. City of New York*, 17-cv-7552 (PGG), 2019 U.S. Dist. LEXIS 26095, *32-33 (S.D.N.Y. February 19, 2019)(*citations omitted*). In addition, any fair trial claim is deficient since, *inter alia*, Plaintiff was found guilty after a jury trial. *See*, *Smalls v. Collins*, 10 F.4th 117, 139 (2d Cir. 2021). Likewise, any malicious prosecution claim is likewise without any merit. *See*, *Manganiello v. City of New York*, 612 F.3d 149, 160-161 (2d Cir. 2010). So too is any conspiracy claim. Conclusory allegations of a conspiracy are insufficient to withstand a motion to dismiss. *See*, *Farmer v. Cty. of Westchester*, *supra* at 32-34.

To the extent that the FAC is construed as asserting a "failure to train" claim, it is defective as a matter of law. "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train," and such failure "must amount to deliberate indifference to the rights of persons with whom the untrained employees come into contact." *See*, *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (*internal citations and quotations omitted*). Plaintiff must show that the failure to provide particular training was the actual cause of the constitutional violation. *Id.* at 59 n.5. "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *See*, *McCray v. Caparco*, 761 Fed. Appx. 27, 31-32 (2d Cir. 2019)(*citation omitted*); *see also O'Neal v. City of New York*, 196 F. Supp. 3d 421, 435 (S.D.N.Y. 2016)(pleading

standard for a *Monell* failure to train claim), *aff'd. on other grounds*, 679 Fed. Appx. 16 (2017),

*cert den.* 138 S. Ct. 559 (2017); *Greene v. City of New York*, 742 Fed. Appx. 532, 536-37 (2d

Cir. 2018)(in order to establish a *Monell* claim for failure to train prosecutors with respect to

disclosure obligations, a plaintiff must show an underlying constitutional violation that was

"preceded by a pattern of similar constitutional violations" concerning "nondisclosure of the

same sort of evidence" and that it resulted from the municipality's training policies). The failure

to allege the specific deficiencies in the training program is a fatal defect. *See, Cotto v. City of

New York*, 803 Fed. Appx. 500 (2d Cir. 2020).

There are zero allegations addressing any of the above-described *Monell* criteria. Even if

the allegations can be construed as a general attempt to address *Monell*, it is well established that

"*Monell* claims must still meet the plausibility standard of *Twombly* and *Iqbal*." *Walker v. City

of New York*, 2011-cv-9611 (PKC)(JLC), 2012 U.S. Dist. LEXIS 103792, *10 (S.D.N.Y. July

24, 2012); *see Phillips v. City of Middletown, supra* at 24-25 ("While a court may not apply a

heightened pleading standard to *Monell* claims, boilerplate conclusions as to municipal liability

will not suffice, even at this early stage of the litigation.") (*internal quotation marks and

citations omitted*).

This Court has dismissed *Monell* claims for failure to assert more than conclusory

allegations of customs and practices by municipal defendants. *See, e.g., McClean v. County of

Westchester*, 17-cv-4492 (CS), 2018 U.S. Dist. LEXIS 204269, *61 (S.D.N.Y. December 3,

2018) (dismissing *Monell* claims where Plaintiff offered "only conclusory allegations" of

customs and practices that purportedly amounted to "deliberate indifference," and provided "no

facts to plausibly support this conclusion"); *Carr v. County of Sullivan*, 16-cv-06850 (NSR),

2018 U.S. Dist. LEXIS 131667, *11 (S.D.N.Y. August 3, 2018) (plaintiff's allegation that all

11

municipal defendants maintained policies/customs was "insufficient to state a *Monell* claim

because it is wholly conclusory and there are no facts to support the allegations"); *Mercano v.*

*City of New York*, 15-cv-3544, 2017 U.S. Dist. LEXIS 73000, *7 (S.D.N.Y. May 12, 2017) (even

though plaintiff alleged that the City had certain policies, the Court held "the Complaint's

allegations are entirely conclusory and plead no facts from which to infer that the policy, practice

or custom that they complain of exists"); *Adams v. Orange County*, 2013-cv-8549 (VB), 2015

U.S. Dist. LEXIS 126021, *12 (S.D.N.Y. September 1, 2015) (where plaintiff "pled no facts to

support" a *Monell* claim against municipal defendants, the Court held that the allegations were

"entirely conclusory and must therefore be disregarded").  Plaintiff does not even assert

boilerplate allegations.

When prosecuting a criminal matter, a district attorney in New York State, acting in a

quasi-judicial capacity, represents the State of New York, not the municipality within his/her

jurisdiction.  *See Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988).  In this regard, because a

prosecutor represents the State of New York when prosecuting a criminal matter, a municipality

cannot be held legally responsible for injuries allegedly caused by said prosecutor in such a role.

*Id.*; *see also Bellamy v. City of New York*, 914 F.3d 727, 757 (2d Cir. 2019); *see also Galgano*,

*supra* at 34-39. "A county prosecutor's actions are a function of state policies, rather than city

policies, only where plaintiff's claims center....on decisions whether or not, and on what

charges, to prosecute, and not where those claims focus on the administration of the district

attorney's office." *See, Uquinn Banks v. McLaughlin*, 19-cv-4127 (CM), 2019 U.S. Dist. LEXIS

237280, at *15-16 (S.D.N.Y. July 8, 2019)(*citations and internal quotations omitted*).

Therefore, since the FAC is devoid of any such facts, in situations, as here, where a

prosecutor's decision on one case and the manner in which this case is prosecuted is challenged,

a *Monell* claim cannot be asserted against the municipality. *See, Bellamy, supra.*   The County's
liability cannot be based upon a specific decision of the District Attorney to prosecute. *Id.*

Finally, where, as here the prosecutor who is not sued individually is protected by
absolute immunity, there can be no underlying constitutional violation, and therefore no *Monell*
liability. *See, Lockett v. City of Middletown, supra.*

Should Plaintiff seek to amend his pleading again, such an application should be denied
as any amendment would be futile. *See, Roelcke v. Zip Aviation, LLC,* 15-cv-6284 (PAB), 2018
U.S. Dist. LEXIS 51452, at *41-42 (S.D.N.Y. March 26, 2018).

### POINT II

### PLAINTIFF'S RA AND ADA CLAIMS SHOULD BE DISMISSED WITH PREJUDICE

Plaintiff failed to plausibly allege that the County violated his rights under Title II of the
ADA or under the RA.  The allegation that Plaintiff received discovery which was blurry or not
printed large enough is insufficient to state such a claim. *See, Fishman v. Office of Court Admin.
N.Y. State Courts,* 2021 U.S. App. LEXIS 29233 (2d Cir. September 28, 2021)(Plaintiff failed to
plausibly allege that he was a qualified individual with a disability under Title II of the ADA)[8];
*see also Manuel v. New York,* 18-cv-11820 (VB), 2020 U.S. Dist. LEXIS 178756, at *8-9
(S.D.N.Y. September 28, 2020) (to allege a Title II claim, a plaintiff must allege intentional
discrimination on the basis of his or her disability and denial of a benefit of participation in a
program); *Mills v. Cnty. Court Justice,* 04-cv-0142A(Sr), 2004 U.S. Dist. LEXIS 32676, at *5-8
(W.D.N.Y. May 10, 2004)(a plaintiff who alleged that his rights were violated under Title II of
the ADA failed to allege a claim where his claims stemmed from his criminal prosecution).

---

[8] In his Complaint against the State, Plaintiff claimed that, *inter alia*, the denial of large print
court orders violated his rights under Title II of the ADA.  The Court dismissed his claims with
prejudice and the decision was affirmed on appeal. *See,* Dkt. No. 84, 18-cv-00282 (KMK).

Plaintiff has presented this claim in *Fishman v. New York State Unified Court Sys.*, 21-cv-3517 (CS), 2021 U.S. Dist. LEXIS 102867 (S.D.N.Y. June 1, 2021). This case relates to the allegations in the FAC about the way Plaintiff believes he was treated in the criminal court and the failure to accommodate his disabilities in connection with his criminal case. He named the Unified Court System, various court officials, and the County, including former DA Scarpino and DA Rocah. The allegations include that he could not understand the discovery he was provided because it was not in an accessible format/large print. Judge Seibel dismissed the case *sua sponte* before it was served. Claims against the County were dismissed without prejudice for failure to plead a custom/policy/practice that caused the violation of his rights. Claims against the DAs were dismissed based on prosecutorial immunity. Plaintiff was granted leave to replead the municipal liability claim but did not do so. Therefore, any such claims are barred by collateral estoppel. *See, Tecocoatzi-Ortiz v. Just Salad, LLC*, 18-cv-7342 (JKG), 2019 U.S. Dist. LEXIS 63772, at *11-12 (S.D.N.Y. April 12, 2019).

## POINT III

## PLAINTIFF IS NOT ENTITLED TO A DECLARATORY JUDGMENT

Any request for declaratory and or injunctive relief is without merit as to the County because, *inter alia*, "they are intertwined with the claim for money damages" and ask the Court only to "recognize a past wrong" rather than seeking any prospective relief. *See Murdock v. Legal Aid Soc'y*, 14-cv-0508 (JS)(SIL), 2015 U.S. Dist. LEXIS 1487, *9-10 (E.D.N.Y. January 6, 2015).

In addition, since Plaintiff does not allege sufficient facts to render any of his federal claims cognizable, any claim for declaratory and injunctive relief must be dismissed with prejudice. *See*, *Norton v. Town of Islip*, 678 Fed. Appx. 17, 22-23 (2d Cir. 2017).

## CONCLUSION

Based upon the foregoing, the County Defendant respectfully requests that the instant motion be granted in its entirety, that the FAC be dismissed with prejudice as to the county pursuant to Rule 8 and 12(b) of the FRCP, and for such other and further relief as this Court may deem just and proper.

Dated: White Plains, New York
      June 8, 2022

                        JOHN M. NONNA
                        Westchester County Attorney
                        Attorney for Defendant County of Westchester
                        BY:   s\ Irma Cosgriff
                        Irma Cosgriff
                        Associate County Attorney
                        Of Counsel, 600 Michaelian Office Building
                        148 Martine Avenue, Room 600
                        White Plains, New York 10601
                        (914) 995-3577
                        Iwc1@westchestergov.com

TO:   *Via Regular Mail*
       Caner Demirayak
       Law Office of Caner Demirayak, Esq.
       300 Cadman Plz W  FL 12
       Brooklyn, NY  11201
       Caner@canerlawoffice.com

       Lalit K. Loomba, Esq.
       Wilson Elser Moskowitz Edelman & Dicker, LLP
       1133 Westchester Avenue
       White Plains, NY 10604