UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARC H. FISHMAN,

                              Plaintiffs.                      Index No.: 19-cv-00265-NSR

                - against -

CITY OF NEW ROCHELLE, POLICE OFFICER       **DECLARATION OF CANER**
LANE SCHLESINGER SHIELD # 1058, JOSEPH      **DEMIRAYAK, ESQ. IN**
F. SCHALLER, ROBERT GAZZOLA, IN HIS           **OPPOSITION TO**
OFFICIAL CAPACITY AS POLICE                      **MOTIONS TO DISMISS**
COMMISSIONER OF THE CITY OF NEW
ROCHELLE POLICE DEPARTMENT,
SERGEANT MYRON JOSEPH SHIELD # 18, &
COUNTY OF WESTCHESTER,

                              Defendants.
------------------------------------------------------------------------X

       CANER DEMIRAYAK, ESQ, pursuant to 28 U.S.C. 1746(2) declares as follows:

       1.       I am the attorney for plaintiff in the above captioned matter. I am fully familiar with the facts and circumstances of this matter based upon a review of the files maintained by my office, discussions with plaintiff, and personal involvement as the attorney of record for plaintiff in several related proceedings.

       2.       I submit the following declaration in opposition to the motions to dismiss by all defendants.

       3.       As set forth in the plaintiff's memorandum of law and the annexed exhibits, the motions to dismiss must be denied, the defendants must interpose an answer to all claims, and this case should proceed to discovery.

4.      As set forth in detail in the amended complaint, the questioning, detention and arrest of plaintiff on December 15, 2018 was unlawful as plaintiff engaged in innocent conduct for which there was no probable cause to believe he committed any crimes, let alone arguable probable cause.

5.      Police Office Lane Schlesinger then created a misdemeanor complaint supported by the statement of plaintiff's ex-wife Jennifer Solomon. The unlawfulness of the arrest was further demonstrated by this insufficient complaint.

6.      On October 29, 2019, the presiding judge handling the criminal matter held that the complaint prepared and submitted by Schlesinger was legally insufficient as a matter of law. This was a dismissal of Schlesinger's own complaint, not one created by the district attorney's office. However, the judge allowed the People to amend the insufficient complaint.

7.      The amendment was still not enough to salvage the baseless case against plaintiff.

8.      The trial evidence was so lacking that the presiding judge near the end of the trial made clear that he felt the People did not prove completed criminal contempt in the second degree. As such, the judge then allowed the People to surreptitiously amend their charging documents against to include a crime of attempted criminal contempt in the second degree.

9.      The trial judge then improperly instructed the jury, resulting in a verdict of guilty on both completed and attempted contempt, which is a legal impossibility.

10.     For reasons unknown to your declarant, the trial judge did not sentence plaintiff on the conviction for nearly 2 years. Plaintiff has still not been sentenced and is thus not "convicted."

11.     After your declarant was retained by plaintiff to continue handling the defense of the underlying criminal matter, your declarant moved to set aside the verdict as defective.

12.     The County, through its district attorney's office, in response to the motion agreed that the verdict by the jury was legally defective.

13. However, the trial judge refused to set aside the verdict. In that very same motion, the trial judge issued an order barring any further motions by defendant or his attorney without permission.

14. As such, your declarant filed an article 78 petition against the trial judge seeking an order compelling him to modify his order which prevented your declarant from filing further motions and for refusing to carry out the agreed upon positions by the defense and the prosecution. The petition was denied.

15. In January 2022 the trial judge issued a bench warrant to compel plaintiff's appearance at sentencing despite your declarant's motion to request defendant to be sentenced in the absence of his presence.

16. On June 9, 2022, the trial judge issued a permanent order of protection pursuant to CPL 530.12, as if he had convicted the plaintiff of criminal contempt in the second degree. The order states your declarant and the defendant were present, which was not true. Additionally, the order states your declarant was served via e-mail but no such e-mail was ever received. In fact the plaintiff and your declarant first learned of such order on July 5, 2022. On that same day your declarant sent a letter to the presiding judge objecting to the order and requested permission to file a motion to vacate or modify the order of protection. No response has been received as of today.

17. As of this date the plaintiff has still not been convicted of any crimes as in the State of New York, a conviction is only entered upon sentencing after a plea of guilty or jury verdict of guilty. For that reason, the plaintiff is not able to appeal the determinations of the criminal court.

18. However, on July 8, 2022 a notice of appeal was filed with respect to the June 9, 2022 order of protection, the only item appealable at this time.

19.     The above facts are gleaned from the publicly available court records, for which this court may consider upon this motion and take judicial notice thereof. Such facts are only meant to demonstrate to the court the unlawful nature of the conduct of Schlesinger and his co-workers and supervisors, along with the entity defendants and is not meant in any way to request this court intervene or take any action with respect to "pending" state court matters. This case is only about plaintiff's request for vindication of his federally protected rights.

20.     The following exhibits are attached to this Declaration in opposition to the defendants' motions:

- a.  Exhibit 1: October 29, 2019 Order
- b.  Exhibit 2: Misdemeanor Complaint
- c.  Exhibit 3: Statement of Complaining Witness
- d.  Exhibit 4: Order Not Served
- e.  Exhibit 5: Order Providing for Allowances for supervised visitation and contact with complaining witness
- f.  Exhibit 6: June 27, 2017, Order of Protection
- g.  Exhibit 7: County Response to Motion to Set Aside Verdict
- h.  Exhibit 8: July 16, 2021 Order of U.S. Court of Appeals, Second Circuit
- i.  Exhibit 9: January 4, 2012 Command Discipline Report, Lane Schlesinger
- j.  Exhibit 10: July 18, 2013 Command Discipline Report, Lane Schlesinger
- k.  Exhibit 11: March 4, 2005 Command Discipline Report Myron

      Joseph

   l. Exhibit 12: November 29, 2007 Command Discipline Report Myron Joseph

   m. Exhibit 13: January 9, 2008 Command Discipline Report Myron Joseph

   n. Exhibit 14: July 20, 2008 Command Discipline Report Myron Joseph

   o. Exhibit 15: June 9, 2022 Order of Protection

   p. Exhibit 16: Notice of Appeal, July 8, 2022.

21. As detailed in the command discipline reports, the defendants' supervisors all had prior notice of the failure of the officers to perform their duties. Joseph was Schaller's direct supervisor at the time of the incident. Schaller was both of their supervisors at the time and was aware of some of the disciplinary reports. Gazzola was the captain that issued most of the letters of reprimand. Gazzola was well aware of the plethora of issues with Schlesinger and Joseph and is responsible under a theory of supervisory liability. Additionally, Schaller was aware of such issues. The command discipline reports were not received until May 26, 2022, after the amended complaint was filed, and were not available for inclusion into the statement of facts.

22. I under penalty of perjury that the foregoing is true and correct.

Executed on July 11, 2022

           _____/s/_____
          **CANER DEMIRYAK**