SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,

                -against-

MARC FISHMAN,
                    Defendant.
------------------------------------------------------------X

FILED AND ENTERED ON 10-29 2019 WESTCHESTER COUNTY CLERK

DECISION AND ORDER
Docket #18-6293M

**FILED**

OCT 29 2019

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

The defendant, charged by misdemeanor information with criminal contempt in the second degree (P.L. 215.50 (3)), makes this motion seeking dismissal of the charge of criminal contempt in the second degree as facially insufficient.

The People oppose the motion. The Court now finds as follows.

<u>MOTION TO DISMISS FOR FACIAL INSUFFICIENCY</u>

The defendant moves to dismiss the charge of criminal contempt in the second degree as facially insufficient. He contends this charge is defective because the People never served or filed a copy of the Order of Protection the defendant is alleged to have violated, and thereby never converted the misdemeanor complaint to an information. He seeks dismissal of the complaint as factually insufficient.

The People respond that the accusatory instrument is facially sufficient, as it is inferable from the defendant's admission, as stated in the accusatory, that he thought he could go to the victim's home because he was with a social worker, that he was aware of the Order of Protection. The People further assert that in the event the Court views the information as insufficient, they have appended a copy of the Order of Protection the defendant is alleged to have violated, and seek to amend the information on that basis.

The sufficiency of the information must be determined by a reading of the face of instrument itself, together with any supporting depositions accompanying it (People v Casey, 95 NY2d 354, 361 (2000); People v Grabinski, 189 Misc2d 307 (App. Term, 2d Dept 2001)). To be sufficient on its face, an information must contain nonhearsay allegations which establish, if true, every element of the offense charged and the defendant's commission thereof ( P.L. 100.40(c); People v Alejandro, 70 NY2d 133 (1987)).

"So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 (2000)). A court reviewing for facial insufficiency must consider all reasonable inferences that may be drawn from the factual allegations in the accusatory (People v Jackson, 18 NY3d 738, 747 (2012)).

A person is guilty of criminal contempt in the second degree when he engages in "[i]ntentional disobedience or resistance to the lawful process or other mandate of a court..." (P.L. 215.50(3)). The "mandate of a court" includes an order of protection (People v Halper, 209 AD2d 637 (2d Dept 1994)). The essential elements of the crime of criminal contempt in the second degree, as charged, are that a lawful order of protection was in effect, that the defendant had knowledge of the order, and that the defendant intentionally disobeyed it (see McCormick v Axelrod, 59 NY2d 574, 583 (1983)).

Based upon the above standards, the Court finds the information charging the

defendant with criminal contempt in the second degree facially insufficient, as it fails to contain any factual allegation to support that the defendant had knowledge of the order of protection he is claimed to have violated. The information alleges only that there was an order of protection in effect on the date in question, but does not allege that the defendant had been served with it, that he was present in court when it was issued, or that he had signed it (see People v Inserra, 4 NY3d 30, 33 (2004)). The order of protection was not annexed to the accusatory information either.

However, the People indicate that they seek to cure any defect in the accusatory by having now filed, as an Exhibit to their papers in opposition, a copy of the Order of Protection the defendant is claimed to have violated. Since this is a curable defect (see CPL 170.35 (1)), and the annexed Order of Protection indicates the defendant was served with it in Court and that he was advised of its contents, the pleading defect has been cured (see People v Pierre-Louis, 53 Misc3d 130(A) (App. Term, 9th & 10th JD 2016)). The defendant will be arraigned on the amended accusatory. The motion to dismiss for facial insufficiency is denied in view of the amendment.

This constitutes the Decision and Order of this Court.

Dated: October 28, 2019
White Plains, New York

HON. SUSAN M. CAPECI
A.J.S.C.