UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARC FISHMAN,                                            :        Docket No.
                                                         :        19-CV-265 (NSR)
                    Plaintiff,                         :
                                                         :
  -against-                                             :
                                                         :
CITY OF NEW ROCHELLE, LANE SCHLESINGER        :
SHIELD #1058, JOSEPH F. SCHALLER, ROBERT      :
GAZOLLA, IN HIS OFFICIAL CAPACITY AS          :
POLICE COMMISSIONER OF THE CITY OF NEW        :
ROCHELLE POLICE DEPARTMENT, SERGEANT          :
MYRON JOSEPH SHIELD #18, & COUNTY OF          :
WESTCHESTER                                              :
                                                         :
                    Defendants.                        :
                                                         :
------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF THE CITY DEFENDANTS' MOTON TO DISMISS
PLAINTIFF'S FIRST-AMENDED COMPLAINT**

The Quinn Law Firm
Attorneys for the City Defendants
399 Knollwood Road, Suite 220
White Plains, NY  10603
(914) 997-0555

# TABLE OF CONTENTS

Table of Authorities ..................................................................................................................... ii

Introduction ................................................................................................................................... 1

Preliminary Statemen ................................................................................................................... 1

Argument ....................................................................................................................................... 1

POINT I        PLAINTIFF'S CONVICTION BARS HIS FALSE ARREST CLAIM .................... 1

POINT II       PLAINTIFF'S FAIR TRIAL CLAIM FAILS ............................................................. 5

POINT III      PLAINTIFF'S MALICIOUS PROSECUTION CLAIM FAILS ................................ 5

POINT IV       PLAINTIFF'S FAILURE TO INTERVENE CLAIM FAILS .................................... 6

POINT V        PLAINTIFF'S SUPERVISORY LIABILITY CLAIM FAILS .................................. 6

POINT VI       PLAINTIFF'S *MONELL* CLAIM FAILS ................................................................ 7

POINT VII      PLAINTIFF ABANDONED CERTAIN CLAIMS ................................................... 8

POINT VIII

DEFENDANTS JOSEPH AND SCHALLER SHOULD BE DISMISSED FOR
LACK OF PERSONAL PARTICIPATION .................................................................................. 9

POINT IX

DEFENDANTS SCHLESINGER AND JOSEPH SHOULD BE DISMISSED FOR
LACK OF PERSONAL JURISDICTION ...................................................................................... 9

Conclusion ................................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases** — Pages(s)

*Bautista v. Rodriguez,*
702 F.2d 393 (2d Cir. 1983) .............................................................. 8

*Castro v. City of New York,*
2007 U.S. Dist. LEXIS 77878 (S.D.N.Y. Oct. 10, 2007) ................ 9

*Castro v. City of New York,*
2007 U.S. Dist. LEXIS 101433 (S.D.N.Y. Nov. 1, 2007) ............... 9

*Curley v. Village of Suffern,*
268 F.3d 65 (2d Cir. 2001) .............................................................. 4

*Fabrikant v. French,*
691 F.2d 193 (2d Cir. 2012) ............................................................ 8

*Heck v. Humphrey,,*
2022 U.S. App. LEXIS 14436 (2d Cir. May 26, 2022) ................... 3

*Jessamy v. Jakasal,*
2022 U.S. App. LEXIS 14436 (2d Cir. May 26, 2022) ................... 2

*Krauss v. Bennett,*
877 F.2d 362 (2d Cir. 1989) ............................................................ 4

*Levy v. City of New York,*
935 F. Supp. 2d 575 (E.D.N.Y. 2013) ............................................. 6

*Liang v. City of New York,*
2013 U.S. Dist. LEXIS 136795 (E.D.N.Y. Sept. 13, 2013) ............. 5

*McDonough v. Smith,*
139 S. Ct. 2149 (2019) ..................................................................... 5

*Mozzochi v. Borden,*
959 F.2d 1174 (2d Cir. 1992) .......................................................... 8

*Panetta v. Crowley,*
460 F.3d 388 (2d Cir. 2006) ............................................................ 4

*People v. Gonzalez,*
200 A.D.2d 759 (2d Dep't 1994) ..................................................... 3

*People v. Guunatilaka*,
  156 Misc.2d 958 (Crim. Ct. N.Y. Cty. 1993) ............................................................... 3

*Read v. Town of Suffern Police Dep't*,
  2013 U.S. Dist. LEXIS 89189 (S.D.N.Y. June 25, 2013) ........................................... 5

*Segal v. City of New York*,
  459 F.3d 207 (2d Cir. 2006) ....................................................................................... 7

*Small v. Collins*,
  10 F.4th 117 (2d Cir. 2021) ................................................................................... 5

*Tangreti v. Bachmann*,
  983 F.3d 609 (2d Cir. 2020) ....................................................................................... 6

*Thompson v. Clark*,
  142 S. Ct. 1332 (2022) ................................................................................................ 5

*Triolo v. Nassau County*,
  24 F.4th 98 (2d Cir. 2022) ............................................................................... 3, 4

*Vail v. City of New York*,
  68 F. Supp. 3d (S.D.N.Y. 2014) ................................................................................. 7

**Statutes**

N.Y.C.P.L. §1.2(13) ............................................................................................................. 2

N.Y.C.P.L. §1.2(15) ............................................................................................................. 3

N.Y.C.P.L. §380.20 ............................................................................................................. 2

N.Y. Penal Law §215.50 ..................................................................................................... 2

## Introduction

Defendants City of New Rochelle and Commissioner Robert Gazzola, sued in his official capacity only (collectively, the "City"), and defendants Lane Schlesinger, Joseph F. Schaller and Myron W. Joseph (together with the "City," the "City Defendants"), respectfully submit this reply memorandum of law in further support of their motion to dismiss.

## Preliminary Statement

As plainly alleged in the first-amended complaint, plaintiff was convicted when a jury returned a verdict of guilty after his trial for violating an order of protection issued in favor of his ex-wife (¶67); and on January 9, 2022, the criminal court issued a bench warrant for plaintiff's failure to appear at his sentencing (¶72). Plaintiff's opposition scrupulously ignores these facts. Indeed, plaintiff argues that because he has not been sentenced, he has not actually been "convicted." This claim is wrong as a matter of law, and ignores plaintiff's obvious and culpable role in not being sentenced. Plaintiff is, in effect, a fugitive from justice. He wants the Court to ignore this inconvenient truth. It should not do so.

As demonstrated in the City Defendants' main brief, and as detailed herein, plaintiff's conviction is fatal to his civil rights claims. Moreover, even putting plaintiff's conviction to one side, there was ample probable cause to justify plaintiff's arrest and prosecution. The civil rights claims added to plaintiff's first-amended complaint should therefore be dismissed, with prejudice, and this case should proceed to discovery only on the claims for relief alleging violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act.

## Argument

**POINT I      PLAINTIFF'S CONVICTION BARS HIS FALSE ARREST CLAIM**

Plaintiff's conviction is fatal to his Section 1983 claim for false arrest. *See* Main Brief, at Point I (pp 6-10). The gist of plaintiff's opposition is that he was not "convicted" because he has

yet to be sentenced. This argument is simply wrong.

A "conviction" is defined in Section 1.2(13) of the New York Criminal Procedure Law as "the entry of a plea of guilty to, or a *verdict of guilty* upon, an accusatory instrument other than a felony complaint, or to one ore more counts of such instrument." N.Y.C.P.L. §1.2(13) (emphasis added). Here, plaintiff was found guilty by jury verdict of criminal contempt, second degree, a misdemeanor. N.Y. Penal law §215.50. By simple operation of law, plaintiff was "convicted."

Plaintiff's argument to the contrary is based on a plain misreading of the law. Plaintiff argues that, under Section 380.20 of the Criminal Procedure Law, "a sentence on a verdict . . . must be pronounced before a conviction may be entered," and because plaintiff "has still not been sentenced [he] thus has not been convicted." Opp. Mem. at 12. However, Section 380.20 only provides that a "court must pronounce sentence where a conviction is entered." N.Y.C.P.L. §380.20. Section 380.20 does *not* say that a criminal defendant must be sentenced in order to be convicted, but rather that once a conviction is entered – as, for example, here, upon a jury verdict – the court must sentence the defendant. *Id.*

And that is precisely what the criminal court tried to do when it scheduled plaintiff's sentencing for January 9, 2022. It was plaintiff who failed to show up at his own sentencing, prompting the criminal court to issue a bench warrant. Plaintiff ignored the order of the criminal court by not appearing for his sentencing, and then has the audacity to come into this Court asking to be rewarded for his illegal conduct. This Court should decline to do that.[1]

Plaintiff argues next that the jury's verdict was "legally defective." Opp. Mem. at 12-13. However, the proper forum to raise such an argument would be a motion addressed to the

---

[1] Plaintiff's reliance on *Jessamy v. Jakasal*, 2022 U.S. App. LEXIS 14436 (2d Cir. May 26, 2022), is misplaced because as is the case here, the plaintiff in *Jessamy* was convicted on underlying criminal charges, and the conviction foreclosed his civil claim for false arrest.

criminal court, or a direct appeal from plaintiff's conviction. Plaintiff's attempt to raise these arguments in a collateral civil action is foreclosed by *Heck v. Humphrey,* 512 U.S. 477 (1994), a point raised by the City Defendants in their motion, *see* Main Brief, at p.8 n.2, but ignored by the plaintiff in his opposition. Plaintiff attempts to argue that he cannot appeal his conviction because under Section 450.10 and 450.15 of the Criminal Procedure Law an appeal may only be taken from a "judgment," which under Section 1.20(15) of the Criminal Procedure Law is "comprised of a conviction and the sentence imposed thereon." N.Y.C.P.L. §1.20(15). Again, this argument may not be raised collaterally, but should have been presented to the criminal court below. Moreover, plaintiff should not be able to skip his own sentencing, thereby avoiding entry of a judgment, and then come into this Court seeking advantage from his own illegal conduct. Likewise, plaintiff's argument that he plausibly alleged that he was innocent of the charges of violating the order of protection issued in favor of his ex-wife, *see* Opp. Mem. at 14, is an argument for the criminal court below, or on a direct appeal, and cannot be reconciled with his conviction on those charges. *See Heck,* 512 U.S. 477 (1994).[2]

But even if this Court were to disregard plaintiff's criminal conviction, which it should not, as demonstrated in the main brief, there was ample probable cause to support both plaintiff's arrest and his criminal prosecution. *See* Main Br. at pp. 8-10. Plaintiff's argument to the contrary – set forth in Point II of his opposition (Opp. Mem. at pp. 15-18) – is unavailing.

First, plaintiff's reliance on *Triolo v. Nassau County,* 24 F.4th 98 (2d Cir. 2022), is misplaced. *Triolo* restates settled Second-Circuit law that once a police officer has probable

---

[2] In any event, the cases cited by plaintiff, *People v. Gonzalez,* 200 A.D.2d 759 (2d Dep't 1994), and *People v. Gunatilaka,* 156 Misc.2d 958 (Crim. Ct. N.Y. Cty. 1993), to support this argument are clearly distinguishable because unlike the facts in those cases, the materials that this Court may consider on the instant motion show that Mr. Fishman got out of his car, and approached his son who was playing in the driveway of his ex-wife's home, thereby violating the orders of protection.

cause to make an arrest, he is not under a duty to conduct an investigation to uncover evidence that might defeat probable cause. Indeed, as the Second Circuit has stated, the function of a police officer is "'to apprehend those suspected of wrongdoing . . . not to finally determine guilt through a weighing of the evidence.'" *Panetta v. Crowley*, 460 F.3d 388, 395-396 (2d Cir. 2006), quoting *Krause v. Bennett*, 877 F.2d 362, 372 (2d Cir. 1989). Accordingly, once "a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001).

*Triolo* turned on a caveat to this general rule, to wit: that in determining probable cause an officer should not disregard plainly exculpatory evidence. *Triolo*, 24 F.4th at 106. In *Triolo*, alleged victims of a domestic violence incident claimed that a family member had brutally assaulted them, yet there was no evidence of cuts or bruises or anything else to suggest that the claimed assault had actually taken place. The Second Circuit held that the jury reasonably concluded that the arresting officer had disregarded this plainly exculpatory evidence in making the arrest. *Id.* at 106-107. Here, by contrast, the amended complaint does not allege the existence of "plainly exculpatory" evidence. Plaintiff merely alleges that if he had been allowed to go to his car, he could have retrieved documents which he could then have used to explain his innocence to Officer Schlesinger. *See* Ex. A (amended complaint), at ¶¶43, 44. Far from pointing to "plainly exculpatory" evidence (such as the absence of cuts and bruises in *Triolo*), here, plaintiff merely suggests that a detailed review and analysis of legal documentation might have cast doubt on the existence of probable cause. Where, as here, probable cause existed for plaintiff's arrest, there was no constitutional duty to conduct such a legal analysis. *See Panetta*, 460 F.3d at 395-396; *Curley*, 268 F.3d at 70; *Krause*, 877 F.2d at 372.

As demonstrated in the main brief, *see* Main Br. at pp. 8-10, Officer Schlesinger spoke with plaintiff's ex-wife, who showed him valid and effective orders of protection and detailed facts indicating that plaintiff violated them. Officer Schlesinger then spoke with Ms. Elliot (the court representative who supervised visitation) who confirmed the orders of protection, and that she had warned plaintiff that his actions in coming to his ex-wife's house violated the orders. These facts provided ample probable cause to support plaintiff's arrest, and which is fatal to his false arrest claim. *See, e.g., Liang v. City of New York,* 2013 WL 5366394, at *8 (E.D.N.Y. Sept. 13, 103); *Read v. Town of Suffern Police Dep't,* 2013 U.S. Dist. LEXIS 89189, at *14-15 (S.D.N.Y. June 25, 2013). At the very least, these facts support arguable probable cause and qualified immunity for the individual City Defendants. *See* Main Brief, at pp.9-10.

**POINT II    PLAINTIFF'S FAIR TRIAL CLAIM FAILS**

As demonstrated in the main brief, plaintiff's fair trial claim fails because he did not, and cannot, allege that his "underlying criminal proceeding . . . terminated in such a manner that the [instant civil] lawsuit does not impugn [his] outstanding conviction." *Smalls v. Collins,* 10 F.4th 117, 139 (2d Cir. 2021); *see also McDonough v. Smith,* 139 S. Ct. 2149, 2158 (2019). As demonstrated above, plaintiff was convicted when the jury returned a guilty verdict against him.

The Supreme Court's recent decision in *Thompson v. Clark,* 142 S. Ct. 1332 (2022), a case which is limited to the analysis of malicious prosecution claims, does not alter this analysis. In *Clark,* the Supreme Court held that in order to pursue a Section 1983 malicious prosecution claim, a plaintiff need not establish that the underlying criminal proceeding terminated in a manner affirmatively consistent with his innocence, but only that the proceeding did not conclude with a conviction. *Id.* at 1335. Here, however, plaintiff was convicted.

**POINT III    PLAINTIFF'S MALICIOUS PROSECUTION CLAIM FAILS**

As demonstrated in the main brief, plaintiff's conviction is fatal to his malicious

prosecution claim. As demonstrated above, plaintiff's tortured argument for why he was not "convicted" fails. His claim for malicious prosecution must therefore be dismissed.

Moreover, plaintiff ignored the other arguments raised by the City Defendants in support of dismissal of the malicious prosecution claim, namely: (i) the decision of the prosecution to pursue charges breaks the chain of causation between the officers' conduct and plaintiff's prosecution; (ii) there was probable cause to believe that plaintiff could reasonably be prosecuted for the crime charged; and (iii) the individual defendants are protected by qualified immunity. *See* Main Brief, at pp.11-13. These arguments constitute independent grounds for dismissal of plaintiff's Section 1983 malicious prosecution claim.

**POINT IV    PLAINTIFF'S FAILURE TO INTERVENE CLAIM FAILS**

As demonstrated in the main brief, a failure to intervene claim is derivative in nature and is contingent on the disposition of the underlying primary claims. *See* Main Br. at p.14, citing *Levy v. City of New York*, 935 F. Supp. 2d 575, 594 (E.D.N.Y. 2013). Here, plaintiff's underlying substantive claims – false arrest, malicious prosecution, and the denial of the right to fair trial – cannot prevail. His derivative failure to intervene claim therefore fails.

**POINT V    PLAINTIFF'S SUPERVISORY LIABILITY CLAIM FAILS**

As demonstrated in the main brief, a Section 1983 supervisory claim requires plaintiff to plausibly allege that a supervising officer violated the plaintiff's rights by his or her own direct conduct. Under *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020), previously-recognized grounds for supervisory liability, including negligence in the supervision of a subordinate officers, no longer qualify as grounds for liability. Plaintiff ignores this argument.

The amended complaint contains no substantive allegations of direct conduct by Sgt. Joseph; and with respect to former Commissioner Schaller, the amended complaint does not plausibly allege that he falsely arrested, maliciously prosecuted, or unfairly tried plaintiff; or

otherwise by his direct actions violated any of plaintiff's constitutional rights. The supervisory liability claim must therefore be dismissed.

### POINT VI    PLAINTIFF'S *MONELL* CLAIM FAILS

As demonstrated in the main brief, the allegations in the amended complaint are insufficient to plausibly allege a viable *Monell* claim. Plaintiff's allegations are conclusory; he fails to allege details of the City's police training program, or that the City was on notice of a failure to train in a particular respect; and plaintiff's allegations that the City failed to adopt a particular policy concerning accommodating persons with disabilities are insufficient to establish a viable claim. *See* Main Br. at pp. 16-20.[3]

In opposition, plaintiff attempts to rehabilitate the amended complaint by filing certain disciplinary records for Officer Schlesinger and Sergeant Joseph. Resorting to this tactic is improper because a complaint must survive on its own allegations, rather than on the basis of material appended to plaintiff's opposition to a motion to dismiss. *See Vail v. City of New York*, 68 F. Supp. 3d 412, 420-21 (S.D.N.Y. 2014). However, even if the Court were to consider these disciplinary records, they are so far removed in time, and so unrelated to the claims for relief alleged here, the *Monell* claim should nevertheless be dismissed.

With respect to Officer Schlesinger, plaintiff points to (i) a 2012 internal disciplinary matter in which Schlesinger was docked one leave day for failing to document an incident where he confiscated car keys from an individual who was intoxicated; and (ii) a 2013 internal disciplinary matter in which Schlesinger received a letter of reprimand for failing to file appropriate charges prior to a criminal defendant's court return date. With respect to Sergeant Joseph, plaintiff points to (i) a 2005 internal disciplinary matter where Joseph was docked one

---

[3] The absence of a viable underlying constitutional violation is also fatal to plaintiff's *Monell* claim. *See Segal v. City of New York*, 459 F.3d 207 (2d Cir. 2006).

leave day for attempting to legitimize the actions of a harassment suspect thereby preventing his lawful arrest; (ii) a 2007 internal disciplinary matter in which Joseph was docked two leave days for failing to meet with and sign the memorandum books of subordinate police officers during a three-month period; (iii) a 2008 internal disciplinary matter in which Joseph received a letter of reprimand for prematurely voiding a summons when he had been asked to first investigate whether the summons had been issued in error; and (iv) a 2008 internal disciplinary matter in which Joseph was issued a letter of reprimand for taking police action without notifying the dispatcher.

Here, plaintiff's amended complaint alleges that the City had a policy or practice of "inadequate screening, hiring, retaining, training and supervising its employees," and that the New Rochelle Police Department "failed to properly train its employees with regard to the proper issuance of criminal complaints." Ex. A (amended complaint), at ¶121. Plaintiff's arrest occurred in 2018. The minor disciplinary matters that plaintiff saw fit to append to his opposition are so limited in number, remote in time, and unrelated to the alleged policies and practices asserted here, they are immaterial to the plaintiff's allegations. *See Batista v. Rodriguez,* 702 F.2d 393, 397 (2d Cir. 1983) (a causal link between an alleged policy and plaintiff's injuries is a necessary prerequisite to *Monell* liability). Accordingly, even if the Court were to consider this information, which it should not, plaintiff's *Monell* claim still fails.

### POINT VII   PLAINTIFF ABANDONED CERTAIN CLAIMS

As demonstrated in the main brief, plaintiff failed to plausibly allege viable claims for First-Amendment retaliation, *see* Main Brief, at Point VII (pp. 20-21)[4]; "Federal Civil Rights Violations," *id.* at Point VIII (pp. 21-22); and Section 1983 conspiracy, *id.* at Point IX (pp. 22-

---

[4] The existence of probable cause to arrest is also fatal to a claim of First-Amendment retaliation based on the arrest. *See Fabrikant v. French,* 691 F.3d 193, 215 (2d Cir. 2012); *Mozzochi v. Borden,* 959 F.2d 1174, 1180 (2d Cir. 1992).

23). In opposition, plaintiff failed to address these claims for relief, and has therefore abandoned them. For the reasons set forth in the main brief they should be dismissed.

### POINT VIII   DEFENDANTS JOSEPH AND SCHALLER SHOULD BE DISMISSED FOR LACK OF PERSONAL PARTICIPATION

As demonstrated in the main brief, the amended complaint fails to specifically or plausibly allege the personal participation of Sgt. Joseph or former Commissioner Schaller in any alleged violations of plaintiff's constitutional rights. Main Brief, at Point X (pp. 23-24). In opposition, plaintiff does not contend otherwise. Accordingly, the amended complaint should be dismissed as against defendants Myron Joseph and Joseph Schaller.

### POINT IX   DEFENDANTS SCHLESINGER AND JOSEPH SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

Finally, as demonstrated in the main brief, and in the City Defendants' opposition to plaintiff's separate motion for additional time to complete service of process, plaintiff has failed to timely serve process on defendants Lane Schlesinger and Myron Joseph, and the factors which courts consider in determining whether to extend time to complete service of process weigh heavily against doing so in this case. *See Castro v. City of New York,* 2007 U.S. Dist. LEXIS 77878, at *20-22 (S.D.N.Y. Oct. 10, 2007), *report and recommendation adopted,* 2007 U.S. Dist. LEXIS 101433 (S.D.N.Y. Nov. 1, 2007).

First, plaintiff did not make diligent efforts to effect service. Officer Schlesinger and Sergeant Joseph both work at New Rochelle Police Headquarters, an address with which plaintiff is well acquainted. But instead of serving these defendants at their place of employment, plaintiff embarked on an unnecessary and ultimately unfruitful effort to serve them at their residence addresses.

Second, because this Court has already held that plaintiff adequately alleged claims under the ADA and the Rehabilitation Act, dismissal of the individual defendants would have no effect

on the central aspect of plaintiff's action.

Third, neither Officer Schlesinger nor Sgt. Joseph had actual notice of the civil rights claims added to the first-amended complaint. Indeed, they did not have even constructive notice of the claims until they were added to the amended complaint in March 2022.

Finally, both Officer Schlesinger and Sgt. Joseph would be prejudiced by having to defend against claims naming them in their individual capacities. This is particularly the case with respect to Sgt. Joseph as to whom plaintiff does not allege any personal involvement. On the other hand, plaintiff would suffer no prejudice if these defendants were dismissed because his central ADA and Rehabilitation Act claims will, for the time being, continue against the City of New Rochelle.

## Conclusion

For the reasons set forth in the main brief and above, plaintiff's amended complaint should be dismissed in its entirety, with exception of the claims for relief against the City of New Rochelle under the ADA and the Rehabilitation Act.

Dated: White Plains, New York
       July 26, 2022

                                  Respectfully submitted,

                                  THE QUINN LAW FIRM
                                  Attorneys for the City/Defendants

                                  Lalit K. Loomba

                                  399 Knollwood Road, Suite 220
                                  White Plains, NY 10603
                                  (914) 997-0555
                                  lloomba@quinnlawny.com