UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MARC H. FISHMAN,

                     Plaintiff,

                                                            **29 CIV 265 (NSR)**

       -against-


CITY OF NEW ROCHELLE, WESTCHESTER
COUNTY, et al.

                     Defendants.
----------------------------------------------------------------x

# REPLY MEMORANDUM OF LAW


Dated: White Plains, New York
        July 26, 2022

                                                    **JOHN M. NONNA**
                                                    Westchester County Attorney
                                                    Attorney for Defendant
                                                    Irma W. Cosgriff, Esq.
                                                     Associate County Attorney,
                                                       of counsel
                                                    600 Michaelian Office Building
                                                    148 Martine Avenue
                                                    White Plains, New York 10601
                                                    Tel: (914) 995-3577
                                                    Fax: (914) 995-3132
                                                    iwc1@westchestergov.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MARC H. FISHMAN,

    Plaintiff,

              **29 CIV 265 (NSR)**

  -against-


CITY OF NEW ROCHELLE, WESTCHESTER
COUNTY, et al.

    Defendants.
-------------------------------------------------------------x

# REPLY MEMORANDUM OF LAW


Dated: White Plains, New York
   July 26, 2022

              **JOHN M. NONNA**
              Westchester County Attorney
              Attorney for Defendant
              Irma W. Cosgriff, Esq.
              Associate County Attorney,
               of counsel
              600 Michaelian Office Building
              148 Martine Avenue
              White Plains, New York 10601
              Tel: (914) 995-3577
              Fax: (914) 995-3132
              iwc1@westchestergov.com

## PRELIMINARY STATEMENT

This Reply Memorandum of Law is respectfully submitted on behalf of Defendant County of Westchester (hereinafter "County Defendant" or "County"), in further support of its motion to dismiss pursuant to Rules 12(b)(6) and Rule 8 of the Federal Rules of Civil Procedure (hereinafter "FRCP") and in reply to Plaintiff's Memorandum of Law in Opposition dated July 11, 2022 (hereinafter "Opp'n."). Despite being provided with a virtual roadmap before he filed his First Amended Complaint ("FAC") as to what allegations/facts were necessary to defeat a motion to dismiss against the County, Plaintiff has failed to do so.

Additionally, United States District Judge Cathy Seibel in 21-cv-3517 provided Plaintiff with an opportunity to amend a federal action he filed against the County, various prosecutors including District Attorney Miriam Rocah and others claiming that Defendants discriminated against him in violation of Title II of the Americans With Disabilities Act ("Title II") in connection with his criminal trial. Judge Seibel explained that it was not "enough" to allege wrongdoing and that he had to show "that the municipality itself caused the violation of" his rights. He did not file an amended pleading in that case and did not utilize Judge Seibel's advice when drafting the instant amended pleading.

In his Opp'n., Plaintiff either cites to cases for broad legal principles or relies on cases where the facts are inapposite.

For purposes of the instant motion only, while the County is not in possession of medical records establishing Plaintiff is disabled under Title II, it will assume that Plaintiff has plausibly

1

alleged that he is disabled at this stage but it does not waive its right to contest that issue if the instant motion is denied.[1]

As set forth in the County Defendant's moving papers and herein, Plaintiff has failed to allege any plausible claim as against the County and this action should be dismissed with prejudice. *See, Burton v. Cnty. Of Westchester*, 21-cv-1475 (KMK), 2022 U.S. Dist. LEXIS 115402, at *28 (S.D.N.Y. June 22, 2022)(*citations omitted*).

## *LEGAL ARGUMENT*

### Point I

#### Plaintiff Has Failed to State A Plausible *Monell* Claim

In his Opp'n., Plaintiff does not address the County's *Monell* argument. Therefore, to the extent that the FAC can be construed as asserting a *Monell* claim against the County, Plaintiff has abandoned it by not addressing it in his Opp'n. *See, Black Lives Matter v. Town of Clarkstown*, 354 F. Supp. 3d 313, 328 (S.D.N.Y. 2018)(*citation omitted*).

It is well-established that "to prevail on a claim against a municipality under Section 1983 based on acts of a public official, a plaintiff is required to prove…that an official policy of the municipality caused the constitutional injury." *See Roe v. City of Waterbury*, 542 F. 3d 31, 36 (2d Cir. 2008), *citing Monell v. New York City Department of Social Services*, 436 U.S. 658, 690-91 (1978); *see also City of St. Louis v. Praprotnik,* 485 U.S. 112, 122 (1988) ("governments should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights"). Indeed, "[b]efore a municipality can be held

---

[1]*In Fishman v. Office of Court Admin. N.Y. State Courts*, 2021 U.S. App. LEXIS 29233, at *5-6 (2d Cir. 2021), the Court stated that the parties disputed whether plaintiff was a qualified individual with a disability but found that he did not plausibly allege that the absence of the services he requested affected his ability to effectively participate in the proceedings after his request or that the denial of these services "by itself constituted unlawful discrimination."

2

liable under Section 1983, it must be shown to have been 'the moving force of the constitutional violation." *Carmichael v. City of New York*, 34 F. Supp. 3d 252, 262-63 (E.D.N.Y. 2014) (*quoting Monell, supra* at 690-691; *see also Cash v. County of Erie*, 654 F.3d 324, 431-32 (2d Cir. 2011) (equating "moving force" with "proximate cause"). "A municipality may not be found liable simply because one of its employees committed a tort." *Roe*, 542 F. 3d at 36, *citing Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 405 (1997). Without a plausible *Monell* claim, the County is not liable under Section 1983 for any alleged constitutional claims.

## Point II

### Plaintiff Has Failed to Plausibly Allege a Title II Claim Against the County

Plaintiff was convicted after a trial at which he was represented by counsel.[2] Plaintiff devotes four (4) pages in his Opp'n. in an attempt to convince the Court that the County violated his Title II rights. However, in his twenty-seven (27) page FAC, out of one hundred and forty-nine (149) paragraphs, there are only two (2) which mention this claim. *See*, Amended Complaint, Dkt. No. 52, ¶¶ 17 and 82. These conclusory allegations do not satisfy the requirement directed by the Court. *See Morningstar Care Ctr. v. Zucker*, 15-cv-1470 (GTS)(DEP), 2016 U.S. Dist. LEXIS 131852, at * 43-44 (N.D.N.Y. September 2, 2016)(where plaintiff alleged in a conclusory manner that his request was denied, his complaint was dismissed). As in *Morningstar*, there are no facts to support Plaintiff's conclusory allegation that his Title II rights were violated, only that he requested an accommodation. Moreover,

---

[2] Plaintiff concedes that he was not sentenced and did not appear for sentencing, resulting in a bench warrant being issued for him to appear. *See*, Amended Complaint, Dkt. No. 52, ¶ 72. While any malicious prosecution claim has been withdrawn against the County, this fact, *inter alia*, defeats any malicious prosecution claim as the proceeding has not been terminated in his favor. *See, Sanchez v. Miller*, 20-cv-0620 (CM), 2020 U.S. Dist. LEXIS 41472, at *17-18 (S.D.N.Y. March 6, 2020)(*citations omitted*).

3

Plaintiff includes no facts regarding to whom this request was made, when it was made, when, whether and by whom it was denied, how the absence of large print discovery affected his ability to participate effectively in his criminal trial and how any such denial constituted unlawful discrimination. *See, Fishman, supra* at *6-7.

## CONCLUSION

For the reasons set forth herein and in the County's moving papers, the County Defendant respectfully requests that the instant motion be granted in its entirety, that the AC be dismissed with prejudice as to the County pursuant to Rule 12(b)(6) and Rule 8 of the Federal Rules of Civil Procedure, and for such other and further relief as this Court may deem just and proper.

Dated: White Plains, New York
      July 26, 2022

                            JOHN M. NONNA
                            Westchester County Attorney
                            Attorney for Defendant County of Westchester
                            BY:   s\ Irma Cosgriff
                            Irma Cosgriff
                            Associate County Attorney
                            Of Counsel, 600 Michaelian Office Building
                            148 Martine Avenue, Room 600
                            White Plains, New York 10601
                            (914) 995-3577
                            Iwc1@westchestergov.com

*Via ECF*, Counsel of Record

4