THE QUINN LAW FIRM, PPLC
Attorneys for City of New Rochelle
399 Knollwood Road, Suite 220
White Plains, NY 10603
(914) 997-0555

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

MARC FISHMAN,

                 Plaintiff,

-against-

CITY OF NEW ROCHELLE, LANE SCHLESINGER,
SHIELD #1058, JOSEPH F. SCHALLER, ROBERT
GAZOLLA, IN HIS OFFICIAL CAPACITY AS
POLICE COMMISSIONER OF THE CITY OF NEW
ROCHELLE POLICE DEPARTMENT, SERGEANT
MYRON JOSEPH SHIELD #18, & COUNTY OF
WESTCHESTER,

                 Defendants.

------------------------------------------------------------ X

Docket No.
19-CV-265 (NSR)

ANSWER BY CITY OF
NEW ROCHELLE

Defendant City of New Rochelle, by its attorneys, The Quinn Law Firm, PLLC, as and for its Answer to the first-amended complaint of plaintiff Marc Fishman, respectfully alleges as follows:

### As and For a Response to Preliminary Statement

1.    Denies the truth of the allegations contained in paragraph 1 of the amended complaint (D.E. 47), and respectfully refers all questions of law to the Court.

### As and for a Response to Jurisdiction

2.    Denies the truth of the allegations contained in paragraph 2 of the amended complaint (D.E. 47), and refers to the Court's Opinion & Order dated February 1, 2023 (D.E. 108), for an accurate recitation of the surviving claims for relief.

3. Denies the truth of the allegations contained in paragraph 3 of the amended complaint (D.E. 47), except admits that the City of New Rochelle receives certain funding from the federal government.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the amended complaint (D.E. 47).

5. Denies the truth of the allegations contained in paragraph 5 of the amended complaint (D.E. 47), except admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. §1331.

## As and for a Response to Venue

6. Admits the truth of the allegations contained in paragraph 6 of the amended complaint (D.E. 47).

## As and for a Response to Parties

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the amended complaint (D.E. 47).

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the amended complaint (D.E. 47).

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the amended complaint (D.E. 47).

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the amended complaint (D.E. 47).

11. Denies the truth of the allegations contained in paragraph 11 of the amended complaint (D.E. 47), except admits that the City of New Rochelle is a municipal corporation organized under the laws of the state of New York.

12. Denies the truth of the allegations contained in paragraph 12 of the amended complaint (D.E. 47), except admits that Lane Schlesinger is a member of the New Rochelle Police Department.

13. Denies the truth of the allegations contained in paragraph 13 of the amended complaint (D.E. 47), except admits that Joseph F. Schaller was a former member of the New Rochelle Police Department.

14. Denies the truth of the allegations contained in paragraph 14 of the amended complaint (D.E. 47), except admits that Robert Gazolla, who is only sued in his official capacity, is currently the commissioner of the New Rochelle Police Department.

15. Denies the truth of the allegations contained in paragraph 15 of the amended complaint (D.E. 47), except admits that Myron Joseph is a member of the New Rochelle Police Department.

16. Denies the truth of the allegations contained in paragraph 16 of the amended complaint (D.E. 47), except admits that the County of Westchester is a municipal corporation existing of the laws of the state of New York.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the amended complaint (D.E. 47).

18. Admits that, at all relevant times, defendants Schlesinger and Joseph were acting under color of law and within the scope of their employment, bur refers to the Court's Order & Opinion dated February 1, 2023 (D.E. 108), which dismissed all remaining claims against the individual defendants, and otherwise denies the truth of the allegations contained in paragraph 18 of the amended complaint.

19. Admits that, at all relevant times, defendants Schlesinger and Joseph were acting

under color of law and within the scope of their employment, bur refers to the Court's Order & Opinion dated February 1, 2023 (D.E. 108), which dismissed all remaining claims against the individual defendants, and otherwise denies the truth of the allegations contained in paragraph 19 of the amended complaint.

## As and for a Response to Statement of Facts

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the amended complaint (D.E. 47).

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the amended complaint (D.E. 47).

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the amended complaint (D.E. 47).

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the amended complaint (D.E. 47).

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the amended complaint (D.E. 47).

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the amended complaint (D.E. 47).

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the amended complaint (D.E. 47).

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the amended complaint (D.E. 47).

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the amended complaint (D.E. 47).

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the amended complaint (D.E. 47).

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the amended complaint (D.E. 47).

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the amended complaint (D.E. 47), except admits that the visit had previously been canceled.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the amended complaint (D.E. 47).

33. Denies the truth of the allegations contained in paragraph 33 of the amended complaint (D.E. 47), except admits that plaintiff's ex-wife alleged that plaintiff had violated the terms of an order of protection.

34. Denies the truth of the allegations contained in paragraph 34 of the amended complaint (D.E. 47), except admits that Officer Schlesinger spoke with plaintiff's ex-wife, who showed him various relevant documents and court orders, and that Officer Schlesinger was notified that plaintiff was a police headquarters.

35. Denies the truth of the allegations contained in paragraph 35 of the amended complaint (D.E. 47), except admits that Officer Schlesinger traveled from the ex-wife's home to police headquarters with the intention of continuing his investigation.

36. Denies the truth of the allegations contained in paragraph 36 of the amended complaint (D.E. 47), except admits that Officer Schlesinger spoke with plaintiff and the court-appointed visitation supervisor, Ms. Elliot, at police headquarters.

37. Denies the truth of the allegations contained in paragraph 37 of the amended

complaint (D.E. 47), except admits that plaintiff was fully advised of his *Miranda* rights, knowingly waived them, and freely communicated with Officer Schlesinger.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the amended complaint (D.E. 47).

39. Denies the truth of the allegations contained in paragraph 39 of the amended complaint (D.E. 47), and refers to the certified trial transcript for the true contents thereof.

40. Denies the truth of the allegations contained in paragraph 40 of the amended complaint (D.E. 47), except admits that Officer Schlesinger spoke with a police supervisor, who then conferred with the on-call Assistant District Attorney, after which the police supervisor informed Schlesinger that, based on the information obtained and advice from the ADA, there was probable cause to arrest.

41. Denies the truth of the allegations contained in paragraph 41 of the amended complaint (D.E. 47).

42. Denies the truth of the allegations contained in paragraph 42 of the amended complaint (D.E. 47), except admits that Officer Schlesinger discussed the terms of the custody and visitation agreement with the court-appointed supervisor, Ms. Elliot.

43. Denies the truth of the allegations contained in paragraph 43 of the amended complaint (D.E. 47).

44. Denies the truth of the allegations contained in paragraph 44 of the amended complaint (D.E. 47).

45. Denies the truth of the allegations contained in paragraph 45 of the amended complaint (D.E. 47).

46. Denies the truth of the allegations contained in paragraph 46 of the amended

complaint (D.E. 47), except admits that Officer Schlesinger advised plaintiff that a police supervisor was speaking with the on-call Assistant District Attorney concerning his case.

47. Denies the truth of the allegations contained in paragraph 47 of the amended complaint (D.E. 47), except admits that plaintiff was held in a detention cell with probable cause and then released on his own recognizance.

48. Denies the truth of the allegations contained in paragraph 48 of the amended complaint (D.E. 47).

49. Denies the truth of the allegations contained in paragraph 49 of the amended complaint (D.E. 47), except admits that the New Rochelle Police Department preferred to release plaintiff on his own recognizance rather than holding him overnight.

50. Denies the truth of the allegations contained in paragraph 50 of the amended complaint (D.E. 47), except admits that Officer Schlesinger requested plaintiff's "aide" to drive Ms. Elliot to her home, and then return to pick up plaintiff.

51. Denies the truth of the allegations contained in paragraph 51 of the amended complaint (D.E. 47).

52. Denies the truth of the allegations contained in paragraph 52 of the amended complaint (D.E. 47), and refers to the transcript of the trial testimony for the true contents thereof.

53. Denies the truth of the allegations contained in paragraph 53 of the amended complaint (D.E. 47).

54. Denies the truth of the allegations contained in paragraph 54 of the amended complaint (D.E. 47).

55. Denies the truth of the allegations contained in paragraph 55 of the amended

complaint (D.E. 47).

56. Denies the truth of the allegations contained in paragraph 56 of the amended complaint (D.E. 47).

57. Denies the truth of the allegations contained in paragraph 57 of the amended complaint (D.E. 47).

58. Denies the truth of the allegations contained in paragraph 58 of the amended complaint (D.E. 47).

59. Denies the truth of the allegations contained in paragraph 59 of the amended complaint (D.E. 47).

60. Denies the truth of the allegations contained in paragraph 60 of the amended complaint (D.E. 47).

61. Denies the truth of the allegations contained in paragraph 61 of the amended complaint (D.E. 47).

62. Denies the truth of the allegations contained in paragraph 62 of the amended complaint (D.E. 47).

63. Denies the truth of the allegations contained in paragraph 63 of the amended complaint (D.E. 47).

64. Denies the truth of the allegations contained in paragraph 64 of the amended complaint (D.E. 47).

65. Denies the truth of the allegations contained in paragraph 65 of the amended complaint (D.E. 47).

66. Denies the truth of the allegations contained in paragraph 66 of the amended complaint (D.E. 47).

67. Denies the truth of the allegations contained in paragraph 67 of the amended complaint (D.E. 47), except admits that a jury found plaintiff guilty of violating an order of protection issued against plaintiff and in favor of his ex-wife.

68. Denies the truth of the allegations contained in paragraph 68 of the amended complaint (D.E. 47).

69. Denies the truth of the allegations contained in paragraph 69 of the amended complaint (D.E. 47).

70. Denies the truth of the allegations contained in paragraph 70 of the amended complaint (D.E. 47).

71. Denies the truth of the allegations contained in paragraph 71 of the amended complaint (D.E. 47).

72. Denies the truth of the allegations contained in paragraph 72 of the amended complaint (D.E. 47), except admits that a bench warrant for plaintiff's arrest was issued on January 9, 2022, and alleges, on information and belief, that the bench warrant is unsatisfied and remains outstanding.

73. Denies the truth of the allegations contained in paragraph 73 of the amended complaint (D.E. 47).

### AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION
**Failure to Accommodate and Intentional Discrimination in Violation of the ADA**

74. Repeats and realleges each response to paragraphs 1 through 73 above as if set forth in full.

75. States that there are no allegations of fact in paragraph 75 of the amended complaint as to which a response is required, and respectfully refers all questions of law to the Court.

76. States that there are no allegations of fact in paragraph 76 of the amended complaint as to which a response is required, and respectfully refers all questions of law to the Court.

77. States that there are no allegations of fact in paragraph 77 of the amended complaint as to which a response is required, and respectfully refers all questions of law to the Court.

78. Denies the truth of the allegations contained in paragraph 78 of the amended complaint (D.E. 47).

79. Denies the truth of the allegations contained in paragraph 79 of the amended complaint (D.E. 47).

80. Denies the truth of the allegations contained in paragraph 80 of the amended complaint (D.E. 47).

81. Denies the truth of the allegations contained in paragraph 81 of the amended complaint (D.E. 47).

82. Denies the truth of the allegations contained in paragraph 82 of the amended complaint (D.E. 47).

83. Denies the truth of the allegations contained in paragraph 83 of the amended complaint (D.E. 47).

84. Denies the truth of the allegations contained in paragraph 84 of the amended complaint (D.E. 47).

85. Denies the truth of the allegations contained in paragraph 85 of the amended complaint (D.E. 47).

86. Denies the truth of the allegations contained in paragraph 86 of the amended

complaint (D.E. 47).

87. Denies the truth of the allegations contained in paragraph 87 of the amended complaint (D.E. 47).

### AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION
**Failure to Accommodate and Intentional Discrimination in Violation of the Rehab Act**

88. Repeats and realleges each response to paragraphs 1 through 87 above as if set forth in full.

89. States that there are no allegations of fact in paragraph 89 of the amended complaint as to which a response is required, and respectfully refers all questions of law to the Court.

90. States that there are no allegations of fact in paragraph 90 of the amended complaint as to which a response is required, and respectfully refers all questions of law to the Court.

91. Denies the truth of the allegations contained in paragraph 91 of the amended complaint (D.E. 47).

92. Denies the truth of the allegations contained in paragraph 92 of the amended complaint (D.E. 47).

93. Denies the truth of the allegations contained in paragraph 93 of the amended complaint (D.E. 47).

### AS AND FOR A RESPONSE TO THE THIRD CAUSE OF ACTION
**False Arrest/Unlawful Imprisonment under 42 USC 1983**

94. Repeats and realleges each response to paragraphs 1 through 93 above as if set forth in full.

95. Denies the truth of the allegations contained in paragraph 95 of the amended

complaint (D.E. 47).

96. Denies the truth of the allegations contained in paragraph 96 of the amended complaint (D.E. 47).

97. Denies the truth of the allegations contained in paragraph 97 of the amended complaint (D.E. 47).

98. Denies the truth of the allegations contained in paragraph 98 of the amended complaint (D.E. 47), and further alleges that plaintiff's Section 1983 False Arrest/False Imprisonment claim was dismissed by the Court's Opinion and Order dated February 1, 2023.

### AS AND FOR A RESPONSE TO THE FOURTH CAUSE OF ACTION
### Violation of Right to Fair Trial under 42 USC 1983

99. Repeats and realleges each response to paragraphs 1 through 98 above as if set forth in full.

100. Denies the truth of the allegations contained in paragraph 100 of the amended complaint (D.E. 47).

101. Denies the truth of the allegations contained in paragraph 101 of the amended complaint (D.E. 47).

102. Denies the truth of the allegations contained in paragraph 102 of the amended complaint (D.E. 47).

103. Denies the truth of the allegations contained in paragraph 103 of the amended complaint (D.E. 47).

104. Denies the truth of the allegations contained in paragraph 104 of the amended complaint (D.E. 47).

105. Denies the truth of the allegations contained in paragraph 105 of the amended complaint (D.E. 47), and further alleges that plaintiff's Section 1983 claim for Violation of the

Right to Fair Trial was dismissed by the Court's Opinion and Order dated February 1, 2023.

### AS AND FOR A RESPONSE TO THE FIFTH CAUSE OF ACTION
**Malicious Prosecution under 42 USC 1983**

106. Repeats and realleges each response to paragraphs 1 through 105 above as if set forth in full.

107. Denies the truth of the allegations contained in paragraph 107 of the amended complaint (D.E. 47).

108. Denies the truth of the allegations contained in paragraph 108 of the amended complaint (D.E. 47).

109. Denies the truth of the allegations contained in paragraph 109 of the amended complaint (D.E. 47).

110. Denies the truth of the allegations contained in paragraph 110 of the amended complaint (D.E. 47), and further alleges that plaintiff's Section 1983 claim for Malicious Prosecution was dismissed by the Court's Opinion and Order dated February 1, 2023.

### AS AND FOR A RESPONSE TO THE SIXTH CAUSE OF ACTION
**Failure to Intervene under 42 USC 1983**

111. Repeats and realleges each response to paragraphs 1 through 110 above as if set forth in full.

112. Denies the truth of the allegations contained in paragraph 112 of the amended complaint (D.E. 47).

113. Denies the truth of the allegations contained in paragraph 113 of the amended complaint (D.E. 47).

114. Denies the truth of the allegations contained in paragraph 114 of the amended complaint (D.E. 47).

115. Denies the truth of the allegations contained in paragraph 115 of the amended complaint (D.E. 47), and further alleges that plaintiff's Section 1983 claim for Failure to Intervene was dismissed by the Court's Opinion and Order dated February 1, 2023.

### AS AND FOR A RESPONSE TO THE SEVENTH CAUSE OF ACTION
#### Supervisory Liability under 42 USC 1983

116. Repeats and realleges each response to paragraphs 1 through 115 above as if set forth in full.

117. Denies the truth of the allegations contained in paragraph 117 of the amended complaint (D.E. 47).

118. Denies the truth of the allegations contained in paragraph 118 of the amended complaint (D.E. 47), and further alleges that plaintiff's Section 1983 claim for Supervisory Liability was dismissed by the Court's Opinion and Order dated February 1, 2023.

### AS AND FOR A RESPONSE TO THE EIGHTH CAUSE OF ACTION
#### *Monell* Claim under 42 USC 1983

119. Repeats and realleges each response to paragraphs 1 through 118 above as if set forth in full.

120. Denies the truth of the allegations contained in paragraph 120 of the amended complaint (D.E. 47).

121. Denies the truth of the allegations contained in paragraph 121 of the amended complaint (D.E. 47).

122. Denies the truth of the allegations contained in paragraph 122 of the amended complaint (D.E. 47).

123. Denies the truth of the allegations contained in paragraph 123 of the amended complaint (D.E. 47).

124. Denies the truth of the allegations contained in paragraph 124 of the amended complaint (D.E. 47).

125. Denies the truth of the allegations contained in paragraph 125 of the amended complaint (D.E. 47).

126. Denies the truth of the allegations contained in paragraph 126 of the amended complaint (D.E. 47).

127. Denies the truth of the allegations contained in paragraph 127 of the amended complaint (D.E. 47).

128. Denies the truth of the allegations contained in paragraph 128 of the amended complaint (D.E. 47).

129. Denies the truth of the allegations contained in paragraph 129 of the amended complaint (D.E. 47).

130. Denies the truth of the allegations contained in paragraph 130 of the amended complaint (D.E. 47).

131. Denies the truth of the allegations contained in paragraph 131 of the amended complaint (D.E. 47).

132. Denies the truth of the allegations contained in paragraph 132 of the amended complaint (D.E. 47).

133. Denies the truth of the allegations contained in paragraph 133 of the amended complaint (D.E. 47).

134. Denies the truth of the allegations contained in paragraph 134 of the amended complaint (D.E. 47).

135. Denies the truth of the allegations contained in paragraph 135 of the amended

complaint (D.E. 47).

136.   Denies the truth of the allegations contained in paragraph 136 of the amended complaint (D.E. 47).

137.   Denies the truth of the allegations contained in paragraph 137 of the amended complaint (D.E. 47), and further alleges that plaintiff's Section 1983 *Monell* claim was dismissed by the Court's Opinion and Order dated February 1, 2023.

### AS AND FOR A RESPONSE TO THE NINTH CAUSE OF ACTION
**Retaliation under 42 USC 1983**

138.   Repeats and realleges each response to paragraphs 1 through 137 above as if set forth in full.

139.   Denies the truth of the allegations contained in paragraph 139 of the amended complaint (D.E. 47).

140.   Denies the truth of the allegations contained in paragraph 140 of the amended complaint (D.E. 47).

141.   Denies the truth of the allegations contained in paragraph 141 of the amended complaint (D.E. 47), and further alleges that plaintiff's Section 1983 Retaliation claim was dismissed by the Court's Opinion and Order dated February 1, 2023.

### AS AND FOR A RESPONSE TO THE TENTH CAUSE OF ACTION
**42 USC 1983 Federal Civil Rights Violations**

142.   Repeats and realleges each response to paragraphs 1 through 141 above as if set forth in full.

143.   Denies the truth of the allegations contained in paragraph 143 of the amended complaint (D.E. 47).

144.   Denies the truth of the allegations contained in paragraph 144 of the amended

complaint (D.E. 47).

145. Denies the truth of the allegations contained in paragraph 145 of the amended complaint (D.E. 47).

146. Denies the truth of the allegations contained in paragraph 146 of the amended complaint (D.E. 47), and further alleges that plaintiff's purported claim for 42 U.S.C. 1983 Federal Civil Rights Violations was dismissed by the Court's Opinion and Order dated February 1, 2023.

### AS AND FOR A RESPONSE TO THE ELEVENTH CAUSE OF ACTION
### 42 USC 1983 Conspiracy

147. Repeats and realleges each response to paragraphs 1 through 146 above as if set forth in full.

148. Denies the truth of the allegations contained in paragraph 148 of the amended complaint (D.E. 47).

149. Denies the truth of the allegations contained in paragraph 149 of the amended complaint (D.E. 47), and further alleges that plaintiff's Section 1983 Conspiracy claim was dismissed by the Court's Opinion and Order dated February 1, 2023.

### AS AND FOR AFFIRMATIVE DEFENSES

#### As and for a First Affirmative Defense

150. The answering defendant states that all claims for relief other than (i) the claim for relief under the Americans with Disabilities Act and (ii) the claim for relief under the Rehabilitation Act were dismissed by the Court's Opinion and order dated February 1, 2023.

#### As and for a Second Affirmative Defense

151. Plaintiff's claims for relief under the Americans with Disabilities Act fails to state a viable claim for relief.

### As and for a Third Affirmative Defense

152. Plaintiff's claims for relief under the Rehabilitation Act fails to state a viable claim for relief.

### As and for a Fourth Affirmative Defense

153. Plaintiff does not have a qualified disability within the meaning of the ADA or the Rehabilitation Act.

### As and for a Fifth Affirmative Defense

154. Plaintiff was not denied or excluded from participation in a service, program or activity of the City of New Rochelle.

### As and for a Sixth Affirmative Defense

155. No policymaker of the City of New Rochelle acted with ill will or personal animosity towards plaintiff because of any alleged disability.

### As and for a Seventh Affirmative Defense

156. There was probable cause to arrest plaintiff.

### As and for an Eighth Affirmative Defense

157. There was probable cause to prosecute plaintiff for violating an order of protection issued against him.

### As and for a Ninth Affirmative Defense

158. Officer Schlesinger and any other individual member of the New Rochelle Police Department who participated in plaintiff's arrest or prosecution would be entitled to qualified immunity in the event that any Section 1983 claim as against such individuals were to be revived and/or asserted against them.

**WHEREFORE,** Defendant City of New Rochelle demands judgment:

1. Dismissing Plaintiff's Amended Complaint in its entirety and with prejudice;

2. Awarding to defendant City of New Rochelle the costs, disbursements, expenses and reasonable attorney's fees incurred in defending this action and;

3. Awarding such other, different or further relief as the Court in its discretion may deem just and proper.

Dated: White Plains, New York
March 3, 2023

Respectfully submitted,

THE QUINN LAW FIRM, PLLC
Attorneys for City of New Rochelle

Lalit K. Loomba, Esq.

399 Knollwood Road, Suite 220
White Plains, New York 10603
Tel: (914) 997-0555
lloomba@quinnlawny.com

TO:

LAW OFFICE OF CANER DEMIRAKAY, ESQ., P.C.
Attorneys for Plaintiff
300 Cadman Plaza West
One Pierrepont Plaza, 12th Floor
Brooklyn, NY 11201
(718) 344-6048
caner@canerlawoffice.com