

300 Cadman Plaza W, 12 FL
Brooklyn, NY 11201
Fax: 646-679-2527

718-344-6048
caner@canerlawoffice.com

June 22, 2023

<u>Via ECF</u>
Hon. Victoria Reznik
United States Magistrate Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      **Re:**    File: <u>00194-Fishman</u>
                Marc Fishman v City of New Rochelle, et al
                Case Number: 19-cv-00265-NSR

Dear Magistrate Judge Reznik:

      I represent the plaintiff, Marc Fishman. I submit the following in response to the Court's June 15, 2023 Order requesting a joint status report. Our proposed edits and changes to defense counsel's joint letter were unacceptable to them and it appears they went ahead and filed their own status report. I am submitting the following to comply with your Honor's order on behalf of the plaintiff.

<u>Introduction and Factual Background</u>

      This case arises from the unlawful arrest of Marc Fishman on December 15, 2018, denial of reasonable accommodations for Marc's disabilities, and subsequent malicious prosecution.

      On December 14, 2018 Marc's supervisor for visitation of his children confirmed the visit via text message. The message is annexed as Exhibit "1." As such, on December 15, 2018, as scheduled, Marc, the supervisor and his disability aide (as appointed by the Family Court), drove towards Marc's ex-wife's house. The aide dropped the supervisor off 150 feet away from the house and Marc remained in the car at that distance. The aide then drove the vehicle around the block and stopped 200 feet from the house. Moments later the supervisor returned to the vehicle to advise that the ex-wife refused the visitation. At no point did Marc interact with or step onto his ex-wife's property. In response, Marc drove to the police precinct to report the refusal to allow his court ordered visitation.

      At the same time, the ex-wife called the police to falsely accuse Marc of violating the order of protection, which specifically allowed for his conduct that day, i.e., supervised visitation. Officer Lane Schlesinger went to the ex-wife's house and took a statement. He was notified that Marc was already at the precinct and drove back to detain, question and arrest him. While in custody, Marc requested and was denied reasonable accommodations for his disability.



The requests were for him to be provided with effective communication during the interrogation and police encounter, to have a disability aide present, and for permission to have someone go to the car and provide the police with a copy of the 28 page or so order of protection, which would have established his conduct was completely legal and sanctioned by the family court.

The original misdemeanor complaint for criminal contempt in the second degree was dismissed by the criminal court. The Westchester County District Attorney then refiled their misdemeanor complaint, Marc was arraigned and he posted $300 for bail, which was later reduced to a release on his own recognizance on May 16, 2019.

At trial, the ex-wife, supervisor and aide all testified that Marc never went onto the ex-wife's property and did not interact with her. They also all confirmed that a visit was scheduled for December 15, 2018, with the ex-wife being the only one claiming it was canceled. Officer Schlesinger also wrongfully testified that the order of protection was a full stay away order with no exceptions for visitation. This was not true.

At the close of evidence, the assigned trial judge, Judge Zuckerman stated on the record his belief the prosecution failed to prove their case. However, Judge Zuckerman asked if attempted criminal contempt in the second degree, an uncharged crime should be sent to the jury. Judge Zuckerman then sent both charges to the jury but did not read them in the alternative and direct the jury to return a verdict on only one of the charges. The jury then came back with a verdict of guilty on both charges on January 28, 2020. Judge Zuckerman discharged the jury and did not set aside the verdict.

Thereafter defendant would appear in court or be available for sentencing remote 25 times but was not sentenced by the Court from January 29, 2020 through January 10, 2022.

On or about November 12, 2021 the Westchester District Attorney's Office conceded that the verdict was legally defective:

---

[1] The return of guilty verdicts on both counts here was legally defective, which required reinstruction to and reconsideration by the jury (CPL 310.50 (2])

14
Excerpt from November 12, 2021 Opposition Papers by Joyce V. Miller.



However, Judge Zuckerman denied the motion to set aside the verdict or to even dismiss any of the counts as requested by the prosecutor.

On January 19, 2022 Judge Zuckerman denied Marc's request to be sentenced remotely. The Judge also denied Marc's request, which the prosecutor joined in, to be sentenced in his absence. As a result a bench warrant was issued. The undersigned requested the warrant be stayed and the request was denied.

Procedural History

Marc commenced this lawsuit as a *pro se* litigant on January 8, 2019. The defendants were permitted to and moved for dismissal of the complaint. During the litigation process defense counsel exchanged for the first time, a print out of Officer Schlesinger's access of the order of protection, which print out confirmed Marc had not been served with the order of protection. However, this was withheld from him during the underlying criminal trial.

On October 19, 2021 Judge Nelson Roman granted the motion to dismiss as to all claims except for the Americans with Disabilities Act and Rehabilitation Act claims. The decision found that plaintiff plausibly stated claims under such statutes.

Shortly thereafter the undersigned appeared as counsel for Marc and asked for a extension of time to file and serve the amended complaint. On March 10, 2022 the amended complaint was filed, providing more facts and several claims under 42 U.S.C. 1983. The individual defendants repeatedly refused service, and Judge Roman granted plaintiff's motion for an extension of time to serve the amended complaint. However, Judge Roma also granted the defendants' motion to dismiss the 1983 claims without prejudice. Judge Roman made clear that the 1983 claims could be revived upon the filing of an appeal in the underlying criminal action. A verdict, which is legally defective as admitted to by the prosecutor. The decision did not disturb the October 19, 2021 finding of plausibility of the disability discrimination claims.

It is plaintiff's belief that the legally defective verdict was caused by the failure to reasonably accommodate plaintiff. In fact, the plaintiff's right to be free from discrimination on the basis of disability is compounded by the effects such disability had on his unlawful prosecution and right to be free from false arrest and malicious prosecution.



On March 3, 2023 the remaining defendant filed its answer to the amended complaint. On March 6, 2023 Judge Roman issued an order waiving the initial pre-trial conference and directing that a scheduling order be filed by March 27, 2023. Judge Roman also referred the case to Magistrate Judge Paul E. Davison (ret.). On March 17, 2023 Judge Roman issued the discovery plan and scheduling order which called for fact depositions by September 29, 2023, expert depositions by March 29, 2024 and the completion of all discovery by March 29, 2024.

On April 25, 2023 a telephone status conference was held before Magistrate Judge Davison. On June 15, 2023 your Honor issued an order that the parties file a status letter by June 22, 2023. On June 21, 2023 plaintiff filed a motion seeking your Honor's recusal, which was not opposed by defense counsel.

Status of Discovery

On March 10, 2023 defendant served their Initial Disclosures but did not attach any documents nor properly disclose their insurance coverage. On March 29, 2023 defendants served their discovery demands. On April 16, 2023 plaintiff filed and served his initial disclosures and also produced Plaintiff-0001-Plaintiff-1039. Plaintiff also served his discovery demands and a Rule 30(b)(6) notice. The delay in service was due to the birth of the undersigned's child on March 12, 2023.

On April 17, 2023 plaintiff supplemented his initial disclosures and served Plaintiff-1040-Plaintiff-1349. On April 21, 2023 plaintiff further supplemented his initial disclosures with a screenshot of a relevant text message. Also on April 21, 2023 defense counsel served their deposition notice.

On May 8, 2023 defense counsel responded to plaintiff's demands and produced around 190 pages of documents. The City agreed to designate a witness to testify on the Rule 30(b)(6) notice but has not since made a designation. On May 9, 2023 defense counsel served demands for medical releases. On May 25, 2023 counsel spoke on the phone regarding discovery. The parties agreed to attempt to schedule depositions for August 2023. The parties discussed possible resolution. And defense counsel insisted upon additional responses to his discovery demands. However, due to illness caused by the smoke clouds in New York the undersigned asked for an extension of time.

On June 21, 2023 the undersigned advised defense counsel all disputes should be paused pending determination of the recusal motion as rulings will likely be required. Outstanding rulings include (1) whether depositions will be conducted remotely and (2) whether objections to demands and notices are legitimate.



Plaintiff has submitted this letter separately as counsel has not been able to agree upon a joint letter and the differing positions would exceed a reasonable page limit.

Respectfully submitted,

*Caner Demirayak*

Caner Demirayak, Esq.

CC: Defense counsel via ECF

Encl.