

300 Cadman Plaza W, 12 FL  
Brooklyn, NY 11201  
Fax: 646-679-2527

718-344-6048  
caner@canerlawoffice.com

June 29, 2023

**Via ECF**
Hon. Victoria Reznik
United States Magistrate Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      **Re:**    File: <u>00194-Fishman</u>
               Marc Fishman v City of New Rochelle, et al
               Case Number: 19-cv-00265-NSR

Dear Magistrate Judge Reznik:

      I represent the plaintiff, Marc Fishman. I submit the following in accordance with your Honor's Order of June 26, 2023 under Docket Number 126.

      As to the motion seeking your Honor's recusal under Docket Number 123, the plaintiff has reviewed advisory opinion 97 as per your honor's directive. While the advisory opinion states that recusal may not be required, under the circumstances herein plaintiff respectfully believes that recusal should occur to avoid an appearance of impropriety, in accordance with Second Circuit caselaw. Additionally, defense counsel has not opposed the request for recusal. Further, plaintiff is not aware of whether there are any additional relations or connections between defense counsel and your Honor as discussed in the advisory opinion.

      As to defense counsel's discovery letter, plaintiff filed a status report on June 22, 2023 addressing many of defense counsel's positions. *See* Docket Number 125. Additionally, plaintiff responds to defense counsel's letter as follows. As to the identification of which of the 1,400 pages of documents are responsive to which demands, the majority of the exchanges are court trial minutes from the underlying criminal case, rendering this demand miniscule. Plaintiff will be able to specifically itemize the responsive items in 14 days. Plaintiff is not withholding any documents as to any claimed privileges at this time.

      The requested medical information covers more than a decade of doctors and treatments and we need more time to fully comply with the request. Plaintiff should be able to submit the requested medical authorizations within 30 days. However, since the Court previously found the complaint plausibly stated claims for disability discrimination, the demands for medical information are a fishing expedition to relitigate whether plaintiff is disabled and plaintiff's responses are subject to that objection.



There are no unusual or extraordinary circumstances which would require plaintiff to attend an in-person deposition in this case. As has been the standard practice in civil litigations in New York, depositions are primary conducted remotely. Attorneys are subject to the same rules during remote depositions and any claimed issues that could occur are pure speculation by defense counsel.

Plaintiff's cognitive disabilities makes a remote/video deposition more important as he will automatically be provided with real time transcription services during any video service, whether it be on Zoom or another platform. This was how a Second Circuit oral argument was conducted on Mr. Fishman's earlier cases.

Mr. Fishman will be subject to the standard rules for conferring with another after taking an oath to tell the truth during a deposition. However, again this is all speculation by defense counsel. The only reason for this request is to gain a litigation advantage by forcing plaintiff to be inconvenienced and certainly arrested.

Thank you for your consideration of this request. As plaintiff has filed a motion for your Honor's recusal, such motion should be determined before any disclosure disputes are addressed by your Honor or another judge. I will be prepared to discuss with the Court on July 19, 2023 more specific technological reasons why a virtual or remote deposition will not be problematic in this case.

Respectfully submitted,

*Caner Demirayak*
Caner Demirayak, Esq.

CC:     Defense counsel via ECF