

**THE QUINN LAW FIRM**

**MEMO ENDORSED**

399 KNOLLWOOD ROAD, SUITE 220
WHITE PLAINS, NEW YORK 10603
Tel: 914.997.0555
Fax: 914.997.0550

**By ECF**  July 26, 2023

Hon. Victoria Reznik
United States Magistrate Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**Re:**   Fishman v. City of New Rochelle
          19-CV-265 (NSR) (VR)

Dear Magistrate Judge Reznik:

The Quinn Law Firm represents defendant City of New Rochelle ("City") in the above-referenced action.

We are writing to request that the Court set a firm deadline for plaintiff to produce medical authorizations that will authorize the City to independently obtain copies of medical records from each physician or other health-care professional who has treated plaintiff for a condition that he claims qualifies him as disabled for purposes of the Americans with Disabilities Act and/or the Rehabilitation Act.

The City first sought these authorizations in a document demand dated May 9, 2023. We discussed this demand in the telephone conference held before Your Honor on July 19, 2023. In the conference, plaintiff's attorney acknowledged receipt of the demand and stated that he would speak with his client and produce the relevant authorizations. I emailed plaintiff's counsel following the conference, on July 19, 2023, asking when the City could expect to receive the authorizations. Plaintiff's counsel did not respond to my July 19 email, and so on July 20, 2023, I followed up in a good faith effort to resolve a discovery dispute. Plaintiff's counsel was finally bestirred to respond, and wrote back stating in full: "Working on this." It is now a week following the July 19, 2023 conference and plaintiff has yet to comply with this outstanding demand.

In light of the history outlined above, we respectfully request that this Court set a firm deadline for the production of the medical authorizations previously demanded. We further request that the Court's order stipulate that if the deadline is not met, a negative inference will be drawn against plaintiff on the issue of whether he, in fact, suffers from a qualified disability under the Americans with Disabilities Act and/or the Rehabilitation Act.

Hon. Victoria Reznik
July 26, 2023
Page 2

      Should the Court wish to schedule another conference on this issue, we are available at the Court's convenience.

Respectfully submitted,

*Lalit K. Loomba*

Lalit K. Loomba

Cc: Caner Demirayak, Esq. (via ECF)

      By letter motion, Defendant moves to compel Plaintiff to produce Plaintiff's medical authorizations by a firm date and to stipulate that if the deadline is not met, then a negative inference will be drawn against Plaintiff on the issue as to whether he, in fact, suffers from a qualified disability under the Americans with Disabilities Act and/or the Rehabilitation Act. (ECF No. 128). Plaintiff opposes the motion to compel (ECF No. 130), and submits a proposed Confidentiality Stipulation and Protective Order for the Court to enter (ECF Nos. 131, 131-1).

      Upon due consideration, it is hereby **ORDERED** that Defendant's letter motion (ECF No. 128), is **GRANTED** in part and **DENIED** in part. The Court has entered the Confidentiality Order. Plaintiff is directed to produce the requested medical authorizations by no later than **August 10, 2023**. It is further **ORDERED** that the parties submit, by no later than **August 17, 2023**, a joint status letter, providing the Court with an update on whether Plaintiff has produced the requested medical authorizations. Finally, Defendant's request for a negative inference is **DENIED** without prejudice.

SO ORDERED.

_/s/ Victoria Reznik_
Hon. Victoria Reznik, U.S.M.J.   August 1, 2023