UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARC FISHMAN,

                        Plaintiffs.                          19-cv-00265-NSR

       - against -

CITY OF NEW ROCHELLE, LANE
SCHLESINGER, SHIELD # 1058, JOSEPH F.
SCHALLER, ROBERT GAZOLLA, IN HIS
OFFICIAL CAPACITY AS POLICE
COMMISSIONER OF THE CITY OF NEW
ROCHELLE POLICE DEPARTMENT,
SERGEANT MYRON JOSEPH SHIELD # 18,
AND COUNTY OF WESTCHESTER,

                        Defendants.
------------------------------------------------------------------------X

**PLAINTIFF MARC FISHMAN'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR RECONSIDERATION**

LAW OFFICE OF CANER DEMIRAYAK, ESQ., P.C.

Dated:  Brooklyn, New York
          July 31, 2023

_____
Caner Demirayak, Esq.
300 Cadman Plaza West
One Pierrepont Plaza, 12th Floor
Brooklyn, New York 11201
718-344-6048
Fax: 646-679-2527
caner@canerlawoffice.com

## **PRELIMINARY STATEMENT**

Plaintiff, Marc Fishman, respectfully submits the following memorandum of law in support of his motion seeking reconsideration of an erroneous order of Magistrate Judge Victoria Reznik ("MJ Reznik") in this matter.

MJ Reznik was wrong to deny the motion for her recusal and her decision was clearly erroneous and contrary to law. In this case defense counsel Lalit Loomba was on the committee that interviewed and recommended MJ Reznik to the bench. This creates a clear appearance of impropriety and required her recusal.

MJ Reznik was also wrong to direct that Marc appear for his deposition in person as opposed to via reliable remote/virtual videoconferencing. Nearly all depositions are still being conducted remotely in the post-pandemic world. The reasons set forth by the defense were not sufficient to compel plaintiff to appear for his deposition in person. No motion was filed and plaintiff was not provided with an opportunity to provide further evidence as to the need for a virtual deposition or to move for a protective order on this subject. This is a clearly erroneous order and was contrary to law and established practice in this District post-pandemic. Additionally, this adverse ruling further shows MJ Reznik's bias in favor of defense counsel, which warrants her recusal.

**ARGUMENT**

I. **MJ REZNIK'S DECISION DENYING PLAINTIFF'S MOTION SEEKING HER RECUSAL MUST BE VACATED AS IT WAS CLEARLY ERRONEOUS AND CONTRARY TO LAW**

MJ Reznik was interviewed by defense counsel Loomba and recommended for a seat on the bench of the Southern District as a magistrate judge. This conflict raises a significant appearance of impropriety which required her recusal.

MJ Reznik's decision disregarded and ignored 28 U.S.C. 455(a) and failed to realize that her "impartiality might be reasonably questioned." MJ Reznik departed from the Second Circuit's directive that "This provision is to be evaluated on an objective basis, so that what maters is not the reality of bias or prejudice but its appearance." *ISC Holding AG v. Nobel Biocare Fin., AG,* 688 F.3d 98 (2d Cir. 2012). There is no question that a reasonable person looking at this matter would see an appearance of impropriety.

A judge that is recommended for a seat should not be permitted to handle adversary cases by an attorney who recommended her. The impartiality is also more directly shown in light of MJ Reznik's order to compel plaintiff, who is disabled, in poor health, at risk of complications from COVID-19 and residing in California to appear for an in person deposition on the East Coast and near New York. Defense counsel took no position on the motion and that fact should have also led MJ Reznik to grant the motion.

MJ Reznik instead relied upon an advisory committee opinion which is neither binding nor persuasive authority against a Congressional Statute and Second Circuit case law.

As such, MJ Reznik's order denying the motion for her recusal was clearly erroneous and contrary to law and must be vacated. Upon grant of the motion for recusal a new magistrate judge should be assigned by the clerk's office and all pending discovery matters determined by the newly assigned magistrate.

## II. MJ REZNIK'S *SUA SPONTE* DECISION WITHOUT A MOTION COMPELLING PLAINTIFF TO APPEAR FOR A DEPOSITION IN PERSON WAS CLEARLY ERRONEOUS AND CONTRARY TO LAW AND ESTABLISHED PRACTICE

MJ Reznik, a magistrate judge recommended for a seat on the Southern District by defense counsel Loomba took it upon herself to direct plaintiff to appear for a deposition in person despite objection by plaintiff and in the absence of a motion by Loomba. MJ Reznik should have required defense counsel to at least file a motion to compel, wherein plaintiff could then fully submit the reasons why an in-person deposition is not acceptable in this case.

Courts in this District have already dispensed with attorneys demanding in person depositions as opposed to remote depositions. The practice is so widespread that the standard practice is for depositions to automatically be conducted remotely. Here, defense counsel is only seeking an in person deposition to harm the plaintiff, who is subject to an illegal bench warrant for the underlying criminal proceedings. In those criminal proceedings, the Westchester County District Attorney's office has already conceded that the verdict was legally defective. As such, an in person deposition would result in an unlawful arrest of plaintiff. Additionally, defense counsel is well aware of plaintiff's numerous disabilities and that plaintiff is at a higher risk of complications from disease. Loomba has been the recipient of numerous medical records from plaintiff since at least 2019.

3

MJ Reznik's decision departed from other well reasoned decisions in this District, including *In re Terrorist Attacks on September 11, 2001*, 337 F.R.D. 575 (S.D.N.Y. Dec. 1, 2020) (Netburn, M.J.). In that case the plaintiffs, victims and survivors of victims of the 9/11 terrorist attacks demanded that named Saudi national defendants appear for in person depositions. Magistrate Judge Netburn rejected such demands and ordered that depositions be conducted remotely. In her decision, MJ Netburn found that the claim that a witness's demeanor cannot be properly determined was insufficient as "Deposition by video allows the party to view the witness's demeanor during questioning." MJ Netburn also found no basis for the claim that witness tampering or misconduct was a greater risk in a remote deposition.

Most crucially, MJ Netburn explained that the need for translators/communication services was not an excuse to require an in person deposition. Instead, this would just permit the questioner to be given additional time to complete a deposition from any translation delays.

Here, defense counsel claims that plaintiff's communications disability requires an in person deposition. However, the technology needed to accommodate this disability is already embedded in Zoom and Microsoft Teams. Additionally, plaintiff is willing to share in the cost of any additional services needed.

Instead of properly analyzing the need for an in person versus remote deposition MJ Reznik relied upon a technical argument that the party noticing the deposition has the right to select in person or remote means. MJ Reznik then agreed that plaintiff would be beyond the subpoena power of the Court but that he would have to come "closer" to New York or she would draw a line on a map.

MJ Reznik also overlooked *Michelo v. Nat'l Collegiate Student Loan Trust 2007-2*, 2020 U.S. Dist. LEXIS 131372 (S.D.N.Y. Jul. 17, 2020) (Moses, M.J.). In that case the proposed deponent suffered from anxiety and other issues that made an in person deposition difficult. As such, a remote deposition was ordered to accommodate deponent.

Plaintiff currently resides in California, is receiving daily rehabilitation treatment and is suffering from more severe ailments every day and is beginning to suffer from early dementia as a result of his cognitive disabilities and impairments. Plaintiff is in no position to travel to New York or close to New York for an in person deposition. Marc will of course attend any mandatory court appearance in person if ordered by the Court. However, a deposition need not be done in person. Especially not where all other witnesses will be deposed virtually. And not where the state courts are permitting Marc to appear virtually.

## **CONCLUSION**

The motion for reconsideration should be granted and upon reconsideration the order of MJ Reznik denying the motion for her recusal and compelling plaintiff to appear for a deposition in person be vacated. Upon vacatur of the order, MJ Reznik should be recused and plaintiff's deposition to be conducted remotely.