**MEMO ENDORSED**

## LAW OFFICE OF CANER DEMIRAYAK, ESQ.

300 Cadman Plaza W, 12 FL
Brooklyn, NY 11201
Fax: 646-679-2527

718-344-6048
caner@canerlawoffice.com

> The Court has reviewed Plaintiff's request for a premotion conference regarding its anticipated motion to recuse (ECF No. 123), and Defendant's response. (ECF No. 124). The Court will hold a telephone Status Conference on **July 19, 2023**, at **10:00 AM** to discuss the issues raised in the parties' letters, including outstanding discovery. Before the conference, the parties should review Advisory Opinion No. 97 from the Committee on Codes of Conduct, which directly addresses the issue raised by Plaintiff's counsel. In addition, Plaintiff's counsel is directed to submit a letter response to the discovery issues raised in Mr. Loomba's letter by Friday, June 30, 2023.
>
> SO ORDERED.
>
> Dated: June 26, 2023     Hon. Victoria Reznik, U.S.M.J.

**Via ECF**
Hon. Victoria Reznik
United States Magistrate Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

**Re:**   File: 00194-Fishman
Marc Fishman v City of New Rochelle, et al
Case Number: 19-cv-00265-NSR

Dear Magistrate Judge Reznik:

I represent the plaintiff, Marc Fishman. I submit the following as plaintiff's motion for a pre-motion conference on plaintiff's anticipated motion seeking your Honor's recusal from this matter pursuant to 28 U.S.C. 455(a).

On June 19, 2023 it was brought to our attention that defense counsel, Lalit Loomba served on the merit selection panel for the Southern District and that in that capacity he (1) interviewed your Honor in person in a conference room in White Plains and (2) recommended you and four others, out of fifteen candidates for Magistrate Judge Davison's position, and that you were later appointed by the Court.

Plaintiff respectfully submits that these circumstances require recusal as your Honor's "impartiality might be reasonably questioned." 28 U.S.C. 455(a). The Second Circuit has explained that "This provision is to be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98 (2d Cir. 2012). "The substantive standard for recusal is whether a reasonable person, knowing all the facts, would conclude that he court's impartiality might reasonably be questioned." *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326 (2d Cir. 1987).

It is also required for "recusal applications…to be made at the earliest possible moment after obtaining knowledge of the facts demonstrating the basis for such a claim." *In re IMB Corp.*, 45 F.3d 641 (2d Cir. 1995). The Second Circuit has explained a prompt motion should be filed to allow the court to address the claim early on and not to waste judicial resource. The Court also holds that it would be improper to hold back a claim for recusal as a fall back in response to adverse rulings by the specific judge.



Here, the involvement of Lalit Loomba in your appointment as a Magistrate Judge respectfully, objectively raises an appearance of bias in favor of the defendants and their attorney. Mr. Loomba not only personally interviewed you but also recommended you to a post that was highly sought by 15 other candidates. A reasonable person would conclude that respectfully, your Honor's impartiality might reasonably be questioned.

The undersigned has searched and been unable to find any cases involving a recusal motion arising under the same or similar circumstances, i.e., where a lawyer before a judge interviewed and recommended her to a seat on the bench. This is the sort of extrajudicial conduct that warrants recusal as it does not relate to judicial decisions that a litigant claims demonstrates bias. Additionally, of the cases in which recusal was denied, the attorneys and the judge had mostly social connections and did not arise out of a similar merit selection process. For example, in one case the judge and attorney going out for drinks was not enough to warrant recusal. But, in another case the judge and attorney going on a vacation together, which the judge adjourned the case for, warranted recusal.

This motion is being filed in good faith and promptly. Plaintiff will not sit on this information and then try to use it later on if he does not like the rulings of this court. This motion is also filed due to the sensitive nature of plaintiff's allegations, which involve a biased criminal trial court judge refusing to issue orders on requests that both the plaintiff and the prosecutor agree on, i.e., that the underlying verdict was legally defective and that he should be sentenced in his absence. That Judge did not rule on the most recent motion for recusal. However, the matter was later assigned to a different judge. None of which has anything to do with your Honor, but further explains why plaintiff is making this application.

As such, plaintiff requests that the court schedule a pre-motion conference to discuss the motion and a briefing schedule for same. In the interim plaintiff requests that the deadline to file a joint status letter for June 22, 2023 be adjourned *sine die* pending determination of this motion. Plaintiff notified defense counsel of the intention to request recusal but no response was received as to defense counsel's position on the motion.

Respectfully submitted,

*Caner Demirayak*

Caner Demirayak, Esq.

CC: Defense counsel via ECF