UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
  MARC FISHMAN,

                           Plaintiffs.                                19-cv-00265-NSR

               - against -

CITY OF NEW ROCHELLE, LANE
SCHLESINGER, SHIELD # 1058, JOSEPH F.
SCHALLER, ROBERT GAZOLLA, IN HIS
OFFICIAL CAPACITY AS POLICE
COMMISSIONER OF THE CITY OF NEW
ROCHELLE POLICE DEPARTMENT,
SERGEANT MYRON JOSEPH SHIELD # 18,
AND COUNTY OF WESTCHESTER,

                          Defendants.
------------------------------------------------------------------------X


**PLAINTIFF MARC FISHMAN'S REPLY**


                            LAW OFFICE OF CANER DEMIRAYAK, ESQ., P.C.

Dated:       Brooklyn, New York
              August 9, 2023          _____*Caner Demirayak*_____
                                               Caner Demirayak, Esq.
                                               300 Cadman Plaza West
                                               One Pierrepont Plaza, 12th Floor
                                               Brooklyn, New York 11201
                                               718-344-6048
                                               Fax: 646-679-2527
                                               caner@canerlawoffice.com

**PRELIMINARY STATEMENT**

Plaintiff, Marc Fishman, respectfully submits the following memorandum of law in Reply to the opposition by defendants.

The defendants do not supply any case law supporting its arguments. Defendant has no authority claiming that this motion is somehow untimely. Defendant presents no precedent finding that Magistrate Judge Victoria Reznik's refusal to recuse from this matter is proper. In fact, the Advisory Opinion relied upon is not binding. Defendant further has no authority claiming that an in-person deposition was properly ordered.

Therefore, plaintiff's motion is practically unopposed and should be granted.

**ARGUMENT**

**I.   THE MOTION DIRECTED TO UNITED STATES DISTRICT JUDGE NELSON R ROMAN WAS TIMELY FILED**

The applicable statute relating to a District Judge's authority to reconsider a magistrate judge's order does not include any time periods for the filing of such a motion. Local Civil Rule 6.3 requires such a motion to be served within fourteen (14) days after entry of the Court's determination of the original motion.

The order being challenged herein was entered on July 19, 2023. A such the motion for reconsideration had to be served by August 2, 2023. Here, such motion was served on July 31, 2023. The e-mail confirming such service is annexed as Exhibit "1." Defense counsel has consented to electronic service throughout this proceeding. A courtesy copy of the motion was also mailed to Judge Roman's chambers on July 31, 2023 and received on August 3, 2023.

According to Judge Roman's individual rules, a motion for reconsideration is not subject to a pre-motion conference request. Additionally, the individual rules make clear that "Motion papers shall be filed via ECF promptly after reply papers have been served." For that reason, the

1

Notice of Motion was not filed on ECF at the time of service on defense counsel. The moving papers and this Reply are now being filed today.

To be clear Local Rule 6.3 discusses the service of the motion within fourteen days and not filing. In an effort to follow the federal statute, local rule and Judge Roman's individual rules, the motion was served and filed in this manner.

To the extent this motion may be deemed untimely, which plaintiff does not concede, 28 U.S.C. 636 does not impose any time limit and the Local Rules cannot impose a time limit on such motions filed pursuant to 28 USC 636.

II. **MJ REZNIK WAS REQUIRED TO RECUSE HERSELF FROM THIS MATTER AS DEFENSE COUNSEL NOW CONCEDES HE WAS PART OF A 5-10 MINUTE INTERVIEW WITH HER WHEN HE WAS PART OF THE PANEL RECOMMENDING HER FOR A HIGHLY SOUGHT AFTER MAGISTRATE JUDGE POSITION**

Defense counsel has now provided additional facts as to the necessity of MJ Reznik's recusal. Defense counsel not only considered MJ Reznik but also was part of a 5–10-minute interview with her. As per the Advisory Opinion, defense counsel was obligated to keep his role in the process in confidence. The question is then raised as to why he disclosed this fact to the plaintiff if he did not see a potential issue.

The Advisory Opinion makes clear that "the facts…would have to be evaluated by the magistrate judge to determine if recusal is warranted and if notification should be provided to the parties," "if something were to occur between a panel member and the magistrate judge that bears directly on the magistrate judge's ability to be, or to be perceived as being fair and impartial." The facts were not fully evaluated in MJ Reznik's decision.

As per the undersigned's research there are no reported decisions available on Lexis addressing the initial appointment of a magistrate judge under the Advisory Opinion. There are three decisions involving the reappointment process, one of which resulted in recusal and the other two denying recusal. In *United States v Bausch*, 2016 U.S. Dist. LEXIS 75307 (N.D.C., May 13, 2016), the magistrate judge recused himself from the matter after counsel for a defendant was appointed to a panel evaluating reappointment. This was based on the admonition that impartiality is impaired when a reappointment is considered in a case involving an attorney or party who is a member of the panel." It is unclear why the Advisory Opinion makes a distinction between initial appointments and reappointments as the same perception of impartiality appears to a reasonable person when a lawyer for a party is also on that panel.

In *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423 (4th Cir. 2011), the Fourth Circuit upheld the refusal of a magistrate judge to recuse after he was reappointed, relying upon the Advisory Opinion. The focus was on a law firm relationship between the magistrate and attorney, and it was found to be too attenuated. Also, in *Haley v Kundu*, 2013 U.S. Dist. LEXIS 65017 (Ten.E.D., May 6, 2013), recusal was denied after a reappointment process. None of these cases involve the initial appointment.

There are at least two other matters before the Southern District in which Lalit Loomba is counsel for the City of New Rochelle and where MJ Reznik has been assigned as the magistrate judge following the retirement of Magistrate Judge Paul Davison. *Malik Fogg v. The City of New Rochelle, et al*, 22-cv-03935-KMK-VR and *Edward Schuyler v. City of New Rochelle, et al*, 23-cv-04151-PMH. Did Mr. Loomba also notify plaintiff counsel in those matters of his participation on the merit selection panel? If so, what was the result? If Mr. Loomba only disclosed such fact in this case, why the discrepancy?

3

More facts must be assessed as to whether recusal is proper in this case. Since a full evaluation of all the facts was not conducted, the denial of the motion to recuse[1] cannot stand. Especially not in light of the ruling now directing plaintiff, but no other witness to appear for an in-person deposition in this matter.

### III. MJ REZNIK'S ORDER DIRECTING ONLY PLAINTIFF TO APPEAR FOR AN IN-PERSON DEPOSITION WAS CLEARLY ERRONEOUS AND SHOWS ACTUAL BIAS

MJ Reznik issued a discovery order in this matter singling out plaintiff. In that order only plaintiff is required to appear for an in-person deposition. No directive was made that all depositions of all witnesses must be made in person. MJ Reznik did not require defendant to file a motion before making such ruling and did not provide plaintiff with an opportunity to submit a protective order. In its opposition, defendant cites to not a single authority that would render MJ Reznik's decision proper.

Defendant fails to explain how the interpreter/communication barrier in *In re Terrorist Attacks on September 11, 2001* are completely inapplicable to a communication disability barrier in this case. Moreover, defense counsel's claim that pandemic issues are not as relevant is wrong. Recent news reports have shown that COVID-19 is again on the rise. *See What the new Covid-19 surge really means*, Politico, *available at*, https://www.politico.com/news/2023/07/31/covid-19-cases-are-climbing-but-dont-be-alarmed-00109074 (last accessed Aug. 9, 2023); *As a summer wave of Covid-19 hits the US, questions about vaccines, quarantine and testing are back*, *available*

---

[1] Also alarming to the refusal to recuse is MJ Reznik's participation in the Brief in Opposition to a Petition for a Writ of *Certiorari* in *David Goetz, Commissioner, Tennessee Department of Finance and Administration, et al v John B. by this Next Friend, L.A.*, et al, 06-901 while she was with Kirkland & Ellis. In that brief, it is argued that even an alleged improper *ex parte* communication was not enough for recusal. If possible actual bias/impropriety is not enough, how could an appearance of impropriety ever be enough?

4

*at*,  https://www.cnn.com/2023/08/04/health/questions-about-covid-vaccines-quarantine-and-testing-are-back/index.html (last accessed Aug. 9, 2023.)

Therefore, the decision to single out plaintiff for an in-person deposition cannot stand.

**IV. DEFENSE COUNSEL'S CLAIM THAT THIS MOTION IS FRIVOLOUS IS IN ITSELF FRIVOLOUS AND SUBJECT TO RULE 11 SANCTIONS UPON MOTION OR ORDER TO SHOW CAUSE BY THE COURT**

Defense counsel now makes a frivolous claim that this motion for reconsideration is somewhat frivolous. Defense counsel is dead wrong. First, any claim of sanctions can only be made in a separate motion and each specific claim of improper conduct must be specified. Defense counsel's threat of sanctions is clearly only presented to harass plaintiff and his attorney and has no basis whatsoever. Each point and argument raised herein is supported by case law and a reasonable view of statutes and rules. None of the plaintiff's positions are taken for an improper purpose. All of the plaintiff's positions are warranted by existing law. All of plaintiff's factual contentions have evidentiary support. Any denial of factual contention is also warranted. In fact, plaintiff did not sit on the information of a possible conflict but immediately raised the issue prior to any rulings by MJ Reznik. Therefore, nothing plaintiff has done here was improper or frivolous. Defense counsel on the other hand has not supplied any caselaw to support its positions. How dare Mr. Loomba even claim frivolous or sanctionable conduct.

**CONCLUSION**

The motion for reconsideration should be granted and upon reconsideration the order of MJ Reznik denying the motion for her recusal and compelling plaintiff to appear for a deposition in person be vacated. Upon vacatur of the order, MJ Reznik should be recused and plaintiff's deposition to be conducted remotely.