THE QUINN LAW FIRM, PLLC
Attorneys for Defendant City of New Rochelle
399 Knollwood Road, Suite 220
White Plains, NY 10603
(914) 997-0555

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------- X

MARC FISHMAN,                                          :       Docket No.
                                                               19-CV-265 (NSR)

                    Plaintiff,                         :

        -against-                                      :

CITY OF NEW ROCHELLE, LANE SCHLESINGER,                :
SHIELD #1058, JOSEPH F. SCHALLER, ROBERT
GAZOLLA, IN HIS OFFICIAL CAPACITY AS                   :
POLICE COMMISSIONER OF THE CITY OF NEW
ROCHELLE POLICE DEPARTMENT, SERGEANT                   :
MYRON JOSEPH SHIELD #18, & COUNTY OF
WESTCHESTER,                                           :
                                                       :
                    Defendants.                        :

----------------------------------------------------------------------- X

DEFENDANT CITY OF NEW ROCHELLE'S
MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION

THE QUINN LAW FIRM, PLLC
Attorneys for Defendant City of New Rochelle
399 Knollwood Road, Suite 220
(914) 997-0555

## TABLE OF CONTENTS

Table of Authorities ............................................................................................................................. ii

Introduction ........................................................................................................................................... 1

Preliminary Statement ......................................................................................................................... 1

Background ............................................................................................................................................ 2

        A. Nature of the Case and Procedural History. .................................................................. 2

        B. The Current Disputes. ....................................................................................................... 3

            (i) The Motion to Recuse ................................................................................................. 3

            (ii) Plaintiff's Deposition ................................................................................................ 4

Argument ............................................................................................................................................... 6

POINT I     PLAINTIFF'S APPLICATION SHOULD BE REJECTED AS UNTIMELY ............... 6

POINT II    THE MAGISTRATE JUDGE'S RULINGS ARE NOT CLEARLY
             ERRONEOUS OR CONTRARY TO LAW AND SHOULD BE
             CONFIRMED ............................................................................................................. 6

        A. The Standard of Review Under F.R.C.P. 72(a) and 28 U.S.C. §636 ............................. 6

        B. The Magistrate's Decision on the Motion to Recuse Should be Confirmed. ............... 7

        C. The Magistrate's Decision on the Deposition Issue Should be Confirmed .................. 9

Conclusion. ......................................................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**                                                                                          Pages(s)

*In re Terrorist Attacks on September 11, 2001,*
337 F.R.D. 575 (S.D.N.Y. Dec. 1, 2020) ..............................................................................10

*Michelo v. National Collegiate Student Loan Trust 2007-2,*
2020 U.S. Dist. LEXIS 131372 (S.D.N.Y. July 16, 2020) ...................................................11

*Palacio v. City of New York,*
489 F. Supp. 2d 335 (S.D.N.Y. 2007) .....................................................................................7

*United States v. Snow*,
462 F.3d 55, 72 (2d Cir. 2006) .................................................................................................7

**Statutes**

28 U.S.C. §636.................................................................................................................................6
Fed. R. Civ.P. 30(b)(4) ...................................................................................................................9
Fed. R. Civ. P. 72(a) .......................................................................................................................6

## Introduction

Defendant City of New Rochelle ("City"), by its undersigned attorneys, respectfully submits this memorandum of law in opposition to plaintiff's motion, pursuant to 28 U.S.C. §636(b)(1)(A), for reconsideration of two rulings made by Magistrate Judge Victoria Reznik.

## Preliminary Statement

Plaintiff Marc Fishman ("plaintiff" or "Mr. Fishman") moves for reconsideration for two non-dispositive rulings of Magistrate Judge Reznik. The first denied plaintiff's motion to recuse Magistrate Judge Reznik because of the undersigned's participation on this Court's Merit Selection Panel, which interviewed her, and several other candidates, for the Magistrate Judge position vacated upon the retirement of Magistrate Judge Davison. The second ordered Mr. Fishman to appear at his deposition in person as opposed to remotely.

As detailed herein, plaintiff's motion for reconsideration is time-barred, either has a motion for reconsideration or an objection under Rule 72 of the Federal Rules of Civil Procedure because plaintiff failed to file his motion within 14 days of the decisions in question, which were made on the record on July 19, 2023. But even if plaintiff's application was timely made, it should be rejected. First, plaintiff's motion to recuse Magistrate Judge Reznik is meritless, and borderline frivolous. An advisory opinion of the Committee on Codes of Conduct for the United States Judicial Conference addresses the conflict of interest claimed by plaintiff to exist directly on point, and holds clearly that no conflict of interest exists when an attorney who serves on a district's merit selection panel appears before a Magistrate Judge that the panel recommended for an initial appointment. Second, the order directing plaintiff's deposition to be conducted in person was likewise not clearly erroneous or contrary to law. Plaintiff cites to no statute, rule or case that requires a deposition to be held remotely, and the ruling requiring plaintiff to appear in

-1-

person was well reasoned and sound. Accordingly, plaintiff's appeal should be denied, and the orders at issue confirmed.

## Background

A.    Nature of the Case and Procedural History

This case involves the arrest of plaintiff by members of the New Rochelle Police Department ("NRPD") on December 15, 2018. Mr. Fishman was arrested for violating the terms of a stay away order of protection issued by a New York State Court in connection with a bitterly contested divorce and custody dispute between Mr. Fishman and his ex-wife, Jennifer Solomon.

Plaintiff commenced this action, *pro se,* on January 8, 2019 (less than a month following his arrest), alleging that he has qualified disabilities recognized under the Americans with Disabilities Act and the Rehabilitation Act, and that he was improperly denied accommodations during his arrest. The original defendants were the City of New Rochelle, certain individual members of the NRPD, and the County of Westchester. All defendants moved to dismiss, and on October 19, 2021, this Court (Roman, J.), issued an Opinion and Order granting the motions in part and denying them in part. (D.E. 38) The Court held that Plaintiff had adequately pled claims under the ADA and the Rehabilitation Act, and allowed plaintiff an opportunity to replead.

On March 10, 2022, Mr. Fishman—now represented by counsel—filed an amended complaint. (D.E. 47) The amended complaint significantly expanded the scope of the action by adding several Section 1983 civil rights claims to the ADA and Rehabilitation Act claims originally pled in Mr. Fishman's *pro se* complaint. In July 2022, the City Defendants moved to dismiss the additional civil rights claims asserted in the amended complaint (D.E. 96), and the County of Westchester moved to dismiss the case in its entirety. (D.E. 99) On February 1, 2023,

this Court (Roman, J.), issued an Opinion and Order dismissing all of the Section 1983 civil rights claims; all claims against the individual defendants; and all claims against the County of Westchester. (D.E. 108)

Presently, only two claims remain: the ADA and the Rehabilitation Act claims against the City. The City filed its answer on March 3, 2023. (D.E. 111) A civil case discovery plan and scheduling order was issued on March 17, 2023. (D.E. 115)

B.     The Current Disputes

While the parties have exchanged documentary discovery, certain disputes have arisen and were brought to the attention of Magistrate Judge Reznik. Two disputes are at issue in plaintiff's instant application.

(i)     The Motion to Recuse

The undersigned serves on the Southern District of New York's Merit Selection Panel (the "Panel"). This spring, the Panel interviewed candidates, including Magistrate Judge Reznik, for the open Magistrate Judge position that was created by the retirement of Magistrate Judge Davison. Out of an abundance of caution, when the undersigned learned that this case had been assigned to Magistrate Judge Reznik, he notified counsel for plaintiff. Specifically, in an email sent June 19, 2023, the undersigned explained the nature and purpose of the Panel, including the fact that the Panel only recommends candidates to the Court, and has no role in the final selection process. By letter motion dated June 21, 2023, plaintiff's counsel moved to recuse Magistrate Reznik, stating that he had just "discovered" that the undersigned served on the Panel, and claiming that a conflict of interest existed requiring Magistrate Judge Reznik to recuse herself. *See* D.E. 123.

-3-

On June 22, 2023, the undersigned wrote to Magistrate Judge Reznik, clarified how the plaintiff's attorney learned of his role on the Panel, and explained that given the nature and limitations of the Panel's work, that no conflict of interest existed. *See* D.E. 124. Nevertheless, the undersigned took no position on the motion to recuse, and suggested that whichever Magistrate oversaw the case, discovery should proceed without any undue delay. *Id.*.

On June 26, 2023, Magistrate Judge Reznik issued an Order (D.E. 126) scheduling a conference on July 19, 2023, to discuss the motion to recuse, and in connection therewith directing both sides to review Advisory Opinion No. 97 issued by the Committee on Codes of Conduct for United States Judges of the Judicial Conference of the United States.[1]  Magistrate Reznik also directed Plaintiff's counsel to submit a letter addressing certain outstanding discovery issues, including the question of whether plaintiff's deposition would be held remotely or in person.  D.E. 126.  Plaintiff filed that letter on June 29, 2023.  D.E. 127.

On July 19, 2019, during the telephone conference, Magistrate Judge Reznik indicated that she had received enough information to rule on the motion to recuse, and citing Advisory Opinion No. 97, she denied the motion. *See* Docket Entry (July 19, 2019).

(ii)    Plaintiff's Deposition

The second dispute at issue is whether plaintiff's deposition should go forward in person or remotely (*i.e.,* via Zoom).  The parties described their respective positions on this issue in the letters described above.  The City's position is that because of plaintiff's alleged difficulty in hearing and understanding verbal communication an in-person deposition would be more effective and efficient.  Plaintiff, however, argued that depositions are not routinely conducted

---

[1]  A copy of Advisory Opinion No. 97 is annexed hereto.

-4-

remotely and that a remote platform could provide him with any accommodation that he might require.

During the July 19, 2023 telephone conference with Magistrate Reznik, plaintiff also raised a rather unique argument for why his deposition should be held remotely. In January 2020, plaintiff was convicted by a jury of his peers for violating the order of protection on December 15, 2018 – that is, the very arrest that forms the basis of this ADA case. However, plaintiff has never been sentenced on that conviction. Plaintiff's sentencing was adjourned multiple times for various reasons, including claims that plaintiff required medical surgeries. Ultimately, as plaintiff alleged in paragraph 72 of his amended complaint, on January 9, 2022, a New York State Judge issued a bench warrant for plaintiff's arrest. During the July 19 conference, plaintiff's attorney explained to Magistrate Reznik that bench warrant is still active, and that if plaintiff were to appear for a deposition in New York State he would be arrested. Plaintiff's counsel posited this as another reason why his deposition should be held remotely.

After hearing argument from both sides, Magistrate Judge Reznik made the following ruling:

> The deposition should be held in person, at a location that is outside of New York State, but close enough to New York State so that defense counsel can reasonably travel to the deposition. The parties shall meet and confer as to the location. Additionally, the parties should ensure that Plaintiff is provided with real time transcription services during the deposition. Finally, the parties should meet and confer as to sharing the cost of this service.

Docket Entry (July 19, 2023).

**Argument**

## POINT I

### PLAINTIFF'S APPLICATION SHOULD
### BE REJECTED AS UNTIMELY

An objection to a decision made by a Magistrate Judge must be filed within fourteen

days. *See* Fed. R. Civ. P. 72(a). A motion for reconsideration directed at the Magistrate Judge

who made the ruling in question likewise must be filed within fourteen days. *See* S.D.N.Y.

Local Rule 63. Here, plaintiff served but did not file a motion for "reconsideration," citing 28

U.S.C. §636. 28 U.S.C. §636 sets forth standards for when a party appeals a Magistrate Judge's

rulings to the District Judge assigned to the case. Plaintiff in fact mailed a courtesy copy of his

motion to Judge Roman, not to Magistrate Reznik. In any case, plaintiff never filed his motion.

Because fourteen days have now passed since Magistrate Judge Reznik issued her rulings on

January 19, 2023, and because even the courtesy copy of his application was not received by

Judge Roman's chambers until August 3, 2023, one day after fourteen days from the date of

Magistrate Reznik's rulings, plaintiff's application should be denied as untimely.

## POINT II

### THE MAGISTRATE JUDGE'S RULINGS ARE
### NOT CLEARLY ERRONEOUS OR CONTRARY
### TO LAW AND SHOULD BE CONFIRMED

A.    The Standard of Review Under F.R.C.P. 72(a) and 28 U.S.C. §636

Rule 72(a) of the Federal Rules of Civil Procedure provides, in relevant part, that a party

may file objections to a non-dispositive ruling by a Magistrate Judge within 14 days after being

served with a copy of the ruling, and that, if timely objections are filed, the District Judge in the

case must "modify or set aside any part of the order that is clearly erroneous or is contrary to

law." Fed. R. Civ. P. 72(a). This standard tracks the language of 28 U.S.C. §636, which

provides that, in a case where a party seeks reconsideration of a Magistrate Judge's non-

dispositive ruling, the District Judge may reconsider the ruling "where it has been shown that the

magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A). A decision

is "clearly erroneous" in this context when "upon review of the entire record," the District Judge

is "left with the definite and firm conviction that a mistake has been committed.." *United States*

*v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006); *Palacio v. City of New York,* 489 F. Supp. 2d 335, 339

(S.D.N.Y. 2007).

B.    The Magistrate's Decision on the Motion to Recuse Should be Confirmed

        Advisory Opinion No. 97 of the Committee on Codes of Conduct squarely addresses

plaintiff's argument in favor of recusal, and forecloses it.

        As explained in the Advisory Opinion, "[w]hen an appointment is being made to a vacant

or newly created position, the panel is required to submit a list of five nominees to the court."

Attachment, at p.170. After that, a "majority of the active district judges selects a candidate from

the list of five nominees." *Id.* Here, Magistrate Judge Reznik was one of about twelve

candidates interviewed by this Court's Merit Selection Panel, of which the undersigned is a

member. Magistrate Judge Reznik was one of five candidates that the Panel forwarded for

consideration to the Court, and she was ultimately selected by the District Judges of this Court to

fill the position created by the retirement of Magistrate Judge Davison.

        Advisory Opinion No. 97 generally addresses the "ethical obligation of a magistrate

judge arising out of the relationship between members of the selection panel and the magistrate

judge (1) following the initial appointment process," and specifically answers the question of

whether, in the context of an initial appointment, a magistrate judge is "required to recuse

whenever a member of the panel appears either as a lawyer to a case." *Id.* at p. 171. The answer

is a clear no:

-7-

> In the opinion of the Committee, a magistrate judge is not obligated following initial appointment to notify the parties in a case that either a lawyer or a party in that case was a member of the panel that considered the judge's application since there is no reasonable basis for questioning the magistrate judge's integrity, impartiality, or competence. The selection process is a formalized one established in a way that encourages an objective evaluation of candidates based on merit. It is unlikely that an interpersonal relationship will develop between the candidate and any member of the panel during the selection process. Since the panel operates under a requirement of strict confidentiality, a candidate is not privy to the individual opinions of the panel members concerning any candidate. At best, a candidate who is selected can infer that at least a majority of the panel agreed to place the candidate's name on the list of nominees. The candidate assumes the office of magistrate judge after the panel has completed its work.

Attachment, at p. 172.

As Magistrate Judge Reznik confirmed on the record of the July 19 conference, the undersigned has never met, worked with or spoken to Magistrate Judge Reznik, other than during her approximately 5-10 minute interview before the Panel earlier this year, and during the telephone conference held in this action on July 19, 2023. Accordingly, there is no basis whatsoever for Magistrate Reznik to recuse herself from this case.

Plaintiff argues that Magistrate Judge Reznik's recusal is required because "a reasonable person looking at this matter would see an appearance of impropriety." Mem. at p.2. This argument is borderline frivolous. Indeed, Advisory Opinion No. 97 also addresses the question of whether a magistrate judge should "notify all parties of the fact that a lawyer or party in the case was a member of the panel that originally considered the judge's application." Attachment, at p.171. The Advisory Opinion concluded that there is no such obligation. Here, as she stated on the record, Magistrate Reznik did not even recognize that the undersigned was on the Panel, and was only alerted to this fact when the undersigned, out of an abundance of caution,

notified plaintiff's attorney, and then the plaintiff's attorney filed his motion to recuse Magistrate Judge Reznik.

In short, plaintiff's objection should be overruled, and Magistrate Judge Reznik's ruling should be confirmed. In addition, given the wasteful and frivolous nature of this application, this Court should consider awarding costs to the City of New Rochelle to reimburse it for the legal fees incurred in preparing this response.[2]

C.    The Magistrate's Decision on the Deposition Issue Should be Confirmed

First, contrary to Plaintiff's argument, the Magistrate's ruling on the issue of plaintiff's deposition was not issued *sua sponte* or without prior briefing of the parties. To prove this point, a detailed review of the docket is in order.

On June 15, 2023, within two weeks of her assignment to this case, Magistrate Judge Reznik directed the parties to submit a joint letter updating her on the status of discovery. D.E. 122. Efforts to submit a joint letter proved unsuccessful, so on June 22, 2023, the City submitted a status report individually. D.E. 124. In that letter, the City outlined the dispute that the parties had been trying to resolve concerning whether to hold plaintiff's deposition in person or remotely. *Id.* at p.4. Plaintiff submitted his status report on June 22, 2023, noting that there was an issue as to whether the deposition should be conducted remotely, but requesting that "all [discovery] disputes should be paused pending determination of the recusal motion." D.E. 125, at p.4. On June 26, 2023, Magistrate Judge Reznik ordered the plaintiff to respond more completely to the discovery issues raised by the City, including the issue regarding plaintiff's deposition. D.E. 126. Plaintiff filed his

---

[2] If the Court is inclined to consider sanctions, the City will submit a declaration and time sheets detailing the time and costs involved.

-9-

detailed response on June 29, 2023, which specifically responded to the dispute over whether plaintiff's deposition should be taken remotely or in person. D.E. 127, at p.2. Accordingly, for plaintiff to suggest that Magistrate Judge Reznik's ruling on the issue of where and how to conduct plaintiff's deposition was issued "*sua sponte*" and without a prior opportunity for plaintiff to submit his arguments in writing is absurd.

Second, plaintiff states that the practice of conducting a deposition remotely is "standard practice" in this district. He cites no Rule, Local Rule or case law to support this contention. And indeed, while Rule 30(b)(4) of the Federal Rules states that a deposition "may" be taken remotely, there is no rule that requires it. Moreover, contrary to plaintiff's *ad hominem* attack that the City is seeking plaintiff's deposition on an in-person basis to cause him harm, there are unique factors in this case that call for an in-person deposition. Plaintiff claims he has hearing problems and cognitive issues with verbal understanding. D.E. 52, at ¶8-9. Given these allegations, the Magistrate Judge reasonably concluded that an in-person deposition will be more efficient and effective because if there are any problems with communications, the chances of resolving them with everyone in the same room will be better than in a remote setting.[3]

Plaintiff's reliance on *In re Terrorist Attacks on September 11, 2001,* 337 F.R.D. 575 (S.D.N.Y. Dec. 1, 2020), is misplaced. In that case, which was issued during the height of the Covid-19 pandemic, the Court held that remote depositions were appropriate, and rejected the argument that a remote deposition would render it

---

[3] Plaintiff also claims he suffers form diseases that will make it dangerous for him to appear for a deposition in person. Plaintiff's application, however, is not accompanied by any medical records to suggest that is the case.

impossible to judge a witness's demeanor during the deposition. *Id.* at 578-579. In July 2023, the Covid-19 pandemic is no longer nearly the health concern that it was in December 2020. Moreover, the need for an in-person deposition in the instant case is not about demeanor, but rather plaintiff's own claim that he has difficulty hearing and understanding verbal communication. Plaintiff's reliance on *Michelo v. National Collegiate Student Loan Trust 2007-2,* 2020 U.S. Dist. LEXIS 131372 (S.D.N.Y. July 16, 2020), is similarly misplaced. In that case, a motion to quash a subpoena was denied, but modified to the extent of ordering a remote deposition. Covid-19 was also cited as a factor in the decision, which was issued during the height of the pandemic. *Id.* at *14-15. Here, plaintiff is a party, not a witness, and the pandemic is no longer a factor.

Finally, plaintiff claims that he lives in California, suffers from dementia and has "more severe ailments every day." Mem. at 5. These claims are not supported by any medical records, and appear for the first time in plaintiff's appeal from Magistrate Judge Reznik's ruling. They should be disregarded.

## Conclusion

Plaintiff's objections should be overruled. Magistrate Judge Reznik's discovery rulings should be confirmed.

Dated:  White Plains, New York
        August 7, 2023

Respectfully submitted,

QUINN LAW FIRM, PLLC
Attorneys for Defendant City of New Rochelle

Lalit K. Loomba

399 Knollwood Road, Suite 220
White Plains, NY 10603
(914) 997-0555
lloomba@quinnlawny.com

-12-

Certificate of Service

LALIT K. LOOMBA, an attorney admitted to practice law before the Courts of the State of New York and the United States District Court for the Southern District of New York, hereby certifies, under penalty of perjury, that on August 7, 2023, I cause the within document to be served, on the attorneys for plaintiff herein, at the following address:

LAW OFFICE OF CANER DEMIRAYAK, ESQ., P.C.
300 Cadman Plaza West
One Pierrepoint Plaza, 12th floor
Brookyln, NY 11201
(718) 344-6048
caner@canerlawoffice.com

Dated: White Plains, New York
August 7, 2023

QUINN LAW FIRM, PLLC
Attorneys for Defendant City of New Rochelle

Lalit K. Loomba

399 Knollwood Road, Suite 220
White Plains, NY 10603
(914) 997-0555
lloomba@quinnlawny.com

-13-