

**THE QUINN LAW FIRM**

399 KNOLLWOOD ROAD, SUITE 220
WHITE PLAINS, NEW YORK 10603
Tel: 914.997.0555
Fax: 914.997.0550

35 Worth Street
New York, NY 10013
Tel: 646.398.3909

August 16, 2023

**By ECF**

Hon. Victoria Reznik, U.S. Magistrate Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

      **Re:** <u>Fishman v. City of New Rochelle</u>
            19-CV-265 (NSR) (VR)

Dear Magistrate Judge Reznik:

    The Quinn Law Firm represents defendant City of New Rochelle ("City") in the above-referenced action. We are submitting this letter, jointly with counsel for plaintiff, in response to the Court's August 1, 2023 Order (D.E. 133), which ordered plaintiff to produce the requested medical authorizations by August requesting a status report on whether plaintiff has produced authorizations.

    The demand in question called upon plaintiff to provide medical authorizations for (i) the Center for Cognition and Communication, and/or Dr. Jason Brown, M.D; (ii) records pertaining to treatment concerning plaintiff's alleged cognitive disability during the period 2015 to present; (iii) records of treatment concerning plaintiff's alleged hearing disability during the period 2015 to present; (iv) records of treatment concerning plaintiff's alleged impairment to memory during the period 2015 to present; and (v) records of treatment concerning plaintiff's alleged impairment in verbal functioning and/or verbal learning during the period 2015 to present.

    On the evening of August 3, 2023, plaintiff emailed to the undersigned 57 authorizations for the release of medical records. Plaintiff thereafter sent an additional 30 authorizations, for a total of 87. We have now processed all of the authorizations.

    Give the unusually large number of doctors, on August 15, 2023, the undersigned spoke with plaintiff's counsel and requested that he review the list with his client and identify, specifically, the providers that have treated Mr. Fishman for the alleged disabilities identified in the demand. Plaintiff's counsel conferred with his client, and their position is that "all of the providers are related to the disabilities and a lawsuit relating to the car crash that caused or exacerbated his disabilities is still pending in Bronx Supreme Court (filed 2015) where all such providers have been exchanged as well."

Hon. Victoria Reznik
August 16, 2023
Page 2

    Defendants believe that this may be missing the point. For example, we have so far received medical records from two providers: (i) Specialty Orthopaedics, and (ii) Dr. Sherwin K. Parikh, MD. Specialty Orthopaedics treated Mr. Fishman for an ankle injury; Dr. Parkikh is a dermatologist. The parties disagree as to whether these two doctors have treated Mr. Fishman for a condition that (i) he asserts qualifies him as disabled under the ADA; and (ii) for which defendants failed to accommodate plaintiff during his arrest. Given the allegations in the complaint, defendants do not believe that treatment for an ankle injury or a dermatological condition would meet these two conditions. Plaintiff believes otherwise.

    A related issue is that plaintiff did not produce original authorizations, only copies. Plaintiff's counsel has requested that we inform him if a medical provider demands the original authorization. Although we think it would have been more efficient just to provide originals, we will proceed on this basis.

    Finally, as Your Honor may be aware, plaintiff has filed objections from your rulings concerning (i) plaintiff's motion to recuse; and (ii) the mode (in-person vs. remote) and location of plaintiff's deposition. We are awaiting a ruling on those objections from Judge Roman.

                                       Respectfully submitted,

                                       Lalit K. Loomba

Cc: Caner Demirayak, Esq.