

300 Cadman Plaza W, 12 FL
Brooklyn, NY 11201
Fax: 646-679-2527

718-344-6048
caner@canerlawoffice.com

September 26, 2023

Hon. Nelson S. Roman
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

    **Re:**    File: <u>00194-Fishman</u>
              Marc Fishman v City of New Rochelle, et al
              Date of Loss: 12/15/18
              Case Number: 19-cv-00265-NSR

Dear Judge Roman:

    I represent plaintiff, Marc Fishman. Based on an agreement with counsel for the City of New Rochelle to conduct plaintiff's deposition virtually, that portion of the plaintiff's motion seeking to reconsider/vacate Magistrate Reznik's ruling that plaintiff's deposition be conducted in person is moot and is hereby withdrawn. The remaining requests in the motion are unaffected.

    The agreement is as follows (1) Mr. Fishman's deposition will be conducted virtually; (2) Counsel for defendant City of New Rochelle reserves the right to depose Mr. Fishman in person if he cannot satisfactorily answer questions based upon his alleged disabilities; (3) Mr. Fishman will pay for all costs of his necessary communications accommodations; and (4) counsel for the City will select a court reporting agency and reporter than has the capacity to work with plaintiff's selected and identified software or program for the accommodations.

    This agreement comes after the City produced its Rule 30(b)(6) witness, Lt. Robert Wenzler for a deposition today. During his deposition, Lt. Wenzler confirmed that audio and video recordings relating the police encounter were created and forwarded to Assistant District Attorney Simmons of the Westchester County District Attorney's office in 2019 and (2) that the City police department no longer has the audio and video in its possession.

    Lt. Wenzler also claimed that he accommodated plaintiff by allowing him to go home after being charged despite the policy of remanding someone charged with criminal contempt in the second degree on account of his health. No accommodations were provided before or at the time of the police encounter.



The audio and video was never provided to Mr. Fishman in the underlying criminal proceeding. We intend to subpoena the DA's office (the County was removed as a party by the Court) for the audio and video, which is directly relevant to the disability discrimination claims and the failure to exchange it in discovery seriously brings into question the underlying criminal case, which could result in revival of the section 1983 claims.

The parties expect to be able to complete the remaining fact depositions by November 3, 2023 pursuant to this agreement.

Very truly yours,

Caner Demirayak, Esq.

Encl.