UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/28/2023
```

MARC FISHMAN,

Plaintiff,

v.

CITY OF NEW ROCHELLE, et al,

Defendants.

19 Civ. 00265 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Following the arrest of Marc Fishman (the "Plaintiff") by officers of the New Rochelle Police Department (the "NRPD"), Plaintiff commenced this action on January 8, 2019 against certain members of the NRPD, the City of New Rochelle, and the County of Westchester (collectively, the "Defendants"). Following this Court's referral to Magistrate Judge Reznik for general pretrial issues (*see* Notice of Reassignment of a Referral to Another Magistrate Judge, dated May 31, 2023), developments during discovery led Plaintiff to move for Judge Reznik's recusal, which Judge Reznik denied in a July 19, 2023 Order (the "Order") (*see* Minute Entry, dated July 19, 2023). Before this Court is Plaintiff's motion for reconsideration of that Order (ECF No. 134). For the following reasons, Plaintiff's motion is DENIED.

<u>BACKGROUND</u>

### I.     <u>Nature of the Underlying Action</u>

The underlying matter involves Plaintiff's arrest by NRPD officers in December 2018 for violating a stay away order of protection from his ex-wife. (Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration ("Def. Opp."), p. 2., ECF No. 137.) On January 8, 2019, Plaintiff commenced the underlying action *pro se*, alleging that he was improperly

1

denied accommodations during his arrest afforded to him under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. (*Id.*) The Defendants moved to dismiss Plaintiff's complaint in its entirety; this Court granted, in part, and denied, in part, their motions, and granted Plaintiff an opportunity to replead. (*Id.*)

On March 10, 2022, Plaintiff, now represented by counsel, filed an amended complaint which expanded the scope of the action to add several 42 U.S.C. § 1983 ("Section 1983") claims. (*Id.*; *see also*, ECF No. 47.) In July of 2022, the City of New Rochelle and certain officers of the NRPD moved to dismiss the Section 1983 claims, and the County of Westchester moved to dismiss the action in its entirety. (*Id.*; *see also,* ECF No. 99.) On February 1, 2023, this Court dismissed all Section 1983 claims, all claims against the members of the NRPD, and all claims against the County of Westchester, leaving the initial ADA and Rehabilitation Act claims against the City of New Rochelle. (*Id.* at 3; *see also*, ECF No. 108.)

## II.     Nature of Plaintiff's Motion to Recuse

During discovery, a dispute arose before Judge Reznik relevant to this motion. (*Id.*) In a letter dated June 21, 2023, Plaintiff sough leave to move for Judge Reznik's recusal. (*See* ECF No. 123) In that letter, Plaintiff alleged that he was notified on June 19, 2023 that defense counsel served on the Southern District of New York's Merit Selection Panel, which interviewed and recommended Judge Reznik, along with four, others for an open Magistrate Judge position. (*Id.*) In Plaintiff's view, these circumstances were such that Judge Reznik's "impartiality might be reasonably questioned." (*Id.*); *see also*, 28 U.S.C. § 455(a). During a teleconference held before Judge Reznik on July 19, 2023, the Court treated Plaintiff's premotion letter as a motion to recuse on the merits and indicated that it had enough information to rule on that motion. (Minute Entry, dated July 19, 2023.) Citing Advisory Opinion No. 97 from the Judicial Conference of the United

States Committee on Codes of Conduct, Judge Reznik issued the Order, which denied Plaintiff's motion for recusal. (*Id.*)

### III.    Nature of Plaintiff's Motion for Reconsideration

Following the Order, Plaintiff filed his Motion for Reconsideration[1] on August 9, 2023 pursuant to 28 U.S.C. 636(b)(1)(A).[2] (ECF No. 134.) Plaintiff's application for reconsideration alleged that the Order was clearly erroneous and contrary to law in light of 28 U.S.C. § 455(a) ("Section 455(a)"), and thus, should be vacated because it did not acknowledge that Judge Reznik's "impartiality might be questioned." 28 U.S.C. § 455(a); (Plaintiff's Memorandum of Law in Support of Motion for Reconsideration ("Pl. Mem."), p. 2, ECF No. 135.)

## LEGAL STANDARD

Magistrate Judges in this district are empowered to issue non-dispositive orders, to which movants may object under Federal Rule of Civil Procedure 72(a) ("Rule 72"). District Judges then review those objections for clear error. Fed. R. Civ. P. 72(a).

Movants may also, however, move for reconsideration of a Magistrate Judge's nondispositive order pursuant to Local Rule 6.3.[3] *See Joint Stock Co. Channel One Russia Worldwide, et al. v. Infomir LLC, et al.*, 16-CV-1318 (GBD)(BCM), 2019 WL 3738623, at *3 (S.D.N.Y. 2019). "[T]o obtain reconsideration, a party must establish both that the magistrate []

---

[1] The Court notes that this motion also initially contained a motion for reconsideration of Judge Reznik's order compelling Plaintiff to appear for deposition in person. (*see* Minute Entry, dated July 19, 2023.) In a letter dated September 26, 2023 (ECF No. 139), however, Plaintiff informed the Court that the parties had resolved their dispute over Plaintiff's deposition and withdrew that motion. Accordingly, the Court considers that motion moot and DENIES it as such.

[2] The Court further notes that Plaintiff does not specify under which basis he is moving until his Reply Memorandum, wherein he states his motion is premised upon Local Civ. R. 6.3 ("Local Rule 6.3"). (*see* Plaintiff's Reply Memorandum of Law in Support re: Motion for Reconsideration, p.1, ECF No. 136.) The Court therefore construes Plaintiff's initial arguments as those in support of Local Rule 6.3 motion.

[3] Courts in this district have also treated motions for reconsideration as objections where the "substance of the motion is objecting to" the court's prior order, making Rule 72 the governing standard. *Fordec Realty Corp. v. Travelers Excess & Surplus Lines Co.*, 18-CV-00085 (ALC), 2020 WL 1445711, at *15 (S.D.N.Y. March 25, 2020).

judge overlooked factual matters or controlling decisions, *and* that, as a result, the magistrate judge's original order was in error. Although the standards on Rule 72 review are somewhat different from those on reconsideration, the underlying question remains the same—whether the magistrate judge's determination was 'clearly erroneous or contrary to law.'"[4] *Rouviere*, 560 F. Supp.3d at 789.

District courts reviewing reconsideration applications must consult Local Rule 6.3 to discern the timeliness of the plaintiff's filing with the District Court. Local Civ. R. 6.3 Advisory Comm.'s Note to 2011 Amendment. Additionally, Local Rule 6.3 supplies district courts with a nuanced standard for reviewing the merits of reconsideration application. *See Joint Stock Co. Channel One Russia Worldwide, et al.*, 2019 WL 3738623, at n. 2.

"[A] notice of motion for reconsideration . . . of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion[.]" Local Civ. R. 6.3. "[T]he untimeliness of a motion for reconsideration", in and of itself, "is reason enough to deny the motion." *See Farez-Espinoza v. Napolitano*, 2009 WL 1118098, at *2 (S.D.N.Y. 2009) (collecting cases); *Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004) (barring a motion for reconsideration claim under Local Rule 6.3 in part, as the motion was filed over three and one-half months after the order was issued).

Additionally, the notice of motion must be submitted with a "memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Local Civ. R. 6.3. The decision to grant or deny a motion for reconsideration under Local Rule 6.3

---

[4] A clearly erroneous order leaves the reviewing court "with the definite and firm conviction that a mistake has been committed." *United States v. Garcia*, 413 F.3d 201, 222 (2d Cir. 2005). "A magistrate's ruling is contrary to law if it '*fail[s] to apply* or misapplies relevant statutes, case law, or rules of procedure[.]'" *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp.2d 508, 412 (S.D.N.Y. 2013) (first alteration in original) (citation omitted) (emphasis ours).

is discretionary, but granting reconsideration is "to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Parrish v. Sollecityo*, 253 F. Supp.2d 713, 715 (S.D.N.Y. 2003). Thus, "reconsideration will generally be denied" unless the movant "can point to decisions or data that the court overlooked[; i.e.,] matters . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Further, the movant cannot use this motion as "an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been advanced." *Stone v. Theatrical Inv. Corp.*, 80 F. Supp.3d 505, 506 (S.D.N.Y. 2015). Ultimately, "[t]he standard . . . is strict in order to preclude repetitive arguments on the issues that have already been considered fully by the Court." *Park South Tenants Corp. v. 200 Cent. Park Assoc.*, 754 F. Supp. 352, 354 (S.D.N.Y. 1991), aff'd, 941 F.2d 112 (2d Cir. 1991).

## DISCUSSION

### I.   Plaintiff's Motion for Reconsideration

Plaintiff motions for this Court to reconsider the Order denying its original motion for Judge Reznik's recusal. (Pl. Mem., p. 1.) Defendants contend that Plaintiff's motion should be denied because it was untimely, and that the Order should be confirmed because it was not clearly erroneous or contrary to law. (Def. Opp., pp. 6-11, ECF No. 137.) Although Plaintiff's reconsideration motion was timely filed, the Court nonetheless DENIES Plaintiff's motion on the merits.

#### A.   Timeliness

Local Civil Rule 6.3 requires that reconsideration motions be "served within fourteen (14) days after the entry of the Court's determination of the original motion . . . ." Local Civ. R. 6.3.

In this case, Plaintiff served Defendant on July 31, 2023 , which was within fourteen days of Judge Reznik's July 19, 2023 Order. (Pl. Reply Mem., pp. 1-2.) As such, Plaintiff's motion for reconsideration was timely.

### B.   Merits

Plaintiff contends Judge Reznik must recuse under Section 455(a). (Pl. Mem., p. 2.) Section 455(a) operates as a "catchall recusal provision", *Liteky v. U.S.*, 510 U.S. 540, 548 (1994) (internal quotations omitted), and provides that "[a]ny justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which [their] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Partiality under Section 455(a) is tested objectively, "so that what matters is not the reality of bias or prejudice but its appearance." *Liteky*, 510 U.S. at 548. Thus, "the question . . . is whether an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal." *ISC Holding AG v. Nobel Biocare Finance AG*, 688 F.3d 98, 107 (2d Cir. 2012) (cleaned up).

The Order denying Plaintiff's request to recuse Judge Reznik relied on the Judicial Conference of the United States Committee on Codes of Conduct Advisory Opinion No. 97 (the "Advisory Opinion"), which speaks directly to the appearance of partiality (or lack thereof) that may arise during the reappointment process.[5] Judicial Conference of the United States Committee on Codes of Conduct, Advisory Opinion No. 97: *Recusal Due to Appointment or Reappointment of a Magistrate Judge* (Oct. 13, 1999). The Advisory Opinion proposed that after a Magistrate Judge is appointed or reappointed, they are not required to recuse themself if a member of its appointment panel appears as counsel before it, reasoning that because the appointment process is

---

[5] Two decisions have been handed down denying recusal that reference the Advisory Opinion. In both instances, the courts drew support from the Advisory Opinion's conclusion that recusal is not necessary after reappointment. *See Haley v Kundu*, 11-CV-265, 2013 WL 1896963, at *3 (Tenn.E.D., May 6, 2013); *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 433 (4th Cir. 2011).

structured to induce the objective evaluation of candidates, a reasonable person, fully cognizant of the underlying facts, would not question the impartiality of the magistrate. *Id.* Upon review of the arguments set forth in Plaintiff's initial letter dated June 21, 2023 (ECF No. 123) and in consideration of the Advisory Opinion, Judge Reznik issued the Order denying Plaintiff's application for recusal. (Minute Entry, dated July 19, 2023.)

For this Court to reconsider the Order, Plaintiff must set forth "matters or controlling decisions that", Local Rule 6.3, he believes Judge Reznik overlooked by specifying an "intervening change of controlling law, the availability of new evidence that was not previously available on the original motion, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013). Plaintiff may not argue for reconsideration by merely "repeating old arguments previously rejected" by Judge Reznik or presenting "new arguments that could have been previously advanced." *Assoc. Press v. U.S. Dep't of Def.*, 395 F. Supp.2d 17, 19 (S.D.N.Y. 2005). The Court narrowly construes Plaintiff's motion to reconsider Judge Reznik's Order to "avoid duplicative rulings on previously considered issues[.]" *Lothian Cassidy LLC v. Lothian Exportation & Development II LP*, 487 B.R. 158, 168 (S.D.N.Y. 2015). Plaintiff's reconsideration application does not meet this high bar because (1) it fails to point to any matters overlooked by Judge Reznik; and (2) it merely sets forth arguments that were already considered by and rejected in the Order.

First, Plaintiff's reconsideration motion does not set forth any "intervening change of controlling law" or "new evidence that was not previously available on the original motion", but again contends that the Order was in clear error and contrary to Section 455(a). *YLL Irrevocable Trust*, 729 F.3d at 104. By merely alleging that the Court erred and contravened applicable law without pointing to "any evidence or case law" that it believes Judge Reznik overlooked, Plaintiff

fails to meet the strict standard set by Local Civil Rule 6.3. *See Seoul Viosys Co., Ltd. v. P3 Int'l Corp.*, 16-CV-06276 (AJN)(SN), 2017 WL 5897446, at *1 (S.D.N.Y. 2017) (denying the plaintiff's reconsideration application that "argue[d] that the Court erred in its original application of the law"); *compare Schoolcraft v. City of New York*, 298 F.R.D. 134, 137-38 (S.D.N.Y. 2014) (granting reconsideration where the defendant's motion raised "critical facts" overlooked by the court).

Moreover, Plaintiff's reconsideration motion merely sets forth "arguments already briefed, considered and decided" by Judge Reznik in the Order. *Schonberger v. Serchuk*, 742 F. Supp.108, 119 (S.D.N.Y. 1990) (citations omitted). Plaintiff's original recusal application argued that defense counsel's membership in the panel that recommended Judge Reznik's appointment raised "an appearance of bias in favor of the defendants and their attorney" in violation of § 455(a). (Pl. Mem., pp. 1-2.) Plaintiff reiterates this argument in its reconsideration motion and superfluously adds that Judge Reznik did not consider Section 455(a). (*Id*., pp. 2-3.) Plaintiff's initial application in anticipation of filing a motion for recusal, however, referenced whether Judge Reznik's "impartiality may be reasonably questioned" under Section 455(a). (*See* ECF No 123.) Thus, Plaintiff essentially reapplies for Judge Reznik's recusal on the same foundation previously presented to Judge Reznik—a foundation that Judge Reznik regarded as meritless. *See Montanile v. National Broad. Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002) ("A [motion for reconsideration] is not intended as a vehicle for a party . . . to secure a rehearing on the merits with regard to issues already decided.").

Further, the Advisory Opinion directly speaks to the issue at hand—a member of the panel that recommended the Magistrate Judge to the District Court is now appearing before that Magistrate Judge—and provides a compelling reason why that Magistrate Judge would not be impartial. Judicial Conference of the United States Committee on Codes of Conduct, Advisory

Opinion No. 97: *Recusal Due to Appointment or Reappointment of a Magistrate Judge* (Oct. 13, 1999). Namely, the Advisory Opinion cites the "formalized" selection process designed to "encourage[] an objective evaluation of candidates based on merit." *Id*. The Advisory Opinion further notes the confidentiality established between the recommending panel and the applicant, stating that, "[a]t best, a candidate who is selected can infer that at least a majority of the panel agreed to place the candidate's name on the list of nominees." *Id*. By relying upon the Advisory Opinion and, essentially, adopting its reasoning, Judge Reznik did, in fact, deliberate as required by Section 455(a), and determined there was no reason to question her impartiality. The Court agrees.

While Plaintiff may disagree with Judge Reznik's conclusion as to whether her recusal was warranted under Section 455(a), "[a] party's fundamental disagreement with a court's legal analysis and conclusions as to a matter fully considered does not serve as sufficient ground to warrant reconsideration of the court's decision." *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp.2d 506, 512 (S.D.N.Y. 2009). Nor does it follow that the Order was issued in clear error because Plaintiff disagreed with the outcome. *See, e.g., Haider v. Lyft, Inc.*, 20-CV-2997 (AJN), 2022 WL 1500673, at *2. Plaintiff fails to "demonstrate controlling law or factual matters put before" Judge Reznik that it believes were "overlooked and that might reasonably be expected to alter the conclusion reached by the Court." *Shrader*, 70 F.3d at 257. As such, the Court concludes that reconsideration of the bases previously presented to, and decided by, Judge Reznik, is not warranted.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion for reconsideration of Judge Reznik's Order dated July 19, 2023 is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 134.


Dated: November 28, 2023

      White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE