

**399 KNOLLWOOD ROAD, SUITE 220**
**WHITE PLAINS, NEW YORK 10603**
Tel: 914.997.0555
Fax: 914.997.0550

April 17, 2024

**By ECF**
Hon. Nelson S. Roman
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**Re:**   Fishman v. City of New Rochelle
          19-CV-265 (NSR) (VR)

Dear Judge Roman:

The Quinn Law Firm represents defendant City of New Rochelle ("City") in the above-referenced action. We respectfully submit this pre-motion letter in connection with the City's motion for summary judgment, which will seek dismissal with prejudice of all remaining claims in the referenced action.

<u>Background and Procedural History</u>

This is a discrimination case brought under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. The case is based on the arrest of plaintiff Marc Fishman ("Plaintiff" or "Mr. Fishman") on December 15, 2018, for violating the terms of an Order of Protection. Mr. Fishman was found guilty at a jury trial on the charges stemming from his arrest. The jury trial was held in January 2020 in Westchester County Court before Judge Zuckerman. Following the jury trial, Mr. Fishman filed several motions, some acting *Pro Se* and some represented by counsel, seeking to vacate his conviction. All of those motions were denied. Mr. Fishman's sentencing was adjourned several times, but eventually, in January 2022, Judge Zuckerman issued a bench warrant for Mr. Fishman's arrest. Mr. Fishman, who at the time of his deposition on October 17, 2023, was residing in California, has not appeared before Judge Zuckerman for sentencing, and the bench warrant is still active.

Plaintiff commenced this action on January 8, 2019 (D.E. 1-4), just a few weeks after his arrest, and about a year before the underlying criminal trial was held. Plaintiff's original *Pro Se* complaint (D.E. 2) alleged discrimination claims against the City and individual members of the New Rochelle Police Department ("The City Defendants"), and against the County of Westchester. All defendants moved to dismiss, and by decision and order dated October 19, 2021 (D.E. 38), the motion was granted with regard to the County, and granted in part and denied in part as against the City Defendants, with leave granted to plaintiff to file an amended pleading.

Hon. Nelson S. Roman
April 17, 2024
Page 2

On March 12, 2022, now represented by counsel, Plaintiff filed an amended complaint (D.E. 52). The amended complaint re-stated the ADA and Rehabilitation claim, but also alleged additional civil rights claims, including false arrest and malicious prosecution. The City Defendants moved to dismiss the amended complaint, and by opinion and order dated February 1, 2023 (D.E. 108), the motion was granted in part and denied in part. The Court granted the motion with respect to the civil rights claims, but denied it as to the discrimination claims. As a result, the sole remaining defendant is the City, and the surviving claims are the ADA claim and parallel Rehabilitation Act claim.

<u>Argument</u>

The City will move for summary judgment on the following grounds:

1. Defendants do not concede that Plaintiff has a qualified disability under the ADA. However, assuming, for purposes of this motion only, that Plaintiff has such a disability—namely, a cognitive disability that makes it more difficult for him to engage in oral communication— plaintiff cannot show that his rights under the ADA were violated by his arrest on December 15, 2018, when, as plaintiff claims, his disability was not accommodated during his interview and booking process.

<u>First</u>, the requirement to provide a reasonable accommodation under the ADA only applies when the disability is obvious. *See Bardy v. Wal-Mart Stores, Inc.,* 531 F.3d 127, 135 (2d Cir. 2008); *Garcia v. City of Lubbock,* 2023 U.S. App. LEXIS 18513, at * 28 (5th Cir. July 20, 2023); *Windham v. Harris Cty.,* 875 F.3d 229, 234, 237 (5th Cir. 2017). Here, Mr. Fishman's alleged cognitive disability, and its impact on his ability to participate in and understand the arrest process, was not obvious. Indeed, videos taken at police headquarters show that Plaintiff had perfectly lucid conversations with members of the NRPD.

<u>Second</u>, and in any event, Mr. Fishman testified that if he had been provided with the accommodations that he requested—including having Ms. Bolivar in the interview room with him, or having access to a note pad and pen—that would have only made it easier for him to explain his side of the story to Officer Schlesinger as to convince the officer that he had not violated the Order of Protection. But there already was probable cause to believe that Mr. Fishman had violated the Order of Protection based on Officer Schlesinger's conversations with Ms. Solomon; and that probable cause was confirmed by the decision of the jury finding Mr. Fishman guilty, beyond a reasonable doubt, of violating the Order. Once police officers have probable cause to believe that a suspect has committed a crime, they are not required to entertain the suspect's protestations of innocence. *E.g., Aberra v. City of New York,* 2023 U.S. App. LEXIS 1074, at *4-5 (2d Cir. Jan. 18, 2023). And, when there is probable cause to believe that a suspect has violated an Order of Protection, the suspect's arrest is mandatory. *See* CPL 140.10(4)(b). Accordingly, even assuming that Mr. Fishman's ability to argue his innocence would have been improved by the provision of accommodations—indeed even Mr. Fishman had been accommodated to the point of being able to argue perfectly his innocence—by arresting him on December 15, 2018, Officer Schlesinger still did not treat Mr. Fishman any differently than a similarly situated, *but non-disabled*, suspect who was arrested on probable cause for violating an Order of Protection would have been treated.

Hon. Nelson S. Roman
April 17, 2024
Page 3

2.     Mr. Fishman, in any event, was provided an accommodation based on the concerns raised by his claim of being disabled.  Mr. Fishman was arrested on late Saturday morning for a criminal contempt (2d degree), a misdemeanor.  As Lt. Wenzler explained in his deposition, an arrest for criminal contempt (2d degree) is generally not a bailable offense and therefore, everything else being equal, Mr. Fishman was going to spend the entire weekend in jail until he could see a Judge on Monday morning.  However, as a result of concerns raised by Mr. Fishman's claim of being disabled, Lt. Wenzler, at his own professional risk no less, made the decision to allow Mr. Fishman to be released on bail.  Accordingly, Mr. Fishman was treated not worse, but rather *better* than a non-disabled person arrested for violating an Order of Protection would have been treated.

3.     In the arrest context there are two types of ADA claims.  The first is the failure to accommodate variety, which is addressed above.  The second is a claim that a disabled person was arrested because police misperceived the person's disability as criminal activity itself.  *See Sage v. City of Winooski,* 2017 U.S. Dist. LEXIS 43467, at *7-8 (D. Vt. March 22, 2017).  Mr. Fishman cannot prevail on an ADA claim on this second category.  There is no evidence that Mr. Fishman was arrested because of any manifestation of his alleged disability.  Rather, he was arrested because there was probable cause to believe that he had violated an Order of Protection, which creates a mandatory arrest situation under CPL 140.10(4)(b).  Indeed, as noted above, concerns raised by Mr. Fishman's claim that he suffered from a disability resulted in his receiving better treatment when he was allowed to be released on bail.

4.     The analysis of Mr. Fishman's Rehabilitation Act claim follows from the analysis of the ADA claim.  *Natofsky v. City of New York,* 921 F.3d 337, 352 (2d Cir. 2019).  Accordingly, because Mr. Fishman's ADA claim fails as a matter of law, the Rehabilitation Act claim likewise fails.

Although the foregoing represents the main arguments that the City Defendants will raise, they respectfully reserve the right to raise additional arguments depending on plaintiff's response.

Respectfully submitted,

THE QUINN LAW FIRM PLLC
Attorneys for City of New Rochelle

Lalit K. Loomba

399 Knollwood Road, Suite 220
White Plains, NY  10603
(914) 997-0555
lloomba@quinnlawny.com

Cc:  Caner Demirayak, Esq.