

LAW OFFICE OF

300 Cadman Plaza W, 12 FL
Brooklyn, NY 11201
Fax: 646-679-2527

718-344-6048
caner@canerlawoffice.com

April 17, 2024

Hon. Nelson S. Roman
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

**Re:**   File: 00194-Fishman
Marc Fishman v City of New Rochelle, et al
Case Number: 19-cv-00265-NSR

Dear Judge Roman:

I represent the plaintiff, Marc Fishman. I submit this pre-motion letter on plaintiff's anticipated motion for summary judgment on the claims made for violations of plaintiff's rights and intentional discrimination under Title II of the Americans with Disabilities Act and section 504 of the Rehabilitation Act. As explained herein, there is no genuine question of fact that plaintiff is disabled, was denied a reasonable accommodation and that there were no burdens to the defendant in affording the accommodation.

### I.    There is no Dispute That Plaintiff is a Qualified Individual with a Disability

Plaintiff suffers from "Post-concussion syndrome [and] traumatic brain injury affect[ing] registration, cognition, short-term memory, names, sequences." Deposition of Marc Fishman at 39:6-10. Additionally, plaintiff suffers from "tinnitus…which impacts [his] hearing" and "occipital neuralgia, which is severed nerves n the rear of [his] head." *Id* at 37:3-22. As a result of this disabilities, plaintiff has received treatment including "executive function testing…memory recall…speak, traumatic brain injury therapy [and] role playing with decision making." *Id* at 45:15-20.

The arresting officer testified that "Fishman stated he had a cognitive disability," during his interactions with him while being detained, questioned and arrested. Deposition of Lane Schlesinger at 87:18-21. The AO testified "He's allowed to claim he is disabled [and] I'm not here to dispute that or argue with him." *Id* at 124:24-125:1. When pressed on whether Officer Schlesinger denied plaintiff was disabled he testified "I never said he wasn't disabled." 129:9-11. However, as explained below, Officer Schlesinger intentionally refused to accommodate plaintiff because according to the officer: "I did not think he was disabled" and that "I don't believe he had a disability that prevented him from making statements," and "That day I did not see a disability in my interactions with him." *Id* at 50:8-9, 94:25-9:2, 124:2-4. When plaintiff showed the officer his brain injury card the officer stated "I don't care. Put it away…I don't need to see it. My boss says I don't need to see it." Deposition of Fishman at 140:18-25.



Finally, in their motion to dismiss plaintiff's *pro se* complaint the defendant did not dispute that plaintiff was disabled. The defendant cannot now relitigate the subject[1], especially not where they did not retain a medical expert to dispute plaintiff's disabilities.

## II.     There is no Dispute That Defendant Failed to Reasonably Accommodate Plaintiff's Disability During the Police Encounter Causing Greater Injury or Indignity Than Other Arrestees

When plaintiff arrived at the police station he advised the employee at the counter of his difficulty hearing and understanding her. Deposition of Fishman at 78:19-20, 79:2-7. He advised he was disabled. *Id* at 79:8-11. At that point "Ms. Bolivar identified herself as my aide for communication…and that she had the papers with her for the orders, and that I needed here help, and she needed to assist me with communication and interpret and show all the orders to Officer Schlesinger." *Id* at 93:5-21. However, "Officer Schlesinger denied Ms. Bolivar as my aide access to the room to assist me with full and effective communication." *Id* at 99:10-16. Additionally, when plaintiff "Showed Officer Schlesinger [his] traumatic brain injury card and asked for [his] aide to be brought in with me…he said he wasn't interested." *Id* at 100:2-6.

At some point during the interrogation, Officer Schlesinger asked plaintiff to read, authenticate and explain a 20 plus page visitation agreement to him. Plaintiff "started reading it…and had an occipital neuralgia attack while sitting at the table." Deposition of Fishman at 102:10-19.

The proposed accommodation was requested again and was simply for the disability "aide to come in to assist with…reading and interpreting the order [and] for [plaintiff or his] aide to go to the car to get the court file out of the truck that had the order [stating she was] the [court appointed] aide and had the visitation orders." *Id* at 102:25-103:8.

Had the accommodation been granted "Ms. Bolivar would have brought the order [showing] she's…the court-appointed aide [and] she would have been able to isolate the portions of the order of protection that have a carve-out for visitation…and she would have been able to read the order." Deposition of Fishman at 104:14-105:11. Had the accommodation been granted the disability aide could have articulated to Officer Schlesinger that there was "no violation [of the order of protection] and the visit wasn't canceled in writing beforehand and that we didn't go on any property." *Id* at 107:6-18.

---

[1] There is no dispute that the New Rochelle Police Department's decision to detain, arrest, interrogate and investigate plaintiff was a service activity or benefit of a police department, rendering it a public entity subject to Title II of the ADA and section 504 of the Rehabilitation Act.



Instead, Officer Schlesinger despite being informed of plaintiff's cognitive disability chose to not believe the disability and refused to permit the aide to read and interpret the order of protection and visitation agreement and refused to permit anyone to go to the aide's car to get the court documents further establishing plaintiff did not commit a crime. At the same time, Officer Schlesinger failed to Mirandize plaintiff and questioned him without the presence of his aide, who was necessary to help him explain his innocence by explaining the 27-page complicated order of protection and visitation agreement.

Plaintiff's plausible accommodation creates a *prima facie* case of discrimination which must be rebut by defendant establishing the accommodation is unreasonable. *See Wynne v. Town of E. Hartford*, 2023 U.S. Dist. LEXIS 199575 (D.Ct Nov. 7, 2023) (*quoting Borkowski v. Valley Cent. Sch. Dist.*, 63 F.3d 131, 138 (2d Dep't. 1995)). No accommodations[2] were provided to plaintiff during the investigation, detaining and arrest of him.

There is no evidence that any exigent circumstances or a risk of officer safety or flight of Fishman made accommodating him unreasonable. In fact, plaintiff voluntarily brought himself to the station house to report the violation of his right to supervised visitation. Plaintiff was not permitted to drive and could not leave and commute back to his residence in the Bronx. He was with his disability aide and supervisor. There were no financial or administrative burdens to be faced by the defendant in allowing the disability aide to go to the car to get documents to explain the situation and then to interpret and read the order of protection/visitation order. Granting this accommodation would have established that plaintiff's conduct that day was lawful and would have resulted in no charges being brought against plaintiff. Plaintiff could not articulate this to the arresting officer without the accommodation.

Respectfully submitted,

Caner Demirayak, Esq.

---

[2] While defendant claims it did accommodate plaintiff by allowing him to go home instead of being sent to jail, Robert Wenzler testified that "Decision was not based on some specific policy about accommodating people that were disabled, it was based off of sympathy and empathy to the situation." Deposition of Robert Wenzler at 37:2-14. In any event if the defendant is somehow stating it accepted plaintiff was disabled and only accommodated him by letting him go home on a non bailable defense after the detainment and questioning was completed and when bail was to be set, this position confirms it failed to reasonably accommodate plaintiff's disability. Officer Schlesinger confirmed plaintiff did not ask for an accommodation to be sent home. Instead, Lieutenant Wenzler "Made a decision to release Mr. Fishman so that medical attention, if needed, could be given to him and he doesn't have to be housed in a cell unnecessarily." Deposition of Schlesinger 82:1-10.