

300 Cadman Plaza W, 12 FL  
Brooklyn, NY 11201  
Fax: 646-679-2527

718-344-6048  
caner@canerlawoffice.com

April 18, 2024

Hon. Nelson S. Roman  
United States District Judge  
Southern District of New York  
300 Quarropas Street  
White Plains, New York 10601-4150

      **Re:**    File: <u>00194-Fishman</u>  
              Marc Fishman v City of New Rochelle, et al  
              Case Number: 19-cv-00265-NSR

Dear Judge Roman:

      I represent the plaintiff, Marc Fishman. The following is plaintiff's response in opposition to the defendant's pre-motion letter.

    **I.**    **<u>The Defendant Wrongly Argues That Plaintiff is Not Disabled Under the ADA as its Own Employees Acknowledged the Disability During the Police Encounter</u>**

      The defendant's arresting officer testified that "Fishman stated he had a cognitive disability," during his interactions with him while being detained, questioned and arrested. Deposition of Lane Schlesinger at 87:18-21. The AO testified "He's allowed to claim he is disabled [and] I'm not here to dispute that or argue with him." *Id* at 124:24-125:1. When pressed on whether Officer Schlesinger denied plaintiff was disabled he testified "I never said he wasn't disabled." 129:9-11. Specifically, plaintiff suffers from "Post-concussion syndrome [and] traumatic brain injury affect[ing] registration, cognition, short-term memory, names, sequences." Deposition of Marc Fishman at 39:6-10. Additionally, plaintiff suffers from "tinnitus…which impacts [his] hearing" and "occipital neuralgia, which is severed nerves in the rear of [his] head." *Id* at 37:3-22.

      Contrary to the defendant's incorrect argument that plaintiff's disability was not obvious, Officer Schlesinger intentionally refused to accommodate plaintiff because according to the officer: "I did not think he was disabled" and that "I don't believe he had a disability that prevented him from making statements," and "That day I did not see a disability in my interactions with him." *Id* at 50:8-9, 94:25-9:2, 124:2-4. The refusal of an officer to accept a claim of disability does not render it nonobvious. It is not up to the officer to determine if during a conversation the cognitively disabled plaintiff is able to have the same conversation a non-disabled person could. The disability was so obvious that Lieutenant Robert Wenzler, after realizing they botched the accommodation process during the detention and interrogation/questioning released plaintiff without requiring him to post bail because of his clearly obvious disabilities. Furthermore, in their motion to dismiss plaintiff's *pro se* complaint the defendant did not dispute that plaintiff was disabled.



**II.    There is no Dispute That Defendant Failed to Reasonably Accommodate Plaintiff's Disability During the Police Encounter Causing Greater Injury or Indignity Than Other Arrestees as a Non-Disabled Arrestee Under the Same Circumstances Would Not Be Denied Effective Communication**

The defendant's argument around probable cause is a distraction from this specific ADA and section 504 claim. It matters not whether or not there was probable cause (there wasn't). The question at hand is whether the denial of an accommodation was discriminatory and created injury or indignity worse than other non-disabled arrestees.

Simply put, the facts in this case establish that there was zero cause to believe plaintiff violated an order of protection. And a non-disabled person who could communicate that effectively would have been released without charges or an arrest. First, the visitation was court ordered, scheduled, prepaid and confirmed. Second, the plaintiff did not interact with or go to his ex-wife's property whatsoever. Third, the ex-wife canceled the visit on the spot and had no interactions with the plaintiff. Fourth, the ex-wife had no right to cancel a visit at her choosing as per the court order. Fifth, the plaintiff voluntarily brought himself to the police station to report his wife for violating the order. Sixth, the visitation order and agreement permitted the visitation every other Saturday, rendering the actions that day legal.

A non-disabled person could have explained this without an accommodation. Such a non-disabled person not suffering from a traumatic brain injury and occipital neuralgia could easily have read, interpreted and explained the legal requirements of the order of protection/visitation order. A disabled person such as plaintiff needed the assistance of an aide to read and interpret the order of protection/visitation order to demonstrate there was no violation. Instead, the accommodation was denied, plaintiff was forced to read and interpret something he could not and was caused to have an occipital neuralgia attack. To make matters worse, the officer failed to Mirandize plaintiff who then voluntarily showed him text messages received from his daughter stating she loved him. A non-disabled person would not have voluntarily showed the messages and the arresting officer based his arrest and charges in part on those messages despite taking an illegal custodial statement prior to any Miranda warnings from a cognitively disabled person.

All the defendant had to do was allow the aide to go to the car and obtain the documents and then read and interpret the order for the police. Whether the police would have ultimately accepted the interpretation is not dispositive here.

What matters is that an objective similarly situated non-disabled person would not have faced the same issue. It is not a question of explaining innocence. It is a question of explaining what the complicated 27-page court order required. The rest would be left up to the police to make a probable cause determination. The denial of this accommodation resulted in a disabled



person being arrested and charged for a crime that a non-disabled person would not have been. A non-disabled person could have explained the requirements without an aide. The denial of this accommodation resulted in a disabled person being found guilty by a jury of a crime he did not commit. Only for the prosecutor to later confirm in motion practice that the verdict was not consistent and legally repugnant. There can be no greater injury or indignity than being forced to be arrested, charged and convicted of a crime a disabled person did not commit only on account of a failure to provide a reasonable accommodation. And then to be permanently barred from seeing his children for nearly 7 years. A non-disabled[1] person would not have faced the same ordeal under these circumstances. The defendant cites to no case authority supporting its claim that alleged probable cause is a defense to a failure to accommodate claim. The defendant cannot rebut the *prima facie* case of discrimination established by the plausible accommodation.

     The proposed accommodation was simply for the disability "aide to come in to assist with…reading and interpreting the order [and] for [plaintiff or his] aide to go to the car to get the court file out of the truck that had the order [stating she was] the [court appointed] aide and had the visitation orders." *Id* at 102:25-103:8.

     Had the accommodation been granted "Ms. Bolivar would have brought the order [showing] she's…the court-appointed aide [and] she would have been able to isolate the portions of the order of protection that have a carve-out for visitation…and she would have been able to read the order." Deposition of Fishman at 104:14-105:11. There were no financial or administrative burdens to be faced by the defendant in allowing the disability aide to go to the car to get documents to explain the situation and then to interpret and read the order of protection/visitation order.

     In any event since the facts and reasonable inferences are to be viewed in a light most favorable to the non-movant, defendant's motion is meritless and permitting them to file is a complete waste of time and resources.

                                   Respectfully submitted,

                                   Caner Demirayak, Esq.

---

[1] Defendant tries to claim plaintiff was treated better than a non-disabled person. The defendant bases this claim on the fact it allowed plaintiff to go home without posting bail on a nonbailable offense. This has nothing to do with a reasonable accommodation but an acknowledgement by defendant that plaintiff is disabled and that sending him to jail is not wise with his health issues. While at the same time arresting and charging him for a crime that a similarly situated non-disabled person without an accommodation would not have been charged with.