

399 KNOLLWOOD ROAD, SUITE 220
WHITE PLAINS, NEW YORK 10603
Tel: 914.997.0555
Fax: 914.997.0550

April 22, 2024

**By ECF**

Hon. Nelson S. Roman
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**Re:** Fishman v. City of New Rochelle
19-CV-265 (NSR) (VR)

Dear Judge Roman:

    The Quinn Law Firm represents defendant City of New Rochelle ("City") in the above-referenced action. We respectfully submit this this letter in response to plaintiff's pre-motion letter dated April 17, 2024 (D.E. 146).

    First, Plaintiff argues that he is entitled to an order, as a matter of law, declaring that he suffers from a disability within the meaning of the Americans with Disabilities Act ("ADA"). A person is disabled within the meaning of the ADA when he has (a) "a physical or mental impairment that substantially limits one or more major life activities of such individual; (b) a record of such an impairment; or (c) [is] regarded as having such an impairment (as described in paragraph (3))." 42 U.S.C. §12102. The "regarded as" component of the definition applies when "the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment." *Id.* "The determination of whether or not a person suffers from a disability under the ADA 'is an individualized inquiry' that does not rest on the mere diagnosis of an impairment." *Bonilla v. BOCES*, 2010 U.S. Dist. LEXIS 91314, at *15 (W.D.N.Y. Sept. 2, 2010), citing *Sutton v. United Air Lines*, 527 U.S. 471, 483 (1999). Rather, to meet the statutory definition, a plaintiff must allege, and prove, an impact on a major life activity; it is "insufficient for individuals attempting to prove disability status . . . to merely [allege] a medical diagnosis of impairment." *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 198 (2002). Major life activities include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. §1530.2 (i) (2004). Accordingly, the "bald assertion" that a plaintiff suffers from certain mental or psychological conditions does not mean, a fortiori, that she is disabled within the meaning of the ADA." *Bonilla*, 2010 U.S. Dist. LEXIS 91314, at *15.

      Here, plaintiff claims to suffer from cognitive deficits that make it difficult for him to hear and comprehend verbal communication. He asserts that he was denied a reasonable accommodation for this alleged disability when the NRPD refused to allow his girlfriend (plaintiff refers to her as his "disability aid") to be present for a police interview, and refused to allow plaintiff and his girlfriend access to certain documents, as well as a pen to take notes. Summary judgment for the plaintiff on the disability issue is inappropriate because there is, at least, a question of fact as to whether plaintiff meets the definition of disability under the ADA. For instance, notwithstanding plaintiff's assertion that he suffers from a qualified cognitive disability, video of the plaintiff talking with the public-facing civilian service officer at the NRPD front desk, and of him talking with officers while he was in the holding cell shows a man who was not hard of hearing and who had no problem understanding or making himself understood. As noted, the bald assertion that a person is disabled is not sufficient. *Bonilla*, 2010 U.S. Dist. LEXIS 91314, at *15. Accordingly, summary judgment in favor of the plaintiff on this element of his ADA claim is inappropriate.

      <u>Second</u>, plaintiff argues that he is entitled to summary judgment declaring that the City failed to reasonably accommodate his alleged disability. Plaintiff argues that if the NRPD had allowed Ms. Bolivar to participate in his interview, she could have reviewed legal documents, including the order of protection and a visitation agreement, and could have "articulated to Officer Schlesinger that there was no violation of the order of protection." Plaintiff also argues that Officer Schlesinger failed to administer plaintiff his *Miranda* rights.

      As to the first issue, the decision not to allow Ms. Bolivar to participate in the interview of Mr. Fishman does not constitute a failure to reasonably accommodate a disability. As set forth in detail in Defendants' pre-motion letter, there was independent probable cause to arrest Mr. Fishman based on the statement of his ex-wife. Once officers have probable cause to arrest there is no legal requirement to listen to the suspect's protestations of innocence. Accordingly, whether accommodated or not, Mr. Fishman was not treated any differently than a non-disabled arrestee would have been treated. In the presence of probable cause to believe he violated an order of protection, he was arrest. Indeed, not only is plaintiff not entitled to summary judgment on this point, but, as set forth in Defendants' letter, the Defendants are entitled to summary judgment because, as a matter of law, Mr. Fishman cannot prevail on his disability discrimination claim because Mr. Fishman was not treated any differently, or worse, than a non-disabled arrestee under similar circumstances. Moreover, the underlying premise of Mr. Fishman's argument – that he had not violated the Order of Protection – is precluded by the results of the criminal trial in which a jury of his peers found that Mr. Fishman was guilty, beyond a reasonable doubt, of violating the Order of Protection. Plaintiff's argument represents an improper end run around the guilty verdict.

      As to the second issued, even assuming, *arguendo,* that Officer Schlesinger did not read Mr. Fishman his *Miranda* rights, that would not create a viable claim for relief because "the failure to give *Miranda* warnings does not create liability under §1983." *Neighbour v. Covert,* 68 F.3d 1508, 1510 (2d Cir. 1995).

      For the reasons set forth above, and in the Defendant's pre-motion letter, plaintiff is not entitled to summary judgment on the question of whether he is disabled or whether he suffered a

Hon. Nelson S. Roman
April 22, 2024
Page 3

failure to accommodate in violation of the ADA. To the contrary, the City of New Rochelle is entitled to summary judgment dismissing all remaining claims in Plaintiff's amended complaint with prejudice.

                                                 Respectfully submitted,

                                                 THE QUINN LAW FIRM PLLC
                                                 Attorneys for City of New Rochelle

                                               Lalit K. Loomba

                                               399 Knollwood Road, Suite 220
                                               White Plains, NY  10603
                                               (914) 997-0555
                                               lloomba@quinnlawny.com

Cc:  Caner Demirayak, Esq.