USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/23/2024

**MEMORANDUM ENDORSEMENT**

Fishman v. City of New Rochelle, et al, 19-CV-265 (NSR)

      The Court is in receipt of the attached Letters from the parties, each dated April 17, 2024, seeking leave to file a Motion for Summary Judgment. The Court is further in receipt of the Letter responses, also attached, from the parties, dated April 18 and April 22, 2024.

      The Court waives the pre-motion conference requirement and grants the parties leave to file their respective Motions for Summary Judgment in accordance with the following briefing schedule:

(1) The parties' moving papers are to be served (not filed) on June 7, 2024;
(2) The parties' opposition papers are to be served (not filed) on July 8, 2024; and
(3) The parties' reply papers are to be served on July 23, 2024.

All motion papers are to be filed by the parties on the reply date, July 23, 2024. The parties are directed to provide Chambers with two physical courtesy copies of their motion papers on the same date they are served on opposing counsel. The parties are further directed to provide the Court with an electronic courtesy copy of the motion papers as they are served per this Court's local emergency civil rules.

DATED: April 23, 2024

White Plains, NY

SO ORDERED:

_[signature]_

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE



399 KNOLLWOOD ROAD, SUITE 220
WHITE PLAINS, NEW YORK 10603
Tel: 914.997.0555
Fax: 914.997.0550

April 17, 2024

**By ECF**
Hon. Nelson S. Roman
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:   Fishman v. City of New Rochelle
       19-CV-265 (NSR) (VR)

Dear Judge Roman:

The Quinn Law Firm represents defendant City of New Rochelle ("City") in the above-referenced action. We respectfully submit this pre-motion letter in connection with the City's motion for summary judgment, which will seek dismissal with prejudice of all remaining claims in the referenced action.

Background and Procedural History

This is a discrimination case brought under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. The case is based on the arrest of plaintiff Marc Fishman ("Plaintiff" or "Mr. Fishman") on December 15, 2018, for violating the terms of an Order of Protection. Mr. Fishman was found guilty at a jury trial on the charges stemming from his arrest. The jury trial was held in January 2020 in Westchester County Court before Judge Zuckerman. Following the jury trial, Mr. Fishman filed several motions, some acting *Pro Se* and some represented by counsel, seeking to vacate his conviction. All of those motions were denied. Mr. Fishman's sentencing was adjourned several times, but eventually, in January 2022, Judge Zuckerman issued a bench warrant for Mr. Fishman's arrest. Mr. Fishman, who at the time of his deposition on October 17, 2023, was residing in California, has not appeared before Judge Zuckerman for sentencing, and the bench warrant is still active.

Plaintiff commenced this action on January 8, 2019 (D.E. 1-4), just a few weeks after his arrest, and about a year before the underlying criminal trial was held. Plaintiff's original *Pro Se* complaint (D.E. 2) alleged discrimination claims against the City and individual members of the New Rochelle Police Department ("The City Defendants"), and against the County of Westchester. All defendants moved to dismiss, and by decision and order dated October 19, 2021 (D.E. 38), the motion was granted with regard to the County, and granted in part and denied in part as against the City Defendants, with leave granted to plaintiff to file an amended pleading.

Hon. Nelson S. Roman
April 17, 2024
Page 2

On March 12, 2022, now represented by counsel, Plaintiff filed an amended complaint (D.E. 52). The amended complaint re-stated the ADA and Rehabilitation claim, but also alleged additional civil rights claims, including false arrest and malicious prosecution. The City Defendants moved to dismiss the amended complaint, and by opinion and order dated February 1, 2023 (D.E. 108), the motion was granted in part and denied in part. The Court granted the motion with respect to the civil rights claims, but denied it as to the discrimination claims. As a result, the sole remaining defendant is the City, and the surviving claims are the ADA claim and parallel Rehabilitation Act claim.

Argument

The City will move for summary judgment on the following grounds:

1. Defendants do not concede that Plaintiff has a qualified disability under the ADA. However, assuming, for purposes of this motion only, that Plaintiff has such a disability—namely, a cognitive disability that makes it more difficult for him to engage in oral communication—plaintiff cannot show that his rights under the ADA were violated by his arrest on December 15, 2018, when, as plaintiff claims, his disability was not accommodated during his interview and booking process.

First, the requirement to provide a reasonable accommodation under the ADA only applies when the disability is obvious. *See Bardy v. Wal-Mart Stores, Inc.,* 531 F.3d 127, 135 (2d Cir. 2008); *Garcia v. City of Lubbock,* 2023 U.S. App. LEXIS 18513, at * 28 (5th Cir. July 20, 2023); *Windham v. Harris Cty.,* 875 F.3d 229, 234, 237 (5th Cir. 2017). Here, Mr. Fishman's alleged cognitive disability, and its impact on his ability to participate in and understand the arrest process, was not obvious. Indeed, videos taken at police headquarters show that Plaintiff had perfectly lucid conversations with members of the NRPD.

Second, and in any event, Mr. Fishman testified that if he had been provided with the accommodations that he requested—including having Ms. Bolivar in the interview room with him, or having access to a note pad and pen—that would have only made it easier for him to explain his side of the story to Officer Schlesinger as to convince the officer that he had not violated the Order of Protection. But there already was probable cause to believe that Mr. Fishman had violated the Order of Protection based on Officer Schlesinger's conversations with Ms. Solomon; and that probable cause was confirmed by the decision of the jury finding Mr. Fishman guilty, beyond a reasonable doubt, of violating the Order. Once police officers have probable cause to believe that a suspect has committed a crime, they are not required to entertain the suspect's protestations of innocence. *E.g., Aberra v. City of New York,* 2023 U.S. App. LEXIS 1074, at *4-5 (2d Cir. Jan. 18, 2023). And, when there is probable cause to believe that a suspect has violated an Order of Protection, the suspect's arrest is mandatory. *See* CPL 140.10(4)(b). Accordingly, even assuming that Mr. Fishman's ability to argue his innocence would have been improved by the provision of accommodations—indeed even Mr. Fishman had been accommodated to the point of being able to argue perfectly his innocence—by arresting him on December 15, 2018, Officer Schlesinger still did not treat Mr. Fishman any differently than a similarly situated, *but non-disabled*, suspect who was arrested on probable cause for violating an Order of Protection would have been treated.

Hon. Nelson S. Roman
April 17, 2024
Page 3

2.Mr. Fishman, in any event, was provided an accommodation based on the concerns raised by his claim of being disabled. Mr. Fishman was arrested on late Saturday morning for a criminal contempt (2d degree), a misdemeanor. As Lt. Wenzler explained in his deposition, an arrest for criminal contempt (2d degree) is generally not a bailable offense and therefore, everything else being equal, Mr. Fishman was going to spend the entire weekend in jail until he could see a Judge on Monday morning. However, as a result of concerns raised by Mr. Fishman's claim of being disabled, Lt. Wenzler, at his own professional risk no less, made the decision to allow Mr. Fishman to be released on bail. Accordingly, Mr. Fishman was treated not worse, but rather *better* than a non-disabled person arrested for violating an Order of Protection would have been treated.

3.In the arrest context there are two types of ADA claims. The first is the failure to accommodate variety, which is addressed above. The second is a claim that a disabled person was arrested because police misperceived the person's disability as criminal activity itself. *See Sage v. City of Winooski,* 2017 U.S. Dist. LEXIS 43467, at *7-8 (D. Vt. March 22, 2017). Mr. Fishman cannot prevail on an ADA claim on this second category. There is no evidence that Mr. Fishman was arrested because of any manifestation of his alleged disability. Rather, he was arrested because there was probable cause to believe that he had violated an Order of Protection, which creates a mandatory arrest situation under CPL 140.10(4)(b). Indeed, as noted above, concerns raised by Mr. Fishman's claim that he suffered from a disability resulted in his receiving better treatment when he was allowed to be released on bail.

4.The analysis of Mr. Fishman's Rehabilitation Act claim follows from the analysis of the ADA claim. *Natofsky v. City of New York,* 921 F.3d 337, 352 (2d Cir. 2019). Accordingly, because Mr. Fishman's ADA claim fails as a matter of law, the Rehabilitation Act claim likewise fails.

Although the foregoing represents the main arguments that the City Defendants will raise, they respectfully reserve the right to raise additional arguments depending on plaintiff's response.

Respectfully submitted,

THE QUINN LAW FIRM PLLC
Attorneys for City of New Rochelle

_____
Lalit K. Loomba

399 Knollwood Road, Suite 220
White Plains, NY 10603
(914) 997-0555
lloomba@quinnlawny.com

Cc: Caner Demirayak, Esq.



300 Cadman Plaza W, 12 FL
Brooklyn, NY 11201
Fax: 646-679-2527

718-344-6048
caner@canerlawoffice.com

April 18, 2024

Hon. Nelson S. Roman
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

    **Re:**    File: <u>00194-Fishman</u>
               Marc Fishman v City of New Rochelle, et al
               Case Number: 19-cv-00265-NSR

Dear Judge Roman:

       I represent the plaintiff, Marc Fishman. The following is plaintiff's response in opposition to the defendant's pre-motion letter.

    **I.**    **<u>The Defendant Wrongly Argues That Plaintiff is Not Disabled Under the ADA as its Own Employees Acknowledged the Disability During the Police Encounter</u>**

       The defendant's arresting officer testified that "Fishman stated he had a cognitive disability," during his interactions with him while being detained, questioned and arrested. Deposition of Lane Schlesinger at 87:18-21. The AO testified "He's allowed to claim he is disabled [and] I'm not here to dispute that or argue with him." *Id* at 124:24-125:1. When pressed on whether Officer Schlesinger denied plaintiff was disabled he testified "I never said he wasn't disabled." 129:9-11. Specifically, plaintiff suffers from "Post-concussion syndrome [and] traumatic brain injury affect[ing] registration, cognition, short-term memory, names, sequences." Deposition of Marc Fishman at 39:6-10. Additionally, plaintiff suffers from "tinnitus…which impacts [his] hearing" and "occipital neuralgia, which is severed nerves in the rear of [his] head." *Id* at 37:3-22.

       Contrary to the defendant's incorrect argument that plaintiff's disability was not obvious, Officer Schlesinger intentionally refused to accommodate plaintiff because according to the officer: "I did not think he was disabled" and that "I don't believe he had a disability that prevented him from making statements," and "That day I did not see a disability in my interactions with him." *Id* at 50:8-9, 94:25-9:2, 124:2-4. The refusal of an officer to accept a claim of disability does not render it nonobvious. It is not up to the officer to determine if during a conversation the cognitively disabled plaintiff is able to have the same conversation a non-disabled person could. The disability was so obvious that Lieutenant Robert Wenzler, after realizing they botched the accommodation process during the detention and interrogation/questioning released plaintiff without requiring him to post bail because of his clearly obvious disabilities. Furthermore, in their motion to dismiss plaintiff's *pro se* complaint the defendant did not dispute that plaintiff was disabled.



II. **There is no Dispute That Defendant Failed to Reasonably Accommodate Plaintiff's Disability During the Police Encounter Causing Greater Injury or Indignity Than Other Arrestees as a Non-Disabled Arrestee Under the Same Circumstances Would Not Be Denied Effective Communication**

The defendant's argument around probable cause is a distraction from this specific ADA and section 504 claim. It matters not whether or not there was probable cause (there wasn't). The question at hand is whether the denial of an accommodation was discriminatory and created injury or indignity worse than other non-disabled arrestees.

Simply put, the facts in this case establish that there was zero cause to believe plaintiff violated an order of protection. And a non-disabled person who could communicate that effectively would have been released without charges or an arrest. First, the visitation was court ordered, scheduled, prepaid and confirmed. Second, the plaintiff did not interact with or go to his ex-wife's property whatsoever. Third, the ex-wife canceled the visit on the spot and had no interactions with the plaintiff. Fourth, the ex-wife had no right to cancel a visit at her choosing as per the court order. Fifth, the plaintiff voluntarily brought himself to the police station to report his wife for violating the order. Sixth, the visitation order and agreement permitted the visitation every other Saturday, rendering the actions that day legal.

A non-disabled person could have explained this without an accommodation. Such a non-disabled person not suffering from a traumatic brain injury and occipital neuralgia could easily have read, interpreted and explained the legal requirements of the order of protection/visitation order. A disabled person such as plaintiff needed the assistance of an aide to read and interpret the order of protection/visitation order to demonstrate there was no violation. Instead, the accommodation was denied, plaintiff was forced to read and interpret something he could not and was caused to have an occipital neuralgia attack. To make matters worse, the officer failed to Mirandize plaintiff who then voluntarily showed him text messages received from his daughter stating she loved him. A non-disabled person would not have voluntarily showed the messages and the arresting officer based his arrest and charges in part on those messages despite taking an illegal custodial statement prior to any Miranda warnings from a cognitively disabled person.

All the defendant had to do was allow the aide to go to the car and obtain the documents and then read and interpret the order for the police. Whether the police would have ultimately accepted the interpretation is not dispositive here.

What matters is that an objective similarly situated non-disabled person would not have faced the same issue. It is not a question of explaining innocence. It is a question of explaining what the complicated 27-page court order required. The rest would be left up to the police to make a probable cause determination. The denial of this accommodation resulted in a disabled



person being arrested and charged for a crime that a non-disabled person would not have been. A non-disabled person could have explained the requirements without an aide. The denial of this accommodation resulted in a disabled person being found guilty by a jury of a crime he did not commit. Only for the prosecutor to later confirm in motion practice that the verdict was not consistent and legally repugnant. There can be no greater injury or indignity than being forced to be arrested, charged and convicted of a crime a disabled person did not commit only on account of a failure to provide a reasonable accommodation. And then to be permanently barred from seeing his children for nearly 7 years. A non-disabled[1] person would not have faced the same ordeal under these circumstances. The defendant cites to no case authority supporting its claim that alleged probable cause is a defense to a failure to accommodate claim. The defendant cannot rebut the *prima facie* case of discrimination established by the plausible accommodation.

      The proposed accommodation was simply for the disability "aide to come in to assist with…reading and interpreting the order [and] for [plaintiff or his] aide to go to the car to get the court file out of the truck that had the order [stating she was] the [court appointed] aide and had the visitation orders." *Id* at 102:25-103:8.

      Had the accommodation been granted "Ms. Bolivar would have brought the order [showing] she's…the court-appointed aide [and] she would have been able to isolate the portions of the order of protection that have a carve-out for visitation…and she would have been able to read the order." Deposition of Fishman at 104:14-105:11. There were no financial or administrative burdens to be faced by the defendant in allowing the disability aide to go to the car to get documents to explain the situation and then to interpret and read the order of protection/visitation order.

      In any event since the facts and reasonable inferences are to be viewed in a light most favorable to the non-movant, defendant's motion is meritless and permitting them to file is a complete waste of time and resources.

                                          Respectfully submitted,

                                          Caner Demirayak, Esq.

---

[1] Defendant tries to claim plaintiff was treated better than a non-disabled person. The defendant bases this claim on the fact it allowed plaintiff to go home without posting bail on a nonbailable offense. This has nothing to do with a reasonable accommodation but an acknowledgement by defendant that plaintiff is disabled and that sending him to jail is not wise with his health issues. While at the same time arresting and charging him for a crime that a similarly situated non-disabled person without an accommodation would not have been charged with.



300 Cadman Plaza W, 12 FL  
Brooklyn, NY 11201  
Fax: 646-679-2527

718-344-6048  
caner@canerlawoffice.com

April 17, 2024

Hon. Nelson S. Roman  
United States District Judge  
Southern District of New York  
300 Quarropas Street  
White Plains, New York 10601-4150

    **Re:**    File: <u>00194-Fishman</u>  
              Marc Fishman v City of New Rochelle, et al  
              Case Number: 19-cv-00265-NSR

Dear Judge Roman:

    I represent the plaintiff, Marc Fishman. I submit this pre-motion letter on plaintiff's anticipated motion for summary judgment on the claims made for violations of plaintiff's rights and intentional discrimination under Title II of the Americans with Disabilities Act and section 504 of the Rehabilitation Act. As explained herein, there is no genuine question of fact that plaintiff is disabled, was denied a reasonable accommodation and that there were no burdens to the defendant in affording the accommodation.

    **I.**    **There is no Dispute That Plaintiff is a Qualified Individual with a Disability**

    Plaintiff suffers from "Post-concussion syndrome [and] traumatic brain injury affect[ing] registration, cognition, short-term memory, names, sequences." Deposition of Marc Fishman at 39:6-10. Additionally, plaintiff suffers from "tinnitus…which impacts [his] hearing" and "occipital neuralgia, which is severed nerves n the rear of [his] head." *Id* at 37:3-22. As a result of this disabilities, plaintiff has received treatment including "executive function testing…memory recall…speak, traumatic brain injury therapy [and] role playing with decision making." *Id* at 45:15-20.

    The arresting officer testified that "Fishman stated he had a cognitive disability," during his interactions with him while being detained, questioned and arrested. Deposition of Lane Schlesinger at 87:18-21. The AO testified "He's allowed to claim he is disabled [and] I'm not here to dispute that or argue with him." *Id* at 124:24-125:1. When pressed on whether Officer Schlesinger denied plaintiff was disabled he testified "I never said he wasn't disabled." 129:9-11. However, as explained below, Officer Schlesinger intentionally refused to accommodate plaintiff because according to the officer: "I did not think he was disabled" and that "I don't believe he had a disability that prevented him from making statements," and "That day I did not see a disability in my interactions with him." *Id* at 50:8-9, 94:25-9:2, 124:2-4. When plaintiff showed the officer his brain injury card the officer stated "I don't care. Put it away…I don't need to see it. My boss says I don't need to see it." Deposition of Fishman at 140:18-25.



Finally, in their motion to dismiss plaintiff's *pro se* complaint the defendant did not dispute that plaintiff was disabled. The defendant cannot now relitigate the subject[1], especially not where they did not retain a medical expert to dispute plaintiff's disabilities.

II. **There is no Dispute That Defendant Failed to Reasonably Accommodate Plaintiff's Disability During the Police Encounter Causing Greater Injury or Indignity Than Other Arrestees**

When plaintiff arrived at the police station he advised the employee at the counter of his difficulty hearing and understanding her. Deposition of Fishman at 78:19-20, 79:2-7. He advised he was disabled. *Id* at 79:8-11. At that point "Ms. Bolivar identified herself as my aide for communication…and that she had the papers with her for the orders, and that I needed here help, and she needed to assist me with communication and interpret and show all the orders to Officer Schlesinger." *Id* at 93:5-21. However, "Officer Schlesinger denied Ms. Bolivar as my aide access to the room to assist me with full and effective communication." *Id* at 99:10-16. Additionally, when plaintiff "Showed Officer Schlesinger [his] traumatic brain injury card and asked for [his] aide to be brought in with me…he said he wasn't interested." *Id* at 100:2-6.

At some point during the interrogation, Officer Schlesinger asked plaintiff to read, authenticate and explain a 20 plus page visitation agreement to him. Plaintiff "started reading it…and had an occipital neuralgia attack while sitting at the table." Deposition of Fishman at 102:10-19.

The proposed accommodation was requested again and was simply for the disability "aide to come in to assist with…reading and interpreting the order [and] for [plaintiff or his] aide to go to the car to get the court file out of the truck that had the order [stating she was] the [court appointed] aide and had the visitation orders." *Id* at 102:25-103:8.

Had the accommodation been granted "Ms. Bolivar would have brought the order [showing] she's…the court-appointed aide [and] she would have been able to isolate the portions of the order of protection that have a carve-out for visitation…and she would have been able to read the order." Deposition of Fishman at 104:14-105:11. Had the accommodation been granted the disability aide could have articulated to Officer Schlesinger that there was "no violation [of the order of protection] and the visit wasn't canceled in writing beforehand and that we didn't go on any property." *Id* at 107:6-18.

---

[1] There is no dispute that the New Rochelle Police Department's decision to detain, arrest, interrogate and investigate plaintiff was a service activity or benefit of a police department, rendering it a public entity subject to Title II of the ADA and section 504 of the Rehabilitation Act.



Instead, Officer Schlesinger despite being informed of plaintiff's cognitive disability chose to not believe the disability and refused to permit the aide to read and interpret the order of protection and visitation agreement and refused to permit anyone to go to the aide's car to get the court documents further establishing plaintiff did not commit a crime. At the same time, Officer Schlesinger failed to Mirandize plaintiff and questioned him without the presence of his aide, who was necessary to help him explain his innocence by explaining the 27-page complicated order of protection and visitation agreement.

Plaintiff's plausible accommodation creates a *prima facie* case of discrimination which must be rebut by defendant establishing the accommodation is unreasonable. *See Wynne v. Town of E. Hartford*, 2023 U.S. Dist. LEXIS 199575 (D.Ct Nov. 7, 2023) (*quoting Borkowski v. Valley Cent. Sch. Dist.*, 63 F.3d 131, 138 (2d Dep't. 1995)). No accommodations[2] were provided to plaintiff during the investigation, detaining and arrest of him.

There is no evidence that any exigent circumstances or a risk of officer safety or flight of Fishman made accommodating him unreasonable. In fact, plaintiff voluntarily brought himself to the station house to report the violation of his right to supervised visitation. Plaintiff was not permitted to drive and could not leave and commute back to his residence in the Bronx. He was with his disability aide and supervisor. There were no financial or administrative burdens to be faced by the defendant in allowing the disability aide to go to the car to get documents to explain the situation and then to interpret and read the order of protection/visitation order. Granting this accommodation would have established that plaintiff's conduct that day was lawful and would have resulted in no charges being brought against plaintiff. Plaintiff could not articulate this to the arresting officer without the accommodation.

Respectfully submitted,

Caner Demirayak, Esq.

---

[2] While defendant claims it did accommodate plaintiff by allowing him to go home instead of being sent to jail, Robert Wenzler testified that "Decision was not based on some specific policy about accommodating people that were disabled, it was based off of sympathy and empathy to the situation." Deposition of Robert Wenzler at 37:2-14. In any event if the defendant is somehow stating it accepted plaintiff was disabled and only accommodated him by letting him go home on a non bailable defense after the detainment and questioning was completed and when bail was to be set, this position confirms it failed to reasonably accommodate plaintiff's disability. Officer Schlesinger confirmed plaintiff did not ask for an accommodation to be sent home. Instead, Lieutenant Wenzler "Made a decision to release Mr. Fishman so that medical attention, if needed, could be given to him and he doesn't have to be housed in a cell unnecessarily." Deposition of Schlesinger 82:1-10.



**THE QUINN LAW FIRM**

399 KNOLLWOOD ROAD, SUITE 220
WHITE PLAINS, NEW YORK 10603
Tel: 914.997.0555
Fax: 914.997.0550

April 22, 2024

**By ECF**

Hon. Nelson S. Roman
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**Re:**   Fishman v. City of New Rochelle
           19-CV-265 (NSR) (VR)

Dear Judge Roman:

    The Quinn Law Firm represents defendant City of New Rochelle ("City") in the above-referenced action. We respectfully submit this this letter in response to plaintiff's pre-motion letter dated April 17, 2024 (D.E. 146).

    First, Plaintiff argues that he is entitled to an order, as a matter of law, declaring that he suffers from a disability within the meaning of the Americans with Disabilities Act ("ADA"). A person is disabled within the meaning of the ADA when he has (a) "a physical or mental impairment that substantially limits one or more major life activities of such individual; (b) a record of such an impairment; or (c) [is] regarded as having such an impairment (as described in paragraph (3))." 42 U.S.C. §12102. The "regarded as" component of the definition applies when "the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment." *Id.* "The determination of whether or not a person suffers from a disability under the ADA 'is an individualized inquiry' that does not rest on the mere diagnosis of an impairment." *Bonilla v. BOCES*, 2010 U.S. Dist. LEXIS 91314, at *15 (W.D.N.Y. Sept. 2, 2010), citing *Sutton v. United Air Lines*, 527 U.S. 471, 483 (1999). Rather, to meet the statutory definition, a plaintiff must allege, and prove, an impact on a major life activity; it is "insufficient for individuals attempting to prove disability status . . . to merely [allege] a medical diagnosis of impairment." *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 198 (2002). Major life activities include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. §1530.2 (i) (2004). Accordingly, the "bald assertion" that a plaintiff suffers from certain mental or psychological conditions does not mean, a fortiori, that she is disabled within the meaning of the ADA." *Bonilla*, 2010 U.S. Dist. LEXIS 91314, at *15.

Hon. Nelson S. Roman
April 22, 2024
Page 2

Here, plaintiff claims to suffer from cognitive deficits that make it difficult for him to hear and comprehend verbal communication. He asserts that he was denied a reasonable accommodation for this alleged disability when the NRPD refused to allow his girlfriend (plaintiff refers to her as his "disability aid") to be present for a police interview, and refused to allow plaintiff and his girlfriend access to certain documents, as well as a pen to take notes. Summary judgment for the plaintiff on the disability issue is inappropriate because there is, at least, a question of fact as to whether plaintiff meets the definition of disability under the ADA. For instance, notwithstanding plaintiff's assertion that he suffers from a qualified cognitive disability, video of the plaintiff talking with the public-facing civilian service officer at the NRPD front desk, and of him talking with officers while he was in the holding cell shows a man who was not hard of hearing and who had no problem understanding or making himself understood. As noted, the bald assertion that a person is disabled is not sufficient. *Bonilla*, 2010 U.S. Dist. LEXIS 91314, at *15. Accordingly, summary judgment in favor of the plaintiff on this element of his ADA claim is inappropriate.

Second, plaintiff argues that he is entitled to summary judgment declaring that the City failed to reasonably accommodate his alleged disability. Plaintiff argues that if the NRPD had allowed Ms. Bolivar to participate in his interview, she could have reviewed legal documents, including the order of protection and a visitation agreement, and could have "articulated to Officer Schlesinger that there was no violation of the order of protection." Plaintiff also argues that Officer Schlesinger failed to administer plaintiff his *Miranda* rights.

As to the first issue, the decision not to allow Ms. Bolivar to participate in the interview of Mr. Fishman does not constitute a failure to reasonably accommodate a disability. As set forth in detail in Defendants' pre-motion letter, there was independent probable cause to arrest Mr. Fishman based on the statement of his ex-wife. Once officers have probable cause to arrest there is no legal requirement to listen to the suspect's protestations of innocence. Accordingly, whether accommodated or not, Mr. Fishman was not treated any differently than a non-disabled arrestee would have been treated. In the presence of probable cause to believe he violated an order of protection, he was arrest. Indeed, not only is plaintiff not entitled to summary judgment on this point, but, as set forth in Defendants' letter, the Defendants are entitled to summary judgment because, as a matter of law, Mr. Fishman cannot prevail on his disability discrimination claim because Mr. Fishman was not treated any differently, or worse, than a non-disabled arrestee under similar circumstances. Moreover, the underlying premise of Mr. Fishman's argument – that he had not violated the Order of Protection – is precluded by the results of the criminal trial in which a jury of his peers found that Mr. Fishman was guilty, beyond a reasonable doubt, of violating the Order of Protection. Plaintiff's argument represents an improper end run around the guilty verdict.

As to the second issued, even assuming, *arguendo,* that Officer Schlesinger did not read Mr. Fishman his *Miranda* rights, that would not create a viable claim for relief because "the failure to give *Miranda* warnings does not create liability under §1983." *Neighbour v. Covert,* 68 F.3d 1508, 1510 (2d Cir. 1995).

For the reasons set forth above, and in the Defendant's pre-motion letter, plaintiff is not entitled to summary judgment on the question of whether he is disabled or whether he suffered a

Hon. Nelson S. Roman
April 22, 2024
Page 3

failure to accommodate in violation of the ADA. To the contrary, the City of New Rochelle is entitled to summary judgment dismissing all remaining claims in Plaintiff's amended complaint with prejudice.

                                            Respectfully submitted,

                                            THE QUINN LAW FIRM PLLC
                                            Attorneys for City of New Rochelle

                                            Lalit K. Loomba

                                            399 Knollwood Road, Suite 220
                                            White Plains, NY  10603
                                            (914) 997-0555
                                            lloomba@quinnlawny.com

Cc:  Caner Demirayak, Esq.