

NOTICE OF ENTRY

PLEASE TAKE NOTICE that the within is a true copy of an order entered in the office of the Clerk of the Family Court of the State of New York in the County of Westchester.

Date: 3.30.18

Chief Clerk of the Court

Order Distributed  ☑P ☐P-ATY  ☑R ☑R-ATY  ☐DSS/SCU ☑C-ATY  ☐OTHER ☐M

At a Term of the Family Court of the State of New York, held in and for the County of Westchester, at 131 Warburton Avenue Yonkers, New York 10701 on March 30, 2018.

PRESENT: HON. MICHELLE I. SCHAUER

FAMILY COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------x
In the Matter of Proceedings under Article 6
of the Family Court Act
JENNIFER SOLOMON,

                          Petitioner,

MARC FISHMAN,

                          Respondent.
-----------------------------------------------------------------x

INTERIM DECISION and ORDER
Docket Nos.
V-08186/7/8/9-14/15B
File No. 131794

**NOTICE: YOUR WILLFUL FAILURE TO OBEY THIS ORDER MAY RESULT IN INCARCERATION FOR CRIMINAL CONTEMPT**

      On March 28, 2018, Ian Spier, Esq. counsel to Marc Fishman, at Mr. Fishman's direction, forwarded Mr. Fishman's e-mail with the following demands to this Court's Court Attorney:

> Here is your list:
>
> Will only consent if I can call, text, email my kids unsupervised, if I can send gifts, if I can mail letters to kids, attend events at school that other parents invited to, be able to attend kids soccer games in weekends and other events kids in. Seeking vacating of kids order of protection completely or no deal...no consent.
>
> Looking for six hour visit this Saturday..with my aide....no Anne Elliot..cannot afford..no need...would be happy to attend kids soccer game and take kids to dinner afterward ...never saw my kids at soccer game

Seeking permission to see kids next week as they have off...the twins for two days...no Ann Elliot...just aide and I.

Aide and I can drive kids back in two cars. Court has no say who my aide is....aide not subject to adversarial process..see title two ada. Looking for zero restrictions on where I can take kids during visits. Seeking unsupervised visits with Joanna and Jonah Wednesday and the twins Tuesday. Pickup at school... Drop off at home by 730 pm...just like Marx agreement. Looking to take my sons to a baseball game one night and a basketball game another night and to take Joanna to a Broadway show.
Only interested in what schauer says....other parties irrevelant. Schauer facing removal. Looking to take Joanna unsupervised one Friday to Whitney museum and botanical garden...open late. Looking for court order i can appeal of schauer says no to anything.

What ever Saturday's kids not available in april..then would like Friday's those weeks after school.

I resent schauer violating my civil rights. No need for supervision. Tbi victims need aides not supervisors. Looking to take kids to time share memorial day weekend...no supervisor in Massachusetts.

Looking for court order by 3/31..final by schauer.

Please confirm receipt no longer need any supervisor.

If all my conditions not met....then no consent...we wait for appellate division to remove schauer.

Thanks
Marc Fishman

    In a subsequent e-mail from an attorney on Mr Spier's behalf, counsel clarified Mr. Fishman's request: "Mr. Fishman asks that the Court grant him the use of aide (in accordance with ADA guidelines) to assist him with the children during visits, as well as the transportation of the children to/from New Rochelle and Riverdale, as well as to/from any activities taking place during visitation."
    This Court has been presiding over multiple matters involving these parties for over three years. Most recently this Court conducted a lengthy fact-finding hearing as

to the mother's petition to modify a prior order of custody and visitation dated May 5, 2014 (Marx, J.). The hearing took place over five days, from August 23, 2017 through September 12, 2017. All counsel requested to submit written summations after receipt of the transcripts from the proceedings. Summations were fully submitted on December 26, 2017, and this Court is in the process of writing a decision.

Currently in effect is an interim order granting Ms. Solomon sole legal and physical custody of the subject children. Throughout the underlying proceedings, this Court has also issued a series of interim orders allowing Mr. Fishman to have supervised visits with his children. There is a lengthy history, which will be discussed in more detail in this Court's final decision, as to the reasons why Mr. Fishman now has only supervised visits provided by a professional supervisor. For purposes of this decision, it is sufficient to say that Mr. Fishman's pattern of self-destructive, impulsive, inappropriate, and contemptuous behavior has sabotaged this Court's attempt to restore him to a more traditional non-custodial access schedule. Mr. Fishman's actions have caused a family member supervisor and no less than four professional agency supervisors to refuse to continue to work with him.

This Court has many concerns about Mr. Fishman's mental health and by Order Directing Forensic Evaluation entered by this Court on April 8, 2016, directed him to undergo a forensic evaluation to be conducted by Dr. Stephen Herman. To date, Mr. Fishman has refused to submit to the evaluation and this Court takes a negative inference against Mr. Fishman that had he submitted to a forensic evaluation it would not be favorable to him. Further causing concern is Mr. Fishman's conduct since the conclusion of the trial. Mr. Fishman has sent approximately 38 e-mails, some with letter and memo attachments, to this Court's Court Attorney and on occasion to the undersigned directly despite being directed on numerous occasions since the inception of this case not to do so. Each of those e-mails contain assorted ever-changing demands upon this Court. Since the conclusion of the trial Mr. Fishman has also filed pro-se approximately four orders to show cause before this Court (all having been denied). Additionally, Mr. Fishman himself refers to having filed at least one Order to Show Cause before the Supreme Court and two Orders to Show Cause in the Appellate Division Second Department. In all of those applications and his correspondence, Mr. Fishman makes repeated demands under the guise of "ADA Accommodations," for a variety of assorted relief, including unsupervised access to his children. As this Court has denied relief and continued supervised visits, Mr. Fishman has requested that this Court recuse itself, asserting that the Court is biased against him because of his disabilities. Indeed, he has used that claim as the basis of a federal lawsuit to obtain this Court's recusal.

To the extent that Mr. Fishman now asserts that he does not need supervision by a professional supervisor and that the Court should give him an aide to assist with his visits because he is disabled (or because one or more of his children are disabled - another claim he has repeatedly made throughout these proceedings), his assertion is meritless and any such aide does not constitute an "ADA" court accommodation. Mr. Fishman may, however, retain an aide at his expense to be present at his visits. He must first provide the name and CV or resume and contact information of that aide

to his attorney, Ian Spier, Esq., who must then provide that information to the mother's attorney and the Attorney for the Children, who must approve of that aide being present during the visits.

Since the conclusion of the trial, this Court has modified its interim order of visitation approximately three times to accommodate requests made by Mr. Fishman. At this point, the Court finds that the children are entitled to have a regular schedule of access to their father and Mr. Fishman's continuously changing visitation demands are not in their best interests. Consequently, there will be no further modification requests entertained by Mr. Fishman pending a final decision in the underlying matter.

Accordingly, it is hereby

ORDERED, that Jennifer Solomon shall continue to have sole legal and physical custody of Joanna Fishman (DOB:2/9/2004), Jonah Fishman (DOB: 11/20/2005), Aidan Fishman (DOB:7/14/2008) and Skye Fishman (DOB:7/14/2008); and it is further

ORDERED, that Marc Fishman may have supervised visits with the subject children every Saturday, commencing March 31, 2018, from 4PM to 7PM, supervised by Anne Elliot, LCSW; and it is further

ORDERED that if Mr. Fishman is unavailable for the visit, it shall not be rescheduled; and it is further

ORDERED, that Jennifer Solomon shall transport the children to and from that visit; and it is further

ORDERED that Mr. Fishman shall not operate a vehicle in which any of the children are passengers; and it is further

ORDERED, that the paternal grandparents may be present at any visit but no other third parties are to be present; and it is further

ORDERED, that Marc Fishman shall be solely responsible for the cost of the supervised visit; and it is further

ORDERED, that Mr. Fishman shall be permitted to take photos of the children during the visit; and it is further

ORDERED, that if Mr. Fishman chooses to secure an "aide" to be present during his visits, to assist him with the care of the children prior to the visit taking place he must provide the name and CV or resume and contact information of that ADA aide to his attorney Ian Spier, Esq. who must then provide that information to the mother's attorney and the Attorney for the Children; and it is further

ORDERED that Mr. Fishman personally is not to send any further communication to this court, nor shall he forward any further demands for his attorney to forward to this Court, including any further "disability accommodation requests," as there is currently no further pending court proceeding.

**This order shall remain in effect until further order of the court.**

**PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.**

Dated: March 30, 2018

ENTER
*[signature]*
Hon. Michelle I. Schauer
Judge of the Family Court