```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
MARC H. FISHMAN,

                    Plaintiff,

                         Case No. 19-cv-26E wsr

         -against-
CITY OF NEW ROCHELLE, POLICE OFFICER LANE
SCHLESINGER SHIELD #1058, JOSEPH F. SCHALLER,
ROBERT GAZZOLA IN HIS OFFICIAL CAPACITY AS POLICE
COMMISSIONER OF THE CITY OF NEW ROCHELLE POLICE
DEPARTMENT, SERGEANT MYRON JOSEPH SHIELD #18 &
COUNTY OF WESTCHESTER,

                    Defendants.
---------------------------------------x
```



                    300 Quarropas Street
                    White Plains, New York
                    September 26, 2023
                    10:00 A.M.

    EXAMINATION BEFORE TRIAL of one of the Defendants, CITY OF NEW ROCHELLE, by a witness, ROBERT WENZLER, pursuant to Order, before Caitrin DeSimone, a Notary Public within and for the State of New York.

```
 (1)
 (2)    A P P E A R A N C E S:
 (3)
 (4)
        LAW OFFICE OF CANER DEMIRAYAK, ESQ. P.C.
 (5)    Attorneys for Plaintiffs
            One Pierrepont Plaza, 12th Floor
 (6)        Brooklyn, New York  11201
 (7)    BY: CANER DEMIRAYAK
        Caner@canerlawoffice.com
 (8)
 (9)
        THE QUINN LAW FIRM
(10)    Attorneys for Defendants
            399 Knollwood Road, Suite 220
(11)        White Plains, New York  10603
(12)    BY: LATIT K. LOOMBA
        Llomba@quinnlawny.com
(13)
(14)
(15)
(16)
(17)
(18)
(19)
(20)
(21)
(22)
(23)
(24)
(25)
```

```
(1)
(2)                    STIPULATIONS
(3)
(4)
(5)       IT IS HEREBY STIPULATED AND AGREED by and
(6)  between the attorneys for the respective parties
(7)  herein, that filing and sealing be and the same
(8)  are hereby waived.
(9)       IT IS FURTHER STIPULATED AND AGREED that all
(10) objections, except as to the form of the
(11) question, shall be reserved to the time of the
(12) trial.
(13)      IT IS FURTHER STIPULATED AND AGREED that the
(14) within deposition may be sworn to and signed
(15) before any officer authorized to administer an
(16) oath, with the same force and effect as if signed
(17) and sworn to before the Court.
(18)
(19)                        oOo
(20)
(21)
(22)
(23)
(24)
(25)
```

(1)                    WENZLER
(2)  stand by the arrest that day?
(3)              MR. LOOMBA:  Objection to form.
(4)       A.     I recall believing and
(5)  understanding there was probable cause for an
(6)  arrest for a violation of an order of protection.
(7)       Q.     Assuming that you were told that
(8)  there was rights for visitation, would you still
(9)  say you had probable cause to arrest Mr. Fishman
(10) that day?
(11)             MR. LOOMBA:  Objection to form.
(12)      A.     Yes.
(13)      Q.     And why is that?
(14)             MR. LOOMBA:  Objection to this
(15) entire question.  It's based on a hypothetical.
(16)             MR. DEMIRAYAK:  I'll withdraw and
(17) we'll rephrase the question and move on in a
(18) little bit.
(19)      Q.     The decision to release Mr.
(20) Fishman instead of remanding him and holding him
(21) to see a judge on an arraignment for this
(22) misdemeanor charge, was that a disability
(23) accomodation that you authorized or something
(24) else?
(25)      A.     I don't think it's specific to

WENZLER

saying I released him because he's disabled. I released him based on the situation, in that these women that I spoke to who were advocating for him, he had some type of condition that remember. Like I said, I recall him having issues. I don't remember exactly what he said the issues were or anything specific to that regard, and the decision was not based on some specific policy about accommodating people that were disabled, it was based off of sympathy and empathy to the situation, and I decided to make a decision that was generally against our policy because of that.

Q. Did you receive any reprimand or discipline for making that determination?

A. No, I have discretion and some level of authority as a tour commander, as a supervisor, to make these decisions. If it had adversely affected me, for example, if he did re-violate the order sometime that weekend, I probably would have had to answer for that, but thankfully nothing happened.

Q. Do you recall whether or not Mr. Fishman on that day was asking for charges or a

(1)              WENZLER

(2)  circumstances that were presented that day.

(3)         Q.      So I think I asked before, but

(4)  did he request an accomodation -- I guess my

(5)  question for you now is, do you recall if your

(6)  department provided Mr. Fishman with an

(7)  accomodation?

(8)         A.      By allowing him to leave that day

(9)  versus staying in a jail cell for the next two

(10) days, I would say that was an accomodation, yes.

(11)        Q.      Okay.  And do you recall if your

(12) department denied a request for reasonable

(13) accommodation that day?

(14)        A.      I don't recall denying any

(15) request.

(16)             MR. DEMIRAYAK:  Okay.  At this I

(17) don't have any further questions.  I will say

(18) that the 30(b)(6) notice is not closed.  There

(19) will be additional witness necessarily to close

(20) it, which would include at least Police Officer

(21) Schlesinger.  We do reserve the right to notice

(22) Sergeant King as a Rule 30(b)(1) witness if we so

(23) choose.  However, for now, Lieutenant Wenzler is

(24) dismissed as a fact witness on the 30(b)(6) topic

(25) of training.  We feel that the testimony is