# REPORTING OFFICER NARRATIVE

| New Rochelle Police Department | | OCA 18-006162 |
|---|---|---|
| Victim SOLOMON, JENNIFER | Offense CRIMINAL CONTEMPT-2ND:DISOBEY | Date / Time Reported Sat 12/15/2018 13:21 |

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

At approximately 1000Hrs I responded to 54 Halcyon Terrace in regards to a V.O.P that had just occurred. Upon arrival R/O interviewed Ms. Solomon who stated her ex husband Mr. Fishman had just came to the residence. Mr. Fishman was observed driving by the house at a slow rate of speed (He was passenger in the vehicle). He then stopped the vehicle near the driveway on the Howard Parkway side, exited the vehicle and attempted to yell and make contact with his son J/ Fishman, Jonah (11/20/2005). At that time Ms. Solomon ordered J/ Fishman into the house and ceased all contact. Ms. Solomon at this time displayed an active Order of Protection (Stay Away) File #131794; Docket #'s V-08187-14/15B, V-08186-14/15B, V-08188-14/15B, V-08189-14/15B issued by Judge Schauer from Yonkers Family Court (Exp. 06/27/2019).

Ms. Solomon further stated and displayed a comprehensive 28 page custody and visitation agreement. The agreement specifies that all visitation with Mr. Fishman shall be supervised by an employee of the court. Ms. Elliot has been the social worker who has attempted to mediate and mend this family, as well as supervise all visitation interactions. To further elaborate all visitation days will consist of Ms. Solomon conveying the children to Mr. Fishman's residence and leaving them curbside with Ms. Elliot. Ms. Elliot will then convey the children back to Ms. Solomon at 54 Halcyon Terrace. If for whatever reason Ms. Solomon cancels a visitation arrangement (which is permitted), she is responsible for making up the time allotted on another date. Due to a dispute that occurred at the last visitation session and in Ms. Elliot's presence, it was agreed upon to cancel the visitation for 15 Dec 18 due to the children's best interest.

On this date at approximately 0930Hrs Ms. Elliot arrived at Ms. Solomon's residence unexpectedly. Ms. Elliot stated she was there on behalf of Mr. Fishman, and he was requesting to speak and see the children. Ms. Solomon stated she was quite stunned by the occurrence and demand. Ms. Solomon also stated that Ms. Elliot is allowing Mr. Fishman to violate the order in her presence. While speaking to Ms. Elliot is when Ms. Solomon observed Mr. Fishman proceed by the house and attempt interaction with their son Jonah. Mr. Fishman then left the area driven by a woman and conveying Ms. Elliot in the same vehicle.

While on location with Ms. Solomon HQ advised me that Mr. Fishman had responded to HQ and was requesting to make a report. With all information and paperwork in hand, R/O responded to HQ to interview Mr. Fishman. At HQ, I encountered Mr. Fishman, Ms. Elliot and a third female party named Ms. Bolivar (the female driver from previously). Mr. Fishman stated he wanted to document that Ms. Solomon violated the custody order, and that he was being deprived of his rights.

Ms. Elliot was interviewed and stated that she advised Mr. Fishman that he was violating the order of protection by going to th residence. Ms. Elliot further stated that although she was in the vehicle with Mr. Fishman, at no time did she instruct him to continue with these actions that she knew were unlawful and potentially harmful to the mental welfare of the children. Ms. Elliot fully corroborated that Mr. Fishman attempted to contact J/ Solomon, Jonah, and should not have been near or in view of the residence for any reason. Ms. Elliot further displayed a text message from Mr. Fishman containing a screenshot showing a conversation he was having via text with J/ Fishman, Joanna (02/09/2004). This text message which was dated as of this morning is in clear violation of the Stay Away and Refrain clauses of the court order.

Due to the circumstances and probable cause Lt. Wenzler and I placed Mr. Fishman into custody for Contempt. R/O advised Mr. Fishman of his constitutional rights. Sgt. Kane conducted the booking and assigned bail at $300.00. Due to the poor health of Mr. Fishman and his inability to drive it was authorized to release him to Ms. Bolivar and assign a return date of 17 Dec 18.


PLAINTIFF'S EXHIBIT 2 9/26/23 CD

Reporting Officer: SCHLESINGER    INTERVIEW: CNR-0002 12/15/2018 14:25    Page 4
R_CS3NC