COUNTY COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,      AFFIRMATION IN
   OPPOSITION

          -against-

   Supreme Court
   Docket No.
   6293M-2018

**MARC FISHMAN,**

   Return Date:
   November 12, 2021

   (Zuckerman, J.)

                    Defendants.
------------------------------------------------------------------X
STATE OF NEW YORK    )
                          : ss.:
COUNTY OF WESTCHESTER)

      **JOYCE V. MILLER**, states the following under the penalties of perjury: that she is an Assistant District Attorney of Westchester County and submits this affirmation in opposition to defendant's motion to set aside the verdict pursuant to CPL 330.30 (1) and 330.30 (3). This affirmation is made upon information and belief, the sources of which are the file of this matter maintained by the Office of the District Attorney, and conversations with and information provided by Assistant District Attorney Amit Parab (the trial prosecutor).

      The following facts are relevant to the disposition of the instant motion:

      On June 27, 2017, the Honorable Michelle Schauer of Westchester County Family Court issued a permanent order of protection against defendant, preventing defendant from having any contact or communication with the victim, his ex-wife.

      On June 13, 2018, the Family Court gave the victim sole legal and physical custody of the children she shared with defendant. Per the court's decision, defendant was allowed to have

1

## POINT III

### WHILE THE VERDICT IS NOT REPUGNANT, DISMISSAL OF THE LESSER-INCLUDED ATTEMPTED CRIMINAL CONTEMPT IN THE SECOND DEGREE CHARGE IS WARRANTED.

Defendant also moves to set aside the verdict pursuant to CPL § 330.30, arguing that the jury's verdict convicting him of both criminal contempt in the second degree and attempted criminal contempt in the second degree is repugnant, defective, and illegal. Specifically, defendant argues the Court erred in failing to advise the jury to consider the lesser-included only in the alternative, and in allowing the jury to find him guilty of both the greater and lesser-included charge.

To start, although defendant failed to preserve his repugnancy claim (*see People v Satloff,* 56 NY2d 745 [1982]; *People v Stahl*, 53 NY2d 1048 [1981]), the verdict convicting defendant of criminal contempt in the second degree and attempted criminal contempt in the second degree is not repugnant, which requires legal impossibility for a jury to have convicted defendant on one count but not another (CPL 300.30 [5]; *People v Loughlin*, 76 NY2d 804 [1990]; *People v Tucker*, 55 NY2d 1 [1981]).

Here, the two counts submitted to the jury are inclusory concurrent counts, since attempted criminal contempt in the second degree is a lesser-included offense of criminal contempt in the second degree (CPL 300.30 [4]; CPL 1.20 [37]). Accordingly, as set forth in the Criminal Procedure Law, they should have been submitted in the alternative, with an instruction that the jury could not render a guilty verdict with respect to more than one, which did not occur here (CPL 300.40 [3] [b]; 300.50 [4]).[1] Nevertheless, as the counts submitted to the jury were

---

[1] The return of guilty verdicts on both counts here was legally defective, which required reinstruction to and reconsideration by the jury (CPL 310.50 [2]).

14

15

inclusory concurrent counts, the guilty verdict of the greater count—criminal contempt in the second degree—is deemed a dismissal of the lesser count submitted (CPL 300.40 [3] [b]). Therefore, the appropriate remedy is dismissal of the attempted criminal contempt in the second degree count by this Court (CPL 300.40 [3] [b]; *People v Lee*, 39 NY2d 388, 390 [1976]; *People v Garofalo*, 192 AD2d 619, 619 [2d Dept 1993]).

## CONCLUSION

For the foregoing reasons, defendant's motion to set aside the verdict should be denied except as set forth herein.

Respectfully Submitted,

MIRIAM E. ROCAH

District Attorney of Westchester County
Westchester County Courthouse
111 Dr. Martin Luther King, Jr., Blvd.
White Plains, New York 10601
(914) 995-3489

JOYCE V. MILLER
Assistant District Attorney