UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X
MARC FISHMAN,                                                          :   Docket No.
                                                                           19-CV-265 (NSR)
                        Plaintiff,                            :

   -against-                                                          :

CITY OF NEW ROCHELLE, LANE SCHLESINGER,                                :
SHIELD #1058, JOSEPH F. SCHALLER, ROBERT
GAZOLLA, IN HIS OFFICIAL CAPACITY AS                                   :
POLICE COMMISSIONER OF THE CITY OF NEW
ROCHELLE POLICE DEPARTMENT, SERGEANT                                   :
MYRON JOSEPH SHIELD #18, & COUNTY OF
WESTCHESTER,                                                           :
                                                                       :
                        Defendants.                           :

---------------------------------------------------------------------- X

# DEFENDANT CITY OF NEW ROCHELLE'S
# MEMORANDUM OF LAW IN OPPOSITION TO
# PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THE QUINN LAW FIRM PLLC
Attorneys for Defendant City of New Rochelle
399 Knollwood Road, Suite 220
White Plains, NY  10603
(914) 997-0555

## TABLE OF CONTENTS

Table of Authorities ........................................................................................................................ ii

Introduction .................................................................................................................................... 1

Preliminary Statement .................................................................................................................... 1

Argument ........................................................................................................................................ 2

    POINT I    PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT
                    ON HIS FAILURE TO ACCOMODATED CLAIM .................................................. 2

        A.  The Applicable Law. ............................................................................................... 2

        B.  Plaintiff Has Not Proven His Alleged Disability with Admissible Evidence ............... 3

        C.  Plaintiff Is Not Entitled to Summary Judgment on the Question of
            Whether He Requested and was Denied a Reasonable Accommodation ………..…….6

Conclusion. ................................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                            **Pages(s)**

*Baerga v. Hospital for Special Surgery,*
2003 U.S. Dist. LEXIS 17201 (S.D.N.Y. Sept. 3, 2003) .............................................................. 5

*Douglas v. Victor Capital Group,*
21 F. Supp. 2d 379 (S.D.N.Y. 1988) ........................................................................................... 5

*Doe v. Pfrommer,*
148 F.3d 73 (2d Cir. 1998) ........................................................................................................... 2

*Felix v. New York City Transit Auth.,*
324 F.3d 102 (2d Cir. 2003) ......................................................................................................... 2

*Garcia v. Doe,*
779 F.3d 84 (2d Cir. 2014) ......................................................................................................... 10

*Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn,*
280 F.3d 98 (2d Cir. 2001) ........................................................................................................... 2

*Heilweil v. Mount Sinai Hosp.,*
32 F.3d 718 (2d Cir. 1994) ........................................................................................................... 5

*Henrietta D. v. Bloomberg,*
331 F.3d 261 (2d Cir. 2003) .................................................................................................... 2, 3

*Hill v. Bloomberg, L.P.,*
2016 U.S. Dist. LEXIS 54114 (S.D.N.Y. April 20, 2016) ......................................................... 3

*Howley v. Town of Stratford,*
217 F.3d 141 (2d Cir. 2000) ......................................................................................................... 3

*Jocks v. Tavernier,*
316 F.3d 128 (2d Cir. 2003) ......................................................................................................... 3

*Johnson v. St. Clare's Hosp. & Health Ctr.,*
1997 U.S. Dist. LEXIS 22492 (S.D.N.Y. May 13, 1998) ........................................................... 5

*Major League Baseball Props., Inc. v. Salvino, Inc.,*
542 F.3d 290 (2d Cir. 2008) ......................................................................................................... 3

*Powell v. National Bd. Of Med. Examiners,*
364 F.3d 79 (2d Cir. 2004) ........................................................................................................... 2

*Ryan v. Vermont State Police,*
667 F. Supp. 2d 378 (D. Vt. 2009) ............................................................................................. 10

*U.S. Airways, Inc. v. Banett,*
535 U.S. 391 (2002) ..................................................................................................................... 3

*Woolf v. Strada*,
  949 F.3d 89 (2d Cir. 2020) .................................................................................................. 3

*Wagner v. City of New York*,
  2015 WL 5707326 (S.D.N.Y. Sept. 28, 2015) ...................................................................... 10

**Statutes**

N.Y.C.P.L. §140.10(4)(b)(i) ...................................................................................................... 10

**Introduction**

Defendant City of New Rochelle ("City") respectfully submits this memorandum of law in opposition to the motion by plaintiff Marc Fishman ("plaintiff" or "Mr. Fishman") for summary judgment.

**Preliminary Statement**

As detailed in the City's own motion for summary judgment, plaintiff's claims under the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA")*,* and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 (the "Rehabilitation Act"), must be dismissed. Even assuming that plaintiff suffered from an ADA-qualified cognitive disability that was open, obvious and apparent to the members of the New Rochelle Police Department ("NRPD"), plaintiff cannot demonstrate that he was (i) treated any worse than a non-disabled arrestee in the same circumstances would have been treated; or (ii) subjected to intentional discrimination. For the reasons set forth in the City's summary judgment motion, plaintiff's action must be dismissed, and therefore plaintiff's own motion for summary judgment becomes moot.

If this Court were to deny the City's motion for summary judgment, plaintiff's summary judgment motion should nevertheless be denied. Plaintiff's basic argument is that if Ms. Bolivar had been allowed to be present during his interview with Officer Schlesinger, she could have conveyed to Officer Schlesinger that plaintiff had not violated the Order of Protection, and this, plaintiff argues, "would have helped him avoid the mess of the last six years in charging an innocent disabled persons with crimes he did not commit." Mem. at 9. However, it is blackletter law that once there is probable cause to arrest, an officer is not obligated to consider the arrestee's explanations of innocence, or to allow additional persons to advocate on the arrestee's behalf. The ADA requires that a disabled person engaging with a governmental service or

program (here, an arrest) be provided with reasonable accommodations so that they are put on equal footing with the non-disabled; it does not require that the disabled be placed in a better position, and to be provided with rights to which a non-disabled person would not be entitled. Plaintiff's motion for summary judgment must therefore be denied.

## Argument

### POINT I
### PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT ON HIS FAILURE TO ACCOMMODATE CLAIM

A.   <u>Applicable Law</u>

To establish a violation of Title II of the ADA, a plaintiff must prove that (1) he is a qualified individual with a disability; (2) the defendant is subject to the ADA; and (3) he was "denied the opportunity to participate or benefit from defendant['s] services, programs, or activities, or [was] otherwise discriminated against by [d]efendant, by reason of [his] disabilities." *Henrietta D. v. Bloomberg,* 331 F.3d 261, 272 (2d Cir. 2003); *see also Powell v. National Bd. Of Med. Examiners,* 364 F.3d 79, 85 (2d Cir. 2004). The last element requires the plaintiff to prove that his mistreatment was "was motivated by either discriminatory animus or ill will due to disability." *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 112 (2d Cir. 2001). This animus requirement reflects the purpose of Title II, which is "to eliminate discrimination on the basis of disability and to ensure evenhanded treatment between the disabled and the able-bodied." *Doe v. Pfrommer*, 148 F.3d 73, 82 (2d Cir. 1998).

Here, plaintiff is pursuing a failure-to-accommodate claim under the ADA. "The ADA mandates reasonable accommodation of people with disabilities in order to put them on an even playing field with the non-disabled; [but] *it does not authorize a preference for disabled people generally*." *Felix v. New York City Transit Auth.,* 324 F.3d 102, 107 (2d Cir. 2003) (emphasis

added), citing *U.S. Airways, Inc. v. Banett,* 535 U.S. 391 (2002).  In other words, the ADA mandates that a person with disabilities be accommodated so that they have "'meaningful access' to the program or services sought." *Henrietta D.,* 331 F.3d at 282.  It does not mandate that they receive superior or better access to such services. *Felix,* 324 F.3d at 107.

A party moving for summary judgment must support its motion with evidence in admissible form. *See Major League Baseball Props., Inc. v. Salvino, Inc.,* 542 F.3d 290, 309-310 (2d Cir. 2008); *Hill v. Bloomberg, L.P.,* 2016 U.S. Dist. LEXIS 54114, at *31 (S.D.N.Y. April 20, 2016).  In deciding a motion for summary judgment, a "district court is not to resolve issues of fact but only to determine whether there is a genuine triable issue as to a material fact.  In making that determination, the court is required to resolve all ambiguities, and to credit all factual inferences that could be rationally drawn, in favor of the party against whom summary judgment is sought." *Howley v. Town of Stratford,* 217 F.3d 141, 150-151 (2d Cir. 2000).

B.   <u>Plaintiff Has Not Proven His Alleged Disability with Admissible Evidence</u>

To prove that he has a disability protected under the Americans with Disabilities Act, Mr. Fishman must establish, with admissible evidence, that (i) he has a physical or mental impairment; and (ii) that such impairment substantially limits one or more of his major life activities. *See Woolf v. Strada,* 949 F.3d 89, 93 (2d Cir. 2020).  Plaintiff now asserts that this Court may rule, as a matter of law, that he suffers from cognitive impairment that qualifies as a disability protected under the ADA.  Mem. at 7-8.  However, plaintiff has not demonstrated this assertion with admissible or competent evidence.

First, plaintiff argues that because Defendants did not contest the allegation that he was disabled when they moved to dismiss his original *pro se* complaint, Defendants should be deemed to have conceded that plaintiff has an ADA qualified disability.  Mem. at 7-8.

Defendants' motion was a motion to dismiss under Rule 12(b)(6), and the allegations of plaintiff's complaint, including the allegations concerning his alleged disability, were assumed true for purposes of the motion only. This does not constitute an admission or concession. Indeed, when Defendants answered plaintiff's amended complaint, they denied the relevant allegations concerning plaintiff's alleged disability. *See* Answer to First Amended Complaint (D.E. 111), at ¶¶ 8-9, 74-87, 88-93 denying First Amended Complaint (D.E. 52), at ¶ at ¶¶ 8-9, 74-87, 88-93.[1]

Second, plaintiff argues that because Officer Schlesinger and Lieutenant Wenzler testified in their depositions that plaintiff was "disabled" the City should be bound by that testimony. Mem. at 7-8. Plaintiff cites no legal authority supporting the assumption that Officer Schlesinger's and Lt. Wenzler's opinions about Mr. Fishman are binding on the City as to the legal question of whether he suffers from an ADA-qualified disability. But even if they were, plaintiff mischaracterizes their testimony. Officer Schlesinger testified that Mr. Fishman was "perfectly lucid in conversation" and did not require an accommodation to participate in a conversation (i.e., the arrest process). *See* Schlesinger Dep. (Ex. C), at 39:19-40:5; 85:6-25; 94:18-95:17. Lieutenant Wenzler, who allowed Mr. Fishman to be released on his own recognizance, testified that his decision to do so "was not based on specific policy about accommodating people that were disabled, it was based off of sympathy and empathy to the situation." Wenzler Dep (Pl. Ex. 10), at 37:2-14.

---

[1] Plaintiff also cites the fact that his deposition was taken remotely and that the court reporting agency provided plaintiff with a real time transcription as proof of his alleged disability. Plaintiff fails to mention that the deposition was taken remotely because plaintiff insisted that he would not appear for an in-person deposition in New York State on account of the outstanding bench warrant for his arrest, and that the real-time transcription was requested and paid for by plaintiff himself.

Third, plaintiff relies on his own testimony, the testimony of his "disability aid" (Ms. Bolivar), the testimony of the visitation supervisor (Ms. Elliot); and "medical documentation" to prove that he suffered from an ADA-qualified disability. Opp. Mem. at 8. This evidence is not sufficient to warrant granting summary judgment to plaintiff on the disability issue. In the absence of "supporting medical testimony," plaintiff's own testimony, all well as the testimony of Ms. Bolivar and Ms. Elliot, is simply "not sufficient to establish a *prima face* case under the ADA." *Douglas v. Victor Capital Group,* 21 F. Supp. 2d 379, 392 (S.D.N.Y. 1988). In fact, "[c]ourts in the Second Circuit have consistently held that when a plaintiff fails 'to offer any medical evidence substantiating the specific limitations to which he claims he is subject due to his condition,' he cannot establish that he is disabled within the meaning of the ADA." *Baerga v. Hospital for Special Surgery,* 2003 U.S. Dist. LEXIS 17201, at *18 (S.D.N.Y. Sept. 3, 2003), quoting *Johnson v. St. Clare's Hosp. & Health Ctr.,* 1997 U.S. Dist. LEXIS 22492, at *24 (S.D.N.Y. May 13, 1998); *see also Heilweil v. Mount Sinai Hosp.,* 32 F.3d 718, 723 (2d Cir. 1994).

Here, the "medical evidence" upon which plaintiff's motion rests consists of an *unsworn* "To Whom it May Concern" letter from the Center for Cognition and Communication, dated March 22, 2021, stating that Mr. Fishman experiences "persistent tinnitus (hearing difficulty) along with considerable memory difficulties that interfere with his daily functioning," and that because of these difficulties, plaintiff "struggles with processing and retaining information presented to him." Plaintiff's Ex. 5. First, this letter is inadmissible hearsay and cannot properly support plaintiff's motion. *See Douglas,* 21 F. Supp. 2d at 391-392 (S.D.N.Y. 1988) (unsworn letters from physicians not properly considered to prove that plaintiff suffered form an ADA qualified disability). Second, even assuming the letter could be considered on this motion,

it does not speak to whether any of Mr. Fishman's alleged hearing or cognitive problems substantially limits one or more major life activities. *Id.*[2]

In short, plaintiff is not entitled to summary judgment on the question of whether he suffers from an ADA qualified disability.

C.  Plaintiff Is Not Entitled To Summary Judgment On The Question of Whether He Requested and was Denied a Reasonable Accommodation

Plaintiff argues that there is no dispute that he requested and was denied a reasonable accommodation for his alleged disability. He is incorrect; there is a dispute. However, even assuming plaintiff requested and was denied an accommodation, the accommodation sought—to have Ms. Bolivar present so that she could help plaintiff explain why he should not be arrested—is not something that plaintiff was entitled to under the ADA. The reasonable accommodation claim therefore fails.

First, plaintiff contends that when he first arrived at NRPD headquarters "he communicated with the employee at the window [and] advised [her that] he was disabled." Mem. at 8. This grossly mischaracterizes the interaction. The entire conversation between Mr. Fishman and the CSO at the public window was captured on video. *See* Defendants' Exhibit G-1. During the first ten minutes of his conversation with the CSO, Mr. Fishman did not state that he was disabled, or that he was having any difficulty understanding or hearing the CSO; and indeed his conversation with her is marked by a regular back and forth. *Id.* After about 11 minutes of speaking with the CSO, Ms. Bolivar arrives, and Mr. Fishman introduces her to the

---

[2] In this regard, the Court is respectively referred to the video evidence submitted in support of Defendants' motion for summary judgment. *See* Defendant's Exhibit G-1, G-2 and G-3. A review of that evidence shows clearly that Mr. Fishman had no difficulty hearing or effectively communicating with the Civilian Service Officer at the public window at New Rochelle Police Headquarters, or with Officer Schlesinger in the holding cell area of headquarters.

CSO as his disability aid, adding quickly "I'm disabled." *Id.* at 11:00-11:15.b  Besides that minor reference, Mr. Fishman never directly informed the CSO that he was disabled, and he never informed the CSO of the nature of his disability or that he required a particular accommodation for it. *Id.*

 Second, Mr. Fishman contends that he told Officer Schlesinger that he was disabled and required assistance from Ms. Bolivar during questioning. Mem. at 8. However, Officer Schlesinger did not recall Mr. Fishman requesting any accommodation, and, as noted above, testified that Mr. Fishman was "perfectly lucid in conversation" and that he did not believe that Mr. Fishman required an accommodation to participate in a conversation. *See* Schlesinger Dep. (Ex. C), at 39:19-40:5; 85:6-25; 94:18-95:17.

 Third, Mr. Fishman argues that Ms. Bolivar was a court-appointed ADA disability aid. Mem. at 8. However, the order cited by Mr. Fishman to prove that, Plaintiff's Exhibit 4, demonstrates otherwise. In that order, Westchester County Family Court Judge Michelle Shauer held: "To the extent that Mr. Fishman now asserts that he does not need supervision by a professional supervisor and that the Court should give him an aide to assist with his visits because he is disabled . . . *his assertion is meritless and any such aid does not constitute an 'ADA' court accommodation*." **Exhibit 4,** at p.3 (emphasis added). The repeated assertion that Ms. Bolivar was a court-appointed ADA disability aid is therefore demonstrably false.

 Fourth, Mr. Fishman claims that even though Lieutenant Wenzler released Mr. Fishman on his own recognizance, instead of requiring him to stay in jail for the weekend, Lt. Wenzler did not provide him any accommodation during the interview. Mem. at 9. However, Mr. Fishman does not claim that he requested an accommodation from Lt. Wenzler during any interview, and as noted, Officer Schlesinger testified that Mr. Fishman was perfectly lucid, and had no difficulty

in asking or answering questions, such that there was no obvious or apparent need for an accommodation.[3]

Finally, plaintiff argues that if Ms. Bolivar had been allowed to review the 27-page visitation order with Officer Schlesinger, she could have explained that Mr. Fishman's visits with his children were "court ordered," and that she could also have "articulated to Officer Schlesinger that there was 'no violation [of the order of protection] and the visit wasn't canceled in writing beforehand and that we didn't go on any property." Mem. at 4. This argument is irrelevant because, as demonstrated in the Defendants' motion for summary judgment, there was probable cause to arrest Mr. Fishman for violating the Order of Protection and, accordingly, Officer Schlesinger was not obligated to entertain or investigate Mr. Fishman's protestations or explanations of innocence. *See Jocks v. Tavernier,* 316 F.3d 128, 136 (2d Cir. 2003) (officers do not have a duty to "investigate exculpatory defenses offered by the person being arrested or to assess the credibility of unverified claims of justification before making an arrest").

The visitation order that, according to Mr. Fishman, Ms. Bolivar could have used to prove his innocence is attached as an exhibit to plaintiff's motion. Plaintiff's Exhibit 5. It does warrant a close review. The document in question is the June 13, 2018 decision and order of Westchester Family Court Judge Michelle I. Schauer, which ruled on, and granted, the application of Mr. Fishman's ex-wife to modify the terms of a previous custody agreement and which granted her sole and exclusive custody of the four children. *Id.* In granting the application, Judge Schauer found that "Mr. Fishman was unable to show that modifications to the [earlier] 2014 Agreement

---

[3] Again, the Court is respectively referred to the video records of Mr. Fishman on the day of his arrest. Defendants' Exs. G-1, G-2 and G-3. It is manifest that Mr. Fishman did not have difficulty hearing or speaking with the CSO, or hearing or speaking with Officer Schlesinger in the holding area.

are unnecessary, especial given that during the fact-finding proceeding he did little more than deny obvious facts and blame others for his own destructive actions." *Id.* at 21-22. The Family Court further found that "the evidence as presented at trial only supports a conclusion that Mr. Fishman has purposefully manipulated the intent of court orders and engaged in negative behavior that has inured to the detriment of his children." *Id.* at 23-24. Accordingly, the Court held "that it is appropriate for Mr. Fishman to have only supervised access to his children, as his access to his children needs to be closely monitored and tightly controlled in order to protect them from his poor judgment and impulsive behavior." *Id.* at 24-25.

As referenced in the June 13, 2018 decision and order, the Family Court also issued an order of protection on June 13, 2018 (as defined in Defendants' motion for summary judgment, the "Order of Protection"). The Order of Protection, which was in effect on the date of Mr. Fishman's arrest, directed and ordered Mr. Fishman to stay away from his ex-wife, and her house; and directed and ordered that he stay away from his children as well, except in the context of a scheduled visitation with the supervisor. Here, Mr. Fishman was arrested for violating the Order of Protection because he failed to stay away from his ex-wife and her house, and he attempted to contact one of his sons outside the organized context of a supervised visit. Mr. Fishman was tried and convicted of violating the Order of Protection. That conviction was never disturbed on appeal.

As this Court already ruled, Mr. Fishman's conviction conclusively established that there was probable cause to arrest Mr. Fishman for violating the Order of Protection. *See* Order & Opinion (D.E. 106), at 15-16. Moreover, probable cause to arrest Mr. Fishman was properly based on the information available to Officer Schlesinger at the time, including that Mr. Fishman intentionally placed himself in close proximity to Ms. Solomon and her house, and intentionally

tried to contact his son outside the context of a supervised visit.  Because there was probable cause to arrest, Officer Schlesinger was under no obligation to entertain Mr. Fishman's explanations of innocence (whether or not aided by Ms. Bolivar) or to conduct an investigation into them prior to placing Mr. Fishman under arrest.  *See Garcia v. Doe,* 779 F.3d 84, 93 (2d Cir. 2014); *Jocks v. Tavernier,* 316 F.3d 128, 136 (2d Cir. 2003).  And that was, and would be, the case whether Mr. Fishman was disabled or not.  Indeed, whether disabled or not, given the credible allegations made by Ms. Solomon regarding a domestic incident, the New York Criminal Procedure Law mandated plaintiff's arrest.  *See* N.Y.C.P.L. §140.10(4)(b)(i).

The ADA is violated when police fail to reasonably accommodate an arrestee's disability and thereby cause the arrestee "to suffer greater injury or indignity than other arrestees." *Wagner,* 2015 WL 5707326, at *7.  Because Mr. Fishman was treated no differently than a non-disabled arrestee would have been treated under the same circumstances, and because he cannot be said to have suffered any greater injury or indignity that would have been suffered by a non-disabled arrestee, no provision of the ADA was violated.  *See Ryan v. Vermont State Police,* 667 F. Supp. 2d 378, 390 (D. Vt. 2009) (denying failure to accommodate claim where plaintiff could not show he was treated any differently or worse than a non-disabled arrestee would have been treated).  Mr. Fishman's motion for summary judgment as to liability must therefore be denied.

## Conclusion

For the reasons set forth above, and in the City's motion for summary judgment, plaintiff's motion for summary judgment should be denied.

Dated: White Plains, New York
    July 8, 2024

-11-

Respectfully submitted,

THE QUINN LAW FIRM PLLC
Attorneys for the City of New Rochelle

*Lalit K. Loomba*

_____
Lalit K. Loomba

399 Knollwood Road, Suite 220
White Plains, NY  10603
(914) 997-0555
lloomba@quinnlawny.com