UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARC FISHMAN,

                              Plaintiff.                               19-cv-00265-NSR

                - against -

CITY OF NEW ROCHELLE, LANE
SCHLESINGER, SHIELD # 1058, JOSEPH F.
SCHALLER, ROBERT GAZOLLA, IN HIS
OFFICIAL CAPACITY AS POLICE
COMMISSIONER OF THE CITY OF NEW
ROCHELLE POLICE DEPARTMENT,
SERGEANT MYRON JOSEPH SHIELD # 18,
AND COUNTY OF WESTCHESTER,

                             Defendants.
------------------------------------------------------------------------X


**PLAINTIFF'S MEMORANDUM OF LAW IN REPLY TO OPPOSITION**


                                       LAW OFFICE OF CANER DEMIRAYAK, ESQ., P.C.

Dated: Brooklyn, New York
       July 23, 2024

                                       /s/ Caner J. Demirayak
                                       Caner Demirayak, Esq.
                                       300 Cadman Plaza West
                                       One Pierrepont Plaza, 12th Floor
                                       Brooklyn, New York 11201
                                       718-344-6048
                                       Fax: 646-679-2527
                                       caner@canerlawoffice.com

i

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................................................................................ 1

**ARGUMENT** .............................................................................................................................. 2

**I.**   **Plaintiff has Eliminated all Questions of Fact as to His Disability** ................................ 2

**II.**  **Defendant has Failed to Raise Issues of Fact as to its Failure to Reasonably Accommodate Plaintiff** ........................................................................................................ 3

**CONCLUSION** ........................................................................................................................... 4

# **TABLE OF AUTHORITIES**

**Cases**

*Hamilton v. Westchester Cty.*, 3 F.4th 86 (2d Cir. 2021) .................................................................. 4

*Jocks v. Tavernir*, 316 F.3d 128 (2d Cir. 2003) ............................................................................... 5

*Ryan v Vermont*, 667 F. Supp. 2d 378 (D. Ct. 2019) ....................................................................... 5

*Williams v. City of New York*, 121 F. Supp. 3d 354 (S.D.N.Y. Aug. 5, 2015) ............................... 5

*Woolf v. Strada*, 949 F.3d 89 (2d Cir. 2020) ................................................................................... 4

**PRELIMINARY STATEMENT**

"I never said he wasn't disabled." "I don't think he did it intentionally." These were the words of the former police officer of the New Rochelle Police Department when describing how he denied the plaintiff a reasonable accommodation, questioned him without providing *Miranda* warnings and then arrested and charged him with criminal contempt in the second degree in the absence of probable cause. That former officer's employment with the NRPD ended on July 19, 2024 after a long series of a denial of rights as gleaned from his disciplinary records, including denial of this plaintiff's federally protected disability rights. The exact reason for his separation of employment is not known at this time.

The defendants and the prosecutor withheld the video recording in which officer Schlesinger concedes not once but three times that plaintiff' actions lacked the requisite intent to form the basis of a charge of criminal contempt in the second degree and of the original recording of Jennifer Solomon's phone call to the NRPD in which she also confirms a lack of intent and an absolute absence of probable cause during the underlying criminal prosecution. The plaintiff's criminal defense attorney during the trial has confirmed he never received the video and audio during the prosecution. Plaintiff was not even aware of the recordings until they were received during discovery in this lawsuit. And, only after defense counsel repeatedly represented to the plaintiff and this court that no such recordings existed.

As such the defendant's primary opposing point that the existence of probable cause defeats plaintiff's claims for a failure to accommodate is not only wrong on the law as irrelevant to a claim of disability discrimination but also factually wrong. As much as the defendant wishes to hold the faulty jury verdict over plaintiff's head, this court need not close its eyes to the fact that the underlying criminal proceedings are defective and will result in a new trial or dismissal. Plaintiff

1

is in a precarious procedural posture in the underlying criminal proceedings which has caused a delay in obtaining a new trial or outright dismissal.

In any event, probable cause to arrest is not a defense to a claim for disability discrimination. Were defendant's argument to be accepted then police could drag a paraplegic on the ground and not give him a wheelchair so long as they had probable cause to think he committed a crime. This argument is nonsense and should be rejected completely.

## ARGUMENT

### I. Plaintiff has Eliminated all Questions of Fact as to His Disability

The defendant relies upon the previously overruled onerous standard of establishing a disability prior to the enactment of the ADA Amendments Act of 2008 ("ADAAA"). The defendant further attempts to rely upon a Second Circuit case interpreting "disability" in the Title I context in a case of employment discrimination. However, that case *Woolf v. Strada*, 949 F.3d 89 (2d Cir. 2020) is completely irrelevant to this Title II case.

In *Hamilton v. Westchester Cty.*, 3 F.4th 86 (2d Cir. 2021), the Second Circuit found that even a temporary disability, existing for less than six months, was sufficient to establish a disability under the ADAAA. Plaintiff's disability should no longer be in dispute because (1) defendant conceded his disability during its motion to dismiss request (2) officer Schlesinger admitted plaintiff was disabled (3) lieutenant Wenzler admitted to accommodating plaintiff by releasing him, which means he believed plaintiff was disabled, (4) defendant submits no medical report denying the disability and (5) the Second Circuit previously determined plaintiff was disabled and afforded him an accommodation of real time transcription during oral argument in a prior litigation.

II. **Defendant has Failed to Raise Issues of Fact as to its Failure to Reasonably Accommodate Plaintiff**

The defendant relies heavily on the supposed existence of probable cause as a defense to the failure to accommodate claims. The defendant's focus is misplaced. It is clear that "Even assuming a jury finds that there was probable cause to arrest Plaintiff, the City must establish that providing her an accommodation during the police officers' investigation would have been unreasonable to rebut plaintiff's prima facie case that an accommodation was available." *Williams v. City of New York*, 121 F. Supp. 3d 354, 369 (S.D.N.Y. Aug. 5, 2015). The district court in *Williams* denied summary judgment on a failure to accommodate claim in part as "numerous people [were available] who could have served as effective interpreters between the police and Plaintiff," therefore "the Court cannot conclude that, as a matter of law, it was reasonable for the police officers not to provide plaintiff any accommodation before placing her under arrest." *Id*.

The defendant here does not deny an accommodation was available and is silent on whether the accommodation would be unreasonable. The silence on this is deafening and should result in a grant of summary judgment to plaintiff. The defendant's reference to *Ryan v Vermont*, 667 F. Supp. 2d 378 (D. Ct. 2019), is misplaced as there the plaintiff was not interrogated but merely asked pedigree questions. Also, the defendant's reference to *Jocks v. Tavernir*, 316 F.3d 128 (2d Cir. 2003) is irrelevant as it involves a section 1983 claim. In *Jocks* the Circuit held that the police officer's refusal to investigate the exculpatory defense of justification/self defense which would defeat probable cause, was wrongful. If *Jocks* were properly applied here, when officer Schlesinger verbalizes 3 times that plaintiff's conduct was not intentional, he should have observed the exculpatory nature of the lack of *mens rea*, combined with the permission to engage in the conduct as court ordered supervision, and released Mr. Fishman and declined any charges. It is clear that the officer did not understand that plaintiff's conduct was also innocent because he questioned a

3

disabled plaintiff alone without an effective communications interpreter who could explain the long visitation order. Plaintiff was not even given a pen and paper to attempt to communicate.

The defendant admits in its opposition that plaintiff first advised the officer at the window of his disability and that he required an accommodation. Officer Schlesinger testified plaintiff advised he was disabled and showed him a disability card. He then refused to accommodate plaintiff despite also testifying "I never said he wasn't disabled." Only for his supervisor, Lieutenant Wenzler to accommodate that very same disability by releasing him, after the damage was already caused by the discriminatory and anti disability conduct of officer Schlesinger. These facts demonstrate that the defendant was deliberately indifferent to plaintiff's disability, and that by doing so, denied him meaningful access to the police encounter.

## **CONCLUSION**

The plaintiff's motion for summary judgment should be granted and the defendant's motion for summary judgment should be denied.