COUNTY COURT OF THE STATE OF NEW YORK
WESTCHESTER COUNTY: CRIMINAL TERM
------------------------------------------------------------------------X
  THE PEOPLE OF THE STATE OF NEW YORK,

                                                            Case No.: 06293M-2018

        - against -

  MARC FISHMAN,

                Defendant.
------------------------------------------------------------------------X

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SET ASIDE GUILTY VERDICT

                                    LAW OFFICE OF CANER DEMIRAYAK, ESQ., P.C.

Dated: Brooklyn, New York
       October 15, 2021                        _____/s/ Caner Demirayak_____
                                               Caner Demirayak, Esq.
                                               300 Cadman Plaza West
                                               One Pierrepont Plaza, 12th Floor
                                               Brooklyn, New York 11201
                                               718-344-6048
                                               Fax: 646-679-2527
                                               caner@canerlawoffice.com

Plaintiff-0192

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ..................................................................................................... iii
**PRELIMINARY STATEMENT** .................................................................................................. 4
**STATEMENT OF FACTS** ........................................................................................................... 4
**ARGUMENT** ................................................................................................................................. 6
**I.     The Guilty Verdict is Not Supported by the Evidence and Will be Reversed on Appeal** ................................................................................................................................................... 6
**II.    The People's Harmful and False Statements During Opening and Closing Statements Will Require a New Trial on Appeal** ................................................................................. 8
**III.   The Guilty Verdict is Illegal as the Defendant Could not be Found Guilty of Both an Attempt and a Completed Crime due to Legal Inconsistency and Will be Reversed on Appeal** ................................................................................................................................. 8
**IV.    The Court's System for this Case Indicates the Defendant was Found Guilty of a Crime he was Never Charged With** ................................................................................ 10
**CONCLUSION** ............................................................................................................................ 10

## **PRELIMINARY STATEMENT**

The guilty conviction in this matter was against the weight of the evidence as the People failed to prove that defendant attempted to or completely violated an order of protection issued by the Court. The evidence adduced at trial established that the defendant was engaging in lawful conduct in following court ordered instructions for visitation. The defendant never interacted with Jennifer Solomon, never entered her property line and never came close to doing so. All witnesses, including Jennifer Solomon herself conceded this at trial.

More importantly, the order of protection, which was only verbally issued to defendant was ambiguous and vague as it did not include any distances or other specific instructions as to how far away defendant should stay away from Jennifer Solomon. As such, a defendant who is attempting to follow a visitation order and who never even enters the property line of the complaining witness cannot rationally be found to have attempted to or actually violate an order of protection. The verdict is also legally impossible, inconsistent and repugnant as the defendant could not be found guilty of both attempted criminal contempt in the second degree and completed criminal contempt in the second degree.

## **STATEMENT OF FACTS**

On June 27, 2017, family court judge Michelle Schauer conducted a hearing in which she was sentencing defendant to a term of imprisonment for violation of an alleged order of protection. During that hearing the judge instructed defendant to stand up next to several officers as she addressed the defendant. At the same time, the judge issued a verbal two year order of protection. The order of protection included no details as to the distance to stay away and did not instruct defendant to have no contact. The Judge specifically stated that the order would be subject to the rights defendant had to visitation, which required contact with Jennifer Solomon.

At trial, several witnesses including the supervisor and Solomon herself admitted defendant never entered Solomon's property line nor interacted with her. And, this Court stated on the record that the People did not prove their case, but invited the People to ask for a charge of an attempted violation of an order of protection.

The Court submitted both criminal contempt in the second degree and attempted criminal contempt in the second degree to the jury. But it did not do so in the alternative and nor did the Court explain to the jury that it could only render a guilty verdict as to one of the charges but not the other. As a result the verdict was repugnant and defective. However, the Court did not follow the mandates of CPL 310.50(2) in attempting to remedy the repugnant or defective verdict. As such, the entire verdict should be rejected, and defendant deemed acquitted.

## ARGUMENT

### I. The Guilty Verdict is Not Supported by the Evidence and Will be Reversed on Appeal

It is settled that "Where the terms of an order are vague and indefinite as to whether or not particular action by a prty is required, then of course, he may not be adjudged in criminal contempt for the willful failure to take such action." *Holtzman v Beatty*, 97 A.D.2d 79 (2d Dep't. 1983); *see also Sheridan v. Kennedy*, 12 A.D.2d 332 (1st Dep't. 1961) ("The mandate alleged to be violated should be clearly expressed, and when applied to the act complained of it should appear, with reasonable certainty, that it had been violated."). In *Sheridan*, the Appellate Division made clear that "If the order alleged to be disobeyed is capable of a construction consistent with the innocence of the party there should be no punishment." 12 A.D.2d at 332.

In *Carlson v. Podeyn*, 12 A.D.2d 810 (2d Dep't. 1961), the Second Department held that "As punishment for contempt may involve….loss of liberty…it is a reasonable requirement that the mandate alleged to be violated should be clearly expressed, and, when applied to the act

complained of, it should appear with reasonable certainty that it had been violated." *See also People v Balt*, 34 A.D.2d 932 (1st Dep't. 1970) (stating a vague and indefinite order of protection cannot provide the basis for contempt).

Directly on point is the holding in *People v Gonzalez*, 200 A.D.2d 759 in which it was held that "It was legally insufficient to establish that defendant violated the order of protection by going to his daughter's home."

Additionally, in *People v. Gunatilaka*, 156 Misc. 2d 958 (Crim. Ct., N.Y. Cty 1993), it was held that a defendant's actions in walking back and forth in front of the complaining witness's house was not sufficient for a violation of a vague and indefinite order of protection.

In the case at bar, the June 27, 2017 verbal order of protection issued in court was vague and indefinite as to the conduct that defendant could not engage in. It did not include a distance of how far to stay away from Jennifer Solomon. Moreover, it specifically incorporated a permitted carve out for supervised visitation. The evidence adduced at trial established that there was no violation of such order and that the conduct engaged in was capable of a construction consistent with innocence.

Here, the defendant merely sought to have his court ordered visitation and followed all the rules in doing so. Clearly, this cannot be an attempt or a complete violation of the verbal order of protection.

Moreover, the order of protection was never served or provided to the defendant and he was not aware of and did not fully comprehend the order. And, the order of protection which the arresting officer relied upon, did not even include the visitation carve out. Had it included same, this case would never have been prosecuted.