**CRIMINAL CONTEMPT IN THE SECOND DEGREE**
**(Intentional Disobedience of Court Order)**
**Penal Law § 215.50(3)**
**(Committed on or after Sept. 1, 1972)**
**(Revised August 3, 2006)**[1]

The (*specify)* count is Criminal Contempt in the Second Degree.

Under our law, a person is guilty of criminal contempt in the second degree when he or she engages in the following conduct: intentional disobedience or resistance to the lawful process or other mandate of a court.[2]

The following terms used in that definition have a special meaning:

LAWFUL PROCESS OR OTHER MANDATE OF A COURT includes [an order of protection] [or *(specify)*].[3]

A person engages in the INTENTIONAL disobedience or resistance to the lawful process or other mandate of a court

---

[1] The charge was revised to account for the law recited in footnote two.

[2] The statute continues "except in cases involving or growing out of labor disputes as defined by subdivision two of section seven hundred fifty-three-a of the judiciary law." That clause "operates as a proviso that the accused may raise in defense of the charge." *People v. Santana* __ N.Y.3d __, 2006 WL 1763465 (2006). If that clause is raised in defense, the court should read it as part of the definition of the crime, explain the applicable provision of the Judiciary Law, and add the following italicized material to element number one: "That on or about (date) the (specify) court issued a lawful process or mandate, namely, [an order of protection] [or (specify) ], *in a case that did not involve or grow out of a labor dispute*; and..."

[3] *See* Gen. Bus. Law § 28-a.

when, with knowledge of such process or mandate,[4] he or she disobeys or resists such process or mandate, and his or her conscious objective or purpose is to do so.

In order for you to find the defendant guilty of this crime, the People are required to prove, from all the evidence in the case, beyond a reasonable doubt, both of the following two elements:

1. That on or about _(date)_ the _(specify)_ court issued a lawful process or mandate, namely, [an order of protection] [or _(specify)_ ]; and

2. That on or about _(date)_ in the county of _(specify)_, the defendant, _(defendant's name)_, with knowledge of such process or mandate, engaged in intentional disobedience or resistance to it.

If you find the People have proven beyond a reasonable doubt both of those elements, you must find the defendant guilty of this crime.

If you find the People have not proven beyond a reasonable doubt either one or both of those elements, you must find the defendant not guilty of this crime.

---

[4] *See Holtzman v. Beatty*, 97 A.D.2d 79 (2d Dept. 1983). *Cf. Matter of Department of Environmental Protection of NYC v. NYS Department of Environmental Conservation*, 70 N.Y.2d 233, 240 (1987).