

**THE QUINN LAW FIRM**

399 KNOLLWOOD ROAD, SUITE 220
WHITE PLAINS, NEW YORK 10603
Tel: 914.997.0555
Fax: 914.997.0550

December 30, 2024

**By ECF**

Hon. Nelson S. Roman
The Hon. Charles L. Brieant, Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

Re:   Fishman v. City of New Rochelle, 19-CV-265 (NSR)

Dear Judge Roman:

The Quinn Law Firm PLLC represents defendant City of New Rochelle (the "City") in the above-referenced action. We are writing in response to the letter from Plaintiff's counsel dated December 26, 2024 (D.E. 168). In short, Plaintiff's letter is replete with misrepresentations and mischaracterizations, and his request for sanctions—namely, the denial of the City's now-pending motion for summary judgment—should be denied.

Plaintiff's letter attaches a report dated May 24, 2024, from Attorney General Letitia James (the "Report"). The Report states that since January 2008, Officer Schlesinger has been disciplined for twenty-five complaints of misconduct and minor infractions, and concluded that Officer Schlesinger engaged in a "pattern of abuse of authority by a preponderance of the evidence with respect to the following acts: (i) stopping and temporarily detaining a motorist without probable cause to believe that the motorist committed a traffic infraction; (ii) invoking his badge and status as a police officer to enter a restricted area of a hospital when he was visiting a family member; (iii) using his body-worn camera to record a supervisor in violation of NRPD policy; and (iv) exhibiting an unprofessional and condescending attitude towards a member of the public on January 5, 2022. Significantly, none of the incidents discussed in the Report relate, in any way, to the underlying incident in the instant action, which is Mr. Fishman's arrest in December 2018. Moreover, contrary to the statement made in Plaintiff's letter, Officer Schlesinger was not "terminated in part due to [the AG's] findings." In fact, Officer Schlesinger was not terminated at all, but rather retired on his own decision, and without compulsion or obligation, on July 20, 2024.

Plaintiff states in his letter that the City did not disclose any of the information contained in the AG's report despite asking for same during discovery. This statement is misleading. In fact, Plaintiff's document demand No. 12, dated April 15, 2023, sought production of "the personnel files with instances of discipline imposed against the *formerly named individual defendants* relating to their employment defendants and defendants [sic] agencies" (emphasis added). On May 8, 2023, the City objected to this demand on grounds that it was outside the scope of permissible discovery. On August 10, 2023, Plaintiff wrote a deficiency letter stating, in

relevant part, that the City's objection to demand No. 12 was unfounded. The City responded on August 18, 2023 stating, in relevant part, that it was maintaining its objection to demand No. 12. Thereafter, Plaintiff never brought the issue to the attention to Magistrate Judge Resnik, who was monitoring discovery. Instead, Plaintiff consented to a joint letter filed January 8, 2024 which reported to Magistrate Reznik that Plaintiff was "deeming discovery closed." D.E. 143.

Plaintiff also claims that the City "refused" to turn over video and audio evidence. This too is highly misleading. In response to Plaintiff's demand for audio and video evidence repeated efforts were made to locate the same, but those efforts were not successful. Plaintiff was informed of these efforts and the negative results. The City never *refused* to turn over audio or video. Then in October 2023 – before the close of discovery – audio and video were found and then immediately turned over to Plaintiff's attorney. Significantly, Plaintiff was in possession of the audio and video when, on December 1, 2023, he deposed Lane Schlesinger -- both as a 30(b)(6) witness for the City, and as a non-party witness with respect to his own actions. Accordingly, The City never refused to turn over audio or video, and Plaintiff was not prejudiced by any delay in receiving it.

Plaintiff suggests that the Court should sanction the City for these perceived discovery issues by denying the City's now-fully submitted motion for summary judgment. This request should be rejected out of hand. First, there are no discovery violations. The City objected to the production of non-party personnel files not once, but twice. If Plaintiff believed he was entitled to the production of non-party personnel files he could have pursued a motion to compel. He did not, and instead deemed discovery complete a few months later. Moreover, Plaintiff deposed Officer Schlesinger and had every opportunity to ask him about his then current assignment and to explore his disciplinary history. Indeed, on page 57 of Officer Schlesinger's deposition, Plaintiff's attorney asked: "It's true, Officer, that you do have some sort of disciplinary record?" Without objection, Officer Schlesinger responded "Yes." But Plaintiff's attorney left it there, and did not ask for any details or further information. *Id.* at 58 (relevant pages attached). Likewise, as detailed above, the City did not conceal video or refuse to turn it over. Instead, every effort was made to locate the video; and when it was found, it was immediately turned over to Plaintiff's attorney. And that was before the close of discovery.

Finally, Plaintiff suggests that the findings of the AG's report "further tend to prove what Plaintiff has been alleging all along: that the defendant intentionally violated his rights." This too is demonstrably false. None of the incidents discussed in the AG's report involve Officer Schlesinger's interactions with Plaintiff in December 2018. The AG's report, accordingly, has no bearing whatsoever on the currently pending motion for summary judgment.

For the reasons set forth above Plaintiff's application should be rejected. In addition, for the reasons set forth in City's now fully-submitted motion for summary judgment, the motion should be granted in its entirety and this case should be dismissed, with prejudice.

Hon. Nelson S. Roman
December 30, 2024
Page 3

Respectfully submitted,

*[signature]*

Lalit K. Loomba

Attachments

Cc (w/attachments):  Counsel of Record (via ECF)

```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF NEW YORK
     ------------------------------------x
     MARC FISHMAN,                        :
                                                    DOCKET NO.
                         Plaintiff,       : 19-CV-265 NSR
            -against-                     :
     CITY OF NEW ROCHELLE; LANE           :
     SCHLESINGER, SHIELD #1058; JOSEPH
     F. SCHALLER; ROBERT GAZOLLA, In His:
     Official Capacity as Police
     Commissioner of the City of New      :
     Rochelle Police Department;
     SERGEANT MYRON JOSEPH, SHIELD #18    :
     & COUNTY OF WESTCHESTER,

                                          :
                         Defendants.
     ------------------------------------x
                         Lexitas -
                         LegalView VC

                         December 1, 2023
                         10:00 A.M.


         DEPOSITION of OFFICER LANE SCHLESINGER, a
     Defendant in the above-entitled action, held at the
     above time via Video Conference, taken before a
     Certified Court Reporter of the State of New
     Jersey.


                      LEXITAS TRI STATE
                 100 Merrick Road, Suite 320W
                 Rockville Centre, New York 11570
                    (516) 678-8700 Ext. 2332
```

```
(1)   A P P E A R A N C E S:
(2)
(3)   LAW OFFICES OF CANER DEMIRAYAK, ESQ., P.C.
(4)   BY: CANER DEMIRAYAK, ESQUIRE
(5)   300 Cadman Plaza West
(6)   One Pierrepont Plaza, 12th Floor
(7)   Brooklyn, New York 11201
(8)   Tel: (718) 344-6048
(9)   Email: caner@canerlawoffice.com
(10)  Attorney for the Plaintiff
(11)
(12)
(13)
(14)  THE QUINN LAW FIRM
(15)  BY: LALIT K. LOOMBA, ESQUIRE
(16)  399 Knollwood Road, Suite 220
(17)  White Plains, New York 10603
(18)  Tel: (914) 997-0555
(19)  Fax: (914) 997-0550
(20)  Email: loomba@quinnlawny.com
(21)  Attorneys for the Defendants
(22)
(23)
(24)  A L S O   P R E S E N T:
(25)  ROBERT CALVERT, New York State E-Notary
```

```
(1)   (Whereupon, the deposition commences at 10:09 a.m.)
(2)        O F F I C E R  L A N E  S C H L E S I N G E R,
(3)   47 North Avenue, New Rochelle, New York 10801,
(4)   having been duly sworn, testifies as follows:
(5)   DIRECT EXAMINATION
(6)        BY MR. DEMIRAYAK:
(7)        Q.   Good morning, Officer.  My name is Caner
(8)   Demirayak.  I am an attorney and I represent the
(9)   plaintiff, Marc Fishman, versus the City of New
(10)  Rochelle in a lawsuit that involves an incident
(11)  that occurred on December 15, 2018 and
(12)  circumstances arising thereafter.
(13)            I'm going to be asking you some questions
(14)  today regarding that lawsuit in your capacity as a
(15)  police officer on behalf of the New Rochelle Police
(16)  Department, and, also, as a factual witness for
(17)  involvement in the arrest and prosecution of Mr.
(18)  Fishman.
(19)            So I'm going to ask you some questions
(20)  about that today.  If, at any point, you don't
(21)  understand what I ask or if it didn't make sense,
(22)  please let me know.  I can repeat or rephrase the
(23)  question for you.
(24)            This is important because if you answer a
(25)  question, it's going to be assumed for the record
```

(1) authenticity.

(2) Q. That goes to whether or not there's any
(3) sort of disciplinary or any sort of things that can
(4) be used for impeachment against your trial
(5) testimony at trial. Is that fair?

(6) MR. LOOMBA: Objection to form. You can
(7) give your understanding.

(8) A. I believe so. Yes.

(9) Q. Okay. Isn't it true that you did not
(10) answer the 1K questionnaire provided to you by the
(11) prosecutor in Mr. Fishman's criminal case?

(12) A. I don't recall.

(13) Q. Did you tell the process that there was a
(14) lawsuit pending against you by Mr. Fishman at that
(15) point?

(16) A. I don't recall my conversations with him
(17) about a lawsuit.

(18) Q. It's true, Officer, that you do have some
(19) sort of disciplinary record?

(20) A. Yes.

(21) Q. Okay. Did you disclose that to the
(22) prosecutor before testifying in a criminal trial?

(23) A. I don't recall.

(24) Q. Have you ever disclosed your disciplinary
(25) file in any case that you've handled since 2018?

```
(1)            MR. LOOMBA: You mean in a criminal case
(2)    for any matter? For anything?
(3)        A.  Disclose it to whom, sir?
(4)        Q.  To a prosecutor.
(5)        A.  I don't believe so. I don't believe I
(6)    was asked.
(7)            MR. DEMIRAYAK: One second. I'm trying to
(8)    get an exhibit up. It's giving me an issue. I'm
(9)    going to turn off my video while I try.
(10)           The best thing to do, let's take a
(11)   five-minute break and come back at 11:36.
(12)           Officer, you're still under oath. Thank
(13)   you.
(14)           (Whereupon, a recess is taken
(15)               at 11:31 a.m.)
(16)           (Whereupon, the proceedings resume
(17)               at 11:39 a.m.)
(18)
(19)   CONTINUED DIRECT EXAMINATION
(20)       BY MR. DEMIRAYAK:
(21)       Q.  So, Officer, were you made aware of the
(22)   ongoing litigation involving the criminal
(23)   prosecution against Mr. Fishman arising from
(24)   December 15, 2018?
(25)       A.  I'm sorry. Besides from the criminal
```